UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, MICHAEL FERGUSON, JOSEPH PATRICK MCMULLEN, DELORES OKONMAH, BERNICE SHORTER-MEARES, CONSTANCE ECHEBIRI, MIA DAWN TAYLOR, CARMITA MCMULLEN, KIM COLSTON, LESTER HENDERSON, and JOSEPH SMITH, Individually, and on behalf of all other persons similarly situated,

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.
_____/

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF THE CASE AS A CLASS ACTION WITHOUT PREJUDICE AND VOLUNTARY DISMISSAL OF CERTAIN NAMED PLAINTIFFS, INDIVIDUALLY, WITHOUT PREJUDICE

Pursuant to the Federal Rules of Civil Procedure and S.D. Fla. L.R. 7.1, Defendant Walgreen Co. ("Walgreens") files this Response to Plaintiffs' Motion for Voluntary Dismissal of the Case as a Class Action Without Prejudice and Voluntary Dismissal of Certain Named Plaintiffs, Individually, Without Prejudice ("Motion for Dismissal"). Walgreens respectfully requests that the Court Order any remaining plaintiffs to promptly re-file an Amended Complaint(s) or alternatively, respond to Walgreens' pending Motion to Dismiss.

1

1. On January 31, 2000, eleven plaintiffs filed a class action lawsuit for alleged employment discrimination by Walgreens under theories of Title VII disparate treatment, Title VII disparate impact, Section 1981 disparate treatment, retaliation, constructive discharge, and for violation of the Florida Civil Rights Act of 1992 ("FCRA"). Additionally, there was a pendent claim for age discrimination.

2. On February 22, 2000, Walgreens served a Motion to Dismiss within the time limitations imposed by Fed. R. Civ. P. 12. In relevant part, Walgreens moved to dismiss the Complaint in its entirety based on the following: (1) plaintiffs indiscriminately incorporate every allegation into each count of their Complaint thus constituting an improper "shotgun pleading;" (2) plaintiffs fail to meet the heightened pleadings and notice requirements for civil rights cases; and (3) plaintiffs improperly commingle causes of action in violation of Fed. R. Civ. P. 10(b). Additionally, Walgreens moved this Court to dismiss the following: (1) the retaliation and constructive discharge claims for failure to plead a cause of action under Fed. R. Civ. P. 10(b) and 12(b)(6); and (2) the FCRA claim because plaintiffs failed to exhaust their administrative remedies. Finally, Walgreens moved this Court to dismiss all claims as untimely or in the alternative to strike several of the plaintiffs and many of the allegations as not falling within the actionable time period.

3. With regard to Walgreens' Motion to Dismiss, plaintiffs' response was originally due March 10, 2000. Without opposition, the Court granted plaintiffs an enlargement of time. See Court Order Granting Motion for Enlargement of Time dated Mar. 14, 2000. The new due date for a response was March 24, 2000. After that due date had expired, plaintiffs obtained another enlargement setting the due date for their notice of voluntary dismissal or response to Walgreens'

Motion to Dismiss as April 7, 2000. See Court Order Granting Motion for Enlargement of Time dated March 29, 2000.

4. On April 6, 2000, counsel for Plaintiffs, Thornton, Davis & Murray, P.A., filed a Motion for Voluntary Dismissal of the Case as a Class Action Without Prejudice and Voluntary Dismissal of Certain Named Plaintiffs, Individually, Without Prejudice. This last motion indicates that the Law Office of Michael Tobin, P.A., will substitute as counsel for certain individually named Plaintiffs. This motion, however, does not address Walgreens' pending Motion to Dismiss.

5. Because Walgreens' Motion to Dismiss sought to dismiss the Plaintiffs' charges individually as well as the class, the motion should still be considered by the Court and granted with respect to the individual charges. Accordingly, Walgreens respectfully requests that the Court Order the remaining individual Plaintiffs to promptly re-file an Amended Complaint(s) or, alternatively, promptly respond to Walgreens' Motion to Dismiss.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile: (305) 577-7001

By: _Danielle G. Bowser_
Mark R. Cheskin, P.A.
Florida Bar No. 708402
Danielle G. Bowser
Florida Bar No. 0164143
Brian L. Lerner
Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 11th day of April, 2000 to: Patricia A. Leid, Esq., Thornton, Davis & Murray, P.A., Attorneys for Class Action Plaintiffs, Brickell BayView Centre, 80 S.W. 8th St., Suite 2900, Miami, FL 33130, and upon Kelsay D. Patterson, Esq., Law Office of Michael Tobin, P.A., 1099 Ponce De Leon Blvd, Coral Gables, FL 33134-3319, Substitution Attorneys for certain named Plaintiffs Individually: WILLIAMS, FERGUSON, J.P. MCMULLEN, OKONMAH, SHORTER-MARES, ECHEBIRI, TAYLOR, and C. MCMULLEN.

By: _Danielle G. Bowser_
Danielle G. Bowser

MIA_1998/576017-1

STEEL HECTOR & DAVIS LLP