UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, MICHAEL
FERGUSON, JOSEPH PATRICK
MCMULLEN, DELORES OKONMAH,
BERNICE SHORTER-MEARES,
CONSTANCE ECHEBIRI, MIA DAWN
TAYLOR, CARMITA MCMULLEN,
Individually,

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.
_____/

### DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO SERVE ITS RESPONSE TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Walgreen Company ("Walgreens") files this motion for an enlargement of time to serve its response to Plaintiffs' First Amended Complaint ("Amended Complaint") up to and including May 8, 2000. In support of this motion, Walgreens states as follows:

1. On April 10, 2000, Plaintiffs filed a Motion for Leave to Amend Complaint ("Motion to Amend").

2. Since Walgreens received an unexecuted copy of the Amended Complaint on April 12, 2000, the parties agreed that Plaintiffs would re-serve a properly executed copy of the Amended Complaint upon Walgreens and Walgreens would serve its response to the Amended Complaint within twenty days of receipt of the executed copy. See Letter from Danielle G. Bowser to Kelsay D. Patterson, Esq., dated April 18, 2000, attached hereto as Exhibit "A."

3. Additionally, since Plaintiffs on April 10, 2000, moved to voluntarily dismiss the class action aspects of this case and three of the individual plaintiffs without prejudice, the parties agreed that all of the pending discovery requests that were previously served between them before this date are moot. See Exhibit "A." On April 11, 2000, the Court granted Plaintiffs' motion for voluntary dismissal without prejudice. See Order dated April 11, 2000.

4. Subsequent to the parties' agreement concerning the Amended Complaint, this Court Ordered that the Amended Complaint shall stand as filed and that Walgreens shall file an answer or otherwise respond to the Amended Complaint no later than April 27, 2000. See Order dated April 14, 2000.

5. The Amended Complaint is 53 pages long and covers eight plaintiffs with multiple causes of action and numerous allegations of wrongdoing over many years. Walgreens needs additional time to respond to the voluminous Amended Complaint.

6. In light of the Court's Order, Walgreens respectfully requests a minimal seven business day enlargement of time up to and including May 8, 2000, to respond to the Amended Complaint, which is less time than agreed to by the parties.

7. This motion is being made in good faith and not for purposes of delay. No party will be prejudiced by the granting of this Motion.

8. Pursuant to the Local Rules, undersigned counsel contacted counsel for Plaintiffs, Kelsay Patterson, Esq., but was informed by Christine Hanson, Mr. Patterson's secretary, that he is out of town for the remainder of the week and, therefore, unavailable to consent to the requested enlargement. Nonetheless, Walgreens does not anticipate that Mr. Patterson would

object to this request based on the agreement made by the parties prior to entry of the Court Order. See ¶ 2 above.

WHEREFORE, Walgreens respectfully requests the entry of an order granting Walgreens an enlargement of time up to and including May 8, 2000, to serve its response to Plaintiffs' Amended Complaint.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile: (305) 577-7001

By: _____
Mark R. Cheskin, P.A.
Florida Bar No. 708402
Danielle G. Bowser
Florida Bar No. 0164143
Brian L. Lerner
Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 20th day of April, 2000 to: Kelsay D. Patterson, Esq., Law Office of Michael Tobin, P.A., 1099 Ponce De Leon Blvd, Coral Gables, FL 33134-3319, Substituted Attorneys for certain named Plaintiffs Individually: WILLIAMS, FERGUSON, J.P. MCMULLEN, OKONMAH, SHORTER-MARES, ECHEBIRI, TAYLOR, and C. MCMULLEN.

By: _____
Danielle G. Bowser

MIA_1998/577850-1

# STEEL ■
# HECTOR
# ■DAVIS"

Steel Hector & Davis LLP
200 South Biscayne Boulevard
Miami, Florida 33131-2398
305.577.7000
305.577.7001 Fax
www.steelhector.com

April 18, 2000

Danielle Gotwols Bowser
305.577.7030
dbowser@steelhector.com

### VIA FACSIMILE & FIRST CLASS MAIL

Kelsay D. Patterson, Esq.
Law Office of Michael Tobin, P.A.
1099 Ponce De Leon Boulevard
Coral Gables, FL 33134-3319

     Re:   *Joyce Williams et al v. Walgreen Co.*

Dear Mr. Patterson:

     Thank you for your courtesy and cooperation. I am writing to confirm the details of our telephone conversation on April 13, 2000, concerning Plaintiffs' First Amended Complaint, discovery, and Ms. Williams' EEOC retaliation charge. As agreed, Walgreen Co. ("Walgreens") will not oppose Plaintiffs' Motion for Leave to Amend Complaint and will respond to Plaintiff's First Amended Complaint within twenty days of receipt of the <u>signed</u> copy. For your convenience, Walgreens will file a response to Plaintiffs' Motion that contains this agreement.

     With respect to discovery, we agreed to nullify all of the pending discovery requests made by both parties and to begin anew. Accordingly, Plaintiffs' Requests for Admission to Defendant, Plaintiffs' First Request for Production to Defendant, Plaintiffs' First Set of Interrogatories to Defendant, Walgreens' First Request for Production to Plaintiffs, Individually, and Walgreens' First Set of Rule 26.1G Interrogatories to Plaintiffs, Individually - all of which were served when the case was filed as a class action - are deemed moot.

     Finally, you indicated to me that Ms. Williams recently requested a Notice of Right to Sue from the EEOC with respect to her retaliation charge against Walgreens. Mr. Jeffrey Nelson, the EEOC Investigator assigned to the case, confirmed with me on April 17, 2000, that he did, in fact, receive the written request and, accordingly, instructed Walgreens not to provide a position statement in response to the charge.

**EXHIBIT A**

STEEL
HECTOR
DAVIS

Mr. Kelsay D. Patterson
April 18, 2000
Page 2

    If you have any questions or concerns with respect to this characterization of our telephone conversation, please let me know as soon as possible.

                              Sincerely yours,

                              Danielle G. Bowser

cc:    Mark R. Cheskin, Esq.