UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6151-Civ-Ungaro-Benages/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

       Plaintiffs,

vs.

WALGREEN COMPANY,

       Defendant.

_____/

## DEFENDANT'S UNILATERAL SCHEDULING AND STATUS REPORT

Pursuant to Local Rule 16.1(B) and the Court's Order Setting Initial Planning and Scheduling

Conference dated March 28, 2000, defendant Walgreen Co. ("defendant") in an abundance of caution

files this unilateral scheduling and status report addressed to discovery and other pretrial matters.

Walgreens forwarded by facsimile a copy of this report and attempted to speak with counsel for

plaintiffs. Walgreens has been informed that plaintiffs' attorney is unavailable until Monday, May

1, 2000, which is after the deadline imposed by this Court to file this report.



STEEL HECTOR & DAVIS LLP

CASE NO.  00-6151-Civ-Ungaro-Benages/Brown

## 1.   NATURE OF THE CLAIM

Plaintiffs bring statutory claims to redress alleged employment discrimination in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981, and the Florida Civil Rights Act, Fla. Stat. § 760.01, et seq. ("FCRA").  Plaintiff Joyce Williams brings an additional claim to redress alleged age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"), and the FCRA.   Defendant is going to move to dismiss the First Amended Complaint.

## 2.   FACTS UNCONTESTED OR STIPULATED TO WITHOUT DISCOVERY

Due to history of the case and the fact that defendant is going to file a Motion to Dismiss Plaintiffs' First Amended Complaint, the parties have been unable to stipulate to any facts.  Should the case proceed, the parties will propound written discovery requests, which may include Requests for Admissions, Interrogatories, and Requests for Production.  Defendant proposes that the parties meet following the applicable discovery cut-off to discuss any proposals for the formulation and simplification of issues and that the parties meet following the applicable discovery cut-off to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence.

## 3.   SUMMARY OF THE ISSUES AS PRESENTLY KNOWN

Defendant states that the following is a summary of the issues as presently known: (1) whether plaintiffs exhausted their administrative remedies necessary to bring an FCRA claim; (2) whether plaintiffs timely filed their Title VII claims and/or their claims fall within the actionable

STEEL HECTOR & DAVIS LLP

CASE NO. 00-6151-Civ-Ungaro-Benages/Brown

time period; (3) whether plaintiffs met the requirements of the single-filing rule; and (4) whether plaintiffs stated a cause of action under section 1981.

**4.   WHETHER DISCOVERY SHOULD BE IN CONDUCTED IN PHASES OR LIMITED TO PARTICULAR ISSUES**

Because of plaintiffs' voluntary dismissal of the class action claims, discovery need not proceed in phases nor limited to particular issues. Pursuant to S.D. Fla. L.R. 16.1(A)(4), defendant proposes that this case be placed on the Complex Case Management Track, as defined in Local Rule 16.1(A)(2)(c), because of the number of plaintiffs and claims involved in this action.

**5.   DETAILED SCHEDULE OF DISCOVERY FOR EACH PARTY**

A.   Defendant proposes that if plaintiffs hire an expert witness, the disclosures required by Fed. R. Civ. P. 26(a)(2)(a) and (b) will be made no later than October 4, 2000, that defendant shall disclose its expert witness no later than October 25, 2000, and that each party shall make their respective expert witness(es) available for deposition within two (2) weeks of the date of disclosure, without subpoena, with the expense of each deposition to be borne by the party taking the deposition.

B.   Defendant proposes that all written discovery shall be served and completed on or before December 15, 2000.

C.   Defendant proposes that depositions may commence and shall be completed on or before January 15, 2001.

D.   Defendant proposes that all discovery shall be completed by January 15, 2001.

3

CASE NO.  00-6151-Civ-Ungaro-Benages/Brown

6.  **PROPOSED DEADLINES FOR JOINDER OF OTHER PARTIES, TO AMEND THE PLEADINGS, TO FILE AND HEAR MOTIONS, AND TO COMPLETE DISCOVERY**

A.    Defendant proposes that additional parties, if any, shall be joined on or before July 28, 2000.

B.    Defendant proposes that all pleadings that have to be amended shall be amended on or before July 28, 2000.

C.    Defendant proposes that all discovery shall be completed by January 15, 2001.

D.    Defendant proposes that any motions for summary judgment or other pretrial motions, with the exception of evidentiary motions, shall be filed no later than February 28, 2001.

