UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

    Plaintiffs,

vs.

WALGREEN COMPANY,

    Defendant.
_____/

## DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' WITNESS AND EXHIBIT LIST AND FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 16(f) and S.D. Fla. L.R. 16.1(B) and 16.1(M), defendant Walgreen Co. ("Walgreens") moves to strike plaintiffs' Witness and Exhibit List (attached as Exhibit A). The grounds for this motion and points and authorities in support are set forth in the supporting memorandum of law below.

### INTRODUCTION

On January 31, 2000, eleven current and former Walgreens pharmacists located in Miami-Dade, Tampa, Broward, and St. Petersburg filed a class action lawsuit alleging that Walgreens engaged in a long-term systemwide pattern and practice of racial discrimination that affected a large number of black pharmacists. On February 15, 2000, this Court entered an Order Setting Initial

Planning and Scheduling Conference requiring that "[c]ounsel for each party shall append to the Joint Scheduling and Status Report a list of all documents and exhibits that may be used at trial." Id. at No. 14.

Approximately six weeks after Walgreens filed a Motion to Dismiss the Complaint, plaintiffs moved to have the case voluntarily dismissed as a class action and have three plaintiffs voluntarily dismissed, which the Court granted on April 11, 2000. The eight remaining plaintiffs, individually, served a First Amended Complaint for alleged employment discrimination by Walgreens under theories of Title VII disparate treatment, Title VII disparate impact, section 1981 disparate treatment, and for violation of the Florida Civil Rights Act ("FCRA"). One plaintiff brought an additional claim for age discrimination.

On April 28, 2000, Walgreens filed a Unilateral Scheduling and Status Report. This report was filed unilaterally, as opposed to the Court's request for a joint report, because counsel for plaintiffs was unavailable until after the deadline imposed by this Court to file the scheduling and status report. On May 5, 2000, this Court, *sua sponte*, ordered plaintiffs to "file a written response showing good cause why sanctions should not be imposed for their failure to comply with this Court's Scheduling Order." Order to Show Cause dated May 5, 2000. In response, plaintiffs filed a scheduling report adopting and consenting to Walgreens' Unilateral Scheduling Report. See Notice of Plaintiffs' Consent to Defendant's Unilateral Scheduling and Status Report dated May 5, 2000.

On May 9, 2000, this Court ordered that both parties submit "their witness and exhibit lists as directed in the Court's February 15, 2000 Scheduling Order." Order dated May 9, 2000.

In compliance with the Local Rules and the Court's Order, Walgreens diligently prepared a witness and exhibit list. Walgreens' witness list provided the name and address for thirty-three persons while the exhibit list provided the name, date, and description for 128 individually identified documents. In contrast, plaintiffs provided a witness list of thirty-six (36) individuals, most without addresses including plaintiffs themselves, and an exhibit list of sixteen items identified only in broad, generalized categories.

In light of plaintiffs' disregard of the Court's February 15, 2000 Scheduling Order and S.D. Fla. L.R. 16.1(B), which instructs the parties as to what information must be provided when completing a scheduling report, Walgreens respectfully requests that this Court (1) strike plaintiffs' completely inadequate and non-compliant witness and exhibit list, (2) require plaintiffs to resubmit a list in compliance with the Local Rules and the Court's Order within three business days, and (3) order plaintiffs and their counsel to pay Walgreens' expenses, including reasonable attorneys' fees and any and all sanctions that the Court may deem proper and just.

## MEMORANDUM OF LAW

### I.     Plaintiffs' Exhibit List Fails to Comply with the Local Rules and the Court's Order

The Local Rules of the United States District Court for the Southern District of Florida outline what a party must provide in exchanging a list of documents. Specifically, S.D. Fla. L.R. 16.1(B)(1) provides that in lieu of exchanging documents, the party must provide a list of documents then reasonably available to a party which are then contemplated to be used in support of the allegations of the pleading filed by the party. If a list is furnished, the Local Rules provide that:

> it **shall not** simply **identify documents** by **categories but shall specifically identify each document** in such a way as to distinguish it from all other documents listed.

S.D. Fla. L.R. 16.1(B)(1) (emphasis added). A review of plaintiffs' exhibit list clearly conveys the fact that they failed to comply with S.D. Fla. L.R. 16.1(B)(1). Plaintiffs list as exhibits: all "right to sue letters," "depositions," "written discovery requests and responses," "[p]ersonnel files," "[d]isciplinary files," "medical reports," "wage and salary data," "[m]arket and/or demographic studies," "census results," "[c]ollege transcripts," and even a category entitled "[r]ebuttal exhibits." Plaintiffs' Exhibit List dated May 15, 2000, at Nos. 1- 14.

