UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

   Plaintiffs,

vs.

WALGREEN COMPANY,

   Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

As set forth below, plaintiffs' Response does not correct or even attempt to refute the numerous deficiencies identified by Walgreens – nor could they. Instead, plaintiffs' Response contains nothing more than sophomoric attacks and rhetoric that avoid Walgreens' argument that plaintiffs deliberately by-passed the administrative requirements necessary to bring a civil rights action by relying on an untimely, defective, and completely dissimilar charge of discrimination. If any pleading was ill-conceived and warranted dismissal, then one would have to conclude that this First Amended Complaint qualifies as such considering that plaintiffs have filed a First Amended Complaint that did not even correct the express errors conceded in their Notice of Scrivener's Error dated March 3, 2000.

## MEMORANDUM OF LAW

**I.    Plaintiffs' Response Does Not Address Whether Plaintiffs Have Met the Two Elements Necessary to Invoke the Single Filing Rule**

Walgreens, in its Motion, argues that Ms. Williams' EEOC charges are untimely and defective thus prohibiting plaintiffs from relying on Ms. Williams' age, race, and retaliation charges of discrimination to invoke the single filing rule. See Motion at pp. 7-10. Plaintiffs respond that Walgreens goes outside the four corners of the First Amended Complaint in making this argument and this argument has no merit in light of existing case law, which provides ample authority to "piggy back" multiple plaintiffs on a single Right to Sue letter issued by the EEOC. See Plaintiffs' Response to Defendants' Motion to Dismiss ("Response") dated May 16, 2000, at p. 2.[1]

As to plaintiffs' "piggy back" argument, Walgreens clearly concedes that in certain cases, a plaintiff may by-pass the EEOC filing requirements pursuant to the single filing rule. See Motion at pp. 2-3. Walgreens disagrees, however, that plaintiffs, in this case, may use the single filing rule because (1) the charge being relied upon is not timely and is otherwise defective, and (2) the individual claims of the filing and non-filing plaintiffs do not arise out of similar discriminatory treatment in the same time frame. See Motion at Part II.B. and III.

As to plaintiffs' "four corners" argument, which would go to the first prong of the single filing rule, plaintiffs own allegations in their exhibits and fifty-three page First Amended Complaint support Walgreens' timeliness argument. Because Walgreens must accept plaintiffs' allegations as true for purposes of this Motion, Walgreens' arguments find support through the numerous citations

---

[1] Notably, plaintiffs do not refute Walgreens argument that by relying solely on Ms. Williams' EEOC charges, the fate of the claims of the seven plaintiffs who never filed a charge of discrimination are directly related to the fate of Ms. Williams' claims. See Motion at p 3.

2

to the First Amended Complaint and its exhibits in which plaintiffs provide dates of hiring for each plaintiff and dates of allegedly adverse employment action.  See Motion at Part II.B. and III. Notably, plaintiffs cite only to the last page of Walgreens' twenty page Motion in an attempt to find support for their argument.  See Response p. 1.  Even here, the allegations in plaintiffs' own First Amended Complaint support Walgreens' argument.[2]

As to the second prong of the single filing rule, Walgreens argues that even if plaintiffs could proceed on Ms. Williams' untimely and defective charges of discrimination, this Court should dismiss plaintiffs' Title VII claims because plaintiffs' First Amended Complaint improperly raises across-the-board allegations of discrimination that could not reasonably grow out of Ms. Williams' age and race claims regarding the denial of promotional opportunities to in-store positions in the Tampa Bay area.  See Motion at pp. 10-14.

In response, plaintiffs simply argue that there is no reason to review their First Amended Complaint because their allegations, in one way or another, all involve black pharmacists in the Florida market who were allegedly denied promotions by Walgreens under the same policies and practices.  See Response at pp. 3-4.  This assertion demonstrates exactly what the Griffin court feared, which is non-filing plaintiffs attempting to meet the second prong of the single-filing rule simply because there is mere commonality.  See Griffin v. Dugger, 823 F.2d 1476, 1493 (11th Cir.

---

[2] Although Walgreens, throughout its Motion to Dismiss, cited to plaintiffs' First Amended Complaint repeatedly, it inadvertently did not include a specific citation to the example identified by plaintiffs.  Notwithstanding, Walgreens' argument clearly finds support through plaintiffs' own allegations.  See First Amended Complaint at ¶¶ 7-9, 12-14, 21, 60, 90, 177, 213, 240 (providing the hiring dates for Ms. Williams (1994), Mr. Ferguson (1982), Mr. McMullen (1993), Ms. Echebiri (1994), Ms. Taylor (1990), and Ms. McMullen (1986)); see also First Amended Complaint ¶¶ 21-24, 60-64, 90-93, 177-80, 213-15, 240-41 (alleging adverse employment actions that occurred prior to 1996).

