UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**NIGHT BOX FILED**
JUN - 6 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' WITNESS & EXHIBIT LIST; AND FOR SANCTIONS

    Plaintiffs, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, Southern District Local Rule 26.1 (I), move to strike the Defendant's Motion at bar and as grounds states as follows:

    i.    **Local Rule 26.1 (I)**

*Prior to filing any discovery motion, counsel for the moving party shall confer orally or in writing, or make reasonable effort to confer with counsel for the opposing party in a good faith effort to resolve by agreement the issues to be*

1

*raised in the discovery motion, and counsel for the opposing party shall cooperate with such efforts to confer and be obligated to act in good faith in attempting to resolve the discovery matters at issue.*

*Failure to comply with the requirements with this Rule may be cause for the Court to grant or deny the discovery motion and impose on counsel an appropriate sanction, which may include an Order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.*

### ii. <u>Defendants Failure to Comply with Certificate of Counsel Requirement</u>

Prior to the Defendant filing this motion at bar, no telephone call nor any correspondence has ever been directed to the undersigned with regard to these matters. On Tuesday, June 5, 2000, the undersigned spoke to the Defendant's counsel, Mark Cheskins, Esquire, to discuss these matters for the first time. Mr. Cheskin did not believe said Local Rule governed the Defendant's motion. His view of this matter was that said Local Rule only applied to discovery matters notwithstanding his desire to obtain the addresses of particular witnesses listed in the Plaintiffs' Witness List, and the specificity of particular documents identified in the Plaintiffs' Exhibit List. When the undersigned advised Mr. Cheskins that documents like the personnel files of similarly situated non-black peers were obviously not in the possession or control of the Plaintiffs, he conceded to this point. The undersigned continued to discuss the location, custodian, and possessor of w~~s~~e documents identified on the Plaintiffs' Exhibit

List, Mr. Cheskins conceded that said documents were obviously in the possession of the Defendant and that the Plaintiffs would not have said items. When the undersigned pointed out the problem of identifying the last known addresses of present and former employees of the Defendant, Mr. Cheskins agreed that this information too would probably not be in the possession of the Plaintiffs, but rather known to the Defendant. When the undersigned requested that Mr. Cheskins withdraw his Motion since it is evident that the Plaintiffs compliance is limited due to these known restrictions and limitations, Mr. Cheskins used the following words:

> **"No thanks, nice to have spoken to you, have a good day".**

### FACTS

In a good faith effort to fully comply with this Court's Order directing that both parties submit their Witness and Exhibit Lists by May 15, 2000, the Plaintiffs submitted their Witness and Exhibit Lists. Prior to the submission of these respective lists, the Plaintiffs made known to the Defendant and to this Honorable Court the difficulty they would encounter in complying with such an Order at this stage in the litigation. Although the Defendant expressed the same difficulty, the Defendant and the Plaintiffs are in two (2) very different situations. For instance, the Plaintiffs can by name identify particular witnesses known to be former and/or present employees of Walgreen Company who may be called upon as witnesses in their case. However, the Plaintiffs do not know some of these persons/witnesses last known addresses. To that end, only discovery could

reveal the last known and/or present whereabouts of these former and/or present employees. A witness list that is supposed to be complete and conclusive at this early stage from the Plaintiffs' vantage is an impossible feat to accomplish without the benefit of discovery interrogatories. On the one (1) hand if the Plaintiffs list and identify witnesses with knowledge and who may be called upon at trial, they are expected to know all of those persons home addresses. A failure on the part of the Plaintiffs to identify those addresses may result in the Court or the Defendant moving to strike those witnesses due to a failure to list their addresses. On the other hand, if the Plaintiffs wait until their depositions or after the discovery has been conducted to reveal the names of witnesses, the Court and or the Defendant may still move to strike those witnesses because they were not identified when their identities were known as of May 15, 2000. This is an unfair and unreasonable "catch 22".

With respect to the exhibits, among other items listed are depositions, interrogatory responses, admission responses, personnel files, disciplinary files, employee manual/handbooks, etc. Without question, as a policy, the Defendant does not furnish its employees copies of their own personnel files. It is inconceivable that the Plaintiffs could specifically identify documents in their personnel files when said files have never and are not presently in their custody or possession. These documents will be obtained through discovery, and the Plaintiffs can supplement their Exhibit List to specifically identify each and every relevant document that may come to be a trial exhibit, but at this early point in

time the Defendant requests a feat which it knows the Plaintiffs cannot accomplish. As for the rest of the exhibits listed, it is truly and foreseeably anticipated in good faith that depositions will be taken and as such they should probably be listed on any exhibit list filed with the Court. Presently, no depositions have yet to be taken or noticed by either party. The Plaintiffs have tried to anticipate and calculate those exhibits which will foreseeably be used at trial. The Defendant on the other hand, is the custodian of all the documents that the Plaintiffs are seeking. To represent to this Court that the Defendant has endeavored to fully comply with the May 9, 2000 Order, it should also be supplemented with a footnote that indicates that the Defendant can identify all of its documents and exhibits because it has custody and possession of those items. How can the Plaintiff be expected to identify with specificity and particularity exhibits which have yet to be obtained? The Plaintiffs concede that if the Plaintiffs' Exhibit List were in the same form and without additional supplements after lengthy litigation and discovery, the Defendant would be prejudiced if said list were filed with a Pre-Stipulation five (5) days prior to the Calendar Call. However this has not occurred, and the Plaintiffs fully intend to supplement both lists with specificity after meaningful discovery has occurred.

    Plaintiffs are asking that this Court look at the Defendant's motions with greater scrutiny than normal. In this matter, Defendant has asked for sanctions despite facts that show a limited ability to comply at this point. With respect to the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, the

Defendant is actually disputing whether a proper cause of action was plead by the Plaintiffs. A review of virtually any §1981 or Title VII Complaint filed in the Southern District of Florida conclusively establishes properly plead causes of action. Even though Defendant has yet to file an Answer, it is apparent the Defendant will cause this file to grow tremendously with similar types of motions.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 6th day of June, 2000, to: MARK R. CHESKINS, ESQ., Steel Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:   305-445-5475
Fax:   305-445-5479

_Kelsay D. Patterson_
Kelsay D. Patterson
Fla. Bar No. 119784