UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE
SHORTER-MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
CARMITA MCMULLEN, individually;

    Plaintiffs,

vs.

WALGREEN COMPANY,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' WITNESS AND EXHIBIT LIST AND FOR SANCTIONS**

Plaintiffs' Response to Walgreens' Motion to Strike underscores the complete lack of investigation and due diligence performed by plaintiffs' counsel prior to initiating this lawsuit over four months ago and prior to filing plaintiffs' witness and exhibit list and warrants an Order by this Court striking these lists and imposing sanctions.

Rather than refute the substantive arguments of Walgreens' Motion, plaintiffs incredibly argue that Walgreens conceded the merits of plaintiffs' arguments during a telephone conversation on June 5, 2000. See Response at pp. 2-3. To convey how seriously Walgreens believes plaintiffs' counsel has mischaracterized and misrepresented that telephone conversation, Walgreens is willing



STEEL HECTOR & DAVIS LLP

to participate in an evidentiary hearing, where respective counsel are placed under oath, to resolve this matter should the Court feel such a hearing is necessary. Walgreens, however, believes that no further inquiry into that telephone call is necessary because plaintiffs' woefully deficient exhibit and witness lists speak for themselves.

## MEMORANDUM OF LAW

I. **Plaintiffs' Use of a Discovery Motion Rule Is a Misplaced Attempt to Deflect this Court's Attention from Plaintiffs' Failure to Comply with this Court's Order and the Local Rules**

Plaintiffs' discovery motion argument (see Response at pp. 1-3) is without support. As stated in the very first line of Walgreens' Motion, Walgreens is proceeding under Fed. R. Civ. P. 16(f), S.D. Fla. L.R. 16.1(B), and S.D. Fla. L.R. 16.1(M), which do not address discovery motions, but which do provide a specific subsection authorizing this Court to penalize a party or counsel for failing to comply with pretrial procedures. See S.D. Fla. L.R. 26.1(A) (evidencing a distinction between "the obligations imposed under Local Rule 16.1 [and] the limitations on discovery imposed by other parts of Local Rule 26.1"). Additionally, plaintiffs have provided no argument – because there is none – as to how Walgreens' Motion would fall under the auspices of S.D. Fla. L.R. 26.1(H), which S.D. Fla. L.R. 26.1(I) references. Plaintiffs' argument is a misplaced attempt to deflect attention away from the fact that they simply did not comply with this Court's Order and the Local Rules governing pretrial procedures – specifically, rules relating to witness and exhibit lists.

II. **Plaintiffs' Witness List**

With regard to their witness list, plaintiffs must have investigated or at least verified some of their allegations prior to filing their original Complaint or in the four months that have since passed. See Avirgran v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991) (stating that attorneys are not

2

only responsible for investigating the claims of a lawsuit prior to filing but have a continuing obligation throughout the pendency of the action); see also Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) (awarding fees when an attorney failed to investigate adequately or properly the allegations contained in the complaint). As such, plaintiffs' counsel must have contacted or interviewed some of the fifteen witnesses they have listed without addresses. If, however, plaintiffs' counsel did not act diligently by complying with the mandates of the Court's Scheduling Order and the Local Rules, then plaintiffs' counsel should confirm that there are no addresses for their listed witnesses because these witnesses were not contacted or interviewed.

In any event, sanctions are appropriate because plaintiffs' Response conveys an admitted lack of reasonable inquiry. See Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) ("If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." (quoting Jones v. International Riding Helmets, Inc., 49 F.3d 692, 694 (11th Cir. 1995).

### III.    Plaintiffs' Exhibit List

With regard to their exhibit list, plaintiffs, in effect, concede that they violated the Local Rules by listing broad categories of documents rather than "specifically identify[ing] each document." S.D. Fla. L.R. 16.1(B); see also Response at p. 4 ("Plaintiffs can supplement their Exhibit List to specifically identify each and every relevant document that may come to be a trial exhibit.").

To justify their violation, plaintiffs argue that the exhibits "are not presently in their custody or possession." Response at p. 4. Plaintiffs, however, necessarily have some documents in their possession. For example, plaintiffs attached approximately nineteen documents to their First

3

Amended Complaint yet failed to list them. Also, plaintiffs should have in their possession or, at a minimum, should have been able to identify with specificity, documents relating to the filing of their claims with any administrative agency. Indeed, plaintiffs allege that "[a]ll conditions precedent have been met for filing this action." First Amended Complaint at ¶¶ 55, 89, 118, 149, 176, 212, 239, 268. Finally, plaintiffs should have in their possession, at a minimum, documents supporting their allegations that they complained to Walgreens' management, applied for transfers and/or promotions, and for damages. See First Amended Complaint at ¶¶ 23-25, 29, 31(k), 31(l), 63-64, 66(h), 92-93, 95(i), 122-23, 125, 126(j), 150, 153(i), 177, 181, 183-88, 189(j), 213-14, 216(h), 240-41, 245(h), and "Prayer for Relief" ¶ 2. If plaintiffs do not have documents "in their custody or possession" (Response at p. 4), then they should admit that they currently have no documents in their possession to support their allegations. This admission would at least fulfill the goal of the pretrial procedure rules, which is to avoid surprises.

## CONCLUSION

For all these reasons, Walgreens respectfully requests that this Court (1) strike plaintiffs' witness and exhibit list, (2) require plaintiffs to resubmit an exhibit list specifically identifying documents in their possession that they believe support and/or refute their allegations and a witness list with addresses within three business days, and (3) order plaintiffs and their counsel to pay Walgreens' expenses, including reasonable attorneys' fees and any and all sanctions that the Court may deem proper and just.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile: (305) 577-7001

By: _____
Mark R. Cheskin, P.A.
Florida Bar No. 708402
Danielle G. Bowser
Florida Bar No. 164143
Brian L. Lerner
Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail upon Kelsay D. Patterson, Esq., Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Blvd., Coral Gables, Florida 33134-3319, this 16th day of June, 2000.

By: _____
Brian L. Lerner

MIA_1998/597201-1

STEEL HECTOR & DAVIS LLP