UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN, individually; DELORES OKONMAH, individually; BERNICE SHORTER-MEARES, individually; CONSTANCE ECHEBIRI, individually; MIA DAWN TAYLOR, individually; CARMITA MCMULLEN, individually;

      Plaintiffs,

vs.

WALGREEN COMPANY,

      Defendant.
_____/

FILED by ___ D.C.
JUL 25 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## STIPULATED PROTECTIVE ORDER

The parties to this action, Joyce Williams, et al. ("Plaintiffs"), and Walgreen Company ("Walgreens"), stipulate through their respective counsel, and subject to the approval of the Court, that the following Protective Order be entered in this action, pursuant to Federal Rule of Civil Procedure 26(c):

IT IS HEREBY ORDERED:

### Non-Disclosure of Stamped Confidential Documents

1. Any party who has endorsed or joined this Protective Order and who is required to produce documents or information in response to discovery requests in the litigation (the "Producing Party") may designate as "confidential" any documents or other forms of

information which the Producing Party reasonably and in good faith believes contain or constitute confidential or proprietary business information ("CONFIDENTIAL information").

2. The parties agree that the following documents are CONFIDENTIAL without being stamped:

    (a) Personal and personnel information of other present and former Walgreens' employees;

    (b) Walgreens' training materials and employee reference books and manuals; and

    (c) Walgreens' corporate policies.

3. For purposes of this Order, the term "document" means all written, recorded, or graphic materials, whether produced or created by a party or another person, whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, by agent or otherwise.

4. The parties hereto intend that all CONFIDENTIAL information shall be used for litigation purposes only. For purposes of this Protective Order, "Litigation" shall be defined as the above-styled matter (hereinafter "Litigation").

5. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver of confidentiality. When information not initially designated as CONFIDENTIAL is later so designated, each party shall make a reasonable effort to retrieve documents containing the later-designated CONFIDENTIAL information, but no sanctions shall be imposed upon a party for any disclosure of the later-designated CONFIDENTIAL information made prior to the party receiving written notification of the later designation of the information as CONFIDENTIAL.

## Permissible Disclosure

6.       Notwithstanding paragraphs 1 through 5, the CONFIDENTIAL information may be disclosed to the following persons:

(a)     Counsel of record, including other attorneys employed by counsel's law firm, and other persons regularly employed by the law firm as are necessary to perform secretarial, paralegal, law clerk, document production services or other similar functions;

(b)     Named individual parties in the Litigation, and in-house counsel for the corporate defendant, after being advised of the terms of this Protective Order and agreeing to abide by its terms to not disclose any CONFIDENTIAL information to any persons not included in this paragraph;

(c)     Any expert, consultant, or other agent retained by the parties or their counsel to assist in the Litigation;

(d)     The Court;

(e)     Special Masters appointed by the Court;

(f)     Persons called as witnesses at deposition or at trial in the Litigation;

(g)     Persons with prior knowledge of the documents or the CONFIDENTIAL information contained therein, and their agents;

(h)     Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and

(I)     Such other persons agreed to by all parties in writing or ordered by the Court.

7. This Protective Order is not intended to apply to information which, in fact, has not been maintained on a confidential basis. Acceptance of information designated CONFIDENTIAL does not waive the party's right to challenge the confidentiality designation. This Protective Order shall also not be construed as an admission with respect to the authenticity, competency, relevance or materiality of any document or thing designated as confidential.

8. Any deposition transcripts, exhibits, or other documents or materials stamped CONFIDENTIAL that are filed with the Court shall be filed in sealed envelopes with the Clerk's office that are marked "CONFIDENTIAL -- THIS ENVELOPE IS NOT TO BE OPENED EXCEPT UPON DIRECTION OF THE COURT."

### Declassification

9. A party may apply to the Court for a ruling that a document (or category of documents) stamped as CONFIDENTIAL is not entitled to such status and protection. Counsel for the non-moving party shall be given notice of the application and an opportunity to respond. To maintain confidential status, the party marking a document CONFIDENTIAL must show by preponderance of the evidence that there is good cause for the document to have such protection.

10. A Producing Party may at any time remove the CONFIDENTIAL designation from any information the Producing Party has designated as CONFIDENTIAL.

### Confidential Information at Deposition

11.  If depositions which are conducted in this Litigation involve CONFIDENTIAL information, the portions of said depositions involving such information will be taken with no one present other than the persons identified in paragraph 6 as appropriate.

12.  When CONFIDENTIAL information is the subject of testimony at a deposition, the parties will advise persons present at the taking of the deposition not to disclose the testimony regarding such CONFIDENTIAL information to any persons other than the persons identified in paragraph 6 above, but in no event shall the parties be responsible for monitoring or insuring the compliance by said persons.

### Confidential Information at Trial

13.  Subject to the Federal Rules of Evidence, stamped CONFIDENTIAL documents and other CONFIDENTIAL information may be offered in evidence at trial or any court hearing by any party. Any party can move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL information and, if so, what protection, if any, may be afforded to such information at the trial.

14.  When CONFIDENTIAL information is sought to be introduced in evidence at trial or any court hearing by any party, the party shall not attempt to introduce the document bearing the stamped CONFIDENTIAL designation. Instead, the party shall redact the stamped

CONFIDENTIAL designation on the document or request an unmarked copy of the document from the other party prior to introducing the document as evidence.

### Use

15. Persons obtaining access to stamped CONFIDENTIAL documents under this Order shall be provided with a copy of this Protective Order and will use the information only for preparation and trial of this Litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

16. The parties agree to be bound by the terms of this Protective Order pending the execution and issuance of the Order by the Court.

### Non-Termination

17. The provisions of this Order shall not terminate at the conclusion of this Litigation. Within 120 days after final conclusion of all aspects of this Litigation and upon written demand by the Producing Party, documents designated as CONFIDENTIAL and all copies and extracts thereof shall be returned promptly to the Producing Party or destroyed at the option of the Producing Party, except for attorney work product which contains CONFIDENTIAL information, which shall be destroyed.

### Modification Permitted

18. The foregoing Protective Order may be amended by agreement of the parties and order by the Court. Additional parties may endorse this Order and produce CONFIDENTIAL

information pursuant to this Order after its entry without further action by the Court.

SO ORDERED this 25 day of July, 2000.

_____
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED:

Dated: July 7, 2000

By: _____
Kelsay D. Patterson
Fla. Bar No. 119784
Law Offices of Michael M. Tobin, P.A.
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Telephone: (305) 445-5475
Telefax: (305) 445-5479

Dated: July 24, 2000

By: _____
Mark R. Cheskin, P.A.
Fla. Bar No. 708402
Danielle G. Bowser
Fla. Bar No. 0164143
Brian L. Lerner
Fla. Bar No. 0177202
Steel Hector & Davis LLP
Attorneys for Defendant
Walgreen Company
200 S. Biscayne Blvd., Ste. 4000
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Telefax: (305) 577-7001

MIA_1998/581930-1