UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6151-CIV-UNGARO-BENAGES

JOYCE WILLIAMS, et al.,
    Plaintiffs,

vs.

WALGREEN COMPANY,
    Defendant.
_____/

FILED by _____ D.C.
AUG 1 7 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, filed May 8, 2000.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises. On May 1, 2000, Plaintiffs Joyce Williams ("Williams), Michael Ferguson ("Ferguson"), Joseph McMullen, Delores Okonmah ("Okonmah"), Bernice Shorter-Meares ("Meares"), Constance Echebiri ("Echebiri"), Mia Dawn Taylor ("Taylor") and Carmita McMullen filed their First Amended Complaint asserting claims of race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, *et seq.* and 42 U.S.C. § 1981 against Defendant Walgreen Co. ("Walgreens"). Additionally, Williams asserts a claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* Because only Williams filed an EEOC Charge of Discrimination, the remaining Plaintiffs must rely on Williams' Charge to state their claims. Walgreens files the instant Motion arguing, *inter alia*, that Plaintiffs Title VII and FCRA claims must be dismissed because the Charge of Discrimination is defective, the claims of the remaining Plaintiffs are not sufficiently similar to Williams' discrimination claims in the Charge to allow reliance and the claims are untimely.

Walgreens additionally argues that Plaintiffs' § 1981 claims must be dismissed because a § 1981 claim is unavailable to an at will employee and because the claims of all but two Plaintiffs are barred under the applicable statute of limitations. For the following reasons, the Motion will be granted in part.

## LEGAL STANDARD

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff, *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S.Ct. 1843, 1848-49, 23 L.Ed.2d 404 (1969), and may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Bradberry v. Pinnellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986). Moreover, the Court must, "at this stage of the litigation, . . . accept [the plaintiff's] allegations as true." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Stevens v. Dep't of Health and Human Services*, 901 F.2d 1571, 1573 (11th Cir. 1990). Thus, the inquiry focuses on whether the challenged pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

## LEGAL ANALYSIS

*Single Filing Rule*

As discussed above, Ferguson, Joseph McMullen, Okonmah, Meares, Echebiri, Taylor and Carmita McMullen (collectively, the "non-filing Plaintiffs") rely on the EEOC Charge of Discrimination filed by Williams, and thus the "single filing rule," to pursue their Title VII and FCRA claims. Under the single filing rule, non-filing plaintiffs in a multiple-plaintiff, non-class action suit may rely on an EEOC complaint filed by a co-plaintiff if: 1) the EEOC complaint was

timely filed and not otherwise defective; and 2) the individual claims of the filing and non-filing plaintiffs arose out of similar discriminatory treatment in the same time frame. *See Alexander v. Fulton County, Georgia*, 207 F.3d 1303 (11th Cir. 2000); *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1011-12 (11th Cir. 1982).

*Florida Civil Rights Act Claims*

With respect to Plaintiffs' claims under the FCRA, Walgreens argues that the single filing rule is unavailable for FCRA claims and thus the non-filing Plaintiffs' claims should be dismissed. Additionally, Walgreens argues that even assuming the single filing rule may be used to assert the non-filing Plaintiff's FCRA claims, William's EEOC Charge is defective for such purposes and, moreover, the claims are time-barred. The Court need not address Walgreens' argument that the claims are time-barred because, for the foregoing reasons, the Charge of Discrimination is defective and therefore insufficient to provide a basis for Plaintiffs' FCRA claims.

Arguing that the single-filing rule is unavailable to the non-filing Plaintiffs to assert their FCRA claims, Walgreens points to *Ayers v. Wal-Mart Stores, Inc.*, 941 F.Supp. 1153 (M.D. Fla. 1996). The Court is unpersuaded that *Ayers* precludes reliance on the single-filing rule to assert a claim under the FCRA.

In *Ayers*, the district court rejected the plaintiff's argument that her failure to comply with the FCRA's prohibition on commencing a civil action before 180 days after filing the charge of discrimination with the applicable state agency was remedied by amending the complaint after the 180 day period elapsed. In rejecting the plaintiff's argument, the *Ayers* court reasoned that because the FCRA, unlike Title VII, precludes a civil action if the charge of discrimination is dismissed, allowing the plaintiff to proceed on her FCRA claim without waiting the required 180

3

day period would permit the plaintiff to successfully circumvent the possibility of a dismissal and its preclusive effect. It does not necessarily follow from the *Ayers* reasoning, however, that a plaintiff asserting an FCRA claim should be precluded from relying on the timely filed charge of discrimination of a co-plaintiff that is not otherwise defective with respect to the FCRA's requirements.

