UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-HUCK

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,



        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.

_____/

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY: PLAINTIFFS' INITIAL INTERROGATORIES AND PLAINTIFFS' INITIAL REQUEST FOR PRODUCTION

Plaintiffs, by and through undersigned counsel file this discovery Motion to Compel Better Interrogatory Responses and Better Responses to the Plaintiffs' Initial Request for Production and as grounds states as follows:

1. The Plaintiffs' served their Initial Interrogatories and Request for Production of Documents together upon the Defendant on June 9, 2000. Attached as **Exhibit 1 & 2** are the Plaintiffs' Interrogatory requests and Request for Production served upon the Defendant.



1

2. The Defendant served its responses to the above referenced discovery items on July 24, 2000. Attached as **Exhibits 3 & 4** are the Defendants' Interrogatory responses and their responses to Plaintiffs' Request for Production. In response to the Plaintiffs' discovery requests, the Defendant responded with nineteen (19) pages of general objections, specific objections, and most notably the objection which purports to be in conformity with the Southern District of Florida Local Rule 26.1 (g) (2). The Defendant's shotgun approach was intended to spray a fire works of objections to delay the Plaintiffs' discovery efforts.

## I. Background

Plaintiffs' initiated this suit claiming that their employer, Walgreens Company, discriminated against them based upon their race. Specifically, they have all alleged a failure to be properly trained, interviewed, considered, and promoted to managerial positions while in their employ as pharmacists for the Defendant. Despite the Defendant being one of the largest employers of pharmacists in the entire Florida market area, no black pharmacists employed by the Defendant has ever obtained the position of pharmacy supervisor. Moreover, there are few black pharmacists that have been promoted to the position of pharmacy manager despite watching lesser qualified peers who are non-black being promoted to these various positions. Additionally, the facts will demonstrate that a considerable percentage of Florida's pharmacists come from the predominantly African American University known as Florida Agricultural and Mechanical University (Florida A & M University). Although the Defendant

actively recruits and hires black pharmacy graduates, non-black peers with less experience and/or less qualifications are being promoted over the black employees including the Plaintiffs who were actively recruited and promised employment equality by the Defendant. All of the discovery requests including the Interrogatories and Request for Production are intended and designed for obtaining information reasonably calculated to lead to potential facts witnesses, proof of damages, and statistical proof to show a disproportionate and disparate absence of black pharmacists in management.

### Standard of Review

Federal Rules of Civil Procedure 33 allow any party to serve on any other party written Interrogatories, inspect and copy, test or sample any documents or tangible things which constitute or contain matters within the scope of Federal Rules of Civil Procedure 26 (b). The scope of discovery under Local Rule 26 (b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Hickman v. Taylor, 329 U.S. 495, 507-508 (1947). See also Farnsworth v Proctor & Gamble Co., 758 F. 2d 1545, 1547 (11th Cir. 1985). (The Federal Rules of Civil Procedure "strongly favor full discover whenever possible"); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Information is relevant if it is germane, conceivably helpful to Plaintiff, or reasonably calculated to led to admissible evidence. Parsons v. General Motors Corp., 85 F.R.D. 724 (N.D. Ga. 1981). See also Hickman, 329 U.S. 501. Thus, under Rule 26 relevancy is "construed broadly

3

to encompass any matter that bears on, or reasonably could lead to another matter that could bear on any issue that may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues". Id. at 352. In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Dunnbar v. United States, 502 F. 2d 206 (5th Cir. 1974). Finally, the burden is on the party resisting discovery to demonstrate that the discovery sought is not legally relevant. Henderson v. National R. R. Passenger Corp., 113 F.R.D. 502, 506 (N.D. Ill. 1986).

## REQUESTS AND RESPONSES

### *Interrogatories*

#### *Interrogatory # 1:*

Provide the complete names, job titles, present and/or last known addresses of all the persons who assisted in answering these interrogatories.

#### *Answer:*

Walgreens' in-house and outside counsel gathered the information necessary to prepare the answers to these interrogatories.

4

Discussion:

Interrogatories serve the purpose of both providing information as well as identifying the person (s) who provided the information that is being sworn to under oath. As members of the bar, we all know that interrogatory responses are in part prepared by the attorneys. However, the attorneys cannot be put on the stand in case these answers are later proved factually evasive, incorrect, and/or false. These interrogatories have been propounded upon the Defendant, and as such some officer or representative of the Defendant must take responsibility for the answers furnished, and the Jurat page must be notarized and returned. These ideas are not new to litigation, nor should they be new to the Defendant's attorneys.

### Interrogatory #4:

Provide the complete names including last known and present address, and social security number of all pharmacists employed by the Defendant in the Florida market area promoted to the position of pharmacy manager between the time period of January 1, 1998 through January 1, 2000.

### Answer:

Walgreens will produce for inspection and copying a list of all those employees that were promoted to the pharmacy manager position between the time period of January 1, 1998, through January 1, 2000. Walgreens objects to the extent that this interrogatory seeks the social security number for current and former employees of Walgreens. Walgreens has produced this information subject to the Confidentiality Agreement and Order entered into by the parties.

Discussion:

With this response, the Defendant did not provide a list of those employees. Additionally, the Plaintiffs' request did not ask for a list to be copied and inspected, but rather asked the Defendant to provide those names and addresses. The Defendant failed to do either. The Defendant neither listed those names nor provided the list. As this Court will later see when the Plaintiffs' request the same information from the Defendant in the Request for Production, the Defendant objects and does not provide the names and addresses. This point is particularly inflammatory as the Plaintiffs' were recently the subject of a Motion to Strike. The Defendant sought to strike the Plaintiffs' Witness List. In this particular example, the Plaintiffs are seeking the names of witnesses that may have information and knowledge regarding issues and facts that relate to this law suit. This information is also relevant for statistical analysis.

### Interrogatory # 7:

Provide the full names, present and/or last known addresses, and social security numbers of all persons employed by the Defendant between January 1, 1990 through January 1, 2000 who personally visited, recruited, and interviewed students from A & M University's School of Pharmacy.

### Answer:

Walgreens objects to this interrogatory as outside the scope of restrictions set forth in Southern District of Florida Local Rule 26.1 g 2. Walgreens objects to this interrogatory as irrelevant and not likely to lead to the discovery of admissible evidence.

Plaintiffs' allege that Walgreens failed to promote them to specific management positions based on their race, not that Walgreens failed to hire them. Accordingly, Walgreens recruiting efforts at Florida A & M University are completely irrelevant to the instant action and could not possibly lead to the discovery of admissible evidence. Walgreens objects to the extent that this interrogatory seeks the social security number from current and former employees of Walgreens.

