UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

    Plaintiffs,

vs.

WALGREEN COMPANY,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT -
## INJUNCTIVE RELIEF SOUGHT AND DEMAND FOR JURY TRIAL

Defendant, Walgreen Co. ("Walgreens"), submits its Answer and Affirmative Defenses to

the First Amended Complaint filed by Plaintiffs Joyce Williams, Michael Ferguson, Joseph Patrick

McMullen, Delores Okonmah, Bernice Shorter-Meares, Constance Echebiri, Mia Dawn Taylor, and

Carmita McMullen ("Plaintiffs").



## JURISDICTION AND VENUE

1.        Walgreens admits that this Court has original jurisdiction over Plaintiffs' Title VII and 42 U.S.C. § 1981 claims.[1] Pursuant to the Court's Order, Plaintiffs' state law claims under the Florida Civil Rights Act ("FCRA") have been dismissed and the allegations are moot and otherwise denied by Walgreens. Walgreens denies the remaining allegations in paragraph 1.

2.        Walgreens denies that this Court has supplemental jurisdiction over Joyce Williams' ("Williams") Age Discrimination in Employment Act ("ADEA") claim but admits that this Court has original jurisdiction pursuant to 29 U.S.C. § 626.

3.        Walgreens admits that venue is appropriate in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Walgreens resides in this judicial district and was subject to personal jurisdiction in this judicial district at the time the action commenced. Walgreens is without knowledge as to Plaintiffs' residency and therefore denies the allegations. Walgreens denies the remaining allegations in paragraph 3.

---

[1] On August 16, 2000, the Court granted in part and denied in part Walgreens' Motion to Dismiss Plaintiffs' First Amended Complaint. See Order, dated Aug. 16, 2000. This Court granted Walgreens' Motion "to the extent it seeks a dismissal of Plaintiffs' claims under the Florida Civil Rights Act." Id. at p. 9. This Court also granted Walgreens' Motion "to the extent Plaintiffs Ferguson, Joseph McMullen, Okonmah, Meares, Echebiri, Taylor and Carmita McMullen[] assert claims under Title VII based on Walgreens' creation of false disciplinary reports, failure to address racial slurs from customers and staff, discriminatory scheduling, termination and denial of coverage for medical expenses and constructive discharge." Id. This Court stated that "Plaintiffs Ferguson, Joseph McMullen, Okonmah, Meares, Echebiri, Taylor and Carmita McMullen may assert their Title VII claims of discrimination with respect to promotion." Id. Based on the Court's Order, Walgreens will assume the above allegations and claims related to these allegations are now deemed moot and are otherwise denied for purposes of answering Plaintiffs' First Amended Complaint.

2

## I. INTRODUCTION

4.      Walgreens admits that this is an action for damages and injunctive relief brought by Plaintiffs who are current and former pharmacists of Walgreens. Walgreens denies, however, the remaining allegations in paragraph 4.

5.      Walgreens denies the allegations in paragraph 5.

6.      Walgreens denies the allegations in paragraph 6.

## II. PARTIES

### A. PLAINTIFFS

7.      Walgreens denies the allegations in paragraph 7 as stated. Walgreens admits that Williams is a black pharmacist, is currently an at-will employee of Walgreens, is sui juris, over the age of forty, and has been employed by Walgreens from 1994 to the present. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 7.

8.      Walgreens denies the allegations in paragraph 8 as stated. Walgreens admits that Michael Ferguson ("Ferguson") is a black pharmacist, is currently an at-will employee of Walgreens, is sui juris, and over the age of eighteen. Walgreens denies that Ferguson has been employed by Walgreens from 1982 to the present. Walgreens admits that Ferguson has been employed as a Pharmacy Intern, Pharmacist, and Pharmacy Manager. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 8.

9.      Walgreens denies the allegations in paragraph 9 as stated. Walgreens admits that Joseph Patrick McMullen ("J. McMullen") is a black pharmacist, is currently an at-will employee of Walgreens, is sui juris, over the age of eighteen, and was employed by Walgreens from 1993

3

through 1998. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 9.

10.    Walgreens denies the allegations in paragraph 10 as stated. Walgreens admits that Delores Okonmah ("Okonmah") is a black pharmacist, is currently an at-will employee of Walgreens, is sui juris, over the age of eighteen, and has been employed by Walgreens from 1996 to the present. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 10.

11.    Walgreens denies the allegations in paragraph 11 as stated. Walgreens admits that Bernice Shorter-Meares ("Shorter-Meares") is a black pharmacist, is currently an at-will employee of Walgreens, is sui juris, over the age of eighteen, and has been employed by Walgreens from 1996 to the present. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 11.

12.    Walgreens denies the allegations in paragraph 12 as stated. Walgreens admits that Constance Echebiri ("Echebiri") is a black pharmacist, is currently an at-will employee of Walgreens, is sui juris, over the age of eighteen, and has been employed by Walgreens from 1994 to the present. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 12.

13.    Walgreens denies the allegations in paragraph 13 as stated. Walgreens admits that Mia Dawn Taylor ("Taylor") is a black pharmacist, is currently an at-will employee of Walgreens, and is sui juris, and over the age of 18. Walgreens admits that Taylor has been employed as a Pharmacy Intern and Pharmacist from 1990 to the present. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 13.

4

14.    Walgreens denies the allegations in paragraph 14 as stated.  Walgreens admits that Carmita McMullen ("C. McMullen") is a black pharmacist, is currently an at-will employee of Walgreens, is sui juris, and over the age of eighteen.  Walgreens admits that C. McMullen was employed by Walgreens as a Pharmacy Cashier, Pharmacy Technician, Pharmacy Intern, Pharmacist, and Pharmacy Manager from 1992 to 1999.  Walgreens also admits that C. McMullen was employed by Walgreens in some capacity prior to 1992.  Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 14.

## B. DEFENDANT

15.    Walgreens denies the allegations in paragraph 15 as stated.  Walgreens admits that it is an Illinois corporation with its principal place of business in Illinois and is licensed to do business in Florida.  Walgreens admits that at the end of 1999, Walgreens had over 107,000 employees and had over 2800 stores in thirty-nine states and Puerto Rico.  Walgreens admits that each store averaged $5.8 million in annual sales in 1998.  Walgreens is without knowledge as to the source for the remaining alleged facts in this paragraph and therefore denies the remaining allegations in paragraph 15.

16.    Walgreens denies the allegations in paragraph 16 as stated.  Walgreens admits that at the end of 1998, net sales exceed $15 billion, which was an increase of over 14% from the previous year, and that pharmacy sales account for nearly half of Walgreens' sales.  Walgreens is without knowledge as to the source for the remaining alleged facts in this paragraph and therefore denies the remaining allegations in paragraph 16.

