UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

FILED by _____ D.C.
INTAKE

: 1 ⬦ 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

       Plaintiffs,

vs.

WALGREEN COMPANY,

       Defendant.

_____/

## DEFENDANT'S MOTION TO COMPEL DOCUMENTS AND ANSWERS TO ITS REVISED FIRST SET OF INTERROGATORIES AND REVISED FIRST REQUEST FOR PRODUCTION AND CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 26.1(I)

Pursuant to Fed. R. Civ. P. 37 and S.D. Fla. L.R. 26.1(H), Defendant Walgreen Co. ("Walgreens"), moves this Court for an Order compelling Plaintiffs to respond fully and adequately to Walgreens' Revised First Set of Interrogatories and Revised First Request for Production of Documents. The support for this Motion to Compel is contained in the following Memorandum of Law and Certification of Compliance with Local Rule 26.1(I).

### INTRODUCTION

This Motion arises out of Plaintiff Delores Okonmah's complete failure to respond to two sets of discovery propounded upon her and out of the inadequate responses provided to certain discovery propounded upon the seven other plaintiffs in this case.

On April 28, 2000, Walgreens served its Revised First Set of Interrogatories upon all of the plaintiffs. *See* Defendant's Revised First Set of Interrogatories, dated Apr. 28, 2000, attached as Exhibit A.[1]   On May 8, 2000, Walgreens served its Revised First Request for Production of Documents upon all of the plaintiffs. *See* Defendant Walgreens' Revised First Request for Production of Documents, dated May 8, 2000, attached as composite Exhibit B.[2]

Plaintiffs' responses to the interrogatories were due May 29, 2000. Plaintiffs' responses to the production requests were due June 7, 2000. After the deadlines for service had passed, Plaintiffs requested an enlargement of time to respond to this discovery. Walgreens agreed to grant Plaintiffs an enlargement of time through June 19, 2000. *See* Letter to Mark R. Cheskin, dated June 8, 2000, attached as Exhibit C.  On June 23, 2000, Walgreens was served with interrogatory answers from Constance Echebiri, Michael Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor. On June 28, 2000, Walgreens was served with production responses from Michael Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor. Having not received any discovery at all from four of the plaintiffs, Walgreens requested, on July 10, 2000, that these four Plaintiffs serve responses and that the remaining plaintiffs correct deficiencies in their served responses. *See* Letter to Kelsay D. Patterson, dated July 10, 2000, attached as Exhibit D.

Still having not heard from Plaintiffs, Walgreens made another effort to resolve the matter without Court intervention. *See* Letter to Kelsay D. Patterson, dated Aug. 10, 2000, attached as Exhibit E. Plaintiffs responded that they would "make certain that [Walgreens] ha[d] [its] requested discovery by August 18, 2000." Letter to Brian Lerner, dated Aug. 11, 2000, attached as Exhibit F.

---

[1] Walgreens has attached only one copy of its Revised First Set of Interrogatories because Walgreens served each Plaintiff with identical interrogatories. Walgreens will file the remaining copies served on each Plaintiff should this Court invite or direct otherwise.

[2] Walgreens has attached copies of its Revised First Request for Production of Documents served only on the plaintiffs that are the subject of this Motion.

2

Walgreens agreed to provide Plaintiffs an additional week to correct their discovery. *See* Letter to Kelsay D. Patterson, dated Aug. 16, 2000, attached as Exhibit G.

Following the exchange of letters in mid-August, Walgreens was served with interrogatory answers from Joyce Williams (August 22, 2000), and Bernice Shorter-Meares (August 29, 2000) and production responses from Constance Echebiri (August 11, 2000), Joyce Williams (August 22, 2000), and Bernice Shorter-Meares (August 29, 2000).

On September 13, 2000, one last attempt was made to resolve these discovery issues. *See* Letter to Kelsay D. Patterson, dated Sept. 13, 2000, attached as Exhibit H. Counsel for Plaintiffs agreed to respond to these issues and serve Plaintiff Delores Okonmah's responses by Friday, September 15, 2000. As of the date of this Motion, now over four months since service of discovery, Plaintiff Delores Okonmah has not responded to Walgreens production requests and interrogatories at all. Additionally, the other plaintiffs have not responded in any way to Walgreens' concerns with their discovery responses – namely, by providing information responsive to damages interrogatories and production of documents.

Walgreens respectfully requests that this Court enter an order compelling: (1) Plaintiff Delores Okonmah to serve responses to Defendant's Revised First Request for Production and Revised First Set of Interrogatories; (2) Plaintiffs to serve better answers to Defendant's Revised First Set of Interrogatories, No. 7; and (3) Plaintiffs Constance Echebiri, Carmita McMullen, and Joseph McMullen to serve all tax returns, W-2s, or similar documents as indicated in Defendant's Revised First Request for Production of Documents.

## MEMORANDUM OF LAW

### I.    Walgreens Is Entitled To The Discovery Pursuant To Its Proper Requests

A party served with a request for production of documents or interrogatories must respond, in writing, within 30 days after service of the discovery. *See* Fed. R. Civ. P. 34(b); *Badalamenti v.*

3

*Dunham's, Inc.*, 896 F.2d 1359, 1363 (Fed. Cir. 1990).  Here, Plaintiff Delores Okonmah ("Okonmah") had four options with respect to these discovery served by Walgreens. She could have: (1) responded to the discovery; (2) responded to the discovery by objecting; (3) moved for a protective order; or (4) ignored the discovery requested altogether. *See id.* at 1362. Okonmah chose the last option.

The Local Rules specify that "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, <u>shall</u> <u>be</u> <u>waived</u>." S.D. Fla. L.R. 26.1(G)(6)(a) (emphasis added). Thus, by failing to object and respond in a timely fashion to Walgreens' Revised First Set of Interrogatories and Revised First Request for Production of Documents, Okonmah has waived any objections that she otherwise may have been entitled to assert. *See id.*

The law is clear that Walgreens is entitled to the discovery sought.  A party served with discovery is <u>required</u> to respond.  Thus, Walgreens is entitled to the entry of an order compelling Okonmah to respond immediately to both sets of discovery.

Walgreens also requests that this Court impose sanctions for Okonmah's disregard of the rules of procedure.  Sanctions are available under Fed. R. Civ P. 37(d) when a party fails to serve a written response to a request for production under Rule 34. Rule 37(d) provides:

> If a party . . . fails to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.[3]

* * *

---

[3] Subparagraphs A, B, and C, are part of Fed. R. Civ. P. 37 dealing with failure to comply with a court order.

4

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

It is indisputable that Okonmah failed to serve responses to Walgreens' Revised First Set of Interrogatories and Revised First Request for Production of Documents and has completely ignored the discovery rules as if compliance was optional. That failure alone warrants the imposition of sanctions. *See Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 129 (S.D. Fla. 1987) ("Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." (quoting *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480 (11th Cir. 1982)); *see also Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993) (stating that sanctions under Rule 37 are intended to compensate the court and other parties for the added expense caused by discovery abuse, compel discovery, deter others from engaging in similar conduct, and penalize the offending party or attorney).

In addition to any other sanctions this Court may deem fair and just, Walgreens seeks its reasonable expenses, including attorney's fees, caused by Okonmah's discovery abuse. Such expenses/fees are part of the "package of available discovery sanctions" under Fed. R. Civ. P. 37(d), which provides:

> In lieu of any order or in addition thereto, the court <u>shall</u> require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expense unjust.

Fed. R. Civ. P. 37(d) (emphasis added); *see also Jaffe v. Sundowner Properties, Inc.*, 808 F.2d 1425, 1425 (11th Cir. 1987).

The expense and attorney fee provision of Fed. R. Civ. P. 37(d) is absolute where there is a total failure to respond to a properly served discovery request, as exists here, and where there is no justification for the failure to respond. Okonmah has advanced no excuse for her failure to respond

5

nor does she have any such justification and she still has not served her responses. Accordingly, Walgreens is entitled to recover its reasonable attorney's fees and costs. *See Collins v. Burg*, 169 F.3d 563, 565 (8th Cir. 1999) (affirming award of attorney's fees following the plaintiff's failure to respond to interrogatories and requests for production); *see also Adams v. Autozoners, Inc.*, 2000 WL 235240, *2 (E.D. La. Feb 29, 2000) (noting that the court previously awarded attorney's fees under Fed. R. Civ. P. 37 for the plaintiff's failure to respond to discovery); *EEOC v. Personnel Servs. of Fort Myers, Inc.*, 1989 WL 162784, *1 (M.D. Fla. May 12, 1989) (finding that an award of costs, including a reasonable attorney's fee, was appropriate in light of the defendant's total failure to respond in any manner to the plaintiff's discovery requests).

## II.    Plaintiffs' Interrogatory Responses Are Insufficient

Constance Echebiri, Michael Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor, all of whom served their interrogatory responses on June 23, 2000, were asked the following interrogatory with respect to damages:

> 5.    Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each items of damages, including any mathematical formula used.

Defendant's Revised First Set of Interrogatories, No. 5, attached as Exhibit A. Each one of these plaintiffs responded to this interrogatory with the following:

> Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiff's Request for Production. No computation can be made as to the emotional humiliation, pain, embarrassment, and anger suffered due to the Defendant's failure to promote me. It is an item best left to a jury.

Answers to Revised First Set of Interrogatories, dated June 23, 2000, attached as composite Exhibit

I. With respect to Bernice Shorter-Meares and Joyce Williams, who served their interrogatory

responses in August, they responded to this interrogatory with the following:

> A finance/economist has yet to be retained, and no such person has been retained because the W2 and salary information as requested by my attorneys of the people in pharmacy manager and pharmacy supervisor positions have yet to be disclosed. At this point it is impossible to assess the back pay and/or front pay with an certainty by any retained expert without knowing the difference in salaries of the less qualified non-black peers. Additionally, the intangible damages such as pain and suffering, mental anguish, frustration, and embarrassment are damages that cannot be measured by any formula but are best left to be determined and defined by a jury. For a summary of the damages identified and claimed, please review the Amended Complaint.

Joyce Williams' Answers to Revised First Set of Interrogatories, dated Aug. 22, 2000, attached as

composite Exhibit I; *see also* Bernice Shorter-Meares' Answers to Revised First Set of

Interrogatories, dated Aug. 29, 2000, attached as composite Exhibit I.

The Local Rules limit what types of interrogatories may be propounded at the

commencement of discovery. *See* S.D. Fla. L.R. 26.1(G)(2). The Local Rules, however, specifically

allow the parties to propound interrogatories regarding the "computation of each category of

damages alleged." *Id.* In keeping with the Local Rules, Walgreens propounded damages

interrogatories. Indeed, Interrogatory No. 5 was taken directly from the model interrogatory found

in the Discovery Handbook. *See* Discovery Practices Handbook for the Southern District of Florida,

Gen. App. B.

This district made the conscious decision to limit discovery at the commencement of the case.

This district also made the conscious decision to allow the parties to propound interrogatories

relevant to the issue of damages from the outset of the case. Plaintiffs have failed to provide

information that the courts in this district deem central to a case – as evidenced by the specific

provision for discovery on this issue that is allowed to be asked from the commencement of the

STEEL HECTOR & DAVIS LLP

action. Plaintiffs are the only persons with access to this information, and Walgreens clearly is entitled to a computation for each category.

