UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-HUCK

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

    Plaintiffs,
v.

WALGREEN COMPANY,

    Defendant.
_____/



### PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

The Plaintiffs, by and through undersigned counsel, files the above entitled pleading and as grounds states as follows:

1. The Defendant's attorney represents that the undersigned never had discussions with him about arranging a mutually convenient time for taking receipt of the requested documents. Defense counsel would have the Court believe that his own reference to those documents was unsolicited, unprompted, and a mere coincidence. **(See Defendant's Exhibit C)**. Defense counsel not only knew through telephonic discussions with the undersigned of the Plaintiffs'



1

desires to obtain those documents, but waited until August 25, 2000 to re-iterate the Defendant's previously expressed response. Rather than use the time extended by the Plaintiffs for producing the documents in question, the Defendant dragged its feet and delayed the filing of this motion only to give the same response. The Defendant cannot believe the Plaintiffs would prefer drafting and filing a twenty-five (25) page motion versus the Defendant producing those documents. The Defendant's representations are as illusive and silly as a restaurant using the slogan "free lunch tomorrow". The restaurant knows full well that tomorrow will always be a day away. Just as there will never be a "mutually convenient" time. What could be more clear than: <u>SEND THE DOCUMENTS TO US</u>. The Defendant has documents we want, there is no secret to it. If this Honorable Court would like an affidavit to the effect that defense counsel's affidavit is not worth the paper it is written upon, then one will be provided.

Since the Defendant cannot understand writings and conversations in English, the Plaintiff needs to Court's help to convey the following idea:

> The Plaintiffs requested the documents, therefore we have a need for them. Copy and forward then with any bill for copying services, and payment will be made.

2. With respect to the Defendant's other arguments as to why such relevant matters are not discoverable, the Plaintiffs will maintain their previously enunciated positions.

2

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 14th day of September, 2000, to: Brian Lerner, Esq., Attorneys for Defendant, Steel Hector & Davis LLP, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

        MICHAEL M. TOBIN, P.A.
        Attorneys for Plaintiffs
        1099 Ponce de Leon Blvd.
        Coral Gables, FL 33134
        Phone: (305) 445-5475
        Fax: (305) 445-5479

BY: *Kelsay D. Patterson*
        Kelsay D. Patterson, Esquire
        Florida Bar # 119784