UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

       Plaintiffs,

vs.

WALGREEN COMPANY,

       Defendant.
_____/

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DOCUMENTS AND ANSWERS TO ITS REVISED FIRST SET OF INTERROGATORIES AND REVISED FIRST REQUEST FOR PRODUCTION

In response to Walgreens' detailed motion setting forth the insufficient discovery responses provided by several of the plaintiffs and the complete failure to respond to discovery by others, Plaintiffs fail to address most of the assertions raised and otherwise interpose discovery responses in the Court papers that appeared nowhere in the discovery responses served upon Walgreens. Cognizant of the Southern District of Florida's prohibition against re-arguing grounds raised in an initial motion, Walgreens replies only to the extent that Plaintiffs entirely failed to respond to Walgreens' Motion or where further clarification may be necessary.



As a threshold matter, Plaintiffs fail to address in their responsive memorandum Plaintiff Oknomah's wholesale failure to respond to discovery. Oknomah ignored the discovery when served and Plaintiffs now ignore entirely Walgreens' Motion on this issue. *See Motion* at pp. 3-6. This type of pleading practice further supports Walgreens' request for the imposition of sanctions. *See Collins v. Burg*, 169 F.3d 563, 565 (8th Cir. 1999) (affirming award of attorney's fees following the plaintiff's failure to respond to interrogatories and requests for production); *see also EEOC v. Personnel Servs. of Fort Myers, Inc.*, 1989 WL 162784, *1 (M.D. Fla. May 12, 1989) (finding that an award of costs, including a reasonable attorney's fee, was appropriate in light of the defendant's total failure to respond in any manner to the plaintiff's discovery requests).

In their responses to Request No. 15 to Plaintiff Echebiri and Request No. 28 to Plaintiff J. McMullen, these plaintiffs referred Walgreens to "[a]ttached" documents yet attached no documents at all. In response to the Motion to Compel, they now assert that they produced all responsive documents and that they cannot produce what they lack. *See Response* at p. 3. Despite multiple telephone calls and correspondence on these issues, Plaintiffs only now, after Walgreens was forced to file this Motion, choose to reveal that no documents exist.

With respect to Request No. 8 to Echebiri, Walgreens requested "[d]ocuments showing your efforts to obtain other employment *while you have been working for Walgreens.*" Defendant's Revised First Request for Production, No. 8 (emphasis added). Again, Echebiri's response to the request, which attached no documents at all, was to see the "[a]ttached" documents. Response to Defendant's Revised First Request for Production, No. 8. In response to the Motion to Compel, Plaintiffs now state that Walgreens "was provided all documents the Plaintiff ha[d] in her possession." *Response* at p. 2. Plaintiffs then state that no responsive documents exist and that

2

"[t]he greater issue is that the Defendant fully knows the Plaintiff is still in their [sic] employ." *Id.* at p. 3. As is clear from the plain language of the request, Walgreens was seeking documents demonstrating Echebiri's efforts to find outside employment *while she was employed by Walgreens.* If, as Plaintiffs now appear to contend, there are no responsive documents to the request, which sought documents from a period of time during Echebiri's employ with Walgreens, then Plaintiffs should have so stated. Instead, Walgreens and this Court have both been required to exert considerable time in getting to the bottom of a discovery response that Plaintiffs could have answered nearly four months ago.

Walgreens made numerous efforts to resolve these discovery issues with Plaintiffs. Walgreens was told that by Plaintiffs' counsel that Okonmah would serve her discovery responses, Echebiri would supplement her discovery responses, and that counsel would have an answer regarding the remaining issues contained in Walgreens' Motion. *See* Letter to Kelsay D. Patterson, dated Sept. 13, 2000, attached as Exhibit H to Walgreens' Motion. If Plaintiffs had stated in their responses to Walgreens' discovery, or during any one of Walgreens' many efforts to resolve these issues, that there were no responsive documents, Walgreens' Motion would have been unnecessary. Instead, Walgreens was required to expend time and resources in attempting to secure "attached" documents that apparently do not exist. Plaintiffs' discovery and pleading practice is contrary to the mandates of the Local and Federal discovery rules, and Walgreens requests that this Court impose sanctions against Plaintiffs for their conduct.

3

## CONCLUSION

For all these reasons and the reasons set forth in Walgreens' Motion to Compel, Walgreens respectfully requests that this Court enter an order compelling discovery and awarding Walgreens' expenses, including reasonable attorneys' fees.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
Edwin G. Torres
Florida Bar No. 911569
Heather L. Gatley
Florida Bar No. 0050482
Brian L. Lerner
Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 10th day of October, 2000, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
Brian L. Lerner

MIA_1998/623184-1

4