UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

    Plaintiffs,

vs.

WALGREEN COMPANY,

    Defendant.
_____/

## WALGREENS' AGREED MOTION FOR ENLARGEMENT OF PRETRIAL DEADLINES

Defendant Walgreen Co. ("Walgreens"), pursuant to Federal Rule of Civil Procedure 6(b), moves this Court, with the agreement of the Plaintiffs, for a 90-day enlargement of time to complete pretrial tasks and for a 90-day extension of the trial date for the reasons set forth herein.

This case, as it is presently postured, is significantly different than it was when it was first filed. In that time period, plaintiffs voluntarily dismissed class action claims and this Court dismissed other claims pursuant to Walgreens' Motion to Dismiss. The parties are in agreement that this is a discovery intensive case and that, in light of these changes in posture and the limited discovery that has taken place thus far, the deadlines set by this Court on August 24, 2000, are overly

optimistic. In order to properly prepare this case for trial, the parties are in agreement that this Court extend the deadlines in this case by a minimum of 90 days.

### Pertinent Facts

1. On January 31, 2000, this case was originally filed as a class action on behalf of "all past, present, and future Black pharmacist employees" of Walgreens alleging race discrimination under both disparate impact and disparate treatment theories.

2. On April 4, 2000, Plaintiffs moved for a voluntary dismissal of the case as a class action and a voluntarily dismissal as to three of the named plaintiffs. This motion was granted on April 11, 2000.

3. Also, on April 4, 2000, Plaintiffs filed their First Amended Complaint on behalf of the eight individual plaintiffs. Again, this complaint alleged race discrimination under both disparate impact and disparate treatment theories. Only one of the eight plaintiffs filed a charge of discrimination prior to the initiation of the lawsuit.

4. On May 8, 2000, Walgreens moved to dismiss the First Amended Complaint on the grounds that the underlying charge of discrimination was not timely filed and was defective, that the plaintiffs could not rely on the single filing rule in avoiding administrative pre-requisites requiring the filing of a charge of discrimination, and that plaintiffs could not state a cause of action under section 1981. If successful, the motion would eliminate, at a minimum, seven of the eight plaintiffs from the case.

5. On May 9, 2000, this Court adopted the scheduling deadlines proposed by Walgreens in its Unilateral Scheduling and Status Report. Pursuant to that report, the deadline for discovery

2

was January 15, 2001, and for motions for summary judgment it was February 28, 2001. Trial was requested to be scheduled no earlier than April 23, 2001.

6. On August 16, 2000, this Court granted in part and denied in part Walgreens' Motion to Dismiss.

7. On August 16, 2000, this case was reassigned from Judge Ungaro-Benages to Judge Huck. On August 24, 2000, this Court issued a new Order Setting Civil Trial Date and Pretrial Schedule. This Order modified the pretrial deadlines set forth in the Scheduling and Status Report, in some cases moving the deadlines to an earlier date. For instance, the deadline for motions for summary judgement was moved forward a month to January 29, 2001.

8. Walgreens filed its Answer and Affirmative Defenses on September 8, 2000. Presently, this case is pending as a single action with eight individual plaintiffs. Given that each of the plaintiffs purport to state disparate treatment claims (with vastly different facts, different time periods, and different decision-making personnel), the one action is more akin to eight individual disparate treatment lawsuits. As a result, Walgreens must depose each of the eight plaintiffs, as well as the witnesses listed by each plaintiff, and explore the factual circumstances underlying the plaintiffs very distinct factual allegations. Additionally, each of the plaintiffs will likely want to depose a number of different current and former Walgreens employees and management personnel.

9. Under this Court's revised Scheduling Order, the parties have a period of only less than eight months from the Court's Order on the Motion to Dismiss to prepare this case for trial. Walgreens is concerned that it will be unable to comply with the pretrial schedule set by this Court, file a motion for summary judgment by April 30, 2001, complete necessary discovery by May 15, 2001, and move this case into a trial ready posture by the April 9, 2001 trial date.

3

10. Walgreens proposes that both the trial date and other pretrial deadlines be moved back for a period of approximately 90 days in accordance with the schedule set forth below:

| January 10, 2001 | Plaintiffs' Deadline to Disclose Expert Witnesses |
|---|---|
| January 30, 2001 | Defendant's Deadline to Disclose Expert Witnesses |
| February 19, 2001 | Plaintiffs' Deadline to Disclose Rebuttal Expert Witnesses Should Plaintiffs Not Disclose Expert Witnesses on Oct. 11, 2000, and Defendant Does Disclosure Expert Witnesses on Oct. 31, 2000 |
| March 9, 2001 | Deadline for Exchanging Witness Lists for Trial |
| April 5, 2001 | Deadline for Filing Selection of Mediator |
| April 30, 2001 | Deadline to Advise Court of Pending Discovery Motions; Deadline for Filing Summary Judgment |
| May 15, 2001 | Discovery Deadline |
| June 4, 2001 | Deadline for Filing All Pretrial Motions; Deadline for Parties to Meet to Prepare Pretrial Stipulation |
| June 19, 2001 | Deadline for Filing Any Motion for Continuance of Trial |
| June 22, 2001 | Deadline for Filing Joint Pretrial Stipulation |
| July 2, 2001 | Deadline for Filing Proposed Jury Instructions |
| July 4, 2001 | Calendar call |
| July 9, 2001 | Trial |

11. To date, Walgreens has received no discovery at all from one of the plaintiffs and has only recently acquired documents from the others. No depositions have been taken by either party as of the date of this Motion.

12. The undersigned has contacted counsel for Plaintiffs and is authorized to represent that Plaintiffs are in agreement with the enlargement being sought in this Motion.

4

13. The enlargement is sought in good faith and not for any dilatory purposes.

### Memorandum of Law

This case now is quite different than it was, and appeared to be, at its inception. As a result, Walgreens requests a short enlargement to ensure that the parties' are well-represented and that the issues are explored and refined prior to a trial in this case. Given the nature of plaintiffs' distinct claims, Walgreens anticipates that this case will be somewhat discovery-intensive. Walgreens, however, requests only a 90-day extension of the trial date to a date convenient for the Court, and a similar enlargement of discovery and pretrial deadlines.

Rule 6(b) of the Federal Rules of Civil Procedure provides that:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion . . . order the period enlarged if request therefor is made before the expiration of the period originally prescribed.

By its express terms, the rule affords wide discretion to this Court to enlarge time periods established by a Court Order. *See Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733 (5th Cir. 1967). Enlargement of time should be available when a party (or parties) demonstrates a reasonable basis for such a request. *See Beaufort Concrete Co. v. Atlantic States Constr. Co.*, 352 F.2d 460 (5th Cir. 1965), *cert. denied*, 384 U.S. 1004 (1966).

Here, Walgreens fears that it will be unable to adequately exhaust all viable avenues of discovery, including taking remaining depositions, and retaining and taking the depositions of relevant experts, before the February 13, 2001, cut-off date. Walgreens further anticipates being unable to adequately prepare its motion(s) for summary judgment by the January 29, 2001, deadline and to adequately prepare for trial by the April 9, 2001 trial date.

This Motion, if granted, will not operate to the detriment of either party. Indeed, this Motion should serve the ends of justice by permitting complete factual exploration of the issues in this case and allowing for adequate preparation of dispositive motions.

### Conclusion

For all of the aforementioned reasons, Walgreens respectfully requests that this Court enlarge both the discovery and pretrial deadlines for 90 days, and extend the trial date for at least 90 days, to a date that is convenient for the Court. A proposed order is attached for the Court's convenience.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: *[signature]*
Edwin G. Torres
Florida Bar No. 911569
Heather L. Gatley
Florida Bar No. 0050482
Brian L. Lerner
Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 11th day of October, 2000, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
Brian L. Lerner

MIA_1998/622571-1