UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-CIV-HUCK
Magistrate Judge Brown

JOYCE WILLIAMS, et al.,

    Plaintiffs,

vs.

WALGREEN COMPANY,

    Defendant.

_____/



### ORDER RE-SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period commencing **Monday, July 16, 2001,** before the Honorable Paul C. Huck, United States District Judge, U.S. Courthouse, 301 North Miami Avenue, 4th Floor, Miami, Florida. Calendar call shall be held on **Wednesday, July 11, 2001 at 8:30 a.m.** at the same location.

IT IS ORDERED AND ADJUDGED as follows:

1. No Pretrial Conference shall be held in this action, unless the parties so request or the Court determines, sua sponte that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2. Counsel must meet at least ONE MONTH prior to the beginning of the trial calendar to confer on the preparation of a pretrial stipulation.

3. The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below and shall conform to Local Rule 16.1(e). The Court will not accept unilateral pretrial stipulations, and will strike sua sponte any such submissions. Should any of the



parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

4.     In cases tried before a jury, the proposed jury instructions and verdict form must be submitted at least ONE WEEK prior to the beginning of the trial calendar. The parties shall submit a SINGLE JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) shall be underlined. Instructions and questions proposed only the defendant(s) shall be bold-faced. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. A copy of the proposed jury instructions and verdict form shall be delivered to chambers at the time of filing, together with a computer disk compatible with Corel WordPerfect version 8.0.

5.     In cases tried before the Court, each party shall file Proposed Findings of Fact and Conclusions of Law at least ONE WEEK prior to the beginning of the trial calendar. Proposed Conclusions of Law shall be supported by citations of authority. Copies shall be delivered to chambers at the time of filing.

6.     All exhibits must be pre-marked. The Plaintiff's exhibits shall be marked numerically. Defendant's exhibits shall be marked alphabetically. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties

shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

7. A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial calendar is scheduled to commence. A continuance of the trial date will be granted only on a showing of compelling circumstances.

8. Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9. The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances.

| Days prior to Trial Date | |
|---|---|
| 240 days | Joinder of additional parties and amended pleadings. |
| 180 days | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial. Only those <u>expert</u> witnesses listed shall be permitted to testify. Within the fourteen day period following this disclosure, the plaintiff shall make its experts available for deposition by the defendant. The experts' depositions may be conducted without further order from the Court. |
| 160 days | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial. Only those <u>expert</u> witnesses listed shall be permitted to testify. Within the fourteen day period following this disclosure, the defendant shall make its experts available for deposition by the plaintiff. The experts' depositions may be conducted without further order from the Court. |
| 140 days | If plaintiff did not initially disclose experts but defendant elects to utilize experts and discloses them, then plaintiff shall furnish opposing counsel with a written list containing the names and addresses of <u>any rebuttal expert</u> witnesses |

|   |   |
|---|---|
|  | intended to be called at trial. Only those <u>expert</u> witnesses listed shall be permitted to testify. Within the fourteen day period following this disclosure, the plaintiff shall make its experts available for deposition by the defendant. The experts' depositions may be conducted without further order from the Court. |
| <u>Note</u>: | These provisions pertaining to <u>expert</u> witnesses do not apply to treating physicians, psychologists or other health providers. |
| 120 days | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 70 days | All summary judgment and other dispositive motions must be filed. |
| 55 days | All discovery must be completed. |
| <u>Note</u>: | In the event that there are any unresolved discovery motion pending fifteen days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| 30 days | All other pretrial motions must be filed. |
| 15 days | Joint Pretrial Stipulation must be filed. |
| 7 days | Jury Instructions for jury trials or Proposed Findings of Fact and Conclusions of Law for non jury trials must be filed. |

10.     If the case is settled, counsel are directed to inform the Court promptly at (305) 523-5520 and to submit an appropriate Order for Dismissal, pursuant to Fed. R. Civ. P. 41 (a) (1). Such order must be filed within ten (10) days of notification of settlement to the Court.

11.     The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial. Stipulations that would so interfere may be made only with the Court's approval. *See* Fed.R.Civ.P. 29.

12. At least 90 days prior to the calendar call the parties shall select a mediator certified under Local Rule 16.2.B, shall schedule a time, date, and place for mediation, and shall jointly file a proposed order scheduling mediation in the form specified by Local Rule 16.2.H. If the parties cannot agree on a mediator, they shall notify the clerk in writing as soon as possible and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation at least 45 days prior to the calendar call.

13. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Rules, all discovery motions and non-dispositive motions filed pursuant to Federal Rules of Civil Procedure 12, 13 and 14 in this case are referred to Magistrate Judge Stephen T. Brown.

ORDERED this 19 day of October, 2000.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Kelsay D. Patterson, Esq.
1099 Ponce de Leon Blvd.
Coral Gables, FL 33134

Edwin G. Torres, Esq.
200 So. Biscayne Blvd., 40th Flr.
Miami, FL 33131