UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown



JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

   Plaintiffs,

v.

WALGREEN COMPANY,

   Defendant.
_____/

### NOTICE OF OBJECTION TO MAGISTRATE'S ORDER OF NOVEMBER 2, 2000

The Plaintiffs, by and through undersigned counsel file the above entitled pleading based upon the following reasons:

1. On September 20, 2000, the Defendant filed a Motion to Compel its First Set of Interrogatories and Production of Documents. The Defendant's motion was directed towards specific responses it deemed incomplete. The Defendant moved the court to order a better and more specific answer be given by the Plaintiffs for Interrogatory #5 which reads as follows:



"5.   Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e., general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used."

The Plaintiffs responded with:

"Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiffs' Request for Production. No computation can be made as to the emotional humiliation, pain, embarrassment, and anger suffered due to the Defendant's failure to promote me. It is an item best left to a jury." **(See Exhibit 1.)**

2.    In the Plaintiffs' response to the Defendant's motion, it was demonstrated to the court that the Defendant had yet to produce salary and earnings information on non-black managers who the Plaintiffs were planning on using as similarly situated counterparts. The Plaintiffs contend that non-black pharmacists are being promoted over them in addition to other daily/ongoing employment disparities. The Plaintiffs cannot calculate the difference in pay if they had been promoted without knowing the pay their counterparts are making in these positions. There would be no standard or litmus test to use in order to compute, compare, and assess the pay differential. Subsequent to filing their motion, the Defendant disclosed some of the requested salary production requests.

3.    On November 2, 2000, U.S. Magistrate Stephen T. Brown denied the Defendant's motion with respect to their fifth (5th) Interrogatory as it relates to anger, embarrassment, and humiliation. However, Magistrate Brown ordered specific salary

and economic computations be made within five (5) days of the Order's date. **(See Exhibit 2.)**

4. An order only providing for five (5) days to furnish these type of detailed specific responses in light of the Defendant's wrongful withholding of the relevant salary documents is both impractical and unfair. The Plaintiffs are all college educated professional pharmacists who must all, on an individual basis, meet with the economist to discuss their past and present employment package in order for the economist to assess the different impacts upon each individual Plaintiff. A few of the Plaintiffs are no longer employed by the Defendant, therefore medical, dental, salary, future upward mobility, ERISA plans, 401k plans, vacation/sick time, etc. . . must be contrasted. This requires present and future value computations.

No economist could comb through and review the volumes of salary documents the Defendant has now furnished, meet all eight (8) Plaintiffs (two of whom live in Tampa), and produce a report specifying specific amounts for <u>each</u> within five (5) days. It is a feat that is so entirely impossible that only injustice can follow from another order regarding their failure to comply with the Magistrate's Order of November 2, 2000.

5. The Plaintiffs do not seek to avoid this inquiry, as they intend to present concrete economic damages testimony. The Plaintiffs have no reason to sandbag, delay or evasively answer because this is one of the most significant issues in their claims. In light of the circumstances, and because the Defendant will not be prejudiced, the Plaintiffs request that said response be supplemented by or before December 8, 2000. It

should be noted that such a specific response will artificially push forward the Plaintiffs' disclosure of expert witnesses.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 9th day of November, 2000, to: Mark R. Cheskins, Esquire, Attorneys for Defendant, Steel, Hector & Davis, LLP, 200 South Biscayne Boulevard, 40th Floor, Miami, Florida, 33131-2398.

                      MICHAEL M. TOBIN, P.A.
                      Attorneys for Plaintiffs
                      1099 Ponce De Leon Boulevard
                      Coral Gables, Florida 33134
                      Phone: 305-445-5475
                      Fax: 305-445-5479

By: _____
     Kelsay D. Patterson
     Florida Bar Number 119784

nor does she have any such justification and she still has not served her responses. Accordingly, Walgreens is entitled to recover its reasonable attorney's fees and costs. *See Collins v. Burg*, 169 F.3d 563, 565 (8th Cir. 1999) (affirming award of attorney's fees following the plaintiff's failure to respond to interrogatories and requests for production); *see also Adams v. Autozoners, Inc.*, 2000 WL 235240, *2 (E.D. La. Feb 29, 2000) (noting that the court previously awarded attorney's fees under Fed. R. Civ. P. 37 for the plaintiff's failure to respond to discovery); *EEOC v. Personnel Servs. of Fort Myers, Inc.*, 1989 WL 162784, *1 (M.D. Fla. May 12, 1989) (finding that an award of costs, including a reasonable attorney's fee, was appropriate in light of the defendant's total failure to respond in any manner to the plaintiff's discovery requests).

## II.     Plaintiffs' Interrogatory Responses Are Insufficient

Constance Echebiri, Michael Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor, all of whom served their interrogatory responses on June 23, 2000, were asked the following interrogatory with respect to damages:

> 5.     Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each items of damages, including any mathematical formula used.

Defendant's Revised First Set of Interrogatories, No. 5, attached as Exhibit A. Each one of these plaintiffs responded to this interrogatory with the following:

> Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiff's Request for Production. No computation can be made as to the emotional humiliation, pain, embarrassment, and anger suffered due to the Defendant's failure to promote me. It is an item best left to a jury.



00-6151.oa

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6151 CIV HUCK

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; etc., et al.,

    Plaintiff,

vs.

WALGREEN COMPANY,

    Defendant.
_____/

### ORDER RE: MOTION TO COMPEL

**This matter** is before this Court on Defendant's Motion to Compel Documents and Answers to Its Revised...Interrogatories and Revised ...Request for Production, filed September 18, 2000. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. With regard to plaintiff Delores Okonmah the motion is **GRANTED.** She shall answer the interrogatories and produce the documents requested within five (5) days from the date of this order.

2. The motion is **GRANTED, in part,** as to interrogatory 5 with regard to plaintiffs Echebiri, Ferguson, Carmita McMullen, Joseph McMullen,and Mia Dawn Taylor. The Court agrees that certain damages are not readily ascertainable (emotional, humiliation, pain embarrassment and



anger), but as to the other damages claimed they shall be answered with specificity within five (5) days from the date of this order. The same holds for plaintiffs Bernice Shorter-Meares and Joyce Williams.

3. The motion is **DENIED** with regard to the McMullens as to production request 7, based on the response at page 2. If the information is not forthcoming within thirty (30) days from the date of this order, plaintiffs shall execute an authorization for defendant to obtain the information sought. The motion is **GRANTED** as to plaintiff Shorter-Meares who shall produce her tax returns within five (5) days from the date of this order. Plaintiff Echebiri shall produce the returns for the years not produced within five (5) days from the date of this order.

4. The motion is **DENIED** with regard to request 8 to plaintiff Echebiri based on the response at page 2.

5. The motion is **DENIED** with regard to request 15 to plaintiff Echebiri and request 28 to plaintiff J. McMullen based on the response at page 3.

**DONE AND ORDERED** this 2d day of November, 2000 at Miami, Dade County, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Paul C. Huck
      Brian Lerner, Esq.
      Kelsay D. Patterson, Esq.