E.    Defendant proposes that all evidentiary motions shall be filed in accordance with S.D. Fla. L.R. 16.1(J) no later than April 18, 2001, or five days before the trial date should that date be different than the requested week of April 23, 2001.

7.  **PROPOSED APPROXIMATE DATES FOR FINAL PRE-TRIAL CONFERENCES AND TRIAL**

In order to accommodate the dates set forth in this unilateral scheduling report, Defendant proposes that this Court set this matter for a final status conference no earlier than December 18, 2000, set this matter for a pre-trial conference no earlier than March 19, 2001, and set this matter for trial no earlier than the week of April 23, 2001.

8.  **PROJECTED TIME NECESSARY FOR TRIAL AND STATEMENT OF WHETHER THE CASE IS JURY OR NON-JURY TRIAL**

Defendant anticipates a ten (10) day trial (if all eight plaintiffs remain in the action). Plaintiffs have requested a jury trial on all issues that may be determined by a jury.

CASE NO. 00-6151-Civ-Ungaro-Benages/Brown

9.   **PENDING MOTIONS**

Defendant is going to file a Motion to Dismiss Plaintiffs' First Amended Complaint. Defendant will contend that many of plaintiff's claims are time-barred and/or fail to comply with jurisdictional prerequisites or conditions precedent. Defendant also will contend that plaintiffs have improperly relied on the single-filing rule.

10.  **UNIQUE LEGAL OR FACTUAL ASPECTS OF THE CASE**

Defendant states that the following issues are unique legal or factual aspects of this case: (1) whether plaintiffs exhausted their administrative remedies necessary to bring an FCRA claim; (2) whether plaintiffs timely filed their Title VII claims and/or their claims fall within the actionable time period; (3) whether plaintiffs met the requirements of the single-filing rule; and (4) whether plaintiffs stated a cause of action under section 1981.

11.  **NEED FOR REFERENCES TO A SPECIAL MASTER OR MAGISTRATE**

Defendant has no objection to referring discovery matters to a Magistrate Judge. Defendant does not consent to a trial before a Magistrate Judge.

12.  **DISCUSSION OF LIKELIHOOD OF SETTLEMENT**

Settlement discussions have ceased pending initial discovery. Defendant proposes that mediation shall be completed on or before March 16, 2001.

13.  **OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT**

None at this time.

5

CASE NO.  00-6151-Civ-Ungaro-Benages/Brown

**14.    DOCUMENTS, EXHIBITS, AND WITNESSES KNOWN AT THIS TIME**

Based on the number of plaintiffs involved, the complexity of the case, and the procedural

history of the case, defendant respectfully requests that the Court allow defendant to serve and file

with this Court on or before June 16, 2000, a list of all documents, exhibits, and witnesses

reasonably available at that time that may be used at trial.

DATED: April 28, 2000.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP

Attorneys for Defendants
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone:  (305) 577-2871
Facsimile:  (305) 577-7001

By: _____

Mark R. Cheskin, P.A.
Florida Bar No. 708402
Danielle G. Bowser
Florida Bar No. 164143
Brian L. Lerner
Florida Bar No. 0177202

6

CASE NO.  00-6151-Civ-Ungaro-Benages/Brown

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail

upon Kelsay D. Patterson, Esq., Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Blvd.,

Coral Gables, Florida 33134-3319, this 28th day of April, 2000.

By: _____

Brian L. Lerner

MIA_1998/579908-1

7

STEEL HECTOR & DAVIS LLP