In contrast, Walgreens laboriously assembled an exhibit list in an effort to comply with the Local Rules and the Court's Order. Rather than provide broad, generic categories, Walgreens specifically identified 128 exhibits. In doing so, Walgreens provided, when possible, the name, date, and description for each document. With regard to correspondence, Walgreens provided, when possible, the identity of who wrote the letter, who received the letter, and who received a copy of the letter. By complying with the spirit and mandates of the Local Rules and the Court's Order, plaintiffs were provided with a list that they may easily review to determine the nature of a document, how that document may be used as support, and whether they would want that document. Plaintiffs submitted, in contrast, a completely useless list that conveys nothing more than a compete lack of effort and due diligence.

## II.     Plaintiffs' Witness List Reveals a Lack of Investigation by Counsel for Plaintiffs

In reviewing plaintiffs' witness list, Walgreens believes that counsel for plaintiffs rested on plaintiffs allegations alone and did not adequately verify or interview the list of people plaintiffs claim have information or knowledge. Walgreens bases its belief on the fact that plaintiffs list numerous material witnesses without their addresses: Ron Mick, Michelle Brantley, John Brantley, Norma Viazone, Bruce Liddy, Anthony Marchesani, Larry Wray, Jenu Phillips, John Oats, Elizabeth

Palto, Bhauani Thalamarta, Noel Auerbach, Marty Martinez, Nisa Freed, and Matt Mahari. See Plaintiffs' Witness List dated May 15, 2000, at Nos. 10-24, 29, 31-32. All were listed as material witnesses yet each person has no address, which would indicate that counsel for plaintiffs may not have interviewed or contacted these "witnesses" prior to filing any of the Complaints. Moreover, some of the addresses that were provided appear questionable because pharmacy supervisors hold a district-wide position and many are listed as residing at the same address and thus by inference, the same district. See id. at Nos. 9-12. Walgreens is left to plow through plaintiffs' thirty-six "witnesses" with little to no guidance, a task clearly not required by the Federal and Local Rules of Court Practice.

### III.    Plaintiffs' Witness and Exhibit List Warrant the Imposition of Sanctions

In the words of one court of appeals, "[s]uits are easy to file and hard to defend. The best way to control unjustified tactics in litigation is to ensure that those who create costs also bear them. When an attorney recklessly creates needless costs the other side is entitled to relief." In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1985). The witness and exhibit list filed and served by plaintiffs is a perfect example of this maxim and a perfect example where this Court should impose such sanctions.

The failure to include addresses for numerous witnesses demonstrates a complete lack of investigation by counsel for plaintiffs prior to filing this once "class action" case and warrants sanctions. As explained by one court, "[i]f the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting Jones v. International Riding Helmets, Inc., 49 F.3d 692, 694 (11th Cir. 1995)) (emphasis added).

Moreover, plaintiffs' failure to comply with the Local Rules by submitting an exhibit list containing categories of documents is another example of the lack of investigation and due diligence performed by counsel for plaintiffs prior to initiating this lawsuit and warrants imposing sanctions. See Fed. R. Civ. P. 16(f) (authorizing a court to impose sanctions including attorney's fees and expenses for a plaintiff's failure to obey a scheduling or pretrial order); see also S.D. Fla. L.R. 16.1(M) ("Failure to comply with the requirements of this rule will subject the party or counsel to appropriate penalties, including but not limited to dismissal of the cause, or the striking of defenses and entry of judgment.").

Although the Federal and Local Rules expressly authorize the imposition of sanctions, this Court may also impose sanctions on plaintiffs based on the Court's inherent power to supervise and control its proceedings. See F.D. Rich Co., Inc., v. United States ex rel. Indus. Lumber Co., Inc., 417 U.S. 116, 129 (1974) (finding that a court may award reasonable attorneys' fees if or when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons"); see also Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986) (finding that "[a]n inherent power award may be imposed either for commencing or for continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons"). As the Supreme Court explained "bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." Hall v. Cole, 412 U.S. 1, 15 (1973).

The submission of a witness list with virtually no addresses, which indicates a complete lack of investigation prior to filing the Complaint and First Amended Complaint, and the submission of an exhibit list containing only broad categories of documents, which indicates a complete lack of due diligence and a blatant disregard of the Court's Order and the Local Rules, warrant the imposition

of sanctions as authorized by Fed. R. Civ. P. 16(f), S.D. Fla. L.R. 16.1(M), and this Court's inherent power.

## CONCLUSION

For all these reasons, Walgreens respectfully requests that this Court (1) strike plaintiffs' witness and exhibit list, (2) require plaintiffs to resubmit a list in compliance with the Local Rules and the Court's Order within three business days, and (3) order plaintiffs and their counsel to pay Walgreens' expenses, including reasonable attorneys' fees and any and all sanctions that the Court may deem proper and just. A proposed order is attached for the Court's convenience.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile: (305) 577-7001

By: /s/ Brian L. Lerner
Mark R. Cheskin, P.A.
Florida Bar No. 708402
Danielle G. Bowser
Florida Bar No. 164143
Brian L. Lerner
Florida Bar No. 0177202

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail upon Kelsay D. Patterson, Esq., Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Blvd., Coral Gables, Florida 33134-3319, this 24th day of May, 2000.

By: _____
Brian L. Lerner

MIA_1998/592502-1

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

    Plaintiffs,

v.

WALGREEN COMPANY,

    Defendant.
_____/

### PLAINTIFFS' WITNESS & EXHIBIT LIST

Plaintiffs, by and through undersigned counsel hereby file their Witness & Exhibit List as follows:

### WITNESS LIST

1. Plaintiff, Joyce Williams

2. Plaintiff, Michael Ferguson

3. Plaintiff, Joseph Patrick McMullen

4. Plaintiff, Delores Okonmah



1

5. Plaintiff, Bernice Shorter-Meares

6. Plaintiff, Constance Echebiri

7. Plaintiff, Mia Dawn Taylor

8. Plaintiff, Carmita McMullen

9. Sanjay Bhana, Pharmacy Supervisor
   3910 US Hwy 301, N.
   Suite 255
   Tampa, Fl 33619

10. Rick Miller, Pharmacy Supervisor
    same as above

11. Martin Northrop, Pharmacy Supervisor
    same as above

12. Pamela Marth, Pharmacy Supervisor
    same as above

13. Ron Mick, Pharmacy Manager
    Memorial Lakeland, to be provided

14. Michelle Brantley, Pharmacy Manager
    Lakeland, to be provided

15. John Brantley, Pharmacy Manager
    to be provided

16. Norma Vianzone, Pharmacy Manager
    to be provided

17. Bruce Liddy, Pharmacy Manager
    same

18. Anthony Marchesani, Pharmacy Manager
    same

19. Larry Wray, Pharmacy Manager
    same

20. Jenu Phillips, Pharmacy Manager
    same

21. John Oats, Pharmacy Manager
    same

22. Elizabeth Palto, Pharmacy Manager
    . same

23. Bhauani Thalamarta, Pharmacy Manager
    same

24. Noel Auerbach, Pharmacy Manager
    Aventura

25. Bahrman Azarm, Pharmacy Manager
    17534 Collins Avenue
    Miami, Fl

26. Sonya Kubiliun, Pharmacy Manager
    12295 N. Biscayne Blvd.
    Miami, Fl

27. Mickey Murphy, Pharmacy Manager
    1480 Miami Gardens Drive
    Miami Gardens, Fl

28. Xiggy Sigler, Pharmacy Manager
    5701 NW 183rd Street
    Miami, Fl

29. Marty Martinez, Pharmacy Manager
    Hialeah, to be provided

30. Jean Bailey, Pharmacy Manager
    9020 Biscayne Blvd.
    Miami, Fl

31. Nisa Freed, Pharmacy Manager
    to be provided

32. Matt Mahari, Pharmacy Manager
    to be provided

3

33. Jorge Acosta, Pharmacy Supervisor
    8250 NW 27th Street
    Suite 311
    Miami, Fl 33122

34. Vivian Ceballos, Pharmacy Supervisor
    same as above

35. Mary Schwartz, Pharmacy Supervisor
    901 N. Point Parkway
    W.P.B., Fl 33407

36. Phil Chen, Pharmacy Supervisor
    2101 NW 21st Avenue
    Suite 530
    Ft. Lauderdale, Fl 33309

## PLAINTIFFS' EXHIBIT LIST

1. All right to sue letters.

2. All correspondence submitted on behalf of any Plaintiff (s) to EEOC.

3. All depositions.

4. All Jury Instructions & Verdict Forms.

5. All written discovery requests and responses.

6. Personnel files of all witnesses listed by either Plaintiffs or Defendant.

7. Disciplinary files of all witnesses listed by either Plaintiffs or Defendant.

4

8. Any and all policies, manuals, guidelines, handbooks, or data from the Defendant.

9. Any and all medical reports and/or bills.

10. Any and all wage and salary data from the witnesses in the Plaintiffs and/or Defendant's witness list.

11. Market and/or demographics studies, research, and reports.

12. 1990 and 2000 census results.

13. College transcripts of any and all witnesses listed by either Plaintiffs or Defendant.

14. Rebuttal exhibits.

15. All documents the Plaintiffs obtain from the Defendant due to their documents production requests.

16. All exhibits listed by the Defendant.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 15th day of May, 2000, to: MARK R. CHESKINS, ESQ., Attorneys for Defendant, Steel Hector & Davis LLP, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:   305-445-5475
Fax:   305-445-5479

*/s/ Kelsay D Patterson*
KELSAY D. PATTERSON
Fla. Bar No. 119784