3

1987) ("Although both employment practices could have been racially discriminatory, that alone is not enough to implicate the second requirement of the single-filing rule. Otherwise, 'intervention [could] bootstrap the court's jurisdiction to encompass claims regarding practices broader than the . . . claims properly assertable by the named plaintiffs.'" (quoting Vuyanich v. Republic Nat'l Bank, 723 F.2d 1195, 1201 (5th Cir.), cert. denied, 469 U.S. 1073 (1984)) (emphasis added)); see also Forehand v. Florida State Hosp. at Chattahoochee, 839 F. Supp. 807, 820 (N.D. Fla. 1993), aff'd in part and vacated in part on other grounds, 89 F.3d 1562 (11th Cir. 1996) (holding that "[r]eliance on the single filing rule is probably not justified . . . where . . . the similarities in treatment are superficial and the differences in treatment are significant").

Moreover, plaintiffs' assertion ignores the fact that their First Amended Complaint contains numerous allegations that may not reasonably grow out of Ms. Williams' charges. In 1997, Ms. Williams simply alleged in her EEOC charge that: "*I [Ms. Williams* had] been denied an opportunity to apply for promotion to the positions of *Store Manger and Pharmacy Manager* in the *Tampa Bay Area*" based on *age* and race from March 29, 1996, through January 29, 1997. See First Amended Complaint at Exhibits C and D (emphasis added). Ms. Williams, however, never included or provided notice of allegations of (1) constructive discharge (see First Amended Complaint at ¶¶ 90, 94, 240, 244), (2) creating false disciplinary records or disciplining for "minute, inconsequential, and insignificant events" (First Amended Complaint at ¶¶ 24, 60, 92, 182, 186), (3) transferring to underperforming stores (see First Amended Complaint at ¶¶ 60-62, 151, 241), and (4) giving less desirable work schedules (see First Amended Complaint ¶¶ 92, 122-25, 179). Notably, none of the plaintiffs allege that they were discriminated against based on their age like Ms. Williams.

4

Although plaintiffs all bring a failure to promote claim in one form or another, even those claims are different.  Plaintiffs attempt to refute this argument by stating that they all sought the Pharmacy Supervisor position but clearly, this assertion contradicts their own First Amended Complaint.  See Response at p. 4.  Indeed, assuming the truth of plaintiffs' First Amended Complaint, only three plaintiffs (Mr. Ferguson, Mr. McMullen, and Ms. McMullen) allege that Walgreens denied them the Pharmacy Supervisor position and notably, this does not include the one plaintiff who filed a charge of discrimination, Ms. Williams.  See First Amended Complaint at ¶ 4.

With regard to Ms. Williams' 1999 EEOC charge relating to charging sick time/days in retaliation for filing her 1997 EEOC charge, plaintiffs clearly cannot rely on this charge, which is personal by its very nature.  Even the one case plaintiffs rely on, Wu v. Thomas, 863 F.2d 1543 (11th Cir. 1989), warrants a finding that these claims are dissimilar and thus not subject to the single filing rule.

In the Wu case, the plaintiff alleged in her EEOC charge that "the University retaliated against me by [Dr. John Formby] calling my husband and suggesting that he would be happier teaching somewhere else.  This was retaliation against me because . . . the university knows that if my husband took another job in a different city I would be likely to follow him."  Id. at 1547 (alterations in original).  Based on these facts, the court ruled:

> Given that Kathleen Wu's **charge of retaliation is based on the university's actions toward her husband, this case presents an archetypal example** of the situation in which multiple filings are unnecessary.

Id. at 1548 (emphasis added).  Here, in stark contrast, Ms. Williams alleged that Walgreens retaliated against *her – not "Black employees as a class," employees in the "Tampa Bay Area," or even the non-filing plaintiffs* – "for filing a previous charge of discrimination."  First Amended Complaint

5

STEEL HECTOR & DAVIS LLP

at Exhibits D and E (emphasis added).  There is no logical connection between any alleged retaliatory conduct of improperly charging Ms. Williams sick time/days and alleged complaints by pharmacists in Miami-Dade or Broward or even the Tampa Bay area. See First Amended Complaint at Exhibit E.

Plaintiffs' ill-conceived attempt to circumvent the statute of limitations and administrative requirements necessary to bring a discrimination lawsuit under federal law warrants dismissal. See Motion at pp. 13-14 (citing cases where the plaintiffs could not rely on the single filing rule in promotion cases).[3]

## II.     The Federal Rules on Joinder Are Inapplicable

Plaintiffs' arguments regarding the application of Fed. R. Civ. P. 19 and 20 are completely misplaced. See Response at pp. 3-4.  Walgreens' argument in its Motion to Dismiss focuses on plaintiffs' failure to comply with the administrative requirements for filing a civil rights action. The Federal joinder rules do not speak to this issue at all nor resolve whether plaintiffs meet the conditions precedent (as is the case for plaintiffs' Title VII and age claims) or jurisdictional prerequisites (as is the case for plaintiffs' FCRA claims) for bringing a civil rights action.

## III.    Section 1981 Requires the Existence of a Contract or Contractual Relationship

Finally, Walgreens argues that this Court should dismiss plaintiffs' section 1981 claims because their claims are time-barred and/or their at-will employment status does not give rise to a section 1981 claim. See Motion at pp. 18-20.  Plaintiffs argue that section 1981's plain language does not focus on contracts or contractual relationships but rather creating "environment[s] free of

---

[3] Plaintiffs do not even attempt to address how claims of discrimination occurring prior to the 300-day look back period are actionable under the continuing violation doctrine, which Walgreens addresses in its Motion. See Motion at pp. 14-17.

STEEL HECTOR & DAVIS LLP

employment discrimination." Response at p. 5. Plaintiffs also argue that Walgreens goes beyond the four corners of the First Amended Complaint in making its timeliness argument. See Response at p. 2.

Plaintiffs' argument regarding the statutory language of section 1981 is misplaced. Section 1981's plain language prohibits discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b) (emphasis added). Section 1981 does not address "environments," but rather the ability to make and enforce contracts and contractual relationships because Congress believed that an inability to enter into contracts or enforce contractual relationships constituted a badge of slavery. See Response at p. 5.

Plaintiffs never allege in their First Amended Complaint that there is a written employment contract specifically obligating Walgreens and plaintiffs for a definite period of time; rather, as plaintiffs now assert in their Response, the only agreement is "to provide and perform pharmaceutical services . . . for pay." Response at p. 5. Based on Florida law, this agreement, as stated in plaintiffs' own words, is terminable at will and thus "[n]o action may be maintained for breach of the employment contract under these circumstances." See Motion at p. 19 (citing cases finding that at-will employees have no contract or contractual relationship with their employer under Florida law).

Because plaintiffs are at-will employees, they cannot prevail under section 1981 for the simple fact that no enforceable employment contract existed. See Motion at p. 18 (citing cases dismissing section 1981 claims because the plaintiffs were at-will employees who had no ability to make or enforce contracts under the relevant state law). If plaintiffs are seeking relief from any

7

alleged "environment . . . of employment discrimination" as they claim, there are numerous other federal and state laws to proceed under, which do not require the existence of an enforceable contract or contractual relationship. Response at p. 5.

Plaintiffs assertion that Walgreens goes outside the four corners of the First Amended Complaint to allege that six of the plaintiffs are time-barred from bringing a section 1981 claim is without merit. As stated before, Walgreens relies on plaintiffs' own allegations as found in their First Amended Complaint and its exhibits. Based on plaintiffs' own allegations in their First Amended Complaint, six plaintiffs were hired before 1996 and these plaintiffs all alleged adverse employment actions occurring prior to 1996. See Motion at p. 20; see also note 2 and accompanying text. Plaintiffs' own allegations substantiate all of Walgreens' assertions and these allegations alone provide enough support warranting dismissal.

## IV.    Plaintiffs' FCRA Claims Should be Dismissed Outright

Walgreens also argued that this Court should dismiss Ms. Williams' Florida Civil Rights Act ("FCRA") claim because she waited fifteen months past the statutory limit to file her FCRA action. See Motion at pp 6-7. With regard to the FCRA claims of the seven other plaintiffs, Walgreens argued that those claims also must be dismissed because the jurisdictional prerequisites of the FCRA mandate that each individual file a charge of discrimination prior to initiating a civil rights action. See Motion at pp. 4-6. Plaintiffs never refute these arguments as well as Walgreens' argument that if even if plaintiffs could use the single filing rule for their FCRA claims, Ms. Williams failed to properly dual-file her charges of discrimination. See id. at 5-6.

Given plaintiffs' utter lack of response to Walgreens' well-founded arguments, all of plaintiffs' FCRA claims should be dismissed with prejudice.

STEEL HECTOR & DAVIS LLP

## CONCLUSION

For all these reasons, this Court should dismiss the First Amended Complaint.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile: (305) 577-7001

By: _____
Mark R. Cheskin, P.A.
Florida Bar No. 708402
Danielle G. Bowser
Florida Bar No. 164143
Brian L. Lerner
Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail

upon Kelsay D. Patterson, Esq., Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Blvd.,

Coral Gables, Florida 33134-3319, this 25th day of May, 2000.

By: _____
Brian L. Lerner

MIA_1998/592497-1

9