Walgreens next argues, without opposition, that even assuming the single-filing ruling may be invoked to assert the non-filing Plaintiff's FCRA claims, Williams' February 1997 Amended Charge of Discrimination upon which Plaintiffs rely is defective because Williams failed to check the dual filing box or otherwise indicate that she desired to have the charge dual-filed with the Florida Commission on Human Rights ("FCHR").[1]

A careful review of the February 1997 Amended Charge of Discrimination, as well as the initial January 1997 Charge of Discrimination, reveals that Williams failed to initial or check the section of the form for dual filing and failed to fill in the line provided to denote a state or local agency for dual filing purposes. *See* Exhibits C and D to the First Amended Complaint. Consequently, Williams and the non-filing Plaintiff's have failed to demonstrate compliance with dual-filing requirements. Thus, their FCRA claims of discrimination must be dismissed. *See, e.g., Weaver v. Florida Power & Light*, 1996 WL 479117 (S.D. Fla. 1997), *aff'd* 124 F.3d 221(11th Cir. 1997); *Dawkins v. BellSouth Telecommunications, Inc.*, 53 F.Supp.2d 1356 (M.D. Fla. 1999); *Patterson v. Wal-Mart Stores, Inc.*, 1999 WL 1427751 (M.D. Fla. 1999).

---

[1] Walgreens does not appear to argue that Williams' April 1999 Charge of Discrimination alleging retaliation fails to properly dual file her retaliation claim with the EEOC and FCHR for purposes of asserting her retaliation claim. Nonetheless, Walgreens correctly argues that the non-filing Plaintiffs do not rely on the April 1999 Charge to assert their discrimination claims and, as will be discussed below, to the extent the non-filing Plaintiffs assert a retaliation claim, the April 1999 Charge of Discrimination provides an insufficient basis to do so.

*Title VII Claims*

Walgreens also contends that Williams' February 1997 Charge of Discrimination is defective such that Williams and the non-filing Plaintiff's Title VII claims are barred and must be dismissed. Walgreens further contends that even assuming Williams' Charge of Discrimination is not defective in this regard, the non-filing Plaintiffs' claims do not arise out of the same discriminatory treatment or time period as that of Williams' claim of discrimination and therefore their claims must be dismissed.

With respect to its first argument, Walgreens contends that Williams' February 1997 Charge of Discrimination was not filed within 180 days of its alleged discriminatory acts. However, in pressing this argument, Walgreens ignores the fact that Plaintiffs allege that Walgreen's discriminatory denials of promotions, work assignments and training was a result of a continuous illegal practice and policy. *See* First Amended Complaint at ¶¶ 4, 6. Moreover, the February 1997 Charge of Discrimination states that the last act of discrimination occurred on January 29, 1997, six days prior to the date the Charge was filed. *See* Exhibit D to First Amended Complaint. "Where an employee charges an employer with continuously maintaining an illegal employment practice, [s]he may file a valid charge of discrimination based upon that illegal practice until 180 days after the last occurrence of an instance of that practice." *Beavers v. American Cast Iron Pipe Co.*, 975 F.2d 792 (11th Cir. 1992)(citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 249 (5th Cir. 1980)). Thus, William's February 1997 Charge of Discrimination is not defective and thus, Williams and the non-filing Plaintiffs may rely on it to assert their Title VII claims. However, this does not end the inquiry.

Walgreens also contends that even assuming the Charge of Discrimination is not defective, the non-filing Plaintiffs' claims do not arise out of similar discriminatory treatment in

5

the same time frame as that of the discrimination alleged by Williams and thus, the non-filing Plaintiffs may not rely on the single-filing rule to assert their claims.

Like Williams, the non-filing Plaintiffs may rely on Williams' Charge of Discrimination to assert any claim that may be fairly characterized as arising out of similar discriminatory treatment to that specifically alleged in the Charges. *See Alexander*, 207 F.3d at 1333. In this regard, Williams' February 1997 Charge of Discrimination contains allegations of discrimination with respect to promotions to Store Manager and Pharmacy Manager positions based on race and age. Like Williams, all of the non-filing Plaintiffs assert claims of race discrimination based on denial of promotions as well as denial of information and training regarding promotion opportunities. Moreover, while some of the Plaintiffs allege that they suffered the discriminatory denial of promotions before the period alleged in Williams' February 1997 Charge of Discrimination, viewing the Complaint in the light most favorable to Plaintiffs, all of the non-filing Plaintiffs allege that they continued to suffer the discriminatory denial of promotions into the relevant period. *See, e.g.*, First Amended Complaint at ¶¶ 64,-65, 90, 93, 119, 132, 150-152, 177, 179, 213, 215, 242, 251. Consequently, the non-filing Plaintiffs may rely on the February 1997 Charge of Discrimination to assert their promotion discrimination claims.

In reaching this conclusion, the Court rejects, at least at this stage of the litigation, Walgreens' argument that the claims of the non-filing Plaintiffs are not sufficiently similar to the extent some of them allege that they were denied promotions to positions located in Florida counties other than the county specified in Williams' February 1997 Charge. The Complaint is devoid of any allegation from which it may be inferred that Walgreens' alleged discriminatory policy concerning promotions did not operate state-wide. *See, e.g.*, First Amended Complaint at ¶ 18 ("WALGREENS has created and maintained a systemwide policy and pattern or practice of

6

race-based disparate treatment that has limited the employment opportunities of PLAINTIFFS in all aspects of WALGREENS' operations.") To prevail, such an argument requires a factual development of the record unavailable at the motion to dismiss stage. *Cf. Jones v. Firestone Tire & Rubber Co., Inc.*, 977 F.2d 527, 533 (11th Cir. 1992)(rejecting putative class members' argument that named plaintiff's EEOC charge could serve as a basis for challenging promotions outside of a specific market zone but within specific region where evidence demonstrated that the defendant had a policy against inter-zone transfers and sufficient qualification for promotion required experience within the zone).

However, the undersigned does agree with Walgreens that several of the non-filing Plaintiffs appear to assert claims that do not fall within the ambit of Williams' February 1997 or April 1999 Charges of Discrimination. For example, some of the non-filing Plaintiffs allege that Walgreens supervisors created false disciplinary reports, failed to intervene when customers and staff used racial slurs, engaged in discriminatory scheduling, temporary termination and denial of coverage for medical expenses and at least one of the non-filing Plaintiffs alleges constructive discharge. To the extent the non-filing Plaintiffs rely on these allegations to state their claims under Title VII, they are not sufficiently similar to the discriminatory promotion claim alleged in Williams' February 1997 Charge to invoke the single-filing rule and excuse their failure to comply with Title VII's filing requirements. *See, e.g., Griffin v. Dugger*, 823 F.2d 1476 (11th Cir. 1987)(subjective promotion and discipline claims were not sufficiently similar to objective testing claim to allow reliance on single-filing rule). Additionally, to the extent the non-filing Plaintiffs rely on these allegations to state a claim for actionable retaliation, the allegations are not sufficiently similar to Williams' claims of retaliation in her April 1999 Charge to invoke the single-filing rule as Williams' claims in the April 1999 Charge consisted of being forced to use

sick time and being denied promotions in retaliation for filing the February 1997 Charge.

*Section 1981 Claims*

Lastly, Walgreens contends that Plaintiffs' claims of discrimination pursuant to § 1981 must be dismissed because Plaintiffs' at-will status does not give rise to a § 1981 claim and because the claims are barred by the applicable statute of limitations. The Court disagrees.

As Walgreens concedes, the courts within the Eleventh Circuit that have addressed the issue have found that at-will employment involves a contractual relationship sufficient to state a claim under § 1981. *See Moghadam v. Morris*, 87 F.Supp.2d 1255, 1262 (N.D. Fla. 2000); *Copley v. Bax Global, Inc.*, 80 F.Supp.2d 1342, 1346-47 (S.D. Fla. 2000); *Knight v. Palm City Millwork Supply Co.*, 78 F.Supp.2d 1345 (S.D. Fla. 1999); *Farrior v. H.J. Russell & Co.*, 45 F.Supp.2d 1358 (N.D. Ga. 1999); *Faulk v. Home Oil Co.*, 184 F.R.D. 645, 652-53 (M.D. Ala. 1999). The undersigned is unpersuaded that the Florida state court cases cited by Walgreens require a departure from this view.

Walgreens next contends that even assuming Plaintiffs may bring their discrimination claims under § 1981, the claims of Williams, Ferguson, Joseph McMullen, Echebiri, Taylor and Carmita McMullen are barred under Florida's four-year statute of limitation. However, as discussed above, viewing the Complaint in the light most favorable to Plaintiffs, all of the Plaintiffs allege that they suffered discrimination with respect to promotions up to January 29, 1997 (the last date of discrimination as reflected in Williams' February 1997 Charge), if not up to the date of filing the Complaint.[2] Consequently, their § 1981 claims are not time-barred.

---

[2]It is unclear whether Walgreens argues that the above-named Plaintiffs' § 1981 claims are time-barred to the extent such claims rely on alleged discriminatory conduct other than with respect to promotion. However, a careful review of the Complaint reveals that to the extent dates of occurrence are provided regarding such discriminatory conduct, they do not fall outside the

8

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANTED in part and DENIED in part as follows:

1. The Motion is GRANTED to the extent it seeks a dismissal of Plaintiffs' claims under the Florida Civil Rights Act.

2. The Motion is GRANTED to the extent Plaintiffs Ferguson, Joseph McMullen, Okonmah, Meares, Echebiri, Taylor and Carmita McMullen's assert claims under Title VII based on Walgreens' creation of false disciplinary reports, failure to address racial slurs from customers and staff, discriminatory scheduling, termination and denial of coverage for medical expenses and constructive discharge. Accordingly, Plaintiffs Ferguson, Joseph McMullen, Okonmah, Meares, Echebiri, Taylor and Carmita McMullen may assert their Title VII claims of discrimination with respect to promotion.

3. The Motion is DENIED to the extent its seeks a dismissal of Plaintiffs' claims under § 1981.

It is further

ORDERED AND ADJUDGED that Walgreens shall file its answer to the First Amended Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 16 day of August, 2000.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

---

four-year statutory period.