Discussion:

To quote Local Rule 26.1 (g) (2) verbatim is as follows:

*At the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge or information relevant to the subject matter of the action, the nature and substance of such knowledge, the computation of each damaged alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements and other physical evidence, or information of a similar nature.*

When it is self evident that the Plaintiffs' interrogatory is seeking the names of witnesses as it is phrased, it defies one's imagination that the Defendant could still cite to the above rule as support for its objection. First, the Defendant does not want to produce the names, addresses, or social security numbers of anyone unless there is a Confidentiality Agreement and Order in place. Although the Confidentiality Agreement and Order have been approved and are presently in place, the Defendant still laments disclosing the social security numbers of these witnesses though it may be necessary for the Plaintiffs' to use this information to locate said witnesses if they are no longer employed by the Defendant. This explanation as to why the social security numbers have been requested can be found numerous times throughout the interrogatory requests. Second, the Plaintiffs' have alleged that their employment contract as defined by

7

Section 1981 and Title VII, and presented to them by Walgreens, was that of employment equality and fairness in the hiring and promotion process. The first interaction that many of the Plaintiffs' had with Walgreens came by way of the Defendant's efforts to recruit them while they were still pharmacy students. The initial representations and policies that the Plaintiffs' relied upon in deciding to accept employment with the Defendant are relevant. Those representations made at that time, and the ongoing representations by the Defendant which have been affirmed in policy manuals and company guidelines are discoverable, should be chronicled, and potentially will <u>lead</u> to admissible evidence. The Plaintiffs' seek to put names and faces with the agents sent to them by the Defendant who trumpeted Walgreens as a company interested only in advancing their careers based on merit without race factoring into the equation.

### Interrogatory # 8:

Provide a complete list of all black pharmacists employed in the Florida market area by the Defendant including the full names, present addresses, or last known addresses and social security numbers between the time period of January 1, 1995 through January 1, 2000 or in the alternative, provide job title and complete name and address of the custodian of the aforementioned requested information.

### Answer:

Walgreens objects to this interrogatory as outside the scope of the restrictions set forth in S. D. Fla. L. R. 26.1 (g) (2). Walgreens further objects to this interrogatory as over broad,   unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence.

8

Moreover, given the early stage of this case, Walgreens would be prejudice by giving the names and addresses of additional people who could be solicited into joining this law suit. Walgreens objects to the extent that this interrogatory seeks the social security number for current and former employees of Walgreens.

Discussion:

Again, the Defendant inappropriately cites to the Local Rule knowing full well that the Local Rule contemplates full disclosure of the names of witnesses. The Defendant cites to the Local Rule as if it stands for the proposition that witnesses need not by disclosed. The Defendant is more interested in keeping away from the Plaintiffs the names and identities of black pharmacists who are presently or were formerly employed by the Defendant. The Defendant contemplates that disclosing the name of potential fact witnesses would only serve to expose them to the joinder of additional black pharmacists who may have a cause of action equal or greater to the named Plaintiffs'. However, the precarious situation the Defendant believes it is exposed to is not at all the standard by which discovery requests are reviewed. The Defendant believes that discovery requests ought to be limited to the names of witnesses who cannot offer any negative information, facts, or evidence against them. The Defendant would like to hide the names of these other black pharmacists in the Florida market area from the Plaintiffs until well after this law suit has been completed and until perhaps all statute of limitation concerns have run.

9

*Interrogatory #9:*

Identify the precise number of pharmacists employed by the Defendant in the Florida market area, including pharmacy supervisors and pharmacy managers for each respective year:

a).    1995;
b).    1996;
c).    1997;
d).    1998;
e).    1999; and
f).    2000.

*Answer:*

Walgreens objects to this interrogatory as outside the scope of restrictions set forth and S. D. Fla. L. R. 26.1 (g) (2).

Discussion:

To quote the relevant part of the Local Rule that supports the request as phrased by the Plaintiff's is as follows:

> *"And the existence, <u>custodian,</u> location, and general description of relevant documents, including pertinent insurance agreements and other physical evidence or <u>information</u> of a similar nature".*

Instead of taking liberty's with the Local Rule, the Plaintiffs were mindful to seek the full name including job title and address of the person with the knowledge of the requested information in perfect conformity with the Local Rule. The Defendant's objection is without merit. Again, these numbers are needed for a statistical analysis.

*Interrogatory #10:*

Identify and list all documents generated by the Defendant for the Florida market area between 1995 and 2000 that reference and address the objective and subjective criteria the Defendant has sought for candidates being considered for the position if pharmacy manager and/or pharmacy

supervisor, and identify the full name including job title and address of the custodian of the documents listed.

*Answer:*

Walgreens objects to this interrogatory as outside the scope of the restrictions set forth in S. D. Fla. L. R. 26.1 (g) (2).

Discussion:

Again, 26.1 (g) (2) makes it possible and contemplates the disclosure and the general description of relevant documents. Additionally, the Local Rule previously cited contemplates the listing and full disclosure of the custodians or witnesses in possession of the documents or the information being sought.

### Interrogatory #11:

Identify all documents in the custody, possession, of the Defendant, or that have ever been requested by the Defendant between the time period of January 1, 1995 through January 1, 2000 that constitute a market research, and/or demographics research, survey, or study of Florida's customer/consumer base.

*Answer:*

Walgreens objects to this interrogatory as outside the scope of the restrictions set forth in S. D. L. R. 26.1 (g) (2). Walgreens objects to this interrogatory as over broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Walgreens objects on the grounds on the attorney/client privilege and work product doctrine.

As a beginning, the Defendant knows full well that if there are documents which it claims to be attorney/client privilege or work product privileged, a privileged log must be attached. The Defendant has not attached any privileged log. Secondly, in conformity and unison with the Local Rule, the name and address of the custodian of these relevant documents were requested. Also in

conformity with the Local Rule, the general description and identity of these documents should have been provided by the Defendant. Finally, it is a fundamental hallmark of employment discrimination law that systematic discrimination and illegal motivation can be proved through statistics. International Brotherhood of Teamsters v. The United States, 431 U.S. 324, 97 S. Ct. 1843, 52 L. Ed. 2d 369 (1977). If the Defendant has information that goes towards the statistical evidence that has ever been performed or requested which it knows to be in existence, then this information should be disclosed pursuant to the Local Rule.

### Interrogatory #12:

Identify all documents in the custody, possession of the Defendant, or that ever been requested by the Defendant between the time period of January 1, 1995 through January 1, 2000 that constitutes a market research, and/or demographic research survey or study of the Defendant's Florida pharmacy workforce.

### Answer:

Walgreens objects to this interrogatory as outside the scope of the restrictions set forth in S. D. L. R. 26.1 (g) (2). Walgreens objects to this interrogatory as over broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Walgreens objects on the grounds of the attorneys/client privilege and work product doctrine.

Discussion:

Again, this answer is not in conformity with the Local Rule nor is it in conformity with the Supreme Court's decision regarding use of statistical evidence.

*Interrogatory #13:*

After having identified all of the documents from the two (2) above previous interrogatories (number 11 & 12), identify the full names and addresses of the persons, entities, and/or custodians in possession of those documents identified.

*Answer:*

Walgreens refers Plaintiffs' to its answers to interrogatories numbers 11 & 12.

Discussion:

See Plaintiffs' analysis for interrogatory responses 11 & 12.

*Interrogatory #14:*

Has the Defendant ever requested a demographics research or study pertaining to its Florida workforce; or its Florida Consumer base between the time period of January 1, 1993 and January 1, 2000, and if so when, by whom, or what entity, including full names and last known addresses, and identify the names of those studies, survey's, and/or reports.

*Answer:*

Walgreens refers Plaintiffs' to its answers to interrogatories number 11-13.

Discussion:

As this Honorable Court can see, the Plaintiffs' interrogatory asks for those relevant documents to be described, it asks for the name, title, and location of the custodian of the information, and/or the entity that created or prepared these reports or surveys or studies.

13

Finally, the Defendant has failed to produce any privilege log notwithstanding that said information is discoverable as indicated by the United States Supreme Court.

### Request for Production

#### Request for Production #1:

For each year the below listed persons have held the position of pharmacy supervisor, provide their W2 forms showing their salaries earned:

a. Nabil Elkareh;
b. Chris Elliot;
c. Sanjay Bhana;
d. George Acosta;
e. Mike Parker;
f. Georgia Lentzos;
g. Erica Schroder;
h. Tony Gurreri;
i. Martin Northrop;
j. Albert Garcia;
k. Michael Agostino;
l. Gary Vanderbuilt;
m. Hugh Morrow;
n. Ed Destefano;
o. Rob Kipp;
p. Rick T. Miller;
q. Vivian Ceballos;
r. Mary Schwartz;
s. Phil Chen.

#### Response:

Subject to the Confidentiality Agreement and Order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request. Because it would impose an unduly burden on Walgreens to locate the actual W2 forms, Walgreens will produce earning summary's for each of the above-named individuals for the time period during which they held the position of pharmacy supervisor.

Discussion:

The Defendant has failed to produce the requested W2 forms, nor has the Defendant produced earning summary's for each of the above-named individuals. Times convenient for inspection and copying of this information have been requested from the Defendant's attorneys, but neither times nor the requested information have been provided.

### Request for Production #2 :

Provide all recruitment and hiring documents, bulletins, and all other such written data the Defendant has furnished, provided, or given to the Pharmacy School at Florida A & M University between the time period of 1991 through 2000.

### Response:

Walgreens objects to this request as irrelevant and not likely to lead to the discovery of admissible evidence. Plaintiffs' allege that Walgreens failed to promote them to specific management positions based on their race, not that Walgreens failed to hire them. Accordingly, Walgreens recruiting efforts at Florida A & M University are completely irrelevant to the instant action and would not possibly lead to the admissible evidence.

Discussion:

Again, as discussed in the Plaintiffs' analysis of the interrogatory intended to flush out this information, the Plaintiffs' detrimentally relied upon the representations and affirmations made to them by the Defendant's agents who recruited them from pharmacy school. If the Defendant had not sent agents to Florida A & M University some of the named Plaintiff's would not have taken jobs with the Defendant. Moreover, the Plaintiffs believe that their careers could be advanced and that positions of management could be obtained based on hard

work and merit without race being a motivating factor in the promotion and

advancement analysis. This discovery material is also relevant as the contractual

promises made by the Defendant and its agents to the Plaintiffs' were

breached/broken.

### Request for Production #3:

Provide all recruitment and hiring documents, bulletins, and all other
such written data the Defendant has furnished, provided, or given to any
and all other pharmacy schools in the State of Florida in the time period of
1991 through 2000.

### Response:

Walgreens objects to this request as irrelevant and not likely to lead to the
discovery of admissible and is over broad and unduly burdensome.
Plaintiffs' allege that Walgreens failed to promote them to specific
management positions based on their race, not that Walgreens failed to
hire them. Accordingly, Walgreens recruiting efforts at any and all
pharmacy schools in Florida are completely irrelevant to the instant action
and could not possibly lead to the discovery of admissible.

Discussion:

Not only did Walgreens make a concerted effort to recruit at Florida

A & M University between the time period of 1991 through 2000, but the

Defendant made an concerted effort to recruit black pharmacy students from

Florida pharmacy schools. These recruitment efforts will be shown to have been

a pretext and inconsistent with the actual employment and practices engaged in

by the Defendant.

### Request for Production #4:

Provide the complete personnel and disciplinary files of all the named
Plaintiffs'.

*Response:*

Subject to the Confidentiality Agreement and Order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

Discussion:

A Confidentiality Agreement and Order has been entered into by the parties to this action, yet the Defendant has not produced these documents for inspection and copying. The Plaintiffs ask that this Court Order that this information be forwarded to the Plaintiffs' attorneys, as the time for waiting and anticipating the Defendant's response has gone on far too long.

*Request for Production #6:*

Produce any and all letters from January 1, 1995 through January 1, 2000 wherein a black pharmacists employed by the Defendant in the State of Florida was offered the opportunity to interview for the position of pharmacy supervisor in the Florida market area.

*Response:*

At least since April 1, 1997, Walgreens has not sent letters to any pharmacist in Florida offering the opportunity to interview for a pharmacy supervisor position in Florida. Therefore, Walgreens does not have any documents responsive to this request.

Discussion:

In part, this response is evasive. The Plaintiffs' request plainly seeks letters directed to black pharmacists between January 1, 1995 through January 1, 2000 in Florida. The Defendant narrows the response to a time period beginning April 1, 1997 through January 1, 2000, which is a narrowing that was not approved of by the Plaintiffs. Moreover, the Defendant needs a response as specific and simple

as, "the Defendant has no letters to black pharmacists in the Florida market area between January 1, 1995 through January 1, 2000", or, "attached are the letters to black pharmacists in the Florida market area that were offered the opportunity to interview for Florida pharmacy supervisor positions between the time period as outlined". Presently, as the Defendant's response is phrased, it does not separate the black pharmacists from the non-black pharmacists. This matter as instigated by the Plaintiffs' obviously seeks to draw distinction between the treatment they received versus the treatment of their non-black peers. In fact, this response seems to indicate that prior to April 1, 1997 there were letters sent out to non-black candidates to interview for the position of pharmacy supervisor in the Florida market area. However, the Plaintiffs' request does not seek to address this possibility nor is it intended to flush out this fact. The Plaintiffs' are not seeking to enlarge their discovery request nor are they seeking to have the Defendant unilaterally narrow it with an evasive, non-responsive answers.

### Request for Production #9:

Provide a complete list of all black pharmacists employed in the Florida market area by the Defendant between the time period of January 1, 1995 through January 1, 2000.

### Response:

Walgreens objects to this request as over broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Moreover, Walgreens would be prejudice by giving the names and addresses of additional people who could be solicited into joining this law suit.

Discussion:

As addressed earlier in this motion, the Plaintiffs' requested the names of all black pharmacists as specified in the request and through their interrogatories. When the Defendant responded to the interrogatory, it indicated it would supply the names of the black pharmacists on a list as that would be an easier method of disclosure. In other words, these two (2) responses by the Defendant are tantamount to "double talk". For it is not that black pharmacists who were employed or who are presently employed cannot offer facts consistent with the allegations as claimed by the named Plaintiffs, but that the Defendant fears that the discovery of these facts by these witnesses will lead to additional Plaintiffs. The Defendant cares not that other employees and/or former employees have also been discriminated against, rather the Defendant is only concerned with getting away with what it has done. Fortunately, the Defendant's apprehensions are not the standard by which discovery is measured.

### Request for Production #10:

Provide a complete list of all pharmacists including black pharmacists employed by Defendant in the Florida market area between the time period of January 1, 1995 through January 1, 2000.

*Response:*

Walgreens objects to this request as over broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence.

Discussion:

The previous request (#9) and the instant request are needed for statistical purposes. It is inconceivable that statistical, demographics, and numerical analysis could be performed without knowing the actual names and number of black pharmacists employed by the Defendant in comparison to the entire number of pharmacists employed by the Defendant in the Florida market area. To deprive the Plaintiffs of this information is to prevent them from engaging in a systemic, disportionate, and disparate analysis using statistics to show illegal motivating factors.

The following requests: 11, 13, 14, 15, 16, 17, 18, 19, 20, and 21 were all met with the same response by the Defendant which is as follows:

*Response:*

Subject to the Confidentiality Agreement and Order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

The Defendant acknowledges that said documents as identified in said paragraphs are discoverable, yet the response and subsequent dealings with the Defendant have shown the desire to withhold those documents in order to further thwart the Plaintiffs' discovery efforts. The Plaintiffs have sent the Defendant all of the documents in their possession which the Defendant sought

through its discovery requests. On the other hand, the Defendant through its attorneys indicates a willingness to produce the requested documents as seen in their written responses. However, this willingness is a complete sham and a pretense because none of the documents have ever been produced, no mutually convenient times have ever been offered by the Defendant, and no date for ever complying with either of these two (2) options appears forthcoming.

### Request for Production #22:

The complete personnel files, including all performance evaluations, customer complaints, and disciplinary statements/letters of all non-black pharmacists in the Florida market area that have been promoted to the position of pharmacy manager, assuming said position at any time between the period of January 1, 1998 through January 1, 2000.

### Response:

Walgreens objects to this request as over broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Subject to, but without waiving these objections, Walgreens refers Plaintiff's to its response to interrogatory number 4. Furthermore, Walgreens request that Plaintiffs' narrow this request to include only those non-black pharmacists in Florida promoted to pharmacy manager position between January 1, 1998 and January 1, 2000 who the Plaintiff's believe to be proper comparators for the purpose of this litigation.

Discussion:

The Defendant cannot dispute that the time frame for the request as stated is relatively narrow enough to make this discovery practical and fair. Secondly, the Defendant well knows that it will highlight and underscore every possible negative or disciplinary mark, smear, or reprimand in each one of the named Plaintiffs' personnel files. In the interest of fairness and with the purpose of

21

discovering all evidence that may reasonably lead to admissible evidence, the Plaintiffs ought to know the track records of these many various non-black peers that have been promoted over them. The Defendant certainly draw these distinctions out at trial. If work record, performance, and discipline will play any part in this litigation, there can be no question these factors must be made available equally to both sides. If the Defendant would like to know the specific lesser qualified non-black peers the Plaintiffs claim to be better qualified than, the Defendant needs to only read the respective Plaintiffs' interrogatory answers, and depose them for further information. The Defendant would like to both limit the Plaintiffs' discovery rights to matters it would like to confine the litigation to, as well as ascertain which of the managers have been selected to be targets. If all of the Defendant's promotions in this time frame have been just and well merited, then there should be no targets with disciplinary records that would pose as a concern. After all, these matters have been orders to be confidential, so there are no concerns about private disciplinary matters being made public news.

For the foregoing reasons, the Plaintiffs' respectfully request that this Honorable Court order better, complete, and full answers to all of the Plaintiffs' interrogatories as discussed *supra*, and to forward documents responsive to the Plaintiffs' production request as also discussed *supra*.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 25th day of August, 2000, to: Brian Lerner, Esq., Attorneys for Defendant, Steel Hector & Davis LLP, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:    305-445-5475
Fax:    305-445-5479

KELSAY D. PATTERSON
Fla. Bar No. 119784

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT WALGREEN COMPANY

Plaintiffs, by and through undersigned counsel, hereby gives Notice of Service of Interrogatories to Defendants, to be answered in writing, under oath, in accordance with the Federal Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 9th day of June, 2000, to: Mark R. Cheskin, Esq., Steel Hector &

**EXHIBIT 1**

1

Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami,

Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:   305-445-5475
Fax:  305-445-5479

BY: _Kelsay D. Patterson_
      Kelsay D. Patterson
      Fla. Bar No. 119784

2

## INTERROGATORIES TO DEFENDANT

1.  Provide the complete names, job titles, present and/or last known addresses

of all the persons who assisted in answering interrogatories.

ANSWER:

2. Provide the complete full names and last known addresses including social security numbers (with the purpose of locating the person if no longer employed by the Defendant) of all black pharmacists employed by the Defendant that have held the position of pharmacy supervisor between the time period of January 1, 1995 through January 1, 2000.

ANSWER:

4

3. Provide the complete names including last known addresses and social security numbers of all non-black pharmacists employed by the Defendant in the Florida market area promoted to the position of pharmacy supervisor between the time period of January 1, 1998 through January 1, 2000.

ANSWER:

4. Provide the complete names including last known and present addresses, and social security numbers of all pharmacists employed by the Defendant in the Florida market area promoted to the position of pharmacy manager between the time period of January 1, 1998 through January 1, 2000.

ANSWER:

5. Provide the exact number of pharmacy supervisor positions in existence in the Florida market area at the time of January 1, 2000.

ANSWER:

6. Provide the exact number of pharmacy manager positions in existence in the

Florida market area as of January 1, 2000.

ANSWER:

7. Provide the full names, present and/or last known addresses, and social security numbers of all persons employed by the Defendant between January 1, 1990 through January 1, 2000 who personally visited, recruited, and interviewed students from Florida A & M University's School of Pharmacy.

ANSWER:

8. Provide a complete list of all black pharmacists employed in the Florida market area by the Defendant including the full names, present addresses, or last known addresses and social security numbers between the time period of January 1, 1995 through January 1, 2000, or in the alternative, provide job title and complete name and address of the custodian of the aforementioned requested information.

ANSWER:

10

9.  Identify the precise number of pharmacists employed by the Defendant in the

Florida market area, including pharmacy supervisors, and pharmacy managers

for each respective year:

    a.  1995;
    b.  1996;
    c.  1997;
    d.  1998;
    e.  1999; and
    f.  2000.

Or in the alternative provide the full name including job title and address

of the person with knowledge of the aforementioned request.

ANSWER:

11

10. Identify and list all documents generated by the Defendant for the Florida Market area between 1995 and 2000 that reference and address the objective and subjective criteria the Defendant has sought for candidates being considered for the position of pharmacy manager and/or pharmacy supervisor, and identify the full name including job title and address of the custodian of the documents listed.

ANSWER:

11. Identify all documents in the custody, possession, of the Defendant, or that have ever been requested by the Defendant between the time period of January 1, 1995 through January 1, 2000 that constitute a market research, and/or demographics research, survey, or study of Florida's customer/consumer base.

    ANSWER:

12. Identify all documents in the custody, possession, of the Defendant, or that have ever been requested by the Defendant between the time period of January 1, 1995 through January 1, 2000 that constitute a market research, and/or demographics research, survey, or study of the Defendant's Florida pharmacy work force.

ANSWER:

13. After having identified all the documents from the two (1) above pervious interrogatories (#11 & 12), identify the full names and addresses of the persons, entities, and/or custodians in possession of those documents identified.

ANSWER:

14. Has the Defendant ever requested a demographics research or study pertaining to its Florida work force; or its Florida consumer base between the time period of January 1, 1993 and January 1, 2000, and if so when, by whom or what entity, including full names and last known addresses, and identify the names of those studies, surveys, and/or reports.

ANSWER:

By: _____

Title:_____

      STATE OF
      COUNTRY OF

      BEFORE ME, the undersigned authority, personally appeared

_____ who swears and deposes that he/she has read the

answers to interrogatories and that same are true and correct to the best of

his/her knowledge and belief and who produced

_____ as identification/is known to me personally.

      SWORN TO and subscribed before me this _____ day of

_____, 2000.

_____ Seal:
NOTARY PUBLIC, State of

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

            Plaintiffs,

v.

WALGREEN COMPANY,

            Defendant.

_____/



## PLAINTIFF'S REQUEST FOR PRODUCTION

Plaintiffs, by and through undersigned counsel, pursuant to the Federal

Rules of Civil Procedure, hereby files this First Request for Production to all

named Defendants as follows:

## DEFINITIONS AND INSTRUCTIONS

1. "Document(s)" means any tangible thing, recording or reproduction in any

manner, any visual or auditory data in your possession control or custody,

including without limiting the generality of its meaning, correspondence,

memoranda, transcripts, stenographic or handwritten notes, telegrams or telexes,

1

**EXHIBIT 2**

letters, reports, articles appearing in publications, press releases, video or audio tapes, computer data bases (including hard drives), computer diskettes, and any papers on which words have been written, printed, typed or otherwise affixed, and shall mean a copy where the original is not in the possession, control or custody of Defendant and shall mean every copy of every document where such copy is to an identical copy of an original.

2. In producing these documents, Defendant is requested to furnish all documents in its possession, custody or control, that is, documents known or available to Defendant regardless of whether these documents are possessed directly by Defendant or by its agents, employees, representatives or investigators, or by its attorneys or their agents, employees, representatives or investigators.

3. If any of these documents cannot be produced in full, produce them to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

4. For each document responsive to these requests which is withheld under any claim of attorney/client privilege or work product privilege, provide a statement under oath by a person having knowledge setting forth as to each document:

    a. Name and title of the author(s);

    b. The name and title of each person to whom the document was addressed;

2

c. The name and title of each person to whom a copy of the document was sent;

d. The date of the document;

e. The number of pages;

f. A brief description of the nature and subject matter of the document;

g. The nature of the claimed privilege;

h. The category or categories of this request to which the document is responsive; and

i. The exact location of the original and each copy as of the date of the receipt of the Request.

### *ITEMS REQUESTED*

1. For each year the below listed persons have held the position of pharmacy supervisor, provide their W-2 forms showing their salaries earned:

a. Nabil Elkareh;
b. Chris Elliot;
c. Sanjay Bhana;
d. George Acosta;
e. Mike Parker;
f. Georgia Lentzos;
g. Erica Schroder;
h. Tony Gurreri;
i. Martin Northrop;
j. Albert Garcia;
k. Michael Agostino;
l. Gary Vanderbuilt;
m. Hugh Morrow;
n. Ed Destefano;
o. Rob Kipp;
p. Rick T. Miller;

3

q.  Vivian Ceballos;

r.  Mary Schwartz;

s.  Phil Chen.

2.  Provide all recruitment and hiring documents, bulletins, and all other such written data the Defendant has furnished, provided, or given to the pharmacy school at Florida A & M University between the time period of 1991 through 2000.

3.  Provide all recruitment and hiring documents, bulletins, and all other such written data the Defendant has furnished, provided, or given to any and all other pharmacy schools in the State of Florida between the time period of 1991 through 2000.

4.  Provide the complete personnel and disciplinary files of all the named Plaintiffs.

5.  Provide all of the W-2 forms for each of the respective named Plaintiffs for each year from 1993 through 1999.

6.  Produce any and all letters from January 1, 1995 through January 1, 2000 wherein a black pharmacist employed by the Defendant in the State of Florida was offered the opportunity to interview for the position of pharmacy supervisor in the Florida market area.

7.  Produce any and all letters directed to black pharmacist employed by the Defendant between January 1, 1995 through January 1, 2000 wherein the pharmacist was offered the opportunity to interview for a district manager position in the Florida market area.

4

8.  Produce all letters from black pharmacist employed by the Defendant between January 1, 1995 through January 1, 2000 in the Florida market area wherein the opportunity to interview for a pharmacy supervisor and/or district manager position was declined or rejected.

9.  Provide a complete list of all black pharmacists employed in the Florida market area by the Defendant between the time period of January 1, 1995 through January 1, 2000.

10. Provide a complete list of all pharmacists including black pharmacists employed by the Defendant in the Florida market area between the time period of January 1, 1995 through January 1, 2000.

11. Provide any and all handbooks, employee manuals, corporate policies, and/or guidelines in effect and applicable to pharmacists in the Florida market area between the time period of January 1, 1995 through January 1, 2000.

12. Provide any and all bulletins, manuals, company guidelines, e-mails, and policies with respect to the criteria and assessment of pharmacy candidates seeking the positions of pharmacy district manager and pharmacy supervisor in the Florida market area between the time period of January 1, 1995 through January 1, 2000.

13. Provide the employment applications of all the pharmacy supervisors listed in Request for production paragraph number 1.

14. Job description for a Walgreens pharmacist.

15. Job description for a Walgreens pharmacy manager.

16. Job description for a Walgreens drug store manager.

17. Job description for a Walgreens district supervisor.

18. The complete personnel and disciplinary files including customer complaints of all pharmacy supervisors listed in Plaintiffs Request for Production paragraph number 1.

19. All correspondence from the Defendant directed to the EEOC pertaining or relating to any of the named Plaintiffs.

20. Each performance evaluation of all pharmacy supervisors listed in Plaintiffs Request for Production paragraph number 1.

21. Each performance evaluation of all named Plaintiffs.

22. The complete personnel files, including all performance evaluations, customer complaints, and disciplinary statements/letters of all non-black pharmacists in the Florida market area that have been promoted to the position of pharmacy manager, assuming said position at any time between the period of January 1, 1998 through January 1, 2000.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 9th day of June, 2000, to: MARK R. CHESKIN, ESQ., Steel Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:    305-445-5475
Fax:    305-445-5479

Kelsay D. Patterson
Fla. Bar No. 119784

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Ungaro-Benages/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

       Plaintiffs,

vs.

WALGREEN COMPANY,

       Defendant.

_____/

## WALGREEN COMPANY'S RESPONSE TO
## INTERROGATORIES TO DEFENDANT

Defendant Walgreen Co. ("Walgreens") hereby responds to plaintiffs' Interrogatories to

Defendant.

### General Objections to All Interrogatories

1.      Walgreens objects to the extent that these interrogatories are premature and do not

comply with the restrictions set forth in S.D. Fla. L.R. 26.1(G)(2).

2.      Walgreens objects to the extent that these interrogatories seek information not in the

custody or control of Walgreens; information that have been gathered or prepared in the course of

litigation or that are subject to the attorney-client privilege; information subject to the attorney work-

**EXHIBIT 3**

STEEL HECTOR & DAVIS LLP

product doctrine, rules protecting materials prepared in anticipation of or in connection with litigation or any other applicable privilege or right under governing law.

3.    Walgreens objects to the extent that these interrogatories seek information regarding Walgreens' present and former employee's personal and personnel data; this information is private and confidential and will be produced only to the extent limited as to be likely to lead to admissible evidence and only subject to the confidentiality agreement and order, which was designed to protect the privacy rights of Walgreens' past and present employees. Walgreens will not produce social security numbers for current and former employees.

These objections are incorporated by reference in each of the responses below. Any information produced in response to an otherwise objectionable interrogatory will be produced subject to and without waiving any of Walgreens' objections.

These answers are based on the information that is presently and reasonably available to Walgreens and documents in Walgreens' custody, possession or control. Walgreens may, without imposing on it any duty not required by the Federal Rules of Civil Procedure or waiving any applicable privilege or objection, supplement these responses when and if additional information or documentation comes to its attention.

## Responses to Interrogatories

1.    Provide the complete names, job titles, present and/or last known addresses of all the persons who assisted in answering interrogatories.

**ANSWER:** Walgreens' in-house and outside counsel gathered the information necessary to prepare the answers to these interrogatories.

2

2.    Provide the complete full names and last known addresses including social security numbers (with the purpose of locating the person if no longer employed by the Defendant) of all black pharmacists employed by the Defendant that have held the position of pharmacy supervisor between the time period of January 1, 1995 through January 1, 2000.

**ANSWER:**

Roy Armstrong
8110 Kempwood
Houston, TX 77055

Frances Burton
8110 Kempwood
Houston, TX 77055

Venetia Clark
730 W. U.S. Highway 30
Valparaiso, IN 46385

Ed Davis
940 Frontage Rd., Ste. 1900
Woodridge, IL 60517

Connie Fogg-Jenkins
730 W. U.S. Highway 30
Valparaiso, IN 46385

Pauline Lawrence
4100 Montgomery Dr.
Santa Rosa, CA 95405

Jude Pierre-Louis
200 Wilmot Rd.
Deerfield, IL 60015

Audrey Neely
200 Wilmot Road
Deerfield, IL 60015

Beverly Robottom
7401 Read Rd.
New Orleans, LA 70127

Gale Spears
3835 Northbrook Dr.
Jackson, MS 39206

Beyond this answer, which provides the name and address of the black pharmacists who have held the position of Pharmacy Supervisor between the time period of January 1, 1995, through January 1, 2000, Walgreens objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Walgreens objects to the extent that this interrogatory seeks the Social Security number for current and former employees of Walgreens. Walgreens has produced this information subject to the confidentiality agreement and order entered into by the parties.

3

3.    Provide the complete names including last known addresses and social security numbers of all non-black pharmacists employed by the Defendant in the Florida market area promoted to the position of pharmacy supervisor between the time period of January 1, 1998 through January 1, 2000.

**ANSWER:**

Sanjay Bhana
3910 U.S. Highway 301 N. #255
Tampa, FL  33619

Nabil Elkareh
5114 W. Colonial Dr.
Orlando, FL  32808

Michael Calnan
6848 Albemarle Rd.
Charlotte, NC 28212

Christopher Elliott
5114 W. Colonial Dr.
Orlando, FL  32808

Vivian Ceballos
8250 N.W. 27th St., Suite 311
Miami, FL 33122

Georgia Lentzos
5101 NW 21 Ave # 530
Ft. Lauderdale, FL  33309

Phil Chen
5101 NW 21 Ave # 530
Ft. Lauderdale, FL  33309

Pamela Marth
3910 U.S. Highway 301 N. # 255
Tampa, FL  33619

Richard Todd Miller
3910 U.S. Highway 301 N. # 255
Tampa, FL  33619

Beyond this answer, which provides the name and address of the former Pharmacy Managers were promoted to a Pharmacy Supervisor position during the requested time period in the geographic regions in Florida in which the plaintiffs are/were employed, Walgreens objects to the extent that this interrogatory seeks the Social Security number for current and former employees of Walgreens. Walgreens has produced this information subject to the confidentiality agreement and order entered into by the parties.

4

4.      Provide the complete names including last known and present addresses, and social security numbers of all pharmacists employed by the Defendant in the Florida market area promoted to the position of pharmacy manager between the time period of January 1, 1998 through January 1, 2000.

**ANSWER:** Walgreens will produce for inspection and copying a list of all those employees that were promoted to the Pharmacy Manager position between the time period of January 1, 1998, through January 1, 2000. Walgreens objects to the extent that this interrogatory seeks the Social Security number for current and former employees of Walgreens. Walgreens has produced this information subject to the confidentiality agreement and order entered into by the parties.

5.      Provide the exact number of pharmacy supervisor positions in existence in the Florida market area at the time of January 1, 2000.

**ANSWER:** As of January 1, 2000, there were and continue to be, only twenty District Pharmacy Supervisor positions in the state of Florida.

6.      Provide the exact number of pharmacy manager positions in existence in the Florida market area as of January 1, 2000.

**ANSWER:** As of January 1, 2000, there were 438 Pharmacy Managers in Florida.

7.      Provide the full names, present and/or last known addresses, and social security numbers of all persons employed by the Defendant between January 1, 1990 through January 1, 2000 who personally visited, recruited, and interviewed students from Florida A & M University's School of Pharmacy.

**ANSWER:** Walgreens objects to this interrogatory as outside the scope of the restrictions set forth in S.D. Fla. L.R. 26.1(G)(2). Walgreens objects to this interrogatory as irrelevant and not

5

likely to lead to the discovery of admissible evidence. Plaintiffs allege that Walgreens failed to promote them to specific management positions based on their race, not that Walgreens failed to hire them. Accordingly, Walgreens' recruiting efforts at Florida A&M University are completely irrelevant to the instant action and could not possibly lead to the discovery of admissible evidence. Walgreens objects to the extent that this interrogatory seeks the Social Security number for current and former employees of Walgreens.

8.    Provide a complete list of all black pharmacists employed in the Florida market area by the Defendant including the full names, present addresses, or last known addresses and social security numbers between the time period of January 1, 1995 through January 1, 2000, or in the alternative, provide job title and complete name and address of the custodian of the aforementioned requested information.

**ANSWER:** Walgreens objects to this interrogatory as outside the scope of the restrictions set forth in S.D. Fla. L.R. 26.1(G)(2). Walgreens further objects to this Interrogatory as overbroad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Moreover, given the early stage of this case, Walgreens would be prejudiced by giving the names and addresses of additional people who could be solicited into joining this lawsuit. Walgreens objects to the extent that this interrogatory seeks the Social Security number for current and former employees of Walgreens.

6

9.     Identify the precise number of pharmacists employed by the Defendant in the Florida market area, including pharmacy supervisors, and pharmacy managers for each respective year:

   a. 1995;
   b. 1996;
   c. 1997;
   d. 1998;
   e. 1999; and
   f. 2000.

Or in the alternative provide the full name including job title and address of the person with knowledge of the aforementioned request.

**ANSWER:** Walgreens objects to this interrogatory as outside the scope of the restrictions set forth in S.D. Fla. L.R. 26.1(G)(2).

10.    Identify and list all documents generated by the Defendant for the Florida Market area between 1995 and 2000 that reference and address the objective and subjective criteria the Defendant has sought for candidates being considered for the position of pharmacy manager and/or pharmacy supervisor, and identify the full name including job title and address of the custodian of the documents listed.

**ANSWER:** Walgreens objects to this interrogatory as outside the scope of the restrictions set forth in S.D. Fla. L.R. 26.1(G)(2).

7

11.    Identify all documents in the custody, possession, of the Defendant, or that have ever been requested by the Defendant between the time period of January 1, 1995 through January 1, 2000 that constitute a market research, and/or demographics research, survey, or study of Florida's customer/consumer base.

**ANSWER:** Walgreens objects to this interrogatory as outside the scope of the restrictions set forth in S.D. Fla. L.R. 26.1(G)(2). Walgreens objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Walgreens objects on the grounds of the attorney-client privilege and work product doctrine.

12.    Identify all documents in the custody, possession, of the Defendant, or that have ever been requested by the Defendant between the time period of January 1, 1995 through January 1, 2000 that constitute a market research, and/or demographics research, survey, or study of the Defendant's Florida pharmacy work force.

**ANSWER:** Walgreens objects to this interrogatory as outside the scope of the restrictions set forth in S.D. Fla. L.R. 26.1(G)(2). Walgreens objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Walgreens objects on the grounds of the attorney-client privilege and work product doctrine.

13.    After having identified all the documents from the two (1) above pervious interrogatories (#11 & 12), identify the full names and addresses of the persons, entities, and/or custodians in possession of those documents identified.

**ANSWER:** Walgreens refers plaintiffs to its answers to interrogatory Nos. 11-12.

14.    Has the Defendant ever requested a demographics research or study pertaining to its Florida work force; or its Florida consumer base between the time period of January 1, 1993 and

8

January 1, 2000, and if so when, by whom or what entity, including full names and last known addresses, and identify the names of those studies, surveys, and/or reports.

ANSWER: Walgreens refers plaintiffs to its answers to interrogatory Nos. 11-13.

_____
Deidra Byrd

STATE OF ILLINOIS     )
                                        ) SS:
COUNTY OF LAKE     )

The foregoing instrument was acknowledged before me this 21 day of July, 2000 by Deidra

Byrd who is an authorized representative for Walgreen Company.

"OFFICIAL SEAL"
JOHN W KENESEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4/4/2001

_____
Notary Public – State of Illinois

Personally Known ✓ OR Produced Identification ___
Type of Identification Produced _____

As to objections:

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile: (305) 577-7001

By: _____
Mark R. Cheskin, P.A.
Florida Bar No. 708402
Brian L. Lerner
Florida Bar No. 0177202

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail

upon Kelsay D. Patterson, Esq., Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Blvd.,

Coral Gables, Florida 33134-3319, this 24th day of July, 2000.

By: _____

Brian L. Lerner

MIA_1998/597726-1

10

STEEL HECTOR & DAVIS LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6151-Civ-Ungaro-Benages/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

       Plaintiffs,

vs.

WALGREEN COMPANY,

       Defendant.

_____/

## WALGREEN COMPANY'S RESPONSE TO
## PLAINTIFFS' REQUEST FOR PRODUCTION

Defendant Walgreen Co. ("Walgreens") hereby responds to plaintiffs' Request for Production.

### General Objections

1.    Walgreens objects to the extent that these requests seek: documents not in the custody or control of Walgreens; information or materials that have been gathered or prepared in the course of litigation; documents that are subject to the attorney-client privilege, attorney work-product doctrine, rules protecting materials prepared in anticipation of or in connection with litigation, or any other applicable privilege or right under governing law.

**EXHIBIT 4**

2.    Walgreens objects to the extent that these requests seek information regarding Walgreens' present and former employee's personal and personnel data; this information is private and confidential and will be produced only to the extent limited as to be likely to lead to admissible evidence and only subject to the confidentiality agreement and order, which was designed to protect the privacy rights of Walgreens' past and present employees.

3.    Walgreens objects to plaintiffs' definitions and instructions to the extent they go beyond what is required by the Federal Rules of Civil Procedure.

4.    Walgreens objects to these requests to the extent that plaintiffs seek documents that are not relevant to this case or reasonably calculated to lead to the discovery of admissible evidence. Specifically, Walgreens objects to producing documents not relating to the alleged failure to promote black pharmacists in specific geographic regions within the state of Florida.

These objections are incorporated by reference in each of the responses below. Any documents produced in response to an otherwise objectionable request will be produced subject to and without waiving any of Walgreens' objections. The production of any documents, including investigative materials, does not waive any objection or privilege, on any grounds including work-product and attorney-client privilege, and such information is only being produced to the extent it does not constitute privileged legal advice.

The term "non-privileged documents" as used in this response means those documents not protected by the foregoing objections. Further, Walgreens will not be producing duplicate copies of documents if they are responsive to more than one request and no confidential documents will be produced until a specific confidentiality agreement has been executed by all parties. Once a

2

confidentiality agreement is executed, documents will be available for inspection and/or copying at the office of counsel for Walgreens at a mutually convenient time.

## RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION

1.    For each year the below listed persons have held the position of pharmacy supervisor, provide their W-2 forms showing their salaries earned:

        a.    Nabil Elkareh;
        b.    Chris Elliott;
        c.    Sanjay Bhana;
        d.    George Acosta;
        e.    Mike Parker;
        f.    Georgia Lentzos;
        g.    Erica Schroder;
        h.    Tony Gurreri;
        i.    Martin Northrop;
        j.    Albert Garcia;
        k.    Michael Agostino;
        l.    Gary Vanderbuilt;
        m.    Hugh Morrow;
        n.    Ed Destefano;
        o.    Rob Kipp;
        p.    Rick T. Miller;
        q.    Vivian Ceballos;
        r.    Mary Schwartz;
        s.    Phil Chen.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request. Because it would impose an undue burden on Walgreens to locate the actual W-2 forms, Walgreens will produce earning summaries for each of the above-named individuals for the time period during which they held the position of Pharmacy Supervisor.

3

2.    Provide all recruitment and hiring documents, bulletins, and all other such written data the Defendant has furnished, provided, or given to the pharmacy school at Florida A & M University between the time period of 1991 through 2000.

**RESPONSE:** Walgreens objects to this request as irrelevant and not likely to lead to the discovery of admissible evidence. Plaintiffs allege that Walgreens failed to promote them to specific management positions based on their race, not that Walgreens failed to hire them. Accordingly, Walgreens' recruiting efforts at Florida A&M University are completely irrelevant to the instant action and could not possibly lead to the discovery of admissible evidence.

3.    Provide all recruitment and hiring documents, bulletins, and all other such written data the Defendant has furnished, provided, or given to any and all other pharmacy schools in the State of Florida between the time period of 1991 through 2000.

**RESPONSE:** Walgreens objects to this request as irrelevant and not likely to lead to the discovery of admissible evidence and as overbroad and unduly burdensome. Plaintiffs allege that Walgreens failed to promote them to specific management positions based on their race, not that Walgreens failed to hire them. Accordingly, Walgreens' recruiting efforts at any and all pharmacy schools in Florida are completely irrelevant to the instant action and could not possibly lead to the discovery of admissible evidence.

4.    Provide the complete personnel and disciplinary files of all the named Plaintiffs.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

4

5.      Provide all of the W-2 forms for each of the respective named Plaintiffs for each year from 1993 through 1999.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request. Because it would impose an undue burden on Walgreens to locate the actual W-2 forms, Walgreens will produce earning summaries for each of the plaintiffs for each year from 1993 through 1999.

6.      Produce any and all letters from January 1, 1995 through January 1, 2000 wherein a black pharmacist employed by the Defendant in the State of Florida was offered the opportunity to interview for the position of pharmacy supervisor in the Florida market area.

**RESPONSE:** At least since April 1, 1997, Walgreens has not sent letters to any pharmacists in Florida offering them the opportunity to interview for a Pharmacy Supervisor position in Florida. Therefore, Walgreens does not have any documents responsive to this request.

7.      Produce any and all letters directed to black pharmacist employed by the Defendant between January 1, 1995 through January 1, 2000 wherein the pharmacist was offered the opportunity to interview for a district manager position in the Florida market area.

**RESPONSE:** Walgreens does not have any documents responsive to this request. The only individuals considered for District Manager positions were persons with store management experience.

8.      Produce all letters from black pharmacist employed by the Defendant between January 1, 1995 through January 1, 2000 in the Florida market area wherein the opportunity to interview for a pharmacy supervisor and/or district manager position was declined or rejected.

**RESPONSE:** Walgreens does not have any documents responsive to this request.

5

9.    Provide a complete list of all black pharmacists employed in the Florida market area by the Defendant between the time period of January 1, 1995 through January 1, 2000.

**RESPONSE:** Walgreens objects to this request as overbroad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Moreover, Walgreens would be prejudiced by giving the names and addresses of additional people who could be solicited into joining this lawsuit.

10.    Provide a complete list of all pharmacists including black pharmacists employed by the Defendant in the Florida market area between the time period of January 1, 1995 through January 1, 2000.

**RESPONSE:** Walgreens objects to this request as overbroad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence.

11.    Provide any and all handbooks, employee manuals, corporate policies, and/or guidelines in effect and applicable to pharmacists in the Florida market area between the time period of January 1, 1995 through January 1, 2000.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

12.    Provide any and all bulletins, manuals, company guidelines, e-mails, and policies with respect to the criteria and assessment of pharmacy candidates seeking the positions of pharmacy district manager and pharmacy supervisor in the Florida market area between the time period of January 1, 1995 through January 1, 2000.

**RESPONSE:** Walgreens does not have any documents responsive to this request.

6

13.    Provide the employment applications of all the pharmacy supervisors listed in Request for production paragraph number 1.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

14.    Job description for a Walgreens pharmacist.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

15.    Job description for a Walgreens pharmacy manager.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

16.    Job description for a Walgreens drug store manager.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

17.    Job description for a Walgreens district supervisor.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

18.    The complete personnel and disciplinary files including customer complaints of all pharmacy supervisors listed in Plaintiffs Request for Production paragraph number 1.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

7

19.    All correspondence from the Defendant directed to the EEOC pertaining or relating to any of the named Plaintiffs.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

20.    Each performance evaluation of all pharmacy supervisors listed in Plaintiffs Request for Production paragraph number 1.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

21.    Each performance evaluation of all named Plaintiffs.

**RESPONSE:** Subject to the confidentiality agreement and order entered into by the parties, Walgreens will produce for inspection and copying documents responsive to this request.

22.    The complete personnel files, including all performance evaluations, customer complaints, and disciplinary statements/letters of all non-black pharmacists in the Florida market area that have been promoted to the position of pharmacy manager, assuming said position at any time between the period of January 1, 1998 through January 1, 2000.

**RESPONSE:** Walgreens objects to this request as overbroad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Subject to, but without waiving, these objections, Walgreens refers plaintiffs to its response to Interrogatory No. 4. Furthermore, Walgreens requests that plaintiffs narrow this request to include only those non-black pharmacists in Florida promoted to a Pharmacy Manager position between January 1, 1998 and January 1, 2000,

8

who the plaintiffs believe to be proper comparators for purposes of this litigation.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile: (305) 577-7001

By: _____
     Mark R. Cheskin, P.A.
     Florida Bar No. 708402
     Brian L. Lerner
     Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail upon Kelsay D. Patterson, Esq., Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Blvd., Coral Gables, Florida 33134-3319, this 24th day of July, 2000.

By: _____
     Brian L. Lerner

MIA_1998/597755-1

9