STEEL HECTOR & DAVIS LLP

17.    Pursuant to the Court's Order, Plaintiffs' state law claims under the FCRA have been dismissed and the allegations are moot and otherwise denied by Walgreens. Walgreens admits the remaining allegations in paragraph 17.

### III. GENERAL PATTERNS OF DISCRIMINATION

18.    Walgreens denies the allegations in paragraph 18.

19.    Walgreens denies the allegations in paragraph 19.

20.    Walgreens denies the allegations in paragraph 20.

### IV. CLAIMS OF PLAINTIFFS

### A. JOYCE WILLIAMS

21.    Walgreens denies the allegations in paragraph 21 as stated. Walgreens admits that Williams is over the age of forty, is an employee as defined by Title VII and the ADEA, has been employed with Walgreens as a Pharmacist from 1994 to the present, has not held the position of Pharmacy Manager, Store Manager, and Pharmacy Supervisor at Walgreens, and is currently working as a floater Pharmacist.

22.    Walgreens denies the allegations in paragraph 22 as stated. Walgreens admits that Williams' initial position with Walgreens in 1994 was as a floater Pharmacist and that, at some point, Williams did express a desire to be assigned to a permanent store location in the Tampa area. Walgreens specifically denies that Williams was forced to work as a floater Pharmacist.

23.    Walgreens denies the allegations in paragraph 23 as stated. Walgreens admits that Williams was transferred to a staff Pharmacist position in the Tampa area working the graveyard shift, and that Kirk Wolfram assisted in this transfer. Walgreens specifically denies that it ignored her requests for a transfer.

6

24.     Walgreens denies the allegations in paragraph 24 as stated.  Walgreens admits that it did investigate the possible theft of Equal tablets by Williams, did investigate Williams for dispensing her own medication,[2] and did discipline her for failing to follow posted and distributed Walgreens' policies.  Walgreens admits that Exhibit A purports to be letters written by Williams. Walgreens admits to having received letters from Williams dated 03/30/96 (corrected as 05/30/96), 08/09/96, 08/24/94 (corrected as 08/24/96), 01/30/97, 08/15/97, 09/16/97, and 01/28/98.  Walgreens specifically denies that it saw the 09/10/94 letter prior to August 1997.  Walgreens denies having received letters from Williams dated 02/02/97 and 10/02/97.

25.     Walgreens denies the allegations in paragraph 25.

26.     Walgreens denies the allegations in paragraph 26.

27.     Walgreens denies the allegations in paragraph 27.

28.     Walgreens denies the allegations in paragraph 28 as stated.  Walgreens admits that an employee by the name of Patrick Hawthorne, not Phillip Howthorne, is a Store Manager. Walgreens admits that Debra Bonanno, Michelle Brantley, Douglas Healy, Donna O'Neal, Kimberly Russell, Holly Provance, and J. Paul Whitt are Pharmacy Managers.

---

[2] Footnote 1 is denied as stated.  Walgreens admits that Williams was suspended for two weeks during the pendency of an investigation that revealed that Williams violated state law and company policy by filling three prescriptions without physician approval, she failed to sign the third party insurance log when dispensing medication, she registered her own purchase of prescription medication, and she entered a new prescription under one doctor's name but told investigators the prescription was authorized by another doctor.  Walgreens also admits that Douglas Healy spoke with Williams' Store Manager and the Nighttime Assistant Manager about the possible danger to patient care and safety that may result from Williams' dispensing of her own medication and performing her work while under the influence of medication.  Walgreens admits that the findings of this investigation resulted in the two week suspension with pay being turned into a two suspension without pay.  Walgreens denies the remaining allegations in footnote 1.

7

29.     Walgreens denies the allegations in paragraph 29.

30.     Walgreens denies the allegations in paragraph 30 as stated.  Walgreens admits that Martin Northrup learned in approximately April 1999 from Douglas Healy that Williams was paying $35 to a Pharmacy Technician to put up warehouse that Williams was supposed to do.  Walgreens checked into this incident and based on this follow up, Walgreens temporally provided Williams with a Pharmacy Technician to assist her in putting up warehouse although Pharmacy Technicians generally are not staffed on Williams' shift.

31.     Walgreens denies the allegations in paragraph 31.

31(a).  Walgreens denies the allegations in paragraph 31(a).

31(b).  Walgreens denies the allegations in paragraph 31(b).

31(c).  Walgreens denies the allegations in paragraph 31(c).

31(d).  Walgreens denies the allegations in paragraph 31(d).

31(e).  Walgreens denies the allegations in paragraph 31(e).

31(f).  Walgreens denies the allegations in paragraph 31(f).  Walgreens admits that Exhibit B purports to be a letter from Williams.

31(g).  Walgreens denies the allegations in paragraph 31(g).

31(h).  Walgreens denies the allegations in paragraph 31(h).

31(i).  Walgreens denies the allegations in paragraph 31(i).

31(j).  Walgreens denies the allegations in paragraph 31(j).

31(k).  Walgreens denies the allegations in paragraph 31(k).

31(l).  Walgreens denies the allegations in paragraph 31(l).

31(m). Walgreens denies the allegations in paragraph 31(m).

31(n).  Walgreens denies the allegations in paragraph 31(n).

32.    Walgreens admits that Williams filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in January of 1997 in the form of Exhibit C to the First Amended Complaint.  Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D.  Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto.  Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E.  Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F.  Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G.  Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs.  Walgreens denies the remaining allegations in paragraph 32.

### 1. TITLE VII - DISPARATE IMPACT

33.    Walgreens incorporates and realleges its responses to the allegations in paragraphs 4-7, 15-32.

34.    Walgreens admits the allegations in paragraph 34.

35.    Walgreens admits the allegations in paragraph 35.

36.    Walgreens admits the allegations in paragraph 36.

37.    Walgreens denies the allegations in paragraph 37.

38.    Walgreens denies the allegations in paragraph 38.

39.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint.  Walgreens further admits

9

that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 39.

## 2. TITLE VII - DISPARATE TREATMENT

40.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-7, 15-32.

41.    Walgreens admits the allegations in paragraph 41.

42.    Walgreens admits the allegations in paragraph 42.

43.    Walgreens admits the allegations in paragraph 43.

44.    Walgreens denies the allegations in paragraph 44.

45.    Walgreens denies the allegations in paragraph 45.

46.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams

STEEL HECTOR & DAVIS LLP

was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 46.

### 3. 42 U.S.C. § 1981 - DISPARATE TREATMENT

47.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-7, 15-32.

48.    Walgreens admits the allegations in paragraph 48.

49.    Walgreens denies the allegations in paragraph 49.

### 4. FLORIDA CIVIL RIGHTS ACT

50.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-7, 15-32.

51.    Pursuant to the Court's Order, Williams' state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

52.    Pursuant to the Court's Order, Williams' state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

53.    Pursuant to the Court's Order, Williams' state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

54.    Pursuant to the Court's Order, Williams' state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

STEEL HECTOR & DAVIS LLP

55.    Pursuant to the Court's Order, Williams' state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

### 5. AGE DISCRIMINATION IN EMPLOYMENT ACT

56.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-7, 15-32.

57.    Walgreens admits the allegations in paragraph 57.

58.    Walgreens admits the allegations in paragraph 58.

59.    Walgreens denies the allegations in paragraph 59.

### B. MICHAEL FERGUSON

60.    Walgreens denies the allegations in paragraph 60 as stated. Walgreens admits that Ferguson was employed as a seasonal employee from 1981 to 1984. Walgreens further admits that Ferguson worked as a floater Pharmacist for the first two months and was a staff Pharmacist from 1984 - 1988 and a Pharmacy Manager from 1988 to the present. Walgreens admits that Ferguson was asked to be a Pharmacy Manager in 1985 and that Ferguson rejected Walgreens' promotion offer at that time, but Walgreens specifically denies that the promotion was to an undesirable store with significant financial problems. Walgreens admits that Ferguson was transferred to the store where the district office is located but is without knowledge and therefore denies the remaining allegations in paragraph 60.

61.    Walgreens denies the allegations in paragraph 61 as stated. Walgreens admits that in the late 1980s, Ferguson was promoted to Pharmacy Manger in a store in the Sunny Isles area.

62.    Walgreens denies the allegations in paragraph 62 as stated. Walgreens admits that Ferguson was asked to transfer to a store in the Northside area as the Pharmacy Manager in the early

12

1990s. Walgreens denies that the store was an undesirable, problem-ridden store in 1990, and Walgreens further denies that Mr. Vanderbilt told Ferguson that in order to gain the position of Pharmacy Supervisor with Walgreens, "You have to be able to smile in someone face to make them think everything is fine, and put an ax in their back when they look away from you." Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 62.

63.    Walgreens denies the allegations in paragraph 63 as stated. Walgreens admits that Ferguson ultimately began working at the Northside store in Miami in 1992. Walgreens denies that Ferguson continually expressed an interest in a Pharmacy Supervisor position to Mr. Vanderbilt. Walgreens denies that on or about 1994, many of the black pharmacists in the district voiced their concerns to higher management that black pharmacists were never considered or interviewed for Pharmacy Supervisor positions. Walgreens denies that Mr. Vanderbilt and Mr. Frizzel swept the black pharmacists' inquiry under the rug and never publicly addressed this issue. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 63.

64.    Walgreens denies the allegations in paragraph 64 as stated. Walgreens denies that Walgreens traditionally placed black pharmacists in high-crime, undesirable areas. Walgreens admits that Ferguson was transferred to a store in north Miami-Dade county in March of 1999 and became Pharmacy Manager at that store. Walgreens denies that Ferguson continually expressed his desire and interest in becoming a Pharmacy Supervisor and that these pleas were ignored. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 64.

65.    Walgreens admits that Albert Garcia (Hispanic male), Jorge Acosta (Hispanic male), Phil Chen (Chinese male), and Vivian Ceballos (Hispanic female) were promoted to the position of Pharmacy Supervisor between March 29, 1996, and the date of the First Amended Complaint.

13

Walgreens admits that Ferguson was not *interviewed* for the most recent open Pharmacy Supervisor position but denies the remaining allegations in paragraph 65.

66.    Walgreens denies the allegations in paragraph 66.

66(a).    Walgreens denies the allegations in paragraph 66(a).

66(b).    Walgreens denies the allegations in paragraph 66(b).

66(c).    Walgreens denies the allegations in paragraph 66(c).

66(d).    Walgreens denies the allegations in paragraph 66(d).

66(e).    Walgreens denies the allegations in paragraph 66(e).

66(f).    Walgreens denies the allegations in paragraph 66(f).

66(g).    Walgreens denies the allegations in paragraph 66(g).

66(h).    Walgreens denies the allegations in paragraph 66(h).

66(i).    Walgreens denies the allegations in paragraph 66(i).

66(j).    Walgreens denies the allegations in paragraph 66(j).

### 1. TITLE VII - DISPARATE IMPACT

67.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 8, 15-20, 60-66.

68.    Walgreens admits the allegations in paragraph 68.

69.    Walgreens admits the allegations in paragraph 69.

70.    Walgreens admits the allegations in paragraph 70.

71.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was

14

forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 71.

72.    Walgreens denies the allegations in paragraph 72.

73.    Walgreens denies the allegations in paragraph 73.

## 2. TITLE VII - DISPARATE TREATMENT

74.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 8, 15-20, 60-66.

75.    Walgreens admits the allegations in paragraph 75.

76.    Walgreens admits the allegations in paragraph 76.

77.    Walgreens admits the allegations in paragraph 77.

78.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits

15

that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 78.

79.    Walgreens denies the allegations in paragraph 79.

80.    Walgreens denies the allegations in paragraph 80.

### 3. 42 U.S.C. § 1981 - DISPARATE TREATMENT

81.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 8, 15-20, 60-66.

82.    Walgreens admits the allegations in paragraph 82.

83.    Walgreens denies the allegations in paragraph 83.

### 4. FLORIDA CIVIL RIGHTS ACT

84.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 8, 15-20, 60-66.

85.    Pursuant to the Court's Order, Ferguson's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

86.    Pursuant to the Court's Order, Ferguson's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

87.    Pursuant to the Court's Order, Ferguson's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

STEEL HECTOR & DAVIS LLP

88.    Pursuant to the Court's Order, Ferguson's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

89.    In light of the Court's Order, Ferguson's state law claim under the FCRA is moot or otherwise dismissed by Walgreens.

## C.  JOSEPH PATRICK MCMULLEN

90.    Walgreens denies the allegations in paragraph 90 as stated.  Walgreens admits that J. McMullen was employed with Walgreens as a Pharmacy Intern and subsequently as a Pharmacist from 1993 to 1998.  Walgreens admits that J. McMullen first worked as a floater Pharmacist for some limited period of time.  Walgreens denies that J. McMullen was assigned to a problem-ridden store in an undesirable area in Miami but admits that J. McMullen worked in the Northside store. Walgreens is without knowledge and therefore denies that J. McMullen expressed his interest in management opportunities to others besides Mr. Ripak.  Walgreens admits that J. McMullen inquired about a Store Manager position to Mr. Ripak immediately upon J. McMullen assuming the Pharmacy Manager position.  Walgreens admits that Mr. Ripak told J. McMullen that he should take a little while and learn the Pharmacy Manager job before they start to talk about the Store Manager position.[3]

91.    Walgreens denies the allegations in paragraph 91 as stated.  Walgreens admits that J. McMullen became the Pharmacy Manager of the Northside Store in 1995.  Walgreens admits that J. McMullen talked to Mr. Ripak about the possibility of a Store Manager position.  Walgreens admits that J. McMullen was on the floor two days a week while he worked at the Northside store and worked as a Pharmacy Manager on the other days.

---

[3] Walgreens denies the allegations contained in footnote 2.

92.      Walgreens denies the allegations in paragraph 92 as stated.  Walgreens is without knowledge and therefore denies whether or why J. McMullen continued or did not continue in the pharmacy training program.

93.      Walgreens denies the allegations in paragraph 93 as stated.  Walgreens admits that J. McMullen was transferred to a store in the Hallandale area as a Pharmacy Manager.

94.      Walgreens denies the allegations in paragraph 94 as stated.  Walgreens admits that J. McMullen resigned in August of 1998 but specifically denies the remaining allegations in paragraph 94.

95.      Walgreens denies the allegations in paragraph 95.

95(a).  Walgreens denies the allegations in paragraph 95(a).

95(b).  Walgreens denies the allegations in paragraph 95(b).

95(c).  Walgreens denies the allegations in paragraph 95(c).

95(d).  Walgreens denies the allegations in paragraph 95(d).

95(e).  Walgreens denies the allegations in paragraph 95(e).

95(f).  Walgreens denies the allegations in paragraph 95(f).

95(g).  Walgreens denies the allegations in paragraph 95(g).

95(h).  Walgreens denies the allegations in paragraph 95(h).

95(i).  Walgreens denies the allegations in paragraph 95(i).

95(j).  Walgreens denies the allegations in paragraph 95(j).

95(k).  Walgreens denies the allegations in paragraph 95(k).

1. TITLE VII - DISPARATE IMPACT

96.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 9, 15-20, 90-95.

97.    Walgreens admits the allegations in paragraph 97.

98.    Walgreens admits the allegations in paragraph 98.

99.    Walgreens admits the allegations in paragraph 99.

100.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 100.

101.    Walgreens denies the allegations in paragraph 101.

102.    Walgreens denies the allegations in paragraph 102.

2. TITLE VII - DISPARATE TREATMENT

103.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 9, 15-20, 90-95.

104.    Walgreens admits the allegations in paragraph 104.

105.    Walgreens admits the allegations in paragraph 105.

106.    Walgreens admits the allegations in paragraph 106.

107.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint.  Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D.  Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto.  Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E.  Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F.  Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs.  Walgreens denies the remaining allegations in paragraph 107.

108.    Walgreens denies the allegations in paragraph 108.

109.    Walgreens denies the allegations in paragraph 109.

### 3. 42 U.S.C. § 1981 - DISPARATE TREATMENT

110.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 9, 15-20, 90-95.

111.    Walgreens admits the allegations in paragraph 111.

112.    Walgreens denies the allegations in paragraph 112.

## 4. FLORIDA CIVIL RIGHTS ACT

113.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 9, 15-20, 90-95.

114.    Pursuant to the Court's Order, J. McMullen's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

115.    Pursuant to the Court's Order, J. McMullen's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

116.    Pursuant to the Court's Order, J. McMullen's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

117.    Pursuant to the Court's Order, J. McMullen's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

118.    Pursuant to the Court's Order, J. McMullen's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

## D. DELORES OKONMAH

119     Walgreens denies the allegations in paragraph 119 as stated.  Walgreens admits that Okonmah has been employed with Walgreens as a Pharmacist from 1996 to the present.  Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 119.

120.    Walgreens denies the allegations in paragraph 120 as stated.  Walgreens admits that Okonmah worked as a floater Pharmacist for approximately six months and admits that Okonmah was assigned to a permanent store.

121.    Walgreens denies the allegations contained in paragraph 121 as stated.  Walgreens admits that a non-black Pharmacy Manager was assigned to Store # 748 where Okonmah worked.

21

122.    Walgreens denies the allegations contained in paragraph 122 as stated.  Walgreens admits that Okonmah worked a rotating schedule with the other staff Pharmacist(s) where they all got an equal share of mornings, evenings, and weekends.  Walgreens admits that Okonmah may have spoken to the Pharmacy Manager about scheduling.  Walgreens admits that the Pharmacy Manager worked one night per week and every third Saturday.  Walgreens denies that Okonmah was forced to work the remaining evening and weekend hours.  Walgreens admits that Okonmah was transferred and worked a split schedule between two stores.

123.    Walgreens denies the allegations in paragraph 123 as stated.  Walgreens is without knowledge and therefore denies the allegations about events leading up to Okonmah's phone call to Ms. Ceballos.  Walgreens admits that Okonmah called Ms. Ceballos and spoke with Glenda Clarke at the district office.  Walgreens admits that Okonmah left a message to Ms. Clarke that "she better get a hold of Ms. Ceballos and do whatever it takes or she will be closing the pharmacy in 15 minutes."  Walgreens admits that Ms. Clarke tracked down Ms. Ceballos, who was in a meeting, and admits that Ms. Ceballos called Okonmah right back.  Walgreens denies that Ms. Ceballos turned the conversation in a negative direction.  Walgreens admits that Ms. Ceballos told Okonmah, at the end of this conversation, that she would like to sit down and talk with her further about her belligerence during the phone call, insubordination, and her threat that she would close down the store.  Walgreens further admits that after Okonmah hung up the phone on Ms. Ceballos and Ms. Ceballos traveled to four different stores to get Okonmah her money.[4]

_____

[4] Walgreens denies the allegations as stated in footnote 3.  Walgreens admits that Ms. Ceballos was promoted to Pharmacy Supervisor on or about September of 1999.

22

124.    Walgreens denies the allegations in paragraph 124 as stated. Walgreens admits that after a few hours, Ms. Ceballos came to the store and gave Okonmah her pay in cash. Walgreens admits that Ms. Ceballos requested to speak with Okonmah but that Okonmah said she would not talk to her and to just give her the money. Walgreens admits that Ms. Ceballos explained why she felt that Okonmah's behavior was insubordinate and terminated her employment. Walgreens specifically denies that Okonmah told Ms. Ceballos that her actions were a bit extreme but admits that Okonmah screamed at the Pharmacy Supervisor. Walgreens admits that Okonmah requested that she have a witness if she was going to be terminated and that Plaintiff Michael Ferguson was present for part of the discussion between Okonmah and Ms. Ceballos. Walgreens admits that Okonmah said that many non-black pharmacists have closed the store for personal reasons and were not disciplined.

125.    Walgreens denies the allegations in paragraph 125 as stated. Walgreens admits that Okonmah thereafter met with Mr. Ripak, the District Manager. Walgreens admits that Okonmah drafted a letter of apology to Ms. Ceballos in the form of Exhibit H. Walgreens admits that upon receipt of the letter, Mr. Ripak met with Ms. Ceballos and Okonmah and rescinded the termination and suspended Okonmah for one week because of her behavior.

126.    Walgreens denies the allegations in paragraph 126.

126(a). Walgreens denies the allegations in paragraph 126(a).

126(b). Walgreens denies the allegations in paragraph 126(b).

126(c). Walgreens denies the allegations in paragraph 126(c).

126(d). Walgreens denies the allegations in paragraph 126(d).

126(e). Walgreens denies the allegations in paragraph 126(e).

23

126(f). Walgreens denies the allegations in paragraph 126(f).

126(g). Walgreens denies the allegations in paragraph 126(g).

126(h). Walgreens denies the allegations in paragraph 126(h).

126(i). Walgreens denies the allegations in paragraph 126(i).

126(j). Walgreens denies the allegations in paragraph 126(j).

126(k). Walgreens denies the allegations in paragraph 126(k).

126(l). Walgreens denies the allegations in paragraph 126(l).

## 1. TITLE VII - DISPARATE IMPACT

127.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 10, 15-20, 119-126.

128.    Walgreens admits the allegations in paragraph 128.

129.    Walgreens admits the allegations in paragraph 129.

130.    Walgreens admits the allegations in paragraph 130.

131.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens

reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 131.

132.    Walgreens denies the allegations in paragraph 132.

133.    Walgreens denies the allegations in paragraph 133.

## 2. TITLE VII - DISPARATE TREATMENT

134.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 10, 15-20, 119-126.

135.    Walgreens admits the allegations in paragraph 135.

136.    Walgreens admits the allegations in paragraph 136.

137.    Walgreens admits the allegations in paragraph 137.

138.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 138.

139.    Walgreens denies the allegations in paragraph 139.

25

140.    Walgreens denies the allegations in paragraph 140.

### 3. 42 U.S.C. § 1981 - DISPARATE TREATMENT

141.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 10, 15-20, 119-126.

142.    Walgreens admits the allegations in paragraph 142.

143.    Walgreens denies the allegations in paragraph 143.

### 4. FLORIDA CIVIL RIGHTS ACT

144.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 10, 15-20, 119-126.

145.    Pursuant to the Court's Order, Okonmah's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

146.    Pursuant to the Court's Order, Okonmah's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

147.    Pursuant to the Court's Order, Okonmah's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

148.    Pursuant to the Court's Order, Okonmah's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

149.    Pursuant to the Court's Order, Okonmah's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

### E. BERNICE SHORTER-MEARES

150.    Walgreens denies the allegations in paragraph 150 as stated. Walgreens admits that Shorter-Meares was employed by Walgreens starting in 1996, started as a Pharmacist, and was, at

some time, a floater Pharmacist.  Walgreens specifically denies that Shorter-Meares expressed her interest in a management opportunity and that her interests in management were and still are ignored. Walgreens is without knowledge and therefore denies the allegations regarding her management experience prior to joining Walgreens.

151.    Walgreens denies the allegations in paragraph 151 as stated.  Walgreens admits that Ms. Ceballos told Shorter-Meares that she was being transferred.  Walgreens admits that Xavier Ziegler was promoted to the position of Pharmacy Manager.  Walgreens specifically denies that Shorter-Meares was forced to continue transferring from store to store.  Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 151.

152.    Walgreens denies the allegations in paragraph 152.

153.    Walgreens denies the allegations in paragraph 153.

153(a). Walgreens denies the allegations in paragraph 153(a).

153(b). Walgreens denies the allegations in paragraph 153(b).

153(c). Walgreens denies the allegations in paragraph 153(c).

153(d). Walgreens denies the allegations in paragraph 153(d).

153(e). Walgreens denies the allegations in paragraph 153(e).

153(f). Walgreens denies the allegations in paragraph 153(f).

153(g). Walgreens denies the allegations in paragraph 153(g).

153(h). Walgreens denies the allegations in paragraph 153(h).

153(i). Walgreens denies the allegations in paragraph 153(i).

153(j). Walgreens denies the allegations in paragraph 153(j).

27

## 1. TITLE VII - DISPARATE IMPACT

154.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 11, 15-20, 150-153.

155.    Walgreens admits the allegations in paragraph 155.

156.    Walgreens admits the allegations in paragraph 156.

157.    Walgreens admits the allegations in paragraph 157.

158.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 158.

159.    Walgreens denies the allegations in paragraph 159.

160.    Walgreens denies the allegations in paragraph 160.

## 2. TITLE VII - DISPARATE TREATMENT

161.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 11, 15-20, 150-153.

STEEL HECTOR & DAVIS LLP

162.    Walgreens admits the allegations in paragraph 162.

163.    Walgreens admits the allegations in paragraph 163.

164.    Walgreens admits the allegations in paragraph 164.

165.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 165.

166.    Walgreens denies the allegations in paragraph 166.

167.    Walgreens denies the allegations in paragraph 167.

### 3. 42 U.S.C. § 1981 - DISPARATE TREATMENT

168.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 11, 15-20, 150-153.

169.    Walgreens admits the allegations in paragraph 169.

170.    Walgreens denies the allegations in paragraph 170.

29

## 4. FLORIDA CIVIL RIGHTS ACT

171.    Walgreens incorporates herein its responses to the allegations in paragraphs 4-6, 11, 15-20, 150-153.

172.    Pursuant to the Court's Order, Shorter-Meares' state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

173.    Pursuant to the Court's Order, Shorter-Meares' state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

174.    Pursuant to the Court's Order, Shorter-Meares' state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

175.    Pursuant to the Court's Order, Shorter-Meares' state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

176.    Pursuant to the Court's Order, Shorter-Meares' state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

## F. CONSTANCE ECHEBIRI

177.    Walgreens denies the allegations in paragraph 177 as stated. Walgreens admits that Echebiri was employed by Walgreens starting in 1994, and was, at some time, a floater Pharmacist. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 177.

178.    Walgreens denies the allegations in paragraph 178.[5]

179.    Walgreens denies the allegations in paragraph 179 as stated. Walgreens admits that Echebiri started on the night shift at a store in Winter Haven, Florida.

---

[5] Walgreens denies the allegations in footnote 4 as stated. Walgreens admits that Michelle Brantley is a Pharmacy Manager with Walgreens.

STEEL HECTOR & DAVIS LLP

180.    Walgreens is without knowledge and therefore denies the allegations in paragraph 180.[6]

181.    Walgreens denies the allegations in paragraph 181.

182.    Walgreens denies the allegations of paragraph 182 as stated. Walgreens admits that it received a complaint from a customer about Echebiri being asleep on the job.

183.    Walgreens denies the allegations in paragraph 183.

184.    Walgreens denies the allegations in paragraph 184 as stated. Walgreens admits that Echebiri was denied vacation time during the requested week because two other pharmacists had previously requested that time off and because Echebiri was already scheduled to be off for a total of three weeks. Walgreens is without knowledge and therefore denies the allegations in paragraph 184.

185.    Walgreens denies the allegations in paragraph 185 as stated. Walgreens denies that it ever received official documentation from Dr. Ijewere. Walgreens admits that Echebiri was informed that she could not rescind her requested vacation leave and convert it to sick leave. Walgreens admits that Exhibit I purports to be a letter to Mr. Wattley. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 185.

186.    Walgreens denies the allegations in paragraph 186 as stated. Walgreens admits that Exhibit J purports to be a letter to Ms. Nicolay but is without knowledge and therefore denies the remaining allegations in paragraph 186.

187.    Walgreens denies the allegations in paragraph 187.

188.    Walgreens denies the allegations in paragraph 188.

---

[6] Walgreens is without knowledge and therefore denies the allegations in footnote 5.

STEEL HECTOR & DAVIS LLP

189.    Walgreens denies the allegations in paragraph 189.

189(a).  Walgreens denies the allegations in paragraph 189(a).

189(b).  Walgreens denies the allegations in paragraph 189(b).

189(c).  Walgreens denies the allegations in paragraph 189(c).

189(d).  Walgreens denies the allegations in paragraph 189(d).

189(e).  Walgreens denies the allegations in paragraph 189(e).

189(f).  Walgreens denies the allegations in paragraph 189(f).

189(g).  Walgreens denies the allegations in paragraph 189(g).

189(h).  Walgreens denies the allegations in paragraph 189(h).

189(i).  Walgreens denies the allegations in paragraph 189(i).

189(j).  Walgreens denies the allegations in paragraph 189(j).

189(k).  Walgreens denies the allegations in paragraph 189(k).

189(l).  Walgreens denies the allegations in paragraph 189(l).

### 1.  TITLE VII - DISPARATE IMPACT

190.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 12, 15-20, 177-189.

191.    Walgreens admits the allegations in paragraph 191.

192.    Walgreens admits the allegations in paragraph 192.

193.    Walgreens admits the allegations in paragraph 193.

194.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was

32

forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 194.

195.     Walgreens admits the allegations in paragraph 195.

196.     Walgreens admits the allegations in paragraph 196.

## 2. TITLE VII - DISPARATE TREATMENT

197.     Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 12, 15-20, 177-189.

198.     Walgreens admits the allegations in paragraph 198.

199.     Walgreens admits the allegations in paragraph 199.

200.     Walgreens admits the allegations in paragraph 200.

201.     Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits

33

that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 201.

202.    Walgreens admits the allegations in paragraph 202.

203.    Walgreens admits the allegations in paragraph 203.

### 3. 42 U.S.C. § 1981 - DISPARATE TREATMENT

204.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 12, 15-20, 177-189.

205.    Walgreens admits the allegations in paragraph 205.

206.    Walgreens admits the allegations in paragraph 206.

### 4. FLORIDA CIVIL RIGHTS ACT

207.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 12, 15-20, 177-189.

208.    Pursuant to the Court's Order, Echebiri's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

209.    Pursuant to the Court's Order, Echebiri's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

210.    Pursuant to the Court's Order, Echebiri's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

STEEL HECTOR & DAVIS LLP

211.   Pursuant to the Court's Order, Echebiri's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

212.   Pursuant to the Court's Order, Echebiri's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

## G. MIA DAWN TAYLOR

213.   Walgreens denies the allegations in paragraph 213 as stated.  Walgreens admits that Taylor has been employed by Walgreens as a Pharmacy Intern and Pharmacist from 1990 to the present.  Walgreens admits that Taylor worked as a floater Pharmacist after becoming licensed. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 213.

214.   Walgreens is without knowledge and therefore denies the allegations in paragraph 214.

215.   Walgreens denies the allegations in paragraph 215.

216.   Walgreens denies the allegations in paragraph 216.

216(a). Walgreens denies the allegations in paragraph 216(a).

216(b). Walgreens denies the allegations in paragraph 216(b).

216(c). Walgreens denies the allegations in paragraph 216(c).

216(d). Walgreens denies the allegations in paragraph 216(d).

216(e). Walgreens denies the allegations in paragraph 216(e).

216(f). Walgreens denies the allegations in paragraph 216(f).

216(g). Walgreens denies the allegations in paragraph 216(g).

216(h). Walgreens denies the allegations in paragraph 216(h).

216(i). Walgreens denies the allegations in paragraph 216(i).

STEEL HECTOR & DAVIS LLP

216(j). Walgreens denies the allegations in paragraph 216(j).

## 1. TITLE VII - DISPARATE IMPACT

217.     Walgreens incorporates herein its responses to the allegations in paragraphs 4-6, 13, 15-20, 213-216.

218.     Walgreens admits the allegations in paragraph 218.

219.     Walgreens admits the allegations in paragraph 219.

220.     Walgreens admits the allegations in paragraph 220.

221.     Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 221.

222.     Walgreens denies the allegations in paragraph 222.

223.     Walgreens denies the allegations in paragraph 223.

STEEL HECTOR & DAVIS LLP

## 2. TITLE VII - DISPARATE TREATMENT

224.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 13, 15-20, 213-216.

225.    Walgreens admits the allegations in paragraph 225.

226.    Walgreens admits the allegations in paragraph 226.

227.    Walgreens admits the allegations in paragraph 227.

228.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 228.

229.    Walgreens denies the allegations in paragraph 229.

230.    Walgreens denies the allegations in paragraph 230.

## 3. 42 U.S.C. § 1981 - DISPARATE TREATMENT

231.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 13, 15-20, 213-216.

STEEL HECTOR & DAVIS LLP

232.    Walgreens admits the allegations in paragraph 232.

233.    Walgreens denies the allegations in paragraph 233.

### 4. FLORIDA CIVIL RIGHTS ACT

234.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 13, 15-20, 213-216.

235.    Pursuant to the Court's Order, Taylor's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

236.    Pursuant to the Court's Order, Taylor's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

237.    Pursuant to the Court's Order, Taylor's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

238.    Pursuant to the Court's Order, Taylor's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

239.    Pursuant to the Court's Order, Taylor's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

### H. CARMITA MCMULLEN

240.    Walgreens denies the allegations in paragraph 240 as stated. Walgreens admits that C. McMullen was employed by Walgreens as a Pharmacy Cashier, Pharmacy Technician, Pharmacy Intern, Pharmacist, and Pharmacy Manager from 1992 to 1999. Walgreens further admits that prior to 1992, C. McMullen was employed by Walgreens in some capacity. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 240.

241.    Walgreens denies the allegations in paragraph 241 as stated. Walgreens admits that Ms. Ceballos was promoted on or about September of 1999. Walgreens denies that C. McMullen trained Ms. Ceballos. Walgreens is without knowledge and therefore denies the remaining allegations in paragraph 241.

242.    Walgreens denies the allegations in paragraph 242.

243.    Walgreens denies the allegations in paragraph 243.

244.    Walgreens admits that C. McMullen resigned in 1999 but denies the remaining allegations in paragraph 244.

245.    Walgreens denies the allegations in paragraph 245.

245(a). Walgreens denies the allegations in paragraph 245(a).

245(b). Walgreens denies the allegations in paragraph 245(b).

245(c). Walgreens denies the allegations in paragraph 245(c).

245(d). Walgreens denies the allegations in paragraph 245(d).

245(e). Walgreens denies the allegations in paragraph 245(e).

245(f). Walgreens denies the allegations in paragraph 245(f).

245(g). Walgreens denies the allegations in paragraph 245(g).

245(h). Walgreens denies the allegations in paragraph 245(h).

245(i). Walgreens denies the allegations in paragraph 245(i).

245(j). Walgreens denies the allegations in paragraph 245(j).

## 1. TITLE VII - DISPARATE IMPACT

246.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 14-20, 240-245.

STEEL HECTOR & DAVIS LLP

247.    Walgreens admits the allegations in paragraph 247.

248.    Walgreens admits the allegations in paragraph 248.

249.    Walgreens admits the allegations in paragraph 249.

250.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint.  Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D.  Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto.  Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E.  Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F.  Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs.  Walgreens denies the remaining allegations in paragraph 250.

251.    Walgreens denies the allegations in paragraph 251.

252.    Walgreens denies the allegations in paragraph 252.

## 2. TITLE VII - DISPARATE TREATMENT

253.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 14-20, 240-245.

254.    Walgreens admits the allegations in paragraph 254.

255.    Walgreens admits the allegations in paragraph 255.

256.    Walgreens admits the allegations in paragraph 256.

257.    Walgreens admits that Williams filed a charge of discrimination with the EEOC in January of 1997 in the form of Exhibit C to the First Amended Complaint. Walgreens further admits that Williams amended her EEOC charge in the form of Exhibit D. Walgreens denies that she was forced to file a second EEOC charge and denies all allegations relating thereto. Walgreens admits that Williams filed another EEOC charge in the form of Exhibit E. Walgreens admits that Williams was issued a Notice of Right to Sue on October 2, 1999, in the form of Exhibit F. Walgreens admits that Jack Kenesey sent a letter to counsel for Williams stating that Walgreens "will not assert a limitations defense if the suit if filed on or before January 31, 2000" in the form of Exhibit G. Walgreens states that the letter does not refer to the other named plaintiffs and that Walgreens reached no such agreement with the other named plaintiffs. Walgreens denies the remaining allegations in paragraph 257.

258.    Walgreens denies the allegations in paragraph 258.

259.    Walgreens denies the allegations in paragraph 259.

### 3. 42 U.S.C. § 1981 - DISPARATE TREATMENT

260.    Walgreens incorporates and realleges herein its responses to the allegations in paragraphs 4-6, 14-20, 240-245.

261.    Walgreens admits the allegations in paragraph 261.

262.    Walgreens denies the allegations in paragraph 262.

### 4. FLORIDA CIVIL RIGHTS ACT

263.    Walgreens incorporates herein its responses to the allegations in paragraphs 4-6, 14-20, 240-245.

STEEL HECTOR & DAVIS LLP

264.    Pursuant to the Court's Order, C. McMullen's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

265.    Pursuant to the Court's Order, C. McMullen's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

266.    Pursuant to the Court's Order, C. McMullen's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

267.    Pursuant to the Court's Order, C. McMullen's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

268.    Pursuant to the Court's Order, C. McMullen's state law claim under the FCRA has been dismissed and the allegations are moot and otherwise denied by Walgreens.

269.    Walgreens hereby alleges that it is entitled to its fees and costs pursuant to the governing statutes upon resolution of this lawsuit.

## V. JURY DEMAND

Walgreens admits Plaintiffs demand trial by jury in this action.

## VI. PUNITIVE DAMAGES

Walgreens denies the allegations in Plaintiffs' "PUNITIVE DAMAGES" paragraph.

## VII. PRAYER FOR RELIEF

1.    Walgreens denies the allegations in paragraph 1.

2.    Walgreens denies the allegations in paragraph 2.

3.    Walgreens denies the allegations in paragraph 3.

4.    Walgreens denies the allegations in paragraph 4.

5.    Walgreens denies the allegations in paragraph 5.

42

6.      Walgreens denies the allegations in paragraph 6.

7.      Walgreens denies the allegations in paragraph 7.

8.      Walgreens denies the allegations in paragraph 8.

9.      Walgreens denies the allegations in paragraph 9.

10.     Walgreens denies the allegations in paragraph 10.

Walgreens denies all allegations not specifically admitted heretofore.

<u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

<u>One</u>

Plaintiffs fail to state a disparate treatment claim pursuant to Title VII upon which relief can be granted.

<u>Two</u>

Plaintiffs fail to state a disparate impact claim pursuant to Title VII upon which relief can be granted.

<u>Three</u>

Plaintiffs fail to state a retaliation claim pursuant to Title VII upon which relief can be granted.

<u>Four</u>

Plaintiffs' at-will employment status does not give rise to a 42 U.S.C. § 1981 claim.

<u>Five</u>

Plaintiffs fail to state a disparate treatment claim pursuant to 42 U.S.C. § 1981 upon which relief can be granted.

43

<u>Six</u>

Plaintiffs fail to state a retaliation claim pursuant to 42 U.S.C. § 1981 upon which relief can be granted.

<u>Seven</u>

Williams fails to state a discrimination claim pursuant to the ADEA upon which relief can be granted.

<u>Eight</u>

Williams fails to state a retaliation claim pursuant to the ADEA upon which relief can be granted.

<u>Nine</u>

Plaintiffs' claims are barred by the applicable statutes of limitations and time periods set forth in the governing statutes.

<u>Ten</u>

Plaintiffs failed to timely and properly exhaust all administrative remedies with respect to their claims as required by the governing statutes.

<u>Eleven</u>

Plaintiffs may not rely on the equitable doctrine known as the "single filing rule" to bypass the exhaustion of all administrative remedies as required by the governing statutes because the EEOC charges being relied upon were not timely and were defective.

<u>Twelve</u>

Plaintiffs may not rely on the equitable doctrine known as the "single filing rule" to bypass the exhaustion of all administrative remedies as required by the governing statutes because the

44

EEOC charges being relied on did not arise out of similar discriminatory treatment in the same time frame.

Thirteen

Plaintiffs cannot state claims that were not made to the EEOC within the applicable time period after the alleged unlawful employment practice occurred.

Fourteen

Plaintiffs cannot state claims for allegations of wrongdoing that were not raised in Williams' EEOC charges.

Fifteen

Plaintiffs cannot state retaliation claims based on Williams' EEOC charges.

Sixteen

Without conceding that any inappropriate or illegal behavior occurred, Walgreens states that Plaintiffs cannot recover for alleged acts of racial discrimination, harassment, or retaliation because they occurred prior to the date of earliest discrimination as sworn to in the EEOC charges of discrimination.

Seventeen

Without conceding that any inappropriate or illegal behavior occurred, Plaintiffs may not rely on the "continuing violation doctrine" to revive otherwise untimely claims because the alleged violations are not related in subject matter and frequency.

Eighteen

Without conceding that any inappropriate or illegal behavior occurred, Plaintiffs may not rely on the "continuing violation doctrine" to revive otherwise untimely claims because the alleged

STEEL HECTOR & DAVIS LLP

violations were permanent in the sense that they served to trigger Plaintiffs' awareness that their civil rights had been violated.

### Nineteen

At all material times, Walgreens had an anti-discrimination/equal opportunity policy in place that prohibited the conduct alleged in the First Amended Complaint and provided a means to Plaintiffs for informing Walgreens of any improper conduct. If improper conduct occurred as alleged, which Walgreens does not concede, then Plaintiffs failed to complain to management or otherwise take proper advantage of internal procedures established by Walgreens to address the alleged discrimination and thus failed to take reasonable measures to comply with Walgreens' policies to prevent discrimination in the workplace.

### Twenty

Without conceding that any inappropriate or illegal behavior occurred, Walgreens promptly investigated any and all allegations advanced by Plaintiffs and further exercised reasonable care to prevent and promptly correct any racially harassing or discriminatory behavior, assuming any such behavior ever existed.

### Twenty-One

To the extent Plaintiffs allege intentional unlawful conduct by a manager or supervisor employed by Walgreens, without conceding that any inappropriate or illegal behavior occurred, any such conduct would have been contrary to Walgreens' express written policies against racial discrimination and all forms of discrimination and thus would be beyond the scope of any actual or apparent authority possessed by the manager or supervisor.

46

Twenty-Two

Without conceding that any inappropriate or illegal behavior occurred, any improper, illegal, or discriminatory actions by any Walgreens employee were outside the course and scope of that employee's employment and were not ratified, confirmed, or approved by Walgreens. Thus, any such actions cannot be attributed or imputed to Walgreens.

Twenty-Three

Without conceding that any inappropriate or illegal behavior occurred, Walgreens did not have actual or constructive knowledge of any of the acts alleged in Plaintiff's First Amended Complaint at any time material to their First Amended Complaint.

Twenty-Four

Without conceding that any inappropriate or illegal behavior occurred, any actions regarding or affecting Plaintiffs' employment were based on legitimate business decisions that were in no way related to Plaintiffs' race, age, or any other discriminatory motive, nor were they taken in retaliation.

Twenty-Five

Without conceding that any inappropriate or illegal behavior occurred, the conduct complained of was performed or carried out, if at all, in good faith based upon reasonable grounds for believing that the conduct was not in violation of Title VII, 42 U.S.C. § 1981, and the ADEA.

Twenty-Six

Without conceding that any inappropriate or illegal behavior occurred, if Plaintiffs can state a claim for discrimination or retaliation, then Walgreens reserves the right to rely upon a "mixed motive" defense because even if Plaintiffs provide evidence that Walgreens, in making an adverse employment decision, was motivated in part by an impermissible consideration, Walgreens would

47

have taken the same employment actions even in the absence of the discriminatory or retaliatory consideration.

### Twenty-Seven

Without conceding liability and that Plaintiffs have suffered any damages, any damages to which Plaintiffs might be entitled are subject to the limitations set forth in the governing statutes and the due process limitations of the Fifth Amendment.

### Twenty-Eight

Without conceding liability or that Plaintiffs have suffered any damages, Plaintiffs have failed to mitigate their damages.

### Twenty-Nine

Without conceding liability, Plaintiffs, by their own actions, are responsible in whole, or in part, for any alleged damages in this case.

### Thirty

Without conceding liability, Plaintiffs' damages are limited by the doctrine of after-acquired evidence.

### Thirty-One

Without conceding liability, if Plaintiffs have suffered injuries or emotional suffering as alleged, then Walgreens is not liable for these injuries since these injuries are not the result of conduct by Walgreens.

### Thirty-Two

Without conceding liability, Plaintiffs fail to state a claim for punitive damages because Walgreens' actions do not rise to the level required to impose punitive damages.

48

<u>Thirty-Three</u>

Without conceding liability, Walgreens is not vicariously liable for punitive damages arising for discriminatory employment decisions of its agents where those decisions are contrary to Walgreens' good faith efforts to comply with federal law, Title VII, 42 U.S.C. § 1981, and the ADEA.

<u>Thirty-Four</u>

The plaintiffs cannot recover pursuant to multiple statutes, for multiple claims, for the same alleged actions and injuries.

<u>PRAYER FOR RELIEF</u>

Walgreens demands that judgment be entered for Walgreens and against Plaintiffs on any and all of Plaintiffs' claims. Walgreens further demands that judgment be entered for Walgreens for the attorneys' fees and costs incurred in Walgreens' defense of this action as provided for in the applicable federal statute.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7041
Facsimile: (305) 577-7001

By: _____
Heather L. Gatley
Florida Bar No. 0050482
Brian L. Lerner
Florida Bar No. 0177202

49

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail upon Kelsay D. Patterson, Esq., Law Offices of Michael M. Tobin, P.A., 1099 Ponce de Leon Blvd., Coral Gables, Florida 33134-3319, this 8th day of September, 2000.

By: _____
　　　　Brian L. Lerner

MIA_1998/613184-1

STEEL HECTOR & DAVIS LLP