## III.    Plaintiffs' Production Responses Are Insufficient

### Production Request No. 7.

Walgreens requested "[y]our income tax returns and W-2, 1099, or similar forms for 1996, 1997, 1998 and 1999" from each and every Plaintiff. Defendant's Revised First Request for Production, No. 7, attached as composite Exhibit B.

Plaintiff Carmita McMullen's ("C. McMullen") and Plaintiff Joseph McMullen's ("J. McMullen") responses were "[n]ot in our possession at this time." Response to Defendant's Revised First Request for Production, No. 7, attached as composite Exhibit J. Since requesting Plaintiffs to address the insufficiency of their damages responses over two months ago, the McMullens have not forwarded documents responsive to this request. The McMullens have had since May 8, 2000, to gather this information. Still, Walgreens has not received this information.

As detailed above, this information is vital to the computation of alleged damages. Although Walgreens has repeatedly accommodated these Plaintiffs, Walgreens can no longer wait for the McMullens to produce this information. This case, involving eight plaintiffs located in four counties (some of whom have been employed with Walgreens for nearly twenty years and some who have been employed elsewhere) is currently on a four month discovery track. Prior to receipt of these documents, Walgreens cannot conduct a meaningful deposition. Plaintiffs have not objected to producing this information and have not stated that they could never obtain these documents. In light of the discovery track for this case and in light of the fact that nearly four months have passed since requesting this information, the time has come for the McMullens to produce this information.

With respect to this Production Request No. 7, Plaintiff Bernice Shorter-Meares ("Shorter-Meares") stated she "[w]ill forward" here tax returns. Response to Defendant's Revised First

8

Request for Production, No. 7, attached as composite Exhibit J. Shorter-Meares still has not forwarded tax returns to Walgreens.

With respect to this Production Request No. 7, Plaintiff Constance Echebiri ("Echebiri") stated "[s]ee attached tax wage statements for the years of 1995 and 1999." Response to Defendant's Revised First Request for Production, No. 7, attached as composite Exhibit J. Echebiri ignored the request to produce income tax returns, W-2s, or similar forms for the years 1994, 1996, 1997, and 1998. Echebiri did not object to producing this information and thus, she must produce it. Echebiri may not elect what years of tax returns she will and will not produce. This information is relevant to the plaintiffs alleged damages and mitigation of such damages and thus, Walgreens is entitled to all of these documents. If Echebiri does not have tax returns for these years, then she should correct her response in accordance with Fed. R. Civ. P. 26(e) and the Discovery Practices Handbook for the Southern District of Florida, Gen. App. A(I)(C).

**Production Request No. 8 to Echebiri.**

Walgreens requested "[d]ocuments showing your efforts to obtain other employment while you have been working for Walgreens." Defendant's Revised First Request for Production, No. 8, attached as composite Exhibit B. Echebiri's response was to see the "[a]ttached" documents. Response to Defendant's Revised First Request for Production, No. 8, attached as composite Exhibit J. No documents, however, were attached to her responses. Again, the time has come for Echebiri to produce this requested documentation.

**Production Request No. 15 to Echebiri.**

Walgreens requested "[d]ocuments showing that you sought or applied for any promotion while working at Walgreens." Defendant's Revised First Request for Production, No. 15, attached as composite Exhibit B. Again, Echebiri's response was to see the "[a]ttached" documents.

STEEL HECTOR & DAVIS LLP

Response to Defendant's Revised First Request for Production, No. 15, attached as composite Exhibit J. Again, no documents were attached.

**Production Request No. 28 to J. McMullen**

Walgreens requested "[d]ocuments reflecting or referring to your resignation from Walgreens." Defendant's Revised First Request for Production, No. 28, attached as composite Exhibit B. J. McMullen's response to this interrogatory was that "Walgreens would have such information." Response to Defendant's Revised First Request for Production, No. 28, attached as composite Exhibit J. Notably, J. McMullen did not state that he did not have the documents nor did he advance an objection. J. McMullen informed Walgreens that he resigned to attend school – his current contention is different. Documents in J. McMullen's possession may or may not be the same as those in Walgreens' possession. J. McMullen's response is insufficient and responsive documents should be produced.

Walgreens has patiently awaited documents that Plaintiffs agreed to produce. Plaintiffs have been informed that these documents were missing from their responses. Walgreens' efforts obtain these documents over the past two months through informal methods have failed thus requiring formal intervention.

<u>**CONCLUSION**</u>

For the foregoing reasons, Walgreens respectfully requests that this Court enter an order compelling: (1) Plaintiff Delores Okonmah to serve responses to Defendant's Revised First Request for Production and Revised First Set of Interrogatories within five (5) days from the date of the Court's Order; (2) Plaintiffs to serve better answers to Defendant's Revised First Set of Interrogatories, No. 7, within five (5) days from the date of the Court's Order; and (3) Plaintiffs Constance Echebiri, Carmita McMullen, and Joseph McMullen to serve all tax returns, W-2s, or

10

similar documents as indicated in Defendant's Revised First Request for Production of Documents within five (5) days from the date of the Court's Order.

In light of Plaintiff Okonmah's blatant disregard for the rules of discovery, Walgreens further respectfully requests that this Court order Plaintiffs and their counsel to pay Walgreens' expenses, including the reasonable attorneys' fees caused by Plaintiffs' failure to respond to properly served discovery and any and all other sanctions that the Court may deem proper and just. A proposed order is attached for the convenience of the Court.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
    Edwin G. Torres
    Florida Bar No. 911569
    Heather L. Gatley
    Florida Bar No. 0050482
    Brian L. Lerner
    Florida Bar No. 0177202

11

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 26.1(I)

The undersigned hereby certifies that he has made a good faith effort to resolve the matters referred to in the preceding Motion and Memorandum. Counsel for Walgreens has conferred in writing and by telephone with opposing counsel in an attempt to resolve this discovery dispute informally. All efforts to resolve the matters contained in this Motion and Memorandum have failed.

By: _____
Brian L. Lerner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of September, 2000, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
Brian L. Lerner

MIA_1998/614757-1

12

STEEL HECTOR & DAVIS LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, MICHAEL
FERGUSON, JOSEPH PATRICK
MCMULLEN, DELORES OKONMAH,
BERNICE SHORTER-MEARES,
CONSTANCE ECHEBIRI, MIA DAWN
TAYLOR, CARMITA MCMULLEN,
Individually,

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.

_____/

### REVISED FIRST SET OF RULE 26.1G
### INTERROGATORIES TO PLAINTIFF DELORES OKONMAH

Defendant Walgreen Company ("Walgreens"), propounds the following interrogatories upon

Plaintiff Delores Okonmah and requests that they be answered separately, fully and under oath

within thirty (30) days of service pursuant to Fed. R. Civ. P. 33 and S.D. Fla. L.R. 26.1.G.

### DEFINITIONS

(a)     The words "you," "yours" and/or "yourselves" means plaintiff and agents,

representatives or other persons acting, or purporting to act, on behalf of plaintiff.

(b)     The singular shall include the plural and vice versa; the terms "and" or "or" shall be

both conjunctive and disjunctive; and the term "including" means "including without limitation".

(c)     "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best

approximation of the date (based upon relationship with other events).

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

(d)     The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

(e)     "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(g)     The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h)     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(i)     The term "action" shall mean the case entitled Joyce Williams *et al* v. Walgreen Co., Case No. 00-6151-Civ-Ungaro-Benages, pending in the United States District Court for the Southern District of Florida.

(j)     The word "identify", when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the documents, and a general description of the documents, including (1) the type of document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the

-2-

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship

of the author and addressee to each other.

## **INSTRUCTIONS**

If you object to fully identifying a document or oral communication because of a privilege,

you must nevertheless provide the following information pursuant to S.D. Fla. L.R. 26.1.G(b), unless

divulging the information would disclose the privileged information.

(1)     the nature of the privilege claimed (including work product);

(2)     if the privilege is being asserted in connection with a claim or defense governed by

state law, then state the privilege rule being invoked;

(3)     the date of the document or oral communication;

(4)     if a document: its type (correspondence, memorandum, facsimile etc.), custodian,

location, and such other information sufficient to identify the document for a subpoena duces tecum

or a document request, including where appropriate the author, the addressee, and, if not apparent,

the relationship between the author and addressee;

(5)     if an oral communication: the place where it was made, the names of the persons

present while it was made, and if not apparent, the relationship of the persons present to the

declarant; and

(6)     the general subject matter of the document or oral communication.

You are under a continuous obligation to supplement your answers to these interrogatories

under the circumstances specified in Fed. R. Civ. P. 26(e).

-3-

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

## **INTERROGATORIES**

1.      Please state the names, addresses, telephone numbers, place of employment and job title of witnesses who have, or who claim to have knowledge pertaining to any fact alleged in the pleadings (as defined in Fed. R. Civ. P. 7(a)) filed in this action, or any fact underlying the subject matter of this action.

-4-

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

2.    Please state the specific nature and substance of the knowledge that believe the

person(s) identified in your response to interrogatory no. 1 may have.

-5-

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

     3.      Please provide the name of each person whom you may use as an expert witness at trial.

-6-

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

4.      Please state in detail the substance of the opinions to be provided by each person

whom you may use as an expert witness at trial.

-7-

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

5.    Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each items of damages, including any mathematical formula used.

-8-

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

     6.     Please identify each document pertaining to each item of damages stated in your

response to interrogatory no. 5 above.

STEEL HECTOR & DAVIS LLP

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

7.    Please identify each document (including pertinent insurance agreements) pertaining

to any fact alleged in any pleading (as defined in Fed. R. Civ. P. 7(a)) filed in this action.

-10-

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

STATE OF FLORIDA        )
                              ) SS:
COUNTY OF MIAMI-DADE   )

_____
Delores Okonmah


BEFORE ME, the undersigned authority, personally appeared Delores Okonmah, personally known to me, or who produced her drivers license No._____ as identification, who, upon being first duly sworn deposes and says that she has read the above and foregoing Answers to Interrogatories and states that same are true and correct to the best of her knowledge and belief.

WITNESS my hand and seal in the County and State last aforesaid, this _____ day of _____, 2000.


_____
NOTARY PUBLIC SIGNATURE


_____
Printed or Typed Name of Notary

Commission No:_____

-11-

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile: (305) 577-7001

By: _Danielle G. Bowser_
      Mark R. Cheskin, P.A.
      Florida Bar No. 708402
      Danielle G. Bowser
      Florida Bar No. 0164143
      Brian L. Lerner
      Florida Bar No. 177202
      Robert C. L. Vaughan
      Florida Bar No. 0130095

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

U.S. Mail this 28th day of April, 2000 to: Kelsay D. Patterson, Esq., Law Office of Michael Tobin,

P.A., 1099 Ponce De Leon Blvd, Coral Gables, FL 33134-3319, Attorney for Plaintiffs.

By: _Danielle G. Bowser_
      Danielle G. Bowser

MIA_1998/579408-1

-12-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, MICHAEL
FERGUSON, JOSEPH PATRICK
MCMULLEN, DELORES OKONMAH,
BERNICE SHORTER-MEARES,
CONSTANCE ECHEBIRI, MIA DAWN
TAYLOR, CARMITA MCMULLEN,
Individually,

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.

_____/

## WALGREENS' REVISED FIRST REQUEST FOR PRODUCTION TO PLAINTIFF, CONSTANCE ECHEBIRI

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local General Rules of the Southern District of Florida, Defendant, WALGREEN COMPANY ("Walgreens") hereby serves on plaintiff, CONSTANCE ECHEBIRI ("Echebiri"), the following Request for Production of Documents.

### REQUEST FOR PRODUCTION

1.    Documents showing your educational background from college to the present.

2.    Documents showing your work history from high school graduation to the present.

3.    Your current resume and any prior versions of your resume.

4.    Documents relating to any charge of discrimination, provided by you to the Equal Employment Opportunity Commission (the "EEOC") or received by you from the EEOC.

5.      Documents sent to, or received from, any other governmental agency besides the EEOC relating to your claims against Walgreens.

6.      Documents that support your allegation that you were discriminated against because of your race, as alleged in your complaint.

7.      Your income tax returns and W-2, 1099, or similar forms for 1994, 1995, 1996, 1997, 1998 and 1999.

8.      Documents showing your efforts to obtain other employment while you have been working for Walgreens.

9.      Documents relating to any charge of discrimination you may have made against any other employer (whether made internally or to a government agency).

10.     Documents relating to any witness statements that you have in relation to this action.

11.     Any reports or underlying information provided to, or prepared by, or otherwise used by any expert witness that you anticipate will testify in this action.

12.     Documents that support the dollar amount for each element of damage you claim in this action.

13.     Documents reflecting any communication between you and Walgreens relating to the allegations of your Amended Complaint, including any notes of oral conversations.

14.     Employee handbooks and/or other statements of Walgreens' policies and procedures that you received from Walgreens.

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

15.    Documents showing that you sought or applied for any promotion while working at Walgreens.

16.    Documents showing that you sought or requested assignment to a permanent store location as described in paragraph 177 of your Amended Complaint.

17.    Documents showing that you complained to your Pharmacy Supervisor about not being placed in a permanent store location as described in paragraph 179 of your Amended Complaint.

18.    Documents showing that you complained about unwarranted disciplinary reports to your Pharmacy Manager as alleged in paragraph 186 of your Amended Complaint.

19.    Documents showing that you complained to the Pharmacy Supervisor and individuals at Walgreens' corporate headquarters about the "racial experiences" you encountered as alleged in paragraph 187 of your Amended Complaint.

20.    Appointment books, calendars, diaries, or journals kept by you from the time you became employed by Walgreens through the present.

21.    Documents showing any warnings or disciplinary actions against you by Walgreens.

22.    Documents reflecting your work performance with Walgreens.

23.    Documents that support your allegations of race discrimination as described in paragraphs 4-6 of your Amended Complaint.

-3-

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

24.    Documents that support your allegations that non-Black pharmacists with less experience and less time with Walgreens were assigned permanent stores over you as alleged in paragraphs 177-178 and 188 of your Amended Complaint.

25.    Documents that support your allegations that non-Black pharmacists with less experience and less time with Walgreens were assigned permanent stores with more desirable hours and promoted to the Pharmacy Manager position over you as alleged in paragraphs 179 and 188 of your Amended Complaint.

26.    Documents that support your allegations of racial insults and mockery as alleged in paragraphs 180 and 188 of your Amended Complaint.

27.    Documents that support your allegations that Walgreens denied you the time to attend your sister's funeral and mother's memorial service in 1997 and subjected you to harassment and disparate treatment as alleged in paragraphs 181 and 188 of your Amended Complaint.

28.    Documents that support your allegations that Walgreens created disciplinary records in order to besmirch your professional character and made false accusations about you as alleged in paragraph 182 of your Amended Complaint.

29.    Documents that support your allegations concerning Walgreens' refusal to initially cover your medical expenses incurred as a result of your on-the-job injury as alleged in paragraph 183 of your Amended Complaint.

-4-

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

30.    Documents that support your allegations that your previously-approved vacation request was denied in 1998 and that evidence your incurred travel expenses as alleged in paragraphs 184 and 188 of your Amended Complaint.

31.    Documents that support your allegations of medical problems and visits to physicians associated with your experiences at Walgreens as alleged in paragraph 185 of your Amended Complaint.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone:  (305) 577-2871
Facsimile:  (305) 577-7001

By:_____
Mark R. Cheskin, P.A.
Florida Bar No. 708402
Danielle G. Bowser
Florida Bar No. 164143
Brian L. Lerner
Florida Bar No. 177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 8th day of May, 2000 to:  Kelsay D. Patterson, Esq., Law Office of Michael Tobin, P.A., 1099 Ponce De Leon Blvd., Coral Gables, FL 33134-3319, Attorney for Plaintiffs.

By:_____
Danielle G. Bowser

MIA_1998/580937-1

-5-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, MICHAEL
FERGUSON, JOSEPH PATRICK
MCMULLEN, DELORES OKONMAH,
BERNICE SHORTER-MEARES,
CONSTANCE ECHEBIRI, MIA DAWN
TAYLOR, CARMITA MCMULLEN,
Individually,

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.

_____/

## WALGREENS' REVISED FIRST REQUEST FOR PRODUCTION TO PLAINTIFF, CARMITA MCMULLEN

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local General Rules of the Southern District of Florida, Defendant, WALGREEN COMPANY ("Walgreens") hereby serves on plaintiff, CARMITA MCMULLEN ("McMullen"), the following Request for Production of Documents.

## REQUEST FOR PRODUCTION

1.    Documents showing your educational background from college to the present.

2.    Documents showing your work history from high school graduation to the present.

3.    Your current resume and any prior versions of your resume.

4.    Documents relating to any charge of discrimination, provided by you to the Equal Employment Opportunity Commission (the "EEOC") or received by you from the EEOC.

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

5.      Documents sent to, or received from, any other governmental agency besides the EEOC relating to your claims against Walgreens.

6.      Documents that support your allegation that you were discriminated against because of your race, as alleged in your Amended Complaint.

7.      Your income tax returns and W-2, 1099, or similar forms for 1996, 1997, 1998 and 1999.

8.      Documents showing any wages or other income earned by you in 2000, including any compensation received by you for any work performed by you.

9.      Documents showing your efforts to obtain other employment while you still worked at Walgreens.

10.     Documents showing your efforts to obtain other employment since leaving Walgreens.

11.     Documents showing any employment you have obtained since leaving Walgreens.

12.     Document showing any unemployment compensation benefits you have received since leaving Walgreens.

13.     Documents relating to any charge of discrimination you may have made against any other employer (whether made internally or to a government agency).

14.     Documents relating to any witness statements that you have in relation to this action.

15.     Any reports or underlying information provided to, or prepared by, or otherwise used by any expert witness that you anticipate will testify in this action.

-2-

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

16.    Documents that support the dollar amount for each element of damage you claim in this action.

17.    Documents reflecting any communication between you and Walgreens relating to the allegations of your Amended Complaint, including any notes of oral conversations.

18.    Employee handbooks and/or other statements of Walgreens' policies and procedures that you received from Walgreens.

19.    Documents showing that you sought or applied for any promotion while working at Walgreens.

20.    Appointment books, calendars, diaries, or journals kept by you from the time you became employed by Walgreens through the present.

21.    Documents showing any warnings or disciplinary actions against you by Walgreens.

22.    Documents reflecting your work performance with Walgreens.

23.    Documents that support your allegations of race discrimination as described in paragraphs 4-6 of your Amended Complaint.

24.    Documents that support your allegations that you were transferred to an undesirable, low-performing store that closed two months after the transfer, even though there were Pharmacy Manager opportunities in more desirable stores as alleged in paragraph 241 of your Amended Complaint.

-3-

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

25.     Documents that support your allegations that non-Black pharmacists were informed about management positions and promoted over you as alleged in paragraphs 241-242 of your Amended Complaint.

26.     Documents reflecting or referring to your resignation from Walgreens.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile:  (305) 577-7001

By: _____
Mark R. Cheskin, P.A.
Florida Bar No. 708402
Danielle G. Bowser
Florida Bar No. 164143
Brian L. Lerner
Florida Bar No. 177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 8th day of May, 2000 to:  Kelsay D. Patterson, Esq., Law Office of Michael Tobin, P.A., 1099 Ponce De Leon Blvd., Coral Gables, FL 33134-3319, Attorney for Plaintiffs.

By: _____
Danielle G. Bowser

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, MICHAEL
FERGUSON, JOSEPH PATRICK
MCMULLEN, DELORES OKONMAH,
BERNICE SHORTER-MEARES,
CONSTANCE ECHEBIRI, MIA DAWN
TAYLOR, CARMITA MCMULLEN,
Individually,

   Plaintiffs,

vs.

WALGREEN COMPANY,

   Defendant.

_____/

## WALGREENS' REVISED FIRST REQUEST FOR PRODUCTION TO PLAINTIFF, JOSEPH PATRICK McMULLEN

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local General Rules of the Southern District of Florida, Defendant, WALGREEN COMPANY ("Walgreens") hereby serves on plaintiff, JOSEPH PATRICK McMULLEN ("McMullen"), the following Request for Production of Documents.

### REQUEST FOR PRODUCTION

1.   Documents showing your educational background from college to the present.

2.   Documents showing your work history from high school graduation to the present.

3.   Your current resume and any prior versions of your resume.

4.   Documents relating to any charge of discrimination, provided by you to the Equal Employment Opportunity Commission (the "EEOC") or received by you from the EEOC.

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

5.      Documents sent to, or received from, any other governmental agency besides the EEOC relating to your claims against Walgreens.

6.      Documents that support your allegation that you were discriminated against because of your race, as alleged in your Amended Complaint.

7.      Your income tax returns and W-2, 1099, or similar forms for 1994, 1995, 1996, 1997, 1998 and 1999.

8.      Documents showing any wages or other income earned by you in 2000, including any compensation received by you for any work performed by you.

9.      Documents showing your efforts to obtain other employment while you still worked for Walgreens.

10.     Documents showing your efforts to obtain other employment since leaving Walgreens.

11.     Documents showing any employment you have obtained since leaving Walgreens.

12.     Documents showing any unemployment compensation benefits you have received since leaving Walgreens.

13.     Documents relating to any charge of discrimination you may have made against any other employer (whether made internally or to a government agency).

14.     Documents relating to any witness statements that you have in relation to this action.

15.     Any reports or underlying information provided to, or prepared by, or otherwise used by any expert witness that you anticipate will testify in this action.

-2-

16.    Documents that support the dollar amount for each element of damage you claim in this action.

17.    Documents reflecting any communication between you and Walgreens relating to the allegations of your Amended Complaint, including any notes of oral conversations.

18.    Employee handbooks and/or other statements of Walgreens' policies and procedures that you received from Walgreens.

19.    Documents showing that you sought or applied for any promotion while working at Walgreens.

20.    Documents showing that you complained about alleged disparate treatment to Mr. Ripak, as alleged in paragraph 92 of your Amended Complaint.

21.    Appointment books, calendars, diaries, or journals kept by you from the time you became employed by Walgreens through the present.

22.    Documents showing any warnings or disciplinary actions against you by Walgreens.

23.    Documents reflecting your work performance with Walgreens.

24.    Documents that support your allegations of race discrimination as described in paragraphs 4-6 of your Amended Complaint.

25.    Documents that support your allegations that you received disparate treatment regarding Walgreens' store management training program as alleged in paragraphs 90-91 of your Amended Complaint.

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

26.     Documents that support your allegations of hostility and harassment from Mr. Ripak

as alleged in paragraph 92 of your Amended Complaint.

27.     Documents that support your allegations that less qualified non-Black pharmacists

and employees were permitted to enter into Walgreens' store management training program over

you, as alleged in paragraph 93 of your Amended Complaint.

28.     Documents reflecting or referring to your resignation from Walgreens.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone:  (305) 577-2871
Facsimile:  (305) 577-7001

By: _____
      Mark R. Cheskin, P.A.
      Florida Bar No. 708402
      Danielle G. Bowser
      Florida Bar No. 164143
      Brian L. Lerner
      Florida Bar No. 177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

U.S. Mail this 8th day of May, 2000 to:  Kelsay D. Patterson, Esq., Law Office of Michael Tobin,

P.A., 1099 Ponce De Leon Blvd, Coral Gables, FL 33134-3319, Attorney for Plaintiffs.

By: _____
      Danielle G. Bowser

-4-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, MICHAEL FERGUSON, JOSEPH PATRICK MCMULLEN, DELORES OKONMAH, BERNICE SHORTER-MEARES, CONSTANCE ECHEBIRI, MIA DAWN TAYLOR, CARMITA MCMULLEN, Individually,

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.

_____/

## WALGREENS' REVISED FIRST REQUEST FOR PRODUCTION TO PLAINTIFF, DELORES OKONMAH

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local General Rules of the Southern District of Florida, Defendant, WALGREEN COMPANY ("Walgreens") hereby serves on plaintiff, DELORES OKONMAH ("Okonmah"), the following Request for Production of Documents.

## REQUEST FOR PRODUCTION

1.    Documents showing your educational background from college to the present.

2.    Documents showing your work history from high school graduation to the present.

3.    Your current resume and any prior versions of your resume.

4.    Documents relating to any charge of discrimination, provided by you to the Equal Employment Opportunity Commission (the "EEOC") or received by you from the EEOC.

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

5.     Documents sent to, or received from, any other governmental agency besides the EEOC relating to your claims against Walgreens.

6.     Documents that support your allegation that you were discriminated against because of your race, as alleged in your Amended Complaint.

7.     Your income tax returns and W-2, 1099, or similar forms for 1994, 1995, 1996, 1997, 1998 and 1999.

8.     Documents showing your efforts to obtain other employment while you have been working for Walgreens.

9.     Documents relating to any charge of discrimination you may have made against any other employer (whether made internally or to a government agency).

10.     Documents relating to any witness statements that you have in relation to this action.

11.     Any reports or underlying information provided to, or prepared by, or otherwise used by any expert witness that you anticipate will testify in this action.

12.     Documents that support the dollar amount for each element of damage you claim in this action.

13.     Documents reflecting any communication between you and Walgreens relating to the allegations of your Amended Complaint, including any notes of oral conversations.

14.     Employee handbooks and/or other statements of Walgreens' policies and procedures that you received from Walgreens.

-2-

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

15.    Documents showing that you sought or applied for any promotion while working at Walgreens.

16.    Documents showing that you complained to your Store Manager, Pharmacy Manager, or any other member of management about customers chastising you and/or management's response to customers chastising you, as alleged in paragraph 121 of your Amended Complaint.

17.    Documents showing that you complained to the new, non-Black Pharmacy Manager and/or the Pharmacy Supervisor about the "unfair scheduling" as alleged in paragraph 122 of your Amended Complaint.

18.    Appointment books, calendars, diaries, or journals kept by you from the time you became employed by Walgreens through the present.

19.    Documents showing any warnings or disciplinary actions against you by Walgreens.

20.    Documents reflecting your work performance with Walgreens.

21.    Documents that support your allegations of race discrimination as described in paragraphs 4-6 of your Amended Complaint.

22.    Documents that support your allegations that, during your approximate first six months of employment with Walgreens, non-Black pharmacists with less experience and who had joined Walgreens around the same time as you were assigned permanent store locations as alleged in paragraph 120 of your Amended Complaint.

23.    Documents that support your allegations that non-Black pharmacists with less experience as pharmacists, less pharmacy management experience, and less time with Walgreens

-3-

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

were promoted over you as alleged in paragraph 121 and footnote 3 on page 26 of your Amended

Complaint.

24.    Documents that support your allegations concerning the December 17, 1999, incident

with Ms. Ceballos as alleged in paragraphs 123-125 of your Amended Complaint.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile: (305) 577-7001

By: _____
    Mark R. Cheskin, P.A.
    Florida Bar No. 708402
    Danielle G. Bowser
    Florida Bar No. 164143
    Brian L. Lerner
    Florida Bar No. 177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

U.S. Mail this 8th day of May, 2000 to: Kelsay D. Patterson, Esq., Law Office of Michael Tobin,

P.A., 1099 Ponce De Leon Blvd, Coral Gables, FL 33134-3319, Attorney for Plaintiffs.

By: _____
    Danielle G. Bowser

MIA_1998/579722-1

-4-

STEEL HECTOR & DAVIS LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Ungaro-Benages/Magistrate Judge Brown

JOYCE WILLIAMS, MICHAEL
FERGUSON, JOSEPH PATRICK
MCMULLEN, DELORES OKONMAH,
BERNICE SHORTER-MEARES,
CONSTANCE ECHEBIRI, MIA DAWN
TAYLOR, CARMITA MCMULLEN,
Individually,

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.

_____/

## WALGREENS' REVISED FIRST REQUEST FOR
## PRODUCTION TO PLAINTIFF, BERNICE SHORTER-MEARES

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local

General Rules of the Southern District of Florida, Defendant, WALGREEN COMPANY

("Walgreens") hereby serves on plaintiff, BERNICE SHORTER-MEARES ("Shorter-Meares"), the

following Request for Production of Documents.

## REQUEST FOR PRODUCTION

1.    Documents showing your educational background from college to the present.

2.    Documents showing your work history from high school graduation to the present.

3.    Your current resume and any prior versions of your resume.

4.    Documents relating to any charge of discrimination, provided by you to the Equal

Employment Opportunity Commission (the "EEOC") or received by you from the EEOC.

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

5.      Documents sent to, or received from, any other governmental agency besides the EEOC relating to your claims against Walgreens.

6.      Documents that support your allegation that you were discriminated against because of your race, as alleged in your Amended Complaint.

7.      Your income tax returns and W-2, 1099, or similar forms for 1996, 1997, 1998 and 1999.

8.      Documents showing your efforts to obtain other employment while you have been working for Walgreens.

9.      Documents relating to any charge of discrimination you may have made against any other employer (whether made internally or to a government agency).

10.     Documents relating to any witness statements that you have in relation to this action.

11.     Any reports or underlying information provided to, or prepared by, or otherwise used by any expert witness that you anticipate will testify in this action.

12.     Documents that support the dollar amount for each element of damage you claim in this action.

13.     Documents reflecting any communication between you and Walgreens relating to the allegations of your Amended Complaint, including any notes of oral conversations.

14.     Employee handbooks and/or other statements of Walgreens' policies and procedures that you received from Walgreens.

-2-

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

15.     Documents showing that you sought or applied for any promotion while working at Walgreens.

16.     Documents showing that you sought or requested assignment to a permanent store as described in paragraph 150 of your Amended Complaint.

17.     Appointment books, calendars, diaries, or journals kept by you from the time you became employed by Walgreens through the present.

18.     Documents showing any warnings or disciplinary actions against you by Walgreens.

19.     Documents reflecting your work performance with Walgreens.

20.     Documents that support your allegations of race discrimination as described in paragraphs 4-6 of your Amended Complaint.

21.     Documents that support your allegations that non-Black pharmacists with less time with Walgreens had been assigned to permanent store locations over you as alleged in paragraph 151 of your Amended Complaint.

22.     Documents that support your allegations that non-Black pharmacists with less experience, less pharmacy management experience, and less time with Walgreens were informed, interviewed, and considered for management positions and/or promoted over you as alleged in paragraphs 151-152 of your Amended Complaint.

-3-

STEEL HECTOR & DAVIS LLP

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Facsimile: (305) 577-7001

By: _Danielle G. Bowser_

    Mark R. Cheskin, P.A.
    Florida Bar No. 708402
    Danielle G. Bowser
    Florida Bar No. 164143
    Brian L. Lerner
    Florida Bar No. 177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 8th day of May, 2000 to: Kelsay D. Patterson, Esq., Law Office of Michael Tobin, P.A., 1099 Ponce De Leon Blvd., Coral Gables, FL 33134-3319, Attorney for Plaintiffs.

By: _Danielle G. Bowser_

    Danielle G. Bowser

MIA_1998/580028-1

-4-

# LAW OFFICES OF
## MICHAEL M. TOBIN, P.A.
1099 PONCE DE LEON BOULEVARD
CORAL GABLES (MIAMI), FLORIDA 33134-3319
TEL (305) 445-5475   FAX (305) 445-5479

June 8, 2000

Mark R. Cheskins, Esq.,
Steel Hector & Davis LLP
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398

Re:        Joyce Williams, et al. v. Walgreen Company

Dear Mr. Cheskins:

As per our conversation of Tuesday, June 6, 2000, this is in confirmation of our
agreement whereby you extended the Plaintiffs until Monday, June 19, 2000 to
provide responses to the Defendant's discovery. This discovery extension is
appreciated, and you can rest assured that I will extend the same courtesies in
the event you should make a similar request on the Defendant's behalf in the
future.

Sincerely,

MICHAEL M. TOBIN, P.A.

Kelsay D. Patterson

KDP/ch



RECEIVED JUN 0 9 2000

MICHAEL M. TOBIN          KELSAY D. PATTERSON          RICHARD D. TOBIN

S T E E L

HECTOR

▌D A V I S

200 South Biscayne Boulevard
Miami, Florida 33131-2398
305.577.7000
305.577.7001 Fax

Mark R. Cheskin, P.A.
305.577.2871

July 10, 2000

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

RE:    Williams v. Walgreen Company

Dear Mr. Patterson:

In response to Walgreen Company's requests for production and interrogatories served upon each of the eight plaintiffs, my office has only received interrogatory answers from Michael Ferguson, Joseph McMullen, Mia Dawn Taylor, Constance Echebiri, and Carmita McMullen; and responses to requests for production from Michael Ferguson, Joseph McMullen, Mia Dawn Taylor, and Carmita McMullen.

Thus, we have received no interrogatory answers from Joyce Williams, Delores Okonmah, and Bernice Shorter-Meares; and no responses to requests for productions from Joyce Williams, Dolores Okonmah, Bernice Shorter-Meares, and Constance Echebiri.

Additionally, as to the interrogatory answers that were served, plaintiff Constance Echebiri failed to provide addresses for most of the individuals listed in response to request 1, and none of the plaintiffs provided sufficient information in response to the damages interrogatories. Plaintiffs have filed a multi-count complaint against Walgreen Company, and by doing so, must have at least some idea of their potential damages. Accordingly, Walgreen's is entitled to plaintiffs' best information at this time.

As to the responses to the requests for production, for the most part, plaintiffs produced copies of their resumes, and little else. Certainly, plaintiffs must have some of the requested documents in their possession.

This letter is made in an effort to resolve a discovery dispute prior to bringing it to the Court's attention. If we do not receive interrogatory answers and responses to requests for production for the individuals listed above, along with the additional information and documents



S T E E L
H E C T O R
◼ D A V I S

Kelsay D. Patterson, Esq.
July 10, 2000
Page 2

noted above, by July 21, 2000, Walgreen Company will have no choice but to file an appropriate motion with the Court.

            Thank you for your anticipated cooperation.

Very truly yours,

Mark R. Cheskin, P.A.

MRC/jep

Kelsay D. Patterson, Esq.
July 10, 2000
Page 3

bcc:    Deidra Byrd

S T E E L ■

H E C T O R

■ D A V I S ˸

Brian L. Lerner

August 10, 2000

**VIA FACSIMILE**

Kelsay D. Patterson. Esq.
Law Offices of Michael M. Tobin. P.A.
1099 Ponce de Leon Boulevard
Coral Gables. Florida 33134-3319

     RE:   Williams v. Walgreen Company

Dear Mr. Patterson:

     In response to Walgreens' requests for production and interrogatories served upon each of the eight plaintiffs. this office still has not received interrogatory answers from Joyce Williams. Delores Okonmah. and Bernice Shorter-Meares: and no responses to requests for productions from Joyce Williams. Dolores Okonmah. Bernice Shorter-Meares. and Constance Echebiri.  The other deficiencies noted in Mr. Cheskin's earlier letter still remain unresolved.

     We have not heard from you on this matter and would prefer to resolve this issue without the Court's intervention but we cannot wait any longer.  Please contact me immediately as to how we may resolve these issues.  Should I not hear from you by August 18. 2000. Walgreens will be filing the appropriate motion with the Court.

     Additionally. I received your letter regarding your scheduling conflict with respect to the hearing set for August 25. 2000.  I have. as of yet. not received any notice from you filed with Court nor have I heard from the Court on this issue.  As such. Walgreens intends to appear at this hearing unless directed by the Court otherwise.

               Very truly yours.

               Brian L. Lerner

# LAW OFFICES OF
## MICHAEL M. TOBIN, P.A.
1099 PONCE DE LEON BOULEVARD
CORAL GABLES (MIAMI), FLORIDA 33134-3319
TEL (305) 445-5475   FAX (305) 445-5479

August 11, 2000

Brian Lerner, Esq.,
Steel Hector & Davis LLP
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398

### Via Fax (305)577-7001

Re:         Joyce Williams, et al. v. Walgreen Company

Dear Mr. Lerner:

I will make certain that you have your requested discovery by Friday, August 18, 2000. With respect to Constance Echebiri's Response to Defendant's Request for Production, her responses are attached.

With respect to the scheduling conflict, the appropriate notice was filed and you were served. Attached is a copy of the Plaintiff's Notice of Conflict.

As far as Defendant's Responses to Interrogatories are concerned, the following paragraphs are grossly inadequate, evasive, and/or improper objections in light of the well known standard by which discovery is judged: "reasonably calculated to lead to admissible evidence". The Defendant also has until August 18, 2000 to amend, supplement, and fully answer paragraphs: 1, 4, 7, 8, 9, 10, 11, 12, & 14.

Without question, these matters are discoverable. The interrogatories touch upon the proportionality of promotions (statistical evidence); other possible fact witnesses; and seek the names of the custodians of specified information.

Sincerely,

MICHAEL M. TOBIN, P.A.

Kelsay D. Patterson

KDP/ch

RECEIVED AUG 1 5 2000

MICHAEL M. TOBIN          KELSAY D. PATTERSON          MARY LOU PRADO          RICHARD D. TOBIN

# S T E E L ■
# H E C T O R
# ▨ D A V I S ⁻

Steel Hector & Davis ⌐⁼
200 South Biscayne Boulevard
Miami, Florida 33131-2398
305.577.7000
305.577.7001 Fax
www.steelhector.com

**Brian L. Lerner**
305.577.7048
blerner@steelhector.com

August 16, 2000

**VIA FACSIMILE**

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

RE:   Williams v. Walgreen Company

Dear Mr. Patterson:

This letter is to confirm our telephone conversation from this morning.  You agreed to give us an additional week (until August 25, 2000) to respond to your concerns regarding Walgreens' responses to Plaintiffs' Interrogatories.  I agreed to grant Plaintiffs the same time within which to serve interrogatory answers and responses to requests for production for Joyce Williams, Delores Okonmah, and Bernice Shorter-Meares as well as respond to Walgreens other discovery concerns addressed in prior letters.

Additionally, I do recall having received your notice of conflict, which you attached to your August 11, 2000, letter.  In response, I checked with the Clerk of the Court yesterday to see if an Order has been entered by the Court with respect to rescheduling.  The Clerk informed me that no Order had been entered and that she did not expect that any such Order would be entered.  As such, Walgreens still intends to appear at this hearing unless directed by the Court otherwise.

Very truly yours,

Brian L. Lerner

# STEEL ■
# HECTOR
# ■ DAVIS ̈

Steel Hector & Davis ...
200 South Biscayne Boulevard
Miami, Florida 33131-2398
305.577.7000
305.577.7001 Fax
www.steelhector.com

**Brian L. Lerner**
305.577.7048
blerner@steelhector.com

September 13, 2000

**VIA FACSIMILE**

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

   RE:  <u>Williams et al. v. Walgreen Company</u>

Dear Mr. Patterson:

   This letter is to confirm our conversation this afternoon regarding the following discovery issues:

   (1)  Walgreens has yet to receive any responses from Delores Okonmah;

   (2)  The insufficient response by all of the plaintiffs to Walgreens' Revised First Set of Interrogatories, No. 7;

   (3)  Joseph McMullen, Carmita McMullen, and Constance Echebiri's production of tax-related documents in response to Walgreens' Revised First Request for Production, No. 7;

   (4)  Documents that were not attached to Ms. Echebiri's response to Walgreens' Revised First Request for Production, Nos. 8 and 15; and

   (5)  The insufficient response by Mr. McMullen to Walgreens' Revised First Request for Production, No. 28.

   I communicated the need for these documents and the need for better responses on the damages issue. You communicated to me that you would be able to serve Ms. Okonmah's responses by Friday, September 15, 2000. You stated that Ms. Echebiri did not have tax-related documents for 1994, 1996, 1997, and 1998, and agreed to supplement her response stating that no documents exist for these years. Finally, you communicated to me that you would confer with your clients regarding the remaining issues and would have an answer for me on these issues by Friday, September 15, 2000.

HECTOR
■DAVIS˜

Kelsay D. Patterson, Esq.
September 13, 2000
Page 2

      Should I not hear from you regarding these issues and not receive Ms. Okonmah's discovery responses by Friday, September 15, 2000, I will be filing a Motion to Compel with the Court on Monday, September 18, 2000.

               Very truly yours,

               Brian L. Lerner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

       Plaintiffs,

v.

WALGREEN COMPANY,

       Defendant.

_____/

## PLAINTIFF, CONSTANCE ECHEBIRI'S NOTICE OF SERVICE OF ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

Plaintiff, Constance Echebiri, by and through undersigned counsel, and in accordance with Fed. R. Civ. P. 33 and S.D. Fla. L.R. 26.1 G., hereby gives Notice of Service of Answers to Revised First Set of Interrogatories.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 23rd day of June, 2000, to: Danielle G. Bowser, Esq., Steel Hector &

RECEIVED JUN 2 6 2000

1

Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami,

Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:    305-445-5475
Fax:    305-445-5479


KELSAY D. PATTERSON
Fla. Bar No. 119784

2

## CONSTANCE ECHEBIRI'S ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

1. **Allison Joseph**, (863)676-5575 (h), (863)967-7518 (w). Pharmacist of Walgreens.

   **Lonnie Carr**, (813)689-6494 (h), (813)684-7560. Pharmacist of Walgreens.

   **Esther Onuoha**, (617)541-8180. My sister.

   **Jason Denis**, (863)666-5946. Co-worker of Walgreens.

   **Daniel J. Diaz**, Assistant Store Manager, (863)967-7518.

   **Martin Northrop**, Pharmacy Supervisor, Tampa District, 3910 US Highway 301 North, Suite 255, Tampa, Florida 33619.

2. **Allison Joseph** is a Pharmacist with Walgreens Company. She can verify the years that I floated. She can also verify the many promotions that I was denied as well as denied common transfer requests.

   **Lonnie Carr,** Pharmacist from our former Tampa who will support the fact that all black Pharmacists including myself are put behind the Walgreens promotion ladder.

   **Esther Onuoha** is my sister who has knowledge about my complaints of discriminatory acts I received from Walgreens.

   **Jason Denis** and I worked the night shift together at store #3093 in Lakeland and I believe that he can verify the unfavorable treatment I received at this store. He also advised that I was to be watched closely by both the store manager Mr. Joe Carpenter and the pharmacy manager Mr. Mitch Pickos. Mr. Denis is also aware that I have more seniority than most of the pharmacy managers.

3

**Daniel Diaz** was the assistant store manager at Walgreens store #4005 in Winter Haven. He is my key witness who can my excellent job performance. He is aware of the treatment I received and knows that I have more seniority over most of the people that re working as pharmacy managers today. I even trained most of them during their internship. He can also verify that if there was ever a problem between black and white employees, the white employees were treated as they were telling the gospel truth.

**Martin Northrop** can verify that I have requested transfers to no avail.

3. Unknown at this time, will supplement in accord with the Pre-Trial Order.

4. See previous interrogatory response.

5. Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiff's Request for Production. No computation can be made as to the emotional humiliation, pain, embarrassment, and anger suffered due to the Defendant's failure to promote me. It is an item best left to a jury.

6. None as of this time.

7. No documents at this time as defined by Federal Rule of Civil Procedure 7(a).

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.

_____/

### PLAINTIFF, MICHAEL FERGUSON'S  NOTICE OF SERVICE OF ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

Plaintiff, Michael Ferguson, by and through undersigned counsel, and in accordance with Fed. R. Civ. P. 33 and S.D. Fla. L.R. 26.1 G., hereby gives Notice of Service of Answers to Revised First Set of Interrogatories.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _____ day of June, 2000, to: Danielle G. Bowser, Esq., Steel Hector &

RECEIVED

1

Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami,

Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:    305-445-5475
Fax:    305-445-5479


KELSAY D. PATTERSON
Fla. Bar No. 119784

2

## MICHAEL FERGUSON'S ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

1. **Mr. Gary Vanderbilt**, 5101 NW 21st Avenue, Suite 530, Ft. Lauderdale, Florida 33309, (954)739-4803. Walgreens, Central Broward District Office, District Supervisor.

   **Mr. Hall Lunsik**, address unknown. Pharmacist, (formally Miami North District, Pharmacy Supervisor).

   **Dion Herrera**, 2645 N. Hiatus Road, Cooper City, Miramar, Florida, (954)433-3885.

   **Mr. Joseph McMullen**, 13233 SW 50th Street, Miramar, Florida, 33027, (305)829-8728. Pharmacy Manger of Walgreens #4591, 509 West Hallandale Blvd., Hallandale, Florida, 33009, (954)456-4596.

   **Ms. Carmita McMullen**, same address and phone number as above. Pharmacy Manager of Walgreens #3498, 9498 NW 7th Avenue, Miami, Florida 33136, (305)836-1351.

   **Mr. Joseph Conway**, 9020 Biscayne Blvd., Miami Shores, Florida, 33138, (305)759-0195. Walgreens #3173, Pharmacy Manager.

2. I was supervised by **Gary Vanderbilt** as a staff pharmacist and promoted to pharmacy manager by Mr. Vanderbilt in the later part of 1989. On several occasions Mr. Vanderbilt expressed to me his satisfaction in my performance and abilities but would never write such satisfactory attributes in company performance evaluations. In 1990, I expressed to Mr. Vanderbilt my desire to become and be considered for a District Pharmacy Supervisor position with the Walgreens Company, however, I have yet to be afforded an interview nor notified of any upcoming available positions.

3

In June of 1999, **Mr. Hal Lunsik** expressed to me that he would give his highest recommendation and support on my behalf for becoming a District Pharmacy Supervisor.

**Dion Herrera** was aware of my interest in a District Pharmacy Supervisor position and occasionally we would discuss opportunities, salaries, and other subject matters pertaining to the District Pharmacy Supervisor positions that we were interested in.

Since 1994, on occasion, **Joseph McMullen** and I would discuss opportunities and situations concerning promotions within the company. We have also discussed the possibilities and likelihood of Blacks obtaining a District Pharmacy Supervisor or District Store Manager positions within the company.

Since 1994, **Carmita McMullen** and I have spoken about opportunities and possibilities of promotions within the company.

I have also had discussions with **John Conway** since 1999 regarding supervisor positions. The most recent conversation occurred in September of 1999.

3.  Unknown at this time, will supplement in accord with the Pre-Trial Order.

4.  See previous interrogatory response.

5.  Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiff's Request for Production. No computation can be

4

made as to the emotional humiliation, pain, embarrassment, and anger suffered

due to the Defendant's failure to promote me. It is an item best left to a jury.

6.  None as of this time.

7.  No documents at this time as defined by Federal Rule of Civil Procedure 7(a).

5

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

STATE OF FLORIDA      )
                         ) SS:
COUNTY OF MIAMI-DADE    )
     (Broward)

_Michael Ferguson_
Michael Ferguson

      BEFORE ME, the undersigned authority, personally appeared Michael Ferguson, personally known to me, or who produced his drivers license No. _F-620-591-55-138-0_ as identification, who, upon being first duly sworn deposes and says that he has read the above and foregoing Answers to Interrogatories and states that same are true and correct to the best of his knowledge and belief.

      WITNESS my hand and seal in the County and State last aforesaid, this ___ day of _May_, 2000.

_Cynthia A. McLeod_
NOTARY PUBLIC SIGNATURE

_____
Printed or Typed Name of Notary

Commission No:_____



CYNTHIA A. Mc LEOD
Notary Public, State of Florida
My comm. expires April 5, 2004
No. CC920428

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

       Plaintiffs,

v.

WALGREEN COMPANY,

       Defendant.
_____/

### PLAINTIFF, CARMITA MCMULLEN'S  NOTICE OF SERVICE OF ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

Plaintiff, Carmita McMullen, by and through undersigned counsel, and in accordance with Fed. R. Civ. P. 33 and S.D. Fla. L.R. 26.1 G., hereby gives Notice of Service of Answers to Revised First Set of Interrogatories.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 23rd day of June, 2000, to: Danielle G. Bowser, Esq., Steel Hector &

RECEIVED JUN 2 6 2000

1

Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami,

Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:    305-445-5475
Fax:    305-445-5479


KELSAY D. PATTERSON
Fla. Bar No. 119784

2

## CARMITA MCMULLEN'S ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

1. **Mr. William A. Powell, II**, 1604 NW 188th Terrace, Miami, Florida 33169, (305)621-2180. Pharmacy Manager of Walgreens #3782, 5701 NW 183rd Street, Miami, Florida 33015, (305)625-0952.

   **Mia Dawn Taylor**, 1113 NW 76th Street, Miami, Florida 33150, (305)696-5915. Pharmacist.

   **Mr. Michael Ferguson**, 6031 Pierce Street, Hollywood, Florida, 33024, (954)963-0132. Pharmacy Manager of Walgreens #3250, 18300 NW 183rd Street, Miami, Florida, 33026, (305)626-9469.

   **Mr. Albert Garcia**, Walgreens District Office, (305)591-9193. Pharmacy Supervisor.

   **Mr. Jorge Acosta**, Pharmacy Supervisor, Miami District, (305)591-9193

   **Ms. Vivian Ceballos**, Walgreens District Office, Pharmacy Supervisor, (305)591-9193.

   **Morgan Richard**, 1145 NW 88th Street, Miami, Florida, 33150, (305)693-6892. Walgreens Staff Pharmacist.

   **Ms. Serita White**, 450 NE 142nd Street, Miami, Florida, 33161, (305)895-9504. Pharmacy Manager of Walgreens #3679, 161 NE 54th Street, Miami, Florida 33137, (305)751-8887.

   **Mr. Gary Vanderbilt**, 5101 NW 21st Avenue, Suite 530, Ft. Lauderdale, Florida 33309, (954)739-4803. Walgreens, Central Broward District Office, District Supervisor.

   **Ms. Bernice Shorter-Meares**, 6284 NW 201st Lane, Miami, Florida 33015, (305)624-7658. Staff Pharmacist of Walgreens #3782, 5701 NW 183rd Street, Miami, Florida, 33015, (305)625-0952.

2. **William Powell** was my pharmacy supervisor before I was promoted to

pharmacy supervisor. I worked under him for approximately eight (8) months

3

before being promoted. He knows my work habits and has evaluated my work performance before my promotion.

**Mia Dawn Taylor** was a pharmacist while I was on intern for Walgreens and later became my partner. I was her pharmacy manager for approximately one (1) year.

**Michael Ferguson** was my Pharmacy Manager upon my graduating from pharmacy school. He has evaluated my work performance and I have worked under him for approximately eight (8) months to one (1) year.

**Albert Garcia** was my pharmacy supervisor before my resignation at Walgreens. He was my supervisor for approximately two (2) years. He has evaluated my work performance and he also transferred me from one location to another as pharmacy manager.

**Jorge Acosta** was my pharmacy supervisor who promoted me to staff pharmacist to pharmacy manager. He has evaluated my work performance.

**Vivian Ceballos** was my partner while I was pharmacy manager. I worked with her for a couple of months when she first began to work with Walgreens Company in Miami. I also trained her on the computer system and certain pharmacy functions. I worked with her until my transfer to another location.

**Morgan Richards** was my partner for approximately three (3) to four (4) months while I was a pharmacy manager. He was also the first to hire me at Walgreens from high school in 1986 as a cashier/technician.

4

**Serita White** was my pharmacy manager while I was a technician at Walgreens from 1987-1988 before going to college.

**Gary Vanderbilt** was my pharmacy supervisor when I graduated from pharmacy school in 1994. He hired me upon graduation.

**Bernice Shorter-Meares** was my partner while I was pharmacy manager. She can evaluate my work performance.

3. Unknown at this time, will supplement in accord with the Pre-Trial Order.

4. See previous interrogatory response.

5. Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiff's Request for Production. No computation can be made as to the emotional humiliation, pain, embarrassment, and anger suffered due to the Defendant's failure to promote me. It is an item best left to a jury.

6. None as of this time.

7. No documents at this time as defined by Federal Rule of Civil Procedure 7(a).

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

STATE OF FLORIDA       )
                    ) SS: 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

COUNTY OF MIAMI-DADE  )

_Carmita McMullen_ (signature)
Carmita McMullen

BEFORE ME, the undersigned authority, personally appeared Carmita McMullen, personally known to me, or who produced her drivers license No. M635-112-69-866 as identification, who, upon being first duly sworn deposes and says that she has read the above and foregoing Answers to Interrogatories and states that same are true and correct to the best of her knowledge and belief.

WITNESS my hand and seal in the County and State last aforesaid, this 25 day of May , 2000.

_(notary seal: MARVA A. GRAHAM, NOTARY PUBLIC, STATE OF FLORIDA, My Comm. Expires Jan. 25, 2002, No. CC751455, Bonded Thru Atlantic Bonding Co., Inc.)_

_(signature)_
NOTARY PUBLIC SIGNATURE

Marva Graham
Printed or Typed Name of Notary

Commission No: January 25, 2002

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.

_____/

## PLAINTIFF, JOSEPH MCMULLEN'S  NOTICE OF SERVICE
## OF ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

Plaintiff, Joseph McMullen, by and through undersigned counsel, and in

accordance with Fed. R. Civ. P. 33 and S.D. Fla. L.R. 26.1 G., hereby gives Notice

of Service of Answers to Revised First Set of Interrogatories.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was

mailed this 23rd day of June, 2000, to: Danielle G. Bowser, Esq., Steel Hector &

RECEIVED

Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami,

Florida 33131-2398.

> **MICHAEL M. TOBIN, P.A.**
> Attorneys for Plaintiffs
> 1099 Ponce De Leon Blvd.
> Coral Gables, Florida 33134-3319
> Tel:    305-445-5475
> Fax:    305-445-5479
>
>
> KELSAY D. PATTERSON
> Fla. Bar No. 119784

2

## JOSEPH MCMULLEN'S ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

1. **Ms. Serita White**, 450 NE 142nd Street, Miami, Florida, 33161, (305)895-9504. Pharmacy Manager of Walgreens #3679, 161 NE 54th Street, Miami, Florida 33137, (305)751-8887.

   **Mr. Gary Vanderbilt**, 5101 NW 21st Avenue, Suite 530, Ft. Lauderdale, Florida 33309, (954)739-4803. Walgreens, Central Broward District Office, District Supervisor.

   **Mr. Hall Lunsik**, address unknown. Pharmacist, (formally Miami North District, Pharmacy Supervisor).

   **Mr. William A. Powell, II**, 1604 NW 188th Terrace, Miami, Florida 33169, (305)621-2180. Pharmacy Manager of Walgreens #3782, 5701 NW 183rd Street, Miami, Florida 33015, (305)625-0952.

   **Mr. Michael Ferguson**, 6031 Pierce Street, Hollywood, Florida, 33024, (954)963-0132. Pharmacy Manager of Walgreens #3250, 18300 NW 183rd Street, Miami, Florida, 33026, (305)626-9469.

   **Mr. Brian K. Miller**, 10505 SW 19th Street, Miramar, Florida, 33025, (954)438-9384. Pharmacy Manager of Walgreens #2498, 3007 Aventura Blvd., Aventura, Florida 33180, (305)936-2483.

   **Morgan Richard**, 1145 NW 88th Street, Miami, Florida, 33150, (305)693-6892. Walgreens Staff Pharmacist.

   **Mr. Jorge Acosta**, Pharmacy Supervisor, Miami District, (305)591-9193

2. **Serita White** can verify my work performance. She once stated to me "if you keep up the hard work, you may become the first Black Pharmacy Supervisor".

   **Gary Vanderbilt** was my Pharmacy Supervisor that was responsible for my promotion as Pharmacy Manager. He has given me several compliments especially expressing the fact that I moved from Staff Pharmacist to Manager so quickly and at the busiest store in the Miami district.

3

**Hal Lunsik** and **Jorge Acosta** were my Pharmacy Supervisors at different times and each time I managed stores in their districts, the store was among the best in the district.

**Mr. Powell** served as my mentor as I became a Pharmacy Manager. Mr. Powell saw me work as a Staff Pharmacist and mature to become an excellent Manager.

**Michael Ferguson** was my Pharmacy Manager as I worked as a Intern then Staff Pharmacist. Michael was the one responsible for recommending me as Pharmacy Manager to Gary Vanderbilt. Michael helped me to become a well trained Pharmacist.

**Brian Miller** was a Staff Pharmacist while I was a Pharmacy Manager and obtained advice from me as he started on the path to become Pharmacy Manager which he did accomplish.

**Morgan Richards** worked with me when I was a Intern Pharmacist and Manager. He has seen me grown and has given me several compliments in my work performance.

3.  Unknown at this time, will supplement in accord with the Pre-Trial Order.

4.  See previous interrogatory response.

5.  Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiff's Request for Production. No computation can be

made as to the emotional humiliation, pain, embarrassment, and anger suffered

due to the Defendant's failure to promote me. It is an item best left to a jury.

6.  None as of this time.

7.  No documents at this time as defined by Federal Rule of Civil Procedure 7(a).

CASE NO.  00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

STATE OF FLORIDA            )
                           ) SS:
COUNTY OF MIAMI-DADE       )

_Joseph Patrick McMullen_
Joseph Patrick McMullen

BEFORE ME, the undersigned authority, personally appeared Joseph Patrick McMullen, personally known to me, or who produced his drivers license No. m254-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 as identification, who, upon being first duly sworn deposes and says that he has read the above and foregoing Answers to Interrogatories and states that same are true and correct to the best of his knowledge and belief.

WITNESS my hand and seal in the County and State last aforesaid, this 25 day of May , 2000.

NOTARY PUBLIC SIGNATURE

Marva Graham
Printed or Typed Name of Notary

Commission No: January 25, 2002

MARVA A. GRAHAM
NOTARY
My Comm. Expires
Jan. 25, 2002
No. CC751455
PUBLIC
STATE OF FLORIDA
Bonded Thru Atlantic Bonding Co., Inc.

-11-

STEEL HECTOR & DAVIS LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-HUCK/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.
_____/

### PLAINTIFF, BERNICE SHORTER-MEARES NOTICE OF SERVICE OF ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

Plaintiff, Bernice Shroter-Meares, by and through undersigned counsel, and in accordance with Fed. R. Civ. P. 33 and S.D. Fla. L.R. 26.1 G., hereby gives Notice of Service of Answers to Revised First Set of Interrogatories.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _29th_ day of August, 2000, to: Danielle G. Bowser, Esq., Steel Hector

1

RECEIVED AUG 2 6 2000

& Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor,

Miami, Florida 33131-2398.

        **MICHAEL M. TOBIN, P.A.**
        Attorneys for Plaintiffs
        1099 Ponce De Leon Blvd.
        Coral Gables, Florida 33134-3319
        Tel:   305-445-5475
        Fax:  305-445-5479

        KELSAY D. PATTERSON
        Fla. Bar No. 119784

2

## BERNICE SHORTER-MEARES ANSWERS TO REVISED FIRST SET
## OF INTERROGATORIES

1. **Mr. William A. Powell, II**, 1604 NW 188th Terrace, Miami, Florida 33169, (305)621-2180. Pharmacy Manager of Walgreens #3782, 5701 NW 183rd Street, Miami, Florida 33015, (305)625-0952.

   **Ms. Carmita McMullen**, same address and phone number as above. Pharmacy Manager of Walgreens #3498, 9498 NW 7th Avenue, Miami, Florida 33136, (305)836-1351.

   **Ms. Toni Bowen**, 11014 SW 158th Terrace, Miami, Florida, 33157, (305)256-652. Pharmacy Manager of Walgreens #2719, 791 NE 167th Street, Miami, Florida, 33162, (305)652-7332.

   **Mr. Albert Garcia**, Walgreens District Office, 8250 NW 27th Street, Suite 311, Miami, Fl 33126, (305)591-1085. Pharmacy Supervisor.

   **Mr. Jorge Acosta**, Pharmacy Supervisor, Miami District, 8250 NW 27th Street, Suite 311, Miami, Fl 33126, (305)591-1085.

   **Ms. Vivian Ceballos**, Walgreens District Office, Pharmacy Supervisor, 8250 NW 27th Street, Suite 311, Miami, Fl 33126, (305)591-1085.

   **Delores Okonmah**, RPh. Walgreens #3250, 1260 NW 189th Terr., Miami, Fl 33169, (305)652-7304.

   **Margaretta Johnson**, Pharm. D. (former Walgreens Pharmacy Manager) (305)825-8841.

   **Deborah Atkins**, RPh. Pharmacy Manager, Walgreens #4917, 690 NW 188th Terr., Miami, Fl 33169, (305)249-6795.

   **Roy Ripak**, Walgreens District Manager, 8250 NW 27th Street, Miami, Fl 33126, (305)591-1085.

2. The witnesses listed would know that non-black pharmacists with less experience have been promoted. Others were well aware of my strong desire to be placed into a management position, especially Albert Garcia and Jorge Acosta.

3                    RECEIVED AUG ? 0 2000

The named Plaintiffs in this law suit, would have knowledge and testimony relating to the Defendant's failure to interview and promote qualified black pharmacists with proven ability, and experience.

3.  Unknown at this time, will supplement once the Defendant serves its production materials as requested by my attorneys.

4.  See response to previous interrogatory.

5.  A finance/economist has yet to be retained, and no such person has been retained because the W2 and salary information as requested by my attorneys of the people in pharmacy manager and pharmacy supervisor positions have yet to be disclosed. At this point it is impossible to assess the back pay and/or front pay with any certainty by any retained expert without knowing the difference in salaries of the less qualified non-black peers. Additionally, intangible damages such as pain and suffering, mental anguish, frustration, and embarrassment are damages that cannot be measured by any formula but are best left to be determined and defined by a jury. For a summary of the damages identified and claimed, please review the Amended Complaint.

6.  Not applicable.

7.  Employee handbook/manuals as authored by the Defendant.

8.  Personnel files of the named Plaintiffs and myself in addition to the personnel files of the less qualified peers of a non-black race that have been previously identified. Wages and salary information of the non-black peers that have been promoted as requested by my attorneys, any EEOC charges filed by any of the

4

named Plaintiffs. The remaining documents which have not been identified, will be identified upon the receipt of documents as presently requested by my attorneys from the Defendant.

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

STATE OF FLORIDA       )
                       ) SS:
COUNTY OF MIAMI-DADE   )

_____
Bernice Shorter-Meares

      BEFORE ME, the undersigned authority, personally appeared Bernice Shorter-Meares, personally known to me, or who produced her drivers license No. _____ as identification, who, upon being first duly sworn deposes and says that she has read the above and foregoing Answers to Interrogatories and states that same are true and correct to the best of her knowledge and belief.

      WITNESS my hand and seal in the County and State last aforesaid, this ___ day of _____, 2000.

_____
NOTARY PUBLIC SIGNATURE

_____
Printed or Typed Name of Notary

Commission No: _____



Christine D. Hanson
Commission # CC 952048
Expires June 29, 2004
Bonded Thru
Atlantic Bonding Co., Inc.

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.
_____/

### PLAINTIFF, MIA DAWN TAYLOR'S  NOTICE OF SERVICE
### OF ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

    Plaintiff, Mia Dawn Taylor, by and through undersigned counsel, and in

accordance with Fed. R. Civ. P. 33 and S.D. Fla. L.R. 26.1 G., hereby gives Notice

of Service of Answers to Revised First Set of Interrogatories.

### CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing was

mailed this _____ day of June, 2000, to: Danielle G. Bowser, Esq., Steel Hector &

RECEIVED JUL 2 0 2000

1

Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami,

Florida 33131-2398.

> **MICHAEL M. TOBIN, P.A.**
> Attorneys for Plaintiffs
> 1099 Ponce De Leon Blvd.
> Coral Gables, Florida 33134-3319
> Tel:    305-445-5475
> Fax:   305-445-5479
>
>
> KELSAY D. PATTERSON
> Fla. Bar No. 119784

2

## MIA DAWN TAYLOR'S ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

1. **Ms. Serita White**, 450 NE 142nd Street, Miami, Florida, 33161, (305)895-9504. Pharmacy Manager of Walgreens #3679, 161 NE 54th Street, Miami, Florida 33137, (305)751-8887.

   **Mr. William A. Powell, II**, 1604 NW 188th Terrace, Miami, Florida 33169, (305)621-2180. Pharmacy Manager of Walgreens #3782, 5701 NW 183rd Street, Miami, Florida 33015, (305)625-0952.

   **Mr. Michael Ferguson**, 6031 Pierce Street, Hollywood, Florida, 33024, (954)963-0132. Pharmacy Manager of Walgreens #3250, 18300 NW 183rd Street, Miami, Florida, 33026, (305)626-9469.

   **Mr. Joseph McMullen**, 13233 SW 50th Street, Miramar, Florida, 33027, (305)829-8728. Pharmacy Manger of Walgreens #4591, 509 West Hallandale Blvd., Hallandale, Florida, 33009, (954)456-4596.

   **Ms. Carmita McMullen**, same address and phone number as above. Pharmacy Manager of Walgreens #3498, 9498 NW 7th Avenue, Miami, Florida 33136, (305)836-1351.

   **Mr. Brian K. Miller**, 10505 SW 19th Street, Miramar, Florida, 33025, (954)438-9384. Pharmacy Manager of Walgreens #2498, 3007 Aventura Blvd., Aventura, Florida 33180, (305)936-2483.

   **Ms. Toni Bowen**, 11014 SW 158th Terrace, Miami, Florida, 33157, (305)256-0652. Pharmacy Manager of Walgreens #2719, 791 NE 167th Street, Miami, Florida, 33162, (305)652-7332.

   **Ms. Bernice Shorter-Meares**, 6284 NW 201st Lane, Miami, Florida 33015, (305)624-7658. Staff Pharmacist of Walgreens #3782, 5701 NW 183rd Street, Miami, Florida, 33015, (305)625-0952.

   **Mr. Raymond Mandrell**, 1035 NW 130th Street, North Miami, Florida, 33168, (305)769-0345. Pharmacy Manager of Walgreens #3493, 9498 NW 7th Avenue, Miami, Florida 33150, (305)836-1351.

2.  I was hired by **Ms. White** in January, 1990, and worked under her supervision until approximately November, 1990. Ms. White can verify my work performance and evaluation.

I worked with **Mr. Powell** from approximately 1992 through 1994 and he can verify my work performance and evaluation.

I worked with **Mr. Ferguson** briefly between 1991 and 1992 and he can verify my work performance and evaluation.

I worked with **Mr. McMullen** from approximately 1994 through 1996 and he can verify my work performance, history, and evaluation.

I worked with **Ms. McMullen** from approximately 1996 through 1998 and she can verify my work performance and can also verify certain documents asked of me by supervisors.

I worked with **Mr. Miller** from 1995 through 1997 and he can verify my work performance.

I worked with **Ms. Bowen** from approximately 1995 through 1997 and she can verify my work performance.

I worked with **Ms. Shorter-Meares** from approximately 1996 through 1998 and she can verify my work performance.

**Mr. Mandrell** is my current manager and he too can verify my work performance.

3.  Unknown at this time, will supplement in accord with the Pre-Trial Order.

4

4. See previous interrogatory response.

5. Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiff's Request for Production. No computation can be made as to the emotional humiliation, pain, embarrassment, and anger suffered due to the Defendant's failure to promote me. It is an item best left to a jury.

6. None as of this time.

7. No documents at this time as defined by Federal Rule of Civil Procedure 7(a).

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

STATE OF FLORIDA              )
                             ) SS:
COUNTY OF MIAMI-DADE         )

Mia Dawn Taylor

BEFORE ME, the undersigned authority, personally appeared Mia Dawn Taylor, personally known to me, ~~or who produced her drivers license No.~~ _____ ~~as identification~~, who, upon being first duly sworn deposes and says that she has read the above and foregoing Answers to Interrogatories and states that same are true and correct to the best of her knowledge and belief.

WITNESS my hand and seal in the County and State last aforesaid, this 23rd day of JUNE , 2000.



NOTARY PUBLIC SIGNATURE

_____
Printed or Typed Name of Notary

Commission No:_____

Michael M Tobin
My Commission CC716623
Expires February 15, 2002

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

       Plaintiffs,

v.

WALGREEN COMPANY,

       Defendant.
_____/

## PLAINTIFF, JOYCE WILLIAMS' NOTICE OF SERVICE OF ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

Plaintiff, Joyce Williams, by and through undersigned counsel, and in accordance with Fed. R. Civ. P. 33 and S.D. Fla. L.R. 26.1 G., hereby gives Notice of Service of Answers to Revised First Set of Interrogatories.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 22 day of August, 2000, to: Danielle G. Bowser, Esq., Steel Hector

RECEIVED

1

& Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor,

Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:    305-445-5475
Fax:    305-445-5479


KELSAY D. PATTERSON
Fla. Bar No. 119784

2

## JOYCE WILLIAM'S ANSWERS TO REVISED FIRST SET OF INTERROGATORIES

1. **Tom Mistretta**, 102 Fletcher Avenue, Tampa, Florida 33612, Pharmacy Manager.

   **Laura Jeiven**, 3914 West Hillsborough Avenue, Tampa, Florida 33614, Pharmacy Manager.

   **Fran Meehan**, 21527 State Route 54, Landa Lakes, Florida 34639, Pharmacy Manager.

   **Holly Provance**, 3806 South Dale Mabry Avenue, Tampa, Florida 33611, Pharmacy Manager.

   **Tracy Harris**, 18469 US Highway 41, Lutz, Florida 33549, Pharmacy Manager.

   **Tracy Yoder**, 4651 Kennedy Blvd., Tampa, Florida 33609, Pharmacy Manager.

   a). The rest of these individuals are pharmacy managers but their addresses are unknown yet they work for the Defendant.

> Evelio Prieto;
> Lorry Rodriguez;
> Heather Lichner;
> Fon Choy;
> Karen Hile;
> Kim Chapman;
> Matt Christ;
> Caron Cohalla;
> Steve Hitchcock;
> Vicky Winn.

   b). All of the named Plaintiffs have knowledge pertaining to the facts alleged in the pleadings.

3

c). All of the witnesses previously identified in the interrogatory responses of the other named Plaintiff's which have already been forwarded to the Defendant. Additional witnesses are Debbie Bonanno, Kim Russell, Doug Healy, Donna O'Neal, Paul Whitt: All of these persons are also pharmacy managers who I have identified as being less experienced in my charge of discrimination with the EEOC.

d). I also believed that black pharmacists who have worked for the Defendant between 1995 and present, if identified, would assist in explaining the Defendant's alleged hiring and promotion from within policy yet the strong inconsistency and lack of presence of qualified black pharmacists in either the pharmacy supervisor position and the extremely low numbers in the position of pharmacy manager. These black pharmacists and their full names and last known addresses are unknown to me but they have been requested by my attorney and when this information is provided they will be added to the witness list.

2.  The witnesses listed would know that non-black pharmacists with less experience have been promoted, some of these people are in fact those non-black pharmacists with less experience, and the other witnesses that were identified, such as the named Plaintiffs in this law suit, would have knowledge and testimony relating to the Defendant's failure to interview and promote qualified black pharmacists with proven ability, and experience.

4

3.  Unknown at this time, will supplement once the Defendant serves its production materials as requested by my attorneys.

4.  See response to previous interrogatory.

5.  A finance/economist has yet to be retained, and no such person has been retained because the W2 and salary information as requested by my attorneys of the people in pharmacy manager and pharmacy supervisor positions have yet to be disclosed. At this point it is impossible to assess the back pay and/or front pay with any certainty by any retained expert without knowing the difference in salaries of the less qualified non-black peers. Additionally, intangible damages such as pain and suffering, mental anguish, frustration, and embarrassment are damages that cannot be measured by any formula but are best left to be determined and defined by a jury. For a summary of the damages identified and claimed, please review the Amended Complaint.

6.  Not applicable.

7.  Employee handbook/manuals as authored by the Defendant.

8.  Personnel files of the named Plaintiffs and myself in addition to the personnel files of the less qualified peers of a non-black race that have been  previously identified. Wages and salary information of the non-black peers that have been promoted as requested by my attorneys, my EEOC charges and any EEOC charges filed by any of the named Plaintiffs. The remaining documents which have not been identified, will be identified upon the receipt of documents as presently requested by my attorneys from the Defendant.

5

CASE NO. 00-6151-Civ-Ungaro-Benages
Magistrate Judge Brown

STATE OF FLORIDA         )
                         ) SS:
COUNTY OF MIAMI-DADE   )

*_____
Joyce Williams

     BEFORE ME, the undersigned authority, personally appeared Joyce Williams, personally known to me, or who produced her drivers license No. _____ as identification, who, upon being first duly sworn deposes and says that she has read the above and foregoing Answers to Interrogatories and states that same are true and correct to the best of her knowledge and belief.

     WITNESS my hand and seal in the County and State last aforesaid, this 21st day of
_Aug_ , 2000.

_____
NOTARY PUBLIC SIGNATURE

McPherson
Typed Name of Notary

Commission No: _3- 14-03_

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

                    Plaintiffs,

v.

WALGREEN COMPANY,

                    Defendant.
_____/

## PLAINTIFF CONSTANCE ECHEBIRI'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

Plaintiff, CONSTANCE ECHEBIRI, by and through undersigned counsel,

pursuant to the Federal Rules of Civil Procedure, hereby files his response to

Defendant's Request for Production as follows:

1. See attached.

2. See attached.

3. See attached.

4. None.

1

5.  None.

6.  None.

7.  See attached tax wage statements for the years of 1995 and 1999.

8.  Attached.

9.  None.

10. None.

11. None.

12. None.

13. See attached.

14. None.

15. See attached.

16. See attached.

17. Attached.

18. None.

19. None.

20. None.

21. None.

22. None.

23. None.

24. None.

25. None.

26. None.

27. Attached.

28. None.

29. None.

30. None.

31. None.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was

mailed this _11th_ day of ~~July~~ August, 2000, to: MARK R. CHESKIN, ESQ., Steel Hector &

Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami,

Florida 33131-2398.

MICHAEL M. TOBIN, P.A.
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:    305-445-5475
Fax:    305-445-5479

Kelsay D. Patterson
Kelsay D. Patterson
Fla. Bar No. 119784

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

                Plaintiffs,

v.

WALGREEN COMPANY,

                Defendant.

_____/

### PLAINTIFF CARMITA MCMULLEN'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

      Plaintiff, Carmita McMullen, by and through undersigned counsel,

pursuant to the Federal Rules of Civil Procedure, hereby files her response to

Defendant's Request for Production as follows:

      1.  See attached.

      2.  See attached.

      3.  See attached.

      4.  None.

5.  None.

6.  None.

7.  Not in our possession at this time.

8.  None.

9.  None.

10. See attached.

11. See attached.

12. Not applicable.

13. None.

14. None.

15. None.

16. Undetermined at this time.

17. None.

18. None.

19. None.

20. None.

21. None.

22. None in our possession. Walgreens would have such information on

    file.

23. None.

24. None.

2

25. None.

26. None.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28 day of June, 2000, to: MARK R. CHESKIN, ESQ., Steel Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:   305-445-5475
Fax:   305-445-5479

Kelsay D. Patterson
Fla. Bar No. 119784

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

                    Plaintiffs,

v.

WALGREEN COMPANY,

                    Defendant.
_____/

### PLAINTIFF JOSEPH McMULLEN'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

Plaintiff, Joseph McMullen, by and through undersigned counsel,

pursuant to the Federal Rules of Civil Procedure, hereby files his response to

Defendant's Request for Production as follows:

   1.  See attached.

   2.  See attached.

   3.  See attached.

   4.  None.

1

5. None.

6. None.

7. Not in our possession at this time.

8. None.

9. See attached resume. I applied to several companies but do not have any copies of the applications.

10. See attached.

11. See attached.

12. Not applicable.

13. None.

14. None.

15. None.

16. Undetermined at this time.

17. None.

18. No longer in my possession.

19. Not in my possession, however, letter was submitted to Walgreens, Mr. Ripak, District Manager, Mr. Maloney, Store Manager, and Mr. Gary Vanderbilt, Pharmacy Manager.

20. None.

21. None.

22. None in our possession. Walgreens would have such information on file.

2

23. See response to number 22.

24. None.

25. None.

26. No documentation only verbal.

27. None.

28. Walgreens would have such information.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _28_ day of June, 2000, to: MARK R. CHESKIN, ESQ., Steel Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:    305-445-5475
Fax:   305-445-5479

*Kelsay D. Patterson*
Kelsay D. Patterson
Fla. Bar No. 119784

3

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-HUCK/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.
_____/

## PLAINTIFF, BERNICE SHORTER-MEARES' RESPONSE TO DEFENDANT'S REVISED FIRST REQUEST FOR PRODUCTION

        Plaintiff, Bernice Shorter-Meares, by and through undersigned counsel,

and in accordance with Rule 34 of the Fed. R. Civ. P. and Rule 26.1 of the Local

General Rules of the Southern District of Florida, hereby responds to Defendant's

Revised First Request for Production as follows:

    1.  See attached.

    2.  See attached.

    3.  See attached.

1



4.  None.

5.  None.

6.  None.

7.  Will forward.

8.  None.

9.  None.

10. None.

11. None.

12. None.

13. None.

14. None.

15. None.

16. None.

17. None.

18. None.

19. None.

20. None.

21. None.

22. None.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 29th day of August, 2000, to: Brian Lerner, Esq, Esq., Steel Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

MICHAEL M. TOBIN, P.A.
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:   305-445-5475
Fax:   305-445-5479


KELSAY D. PATTERSON
Fla. Bar No. 119784

3