UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6151-Civ-Huck/Brown

FILED BY _____ D.C.
STAKE

00 NOV 20 PM 3: 59

CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF
## OBJECTION TO MAGISTRATE'S ORDER OF NOVEMBER 2, 2000

Pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Fla. Mag J Rule 4(a)(a), Defendant Walgreen

Co. ("Walgreens"), files this response in opposition to Plaintiffs' Notice of Objection to the

Magistrate Judge's November 2, 2000, Order.

### INTRODUCTION

On April 28, 2000, Walgreens served its Revised First Set of Interrogatories upon all of the

plaintiffs. *See* Defendant's Revised First Set of Interrogatories, dated Apr. 28, 2000, attached as

Exhibit A to Defendant's Motion to Compel dated Sept. 18, 2000.  Following an agreed to

enlargement of time, on June 23, 2000, Plaintiffs Constance Echebiri, Michael Ferguson, Carmita

STEEL HECTOR & DAVIS LLP

McMullen, Joseph McMullen, and Mia Dawn Taylor served their interrogatory answers.[1]

Following two months of extra-judicial efforts to resolve several discovery issues, Walgreens moved to compel Plaintiffs, in part, to serve better answers to Defendant's Revised First Set of Interrogatories, No. 5. *See* Defendant's Motion to Compel, dated Sept. 18, 2000, attached as Exhibit A.[2]

On November 2, 2000, the Magistrate Judge granted, in part, and denied, in part, Walgreens' motion. *See* Court's Order Re: Motion to Compel, dated Nov. 2, 2000, attached as Exhibit B. The Court ordered, in part, that Plaintiffs answer Interrogatory No. 5 "with specificity" as to certain important aspects of their damages. *Id.*

Pursuant to the Court's Order, Plaintiffs were to provide this information to Walgreens "within five (5) days from the date of this order," which was November 7, 2000. On November 9, 2000, Plaintiffs served their objection to the Magistrate Judge's Order. Specifically, Plaintiffs objected to having to serve their corrected and supplemented answers to Interrogatory No. 5 by November 7, 2000.[3] *See* Plaintiffs' Notice of Objection to Magistrate's Order of November 2, 2000, at p. 4, dated Nov. 9, 2000 ("*Notice*").

---

[1] Following several phone calls and letters, Walgreens received answers from Plaintiff Joyce Williams on August 22, 2000, and from Plaintiff Bernice Shorter-Meares on August 29, 2000, which were originally due on June 19, 2000.

[2] Following the full briefing of this motion by the parties, on October 25, 2000, Plaintiff Delores Okonmah served her interrogatory answers. No responses to Walgreens' production requests were ever served by this plaintiff.

[3] Walgreens has filed a separate motion seeking to dismiss, strike, and/or sanction Plaintiffs for their failure to comply with the remainder of the Magistrate Judge's Order, which included two plaintiffs producing tax records and one plaintiff, who did not respond to discovery, serving discovery responses. *See* Defendant's Motion to Strike and/or Dismiss Plaintiffs' Claims for Failure to Comply with the Court's November 2, 2000, Order.

2

Plaintiffs' objection should be denied and the Magistrate Judge's Order affirmed. Simply put, Plaintiffs have failed to meet their burden, let alone even allege, that the Magistrate Judge's Order was clearly erroneous or contrary to law. Plaintiffs' notice does not appear to be an objection per se but rather a request for an enlargement of time. Notwithstanding, this request should be denied because Plaintiffs' failed to confer with Walgreens as required by the Local Rules. Alternatively, this request should be denied because eleven months have passed and the time has come for Plaintiffs to provide some information as to their respective damages.

**MEMORANDUM OF LAW**

**I.    The Magistrate Judge's Order Was Not Clearly Erroneous Or Contrary To Law**

The Local Rules limit what types of interrogatories may be propounded at the commencement of discovery. *See* S.D. Fla. L.R. 26.1(G)(2). The Local Rules, however, specifically allow the parties to propound interrogatories regarding the "computation of each category of damages alleged." *Id.*

In keeping with the Local Rules, Walgreens propounded damages interrogatories on each of the eight plaintiffs. All eight of the plaintiffs were asked the following interrogatory with respect to damages:

> 5.    Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each items of damages, including any mathematical formula used.

3

Defendant's Revised First Set of Interrogatories, No. 5. Indeed, this interrogatory was taken <u>directly</u> <u>from the model interrogatory</u> found in the Discovery Handbook. *See* Discovery Practices Handbook for the Southern District of Florida, Gen. App. B.

This district made the conscious decision to limit discovery at the commencement of the case. This district also made the conscious decision to allow the parties to propound interrogatories relevant to the issue of damages from the outset of the case. Plaintiffs have failed to provide information that the courts in this district deem central to a case and certainly deem answerable without the need to undergo prior discovery.

One of the primary roles of the Federal Rules of Civil Procedure is to "achieve disclosure of all the evidence relevant to the merits of a controversy." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989). Indeed, the Supreme Court stated that "[t]he very integrity of the judicial system and public confidence in the system depends on full disclosure of the facts." *Taylor v. Illinois*, 484 U.S. 400 (1988). The Magistrate Judge recognized this fact and compelled Plaintiffs to answer part of this interrogatory.

Ultimately, Plaintiffs objection should be denied. The Local Rules clearly provide the burden that Plaintiffs must overcome in seeking to set aside a non-dispositive order of the Magistrate Judge. *See* S.D. Fla. Mag J Rule 4(a)(1) ("The District Judge shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."). Plaintiffs have failed to meet – let alone even allege – that the Magistrate Judge's order was clearly erroneous or contrary to law. The Magistrate Judge's decision, nevertheless, was well within the established boundaries of the law and should be affirmed.

4

## II.    Plaintiffs' Request For An Enlargement Of Time Should Be Denied

Plaintiffs do not appear to object to the Magistrate Judge's Order; rather, they appear to be requesting additional time to respond. Walgreens would request that this Court deny that request. First, Plaintiffs failed to comply with the Local Rules, which require counsel to confer with the opposing party prior to any request for an enlargement of time. *See* S.D. Fla. L.R. 7.1(A)(3)(a) ("Prior to filing any motion in a civil case, . . . counsel for the moving party shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with counsel for the opposing party."); *see also* S.D. Fla. L.R. 26.1(I) ("Prior to filing any discovery motion, counsel for the moving party shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with counsel for the opposing party.").

No effort was made and no statement certifying as such was attached to Plaintiffs' motion; thus, this Court should deny Plaintiffs' request. *See Republic of Haiti v. Crown Charters, Inc.*, 667 F. Supp. 839, 849-50 (S.D. Fla. 1987) (ruling motion to compel fatally defective where motion did not contain statement certifying good-faith efforts made); *see also Taylor v. Florida Atl. Univ.*, 132 F.R.D. 304, 305 (S.D. Fla. 1990) (denying motion to compel without consideration for failure to certify that counsel conferred with opposing counsel in a good-faith effort to resolve the dispute and has been unable to do so).[4]

Second, Plaintiffs request should be denied because, in short, the time has come for Plaintiffs to answer. Walgreens has been cooperative and collegial with respect to any of Plaintiffs' previous requests for additional time – agreeing to several enlargements with respect to Plaintiffs' response

---

[4] In fact, the Court previous denied one of Plaintiffs' motions for failing to comply with the good-faith requirements under S.D. Fla. L.R. 26.1(I). *See* Court's Order Denying Motion to Compel Discovery, dated Sept. 26, 2000, attached as Exhibit C.

Walgreens' initial Motion to Dismiss, a three week enlargement as to Plaintiffs responses to Walgreens first set of discovery, and almost two months of extensions when Plaintiffs were notified of their discovery deficiencies and assured Walgreens they would respond.

This time, however, Walgreens' must oppose this request. Nearly eleven months have come and gone since this case was initially filed on January 31, 2000. When filing their complaint, Plaintiffs must have had some idea of their damages. If Plaintiffs were not expected to know their damages at that time, which is hard to accept considering they must have had some good-faith basis to know this information in order to file their Complaint and assert these allegations, then they should have known this information by the time they received this interrogatory on April 28, 2000 – over six months ago.

Plaintiffs have delayed and delayed this case while discovery continues to proceed. As a result of Plaintiffs' conduct, Walgreens has been unable to conduct even one deposition because, as Plaintiffs know full well, depositions would be meaningless as a discovery tool without Walgreens having an idea as to Plaintiffs' damages. The time has come that Plaintiffs offer some evidence, even a mere scintilla of evidence, with respect to their damages, which they were supposed to have offered as part of their complaint. Any further delay will greatly prejudice Walgreens.

As to their ability to answer this interrogatory, Plaintiffs have tax records, W-2s, policy manuals, and possibly pay stubs to recreate their back pay and salary information. Plaintiffs may argue that they cannot provide genuine information because they have no comparator salary information. This simply would be misleading. Plaintiffs received not only their earnings summarys

6

but also the earnings summarys of persons they named as alleged comparators on September 27, 2000. Plaintiffs have had this information for now over a month.[5]

Finally, Walgreens must point out that Plaintiffs' argument that "a specific response will artificially push forward Plaintiffs' disclosure of expert witnesses" reveals the type of discovery conduct they have and continue to perpetuate. *Notice*, at p. 4. Plaintiffs have known since at least June 23, 2000, when some of the plaintiffs responded to Interrogatory No. 5, that they would need an expert. Rather than disclose what they already know, Plaintiffs have decided to wait until the absolute last moment to provide this information – engaging in a game of poker rather than discovery. If Plaintiffs have known since June 23, 2000, that they would use an expert to calculate damages and Plaintiffs have had their earnings summaries since September 27, 2000, then Plaintiffs should be able to provide some calculation of their damages.

---

[5] Walgreens would note that five of the plaintiffs were pharmacists and allege that they sought promotion to the position of Pharmacy Manager. Notably, the other three plaintiffs were Pharmacy Managers and thus the five plaintiffs that were pharmacists, without having received any information from Walgreens, would have been able to use the earnings of the three co-plaintiffs that were Pharmacy Managers to calculate back pay.

STEEL HECTOR & DAVIS LLP

## CONCLUSION

For the foregoing reasons, Walgreens respectfully requests that this Court affirm the Magistrate Judge's Order. Plaintiffs have failed to establish that the order was clearly erroneous or contrary to law. Additionally, Plaintiffs failed to comply with the Local Rules in requesting additional time to respond to information they should have produced over six months ago.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
    Edwin G. Torres
    Florida Bar No. 911569
    Heather L. Gatley
    Florida Bar No. 0050482
    Brian L. Lerner
    Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 20th day of November, 2000, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
    Brian L. Lerner

MIA_1998/630561-1

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;



Plaintiffs,

vs.

WALGREEN COMPANY,

Defendant.
_____/

### DEFENDANT'S MOTION TO COMPEL DOCUMENTS AND
### ANSWERS TO ITS REVISED FIRST SET OF INTERROGATORIES
### AND REVISED FIRST REQUEST FOR PRODUCTION
### AND CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 26.1(I)

Pursuant to Fed. R. Civ. P. 37 and S.D. Fla. L.R. 26.1(H), Defendant Walgreen Co.

("Walgreens"), moves this Court for an Order compelling Plaintiffs to respond fully and adequately

to Walgreens' Revised First Set of Interrogatories and Revised First Request for Production of

Documents. The support for this Motion to Compel is contained in the following Memorandum of

Law and Certification of Compliance with Local Rule 26.1(I).

### INTRODUCTION

This Motion arises out of Plaintiff Delores Okonmah's <u>complete failure</u> to respond to two

sets of discovery propounded upon her and out of the inadequate responses provided to certain

discovery propounded upon the seven other plaintiffs in this case.

On April 28, 2000, Walgreens served its Revised First Set of Interrogatories upon all of the plaintiffs. *See* Defendant's Revised First Set of Interrogatories. dated Apr. 28. 2000. attached as Exhibit A.[1]  On May 8, 2000, Walgreens served its Revised First Request for Production of Documents upon all of the plaintiffs. *See* Defendant Walgreens' Revised First Request for Production of Documents, dated May 8, 2000, attached as composite Exhibit B.[2]

Plaintiffs' responses to the interrogatories were due May 29, 2000. Plaintiffs' responses to the production requests were due June 7, 2000. After the deadlines for service had passed. Plaintiffs requested an enlargement of time to respond to this discovery. Walgreens agreed to grant Plaintiffs an enlargement of time through June 19, 2000. *See* Letter to Mark R. Cheskin. dated June 8, 2000, attached as Exhibit C. On June 23, 2000, Walgreens was served with interrogatory answers from Constance Echebiri, Michael Ferguson, Carmita McMullen, Joseph McMullen. and Mia Dawn Taylor. On June 28, 2000, Walgreens was served with production responses from Michael Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor.  Having not received any discovery at all from four of the plaintiffs, Walgreens requested, on July 10, 2000, that these four Plaintiffs serve responses and that the remaining plaintiffs correct deficiencies in their served responses. *See* Letter to Kelsay D. Patterson, dated July 10, 2000, attached as Exhibit D.

Still having not heard from Plaintiffs. Walgreens made another effort to resolve the matter without Court intervention. *See* Letter to Kelsay D. Patterson. dated Aug. 10, 2000, attached as Exhibit E. Plaintiffs responded that they would "make certain that [Walgreens] ha[d] [its] requested discovery by August 18, 2000." Letter to Brian Lerner, dated Aug. 11, 2000, attached as Exhibit F.

---

[1] Walgreens has attached only one copy of its Revised First Set of Interrogatories because Walgreens served each Plaintiff with identical interrogatories.  Walgreens will file the remaining copies served on each Plaintiff should this Court invite or direct otherwise.

[2] Walgreens has attached copies of its Revised First Request for Production of Documents served only on the plaintiffs that are the subject of this Motion.

STEEL HECTOR & DAVIS LLP

Walgreens agreed to provide Plaintiffs an additional week to correct their discovery. *See* Letter to Kelsay D. Patterson, dated Aug. 16, 2000, attached as Exhibit G.

Following the exchange of letters in mid-August, Walgreens was served with interrogatory answers from Joyce Williams (August 22, 2000), and Bernice Shorter-Meares (August 29, 2000) and production responses from Constance Echebiri (August 11, 2000), Joyce Williams (August 22, 2000), and Bernice Shorter-Meares (August 29, 2000).

On September 13, 2000, one last attempt was made to resolve these discovery issues. *See* Letter to Kelsay D. Patterson, dated Sept. 13, 2000, attached as Exhibit H. Counsel for Plaintiffs agreed to respond to these issues and serve Plaintiff Delores Okonmah's responses by Friday, September 15, 2000. As of the date of this Motion, now over four months since service of discovery, Plaintiff Delores Okonmah has not responded to Walgreens production requests and interrogatories at all. Additionally, the other plaintiffs have not responded in any way to Walgreens' concerns with their discovery responses – namely, by providing information responsive to damages interrogatories and production of documents.

Walgreens respectfully requests that this Court enter an order compelling: (1) Plaintiff Delores Okonmah to serve responses to Defendant's Revised First Request for Production and Revised First Set of Interrogatories; (2) Plaintiffs to serve better answers to Defendant's Revised First Set of Interrogatories, No. 7; and (3) Plaintiffs Constance Echebiri, Carmita McMullen, and Joseph McMullen to serve all tax returns, W-2s, or similar documents as indicated in Defendant's Revised First Request for Production of Documents.

## MEMORANDUM OF LAW

**I.     Walgreens Is Entitled To The Discovery Pursuant To Its Proper Requests**

A party served with a request for production of documents or interrogatories must respond, in writing, within 30 days after service of the discovery. *See* Fed. R. Civ. P. 34(b); *Badalamenti v.*

3

*Dunham's, Inc.*, 896 F.2d 1359, 1363 (Fed. Cir. 1990). Here. Plaintiff Delores Okonmah ("Okonmah") had four options with respect to these discovery served by Walgreens. She could have: (1) responded to the discovery; (2) responded to the discovery by objecting; (3) moved for a protective order; or (4) ignored the discovery requested altogether. *See id.* at 1362. Okonmah chose the last option.

The Local Rules specify that "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived." S.D. Fla. L.R. 26.1(G)(6)(a) (emphasis added). Thus, by failing to object and respond in a timely fashion to Walgreens' Revised First Set of Interrogatories and Revised First Request for Production of Documents, Okonmah has waived any objections that she otherwise may have been entitled to assert. *See id.*

The law is clear that Walgreens is entitled to the discovery sought. A party served with discovery is <u>required</u> to respond. Thus, Walgreens is entitled to the entry of an order compelling Okonmah to respond immediately to both sets of discovery.

Walgreens also requests that this Court impose sanctions for Okonmah's disregard of the rules of procedure. Sanctions are available under Fed. R. Civ P. 37(d) when a party fails to serve a written response to a request for production under Rule 34. Rule 37(d) provides:

> If a party . . . fails to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A). (B). and (C) of subdivision (b)(2) of this rule.[3]

* * *

---

[3] Subparagraphs A, B, and C, are part of Fed. R. Civ. P. 37 dealing with failure to comply with a court order.

4

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

It is indisputable that Okonmah failed to serve responses to Walgreens' Revised First Set of Interrogatories and Revised First Request for Production of Documents and has completely ignored the discovery rules as if compliance was optional. That failure alone warrants the imposition of sanctions. *See Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107. 129 (S.D. Fla. 1987) ("Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." (quoting *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480 (11th Cir. 1982)); *see also Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993) (stating that sanctions under Rule 37 are intended to compensate the court and other parties for the added expense caused by discovery abuse, compel discovery, deter others from engaging in similar conduct, and penalize the offending party or attorney).

In addition to any other sanctions this Court may deem fair and just, Walgreens seeks its reasonable expenses, including attorney's fees, caused by Okonmah's discovery abuse. Such expenses/fees are part of the "package of available discovery sanctions" under Fed. R. Civ. P. 37(d), which provides:

> In lieu of any order or in addition thereto, the court <u>shall</u> require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expense unjust.

Fed. R. Civ. P. 37(d) (emphasis added); *see also Jaffe v. Sundowner Properties, Inc.*, 808 F.2d 1425, 1425 (11th Cir. 1987).

The expense and attorney fee provision of Fed. R. Civ. P. 37(d) is absolute where there is a total failure to respond to a properly served discovery request, as exists here, and where there is no justification for the failure to respond. Okonmah has advanced no excuse for her failure to respond

5

nor does she have any such justification and she still has not served her responses. Accordingly, Walgreens is entitled to recover its reasonable attorney's fees and costs. *See Collins v. Burg,* 169 F.3d 563, 565 (8th Cir. 1999) (affirming award of attorney's fees following the plaintiff's failure to respond to interrogatories and requests for production); *see also Adams v. Autozoners, Inc.,* 2000 WL 235240, *2 (E.D. La. Feb 29, 2000) (noting that the court previously awarded attorney's fees under Fed. R. Civ. P. 37 for the plaintiff's failure to respond to discovery); *EEOC v. Personnel Servs. of Fort Myers, Inc.,* 1989 WL 162784, *1 (M.D. Fla. May 12, 1989) (finding that an award of costs, including a reasonable attorney's fee, was appropriate in light of the defendant's total failure to respond in any manner to the plaintiff's discovery requests).

## II.   Plaintiffs' Interrogatory Responses Are Insufficient

Constance Echebiri, Michael Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor, all of whom served their interrogatory responses on June 23, 2000, were asked the following interrogatory with respect to damages:

> 5.      Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each items of damages, including any mathematical formula used.

Defendant's Revised First Set of Interrogatories, No. 5, attached as Exhibit A. Each one of these plaintiffs responded to this interrogatory with the following:

> Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiff's Request for Production. No computation can be made as to the emotional humiliation, pain, embarrassment, and anger suffered due to the Defendant's failure to promote me. It is an item best left to a jury.

6

Answers to Revised First Set of Interrogatories, dated June 23, 2000, attached as composite Exhibit I. With respect to Bernice Shorter-Meares and Joyce Williams, who served their interrogatory responses in August, they responded to this interrogatory with the following:

> A finance/economist has yet to be retained, and no such person has been retained because the W2 and salary information as requested by my attorneys of the people in pharmacy manager and pharmacy supervisor positions have yet to be disclosed. At this point it is impossible to assess the back pay and/or front pay with an certainty by any retained expert without knowing the difference in salaries of the less qualified non-black peers. Additionally, the intangible damages such as pain and suffering, mental anguish, frustration, and embarrassment are damages that cannot be measured by any formula but are best left to be determined and defined by a jury. For a summary of the damages identified and claimed, please review the Amended Complaint.

Joyce Williams' Answers to Revised First Set of Interrogatories, dated Aug. 22, 2000, attached as composite Exhibit I; *see also* Bernice Shorter-Meares' Answers to Revised First Set of Interrogatories, dated Aug. 29, 2000, attached as composite Exhibit I.

The Local Rules limit what types of interrogatories may be propounded at the commencement of discovery. *See* S.D. Fla. L.R. 26.1(G)(2). The Local Rules, however, specifically allow the parties to propound interrogatories regarding the "computation of each category of damages alleged." *Id.* In keeping with the Local Rules, Walgreens propounded damages interrogatories. Indeed, Interrogatory No. 5 was taken directly from the model interrogatory found in the Discovery Handbook. *See* Discovery Practices Handbook for the Southern District of Florida, Gen. App. B.

This district made the conscious decision to limit discovery at the commencement of the case. This district also made the conscious decision to allow the parties to propound interrogatories relevant to the issue of damages from the outset of the case. Plaintiffs have failed to provide information that the courts in this district deem central to a case – as evidenced by the specific provision for discovery on this issue that is allowed to be asked from the commencement of the

7

action. Plaintiffs are the only persons with access to this information, and Walgreens clearly is entitled to a computation for each category.

## III.    Plaintiffs' Production Responses Are Insufficient

### Production Request No. 7.

Walgreens requested "[y]our income tax returns and W-2, 1099, or similar forms for 1996, 1997, 1998 and 1999" from each and every Plaintiff. Defendant's Revised First Request for Production, No. 7, attached as composite Exhibit B.

Plaintiff Carmita McMullen's ("C. McMullen") and Plaintiff Joseph McMullen's ("J. McMullen") responses were "[n]ot in our possession at this time." Response to Defendant's Revised First Request for Production, No. 7, attached as composite Exhibit J. Since requesting Plaintiffs to address the insufficiency of their damages responses over two months ago, the McMullens have not forwarded documents responsive to this request. The McMullens have had since May 8, 2000, to gather this information. Still, Walgreens has not received this information.

As detailed above, this information is vital to the computation of alleged damages. Although Walgreens has repeatedly accommodated these Plaintiffs, Walgreens can no longer wait for the McMullens to produce this information. This case, involving eight plaintiffs located in four counties (some of whom have been employed with Walgreens for nearly twenty years and some who have been employed elsewhere) is currently on a four month discovery track. Prior to receipt of these documents, Walgreens cannot conduct a meaningful deposition. Plaintiffs have not objected to producing this information and have not stated that they could never obtain these documents. In light of the discovery track for this case and in light of the fact that nearly four months have passed since requesting this information, the time has come for the McMullens to produce this information.

With respect to this Production Request No. 7, Plaintiff Bernice Shorter-Meares ("Shorter-Meares") stated she "[w]ill forward" here tax returns. Response to Defendant's Revised First

8

Request for Production, No. 7, attached as composite Exhibit J. Shorter-Meares still has not forwarded tax returns to Walgreens.

With respect to this Production Request No. 7, Plaintiff Constance Echebiri ("Echebiri") stated "[s]ee attached tax wage statements for the years of 1995 and 1999." Response to Defendant's Revised First Request for Production, No. 7, attached as composite Exhibit J. Echebiri ignored the request to produce income tax returns, W-2s, or similar forms for the years 1994, 1996, 1997, and 1998. Echebiri did not object to producing this information and thus, she must produce it. Echebiri may not elect what years of tax returns she will and will not produce. This information is relevant to the plaintiffs alleged damages and mitigation of such damages and thus, Walgreens is entitled to all of these documents. If Echebiri does not have tax returns for these years, then she should correct her response in accordance with Fed. R. Civ. P. 26(e) and the Discovery Practices Handbook for the Southern District of Florida, Gen. App. A(I)(C).

### Production Request No. 8 to Echebiri.

Walgreens requested "[d]ocuments showing your efforts to obtain other employment while you have been working for Walgreens." Defendant's Revised First Request for Production, No. 8, attached as composite Exhibit B. Echebiri's response was to see the "[a]ttached" documents. Response to Defendant's Revised First Request for Production, No. 8, attached as composite Exhibit J. No documents, however, were attached to her responses. Again, the time has come for Echebiri to produce this requested documentation.

### Production Request No. 15 to Echebiri.

Walgreens requested "[d]ocuments showing that you sought or applied for any promotion while working at Walgreens." Defendant's Revised First Request for Production, No. 15, attached as composite Exhibit B. Again, Echebiri's response was to see the "[a]ttached" documents.

9

Response to Defendant's Revised First Request for Production, No. 15, attached as composite Exhibit J. Again, no documents were attached.

**Production Request No. 28 to J. McMullen**

Walgreens requested "[d]ocuments reflecting or referring to your resignation from Walgreens." Defendant's Revised First Request for Production, No. 28, attached as composite Exhibit B. J. McMullen's response to this interrogatory was that "Walgreens would have such information." Response to Defendant's Revised First Request for Production, No. 28, attached as composite Exhibit J. Notably, J. McMullen did not state that he did not have the documents nor did he advance an objection. J. McMullen informed Walgreens that he resigned to attend school – his current contention is different. Documents in J. McMullen's possession may or may not be the same as those in Walgreens' possession. J. McMullen's response is insufficient and responsive documents should be produced.

Walgreens has patiently awaited documents that Plaintiffs agreed to produce. Plaintiffs have been informed that these documents were missing from their responses. Walgreens' efforts obtain these documents over the past two months through informal methods have failed thus requiring formal intervention.

## CONCLUSION

For the foregoing reasons, Walgreens respectfully requests that this Court enter an order compelling: (1) Plaintiff Delores Okonmah to serve responses to Defendant's Revised First Request for Production and Revised First Set of Interrogatories within five (5) days from the date of the Court's Order; (2) Plaintiffs to serve better answers to Defendant's Revised First Set of Interrogatories, No. 7, within five (5) days from the date of the Court's Order; and (3) Plaintiffs Constance Echebiri, Carmita McMullen, and Joseph McMullen to serve all tax returns, W-2s, or

10

similar documents as indicated in Defendant's Revised First Request for Production of Documents within five (5) days from the date of the Court's Order.

In light of Plaintiff Okonmah's blatant disregard for the rules of discovery, Walgreens further respectfully requests that this Court order Plaintiffs and their counsel to pay Walgreens' expenses, including the reasonable attorneys' fees caused by Plaintiffs' failure to respond to properly served discovery and any and all other sanctions that the Court may deem proper and just. A proposed order is attached for the convenience of the Court.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
    Edwin G. Torres
    Florida Bar No. 911569
    Heather L. Gatley
    Florida Bar No. 0050482
    Brian L. Lerner
    Florida Bar No. 0177202

11

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 26.1(I)

The undersigned hereby certifies that he has made a good faith effort to resolve the matters referred to in the preceding Motion and Memorandum. Counsel for Walgreens has conferred in writing and by telephone with opposing counsel in an attempt to resolve this discovery dispute informally. All efforts to resolve the matters contained in this Motion and Memorandum have failed.

By: _____
Brian L. Lerner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of September, 2000, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
Brian L. Lerner

MIA_1998/614757-1

12

00-6151.oa

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-6151 CIV HUCK

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; etc., et al.,

      Plaintiff,

vs.

WALGREEN COMPANY,

      Defendant.

_____/

### ORDER RE: MOTION TO COMPEL

**This matter** is before this Court on Defendant's Motion to Compel Documents and Answers

to Its Revised...Interrogatories and Revised ...Request for Production, filed September 18, 2000.

The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

    The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND**

**ADJUDGED** as follows:

    1.  With regard to plaintiff Delores Okonmah the motion is **GRANTED.**  She shall answer

the interrogatories and produce the documents requested within five (5) days from the date of this

order.

    2.  The motion is **GRANTED, in part,** as to interrogatory 5 with regard to plaintiffs

Echebiri, Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor.  The Court agrees

that certain damages are not readily ascertainable (emotional, humiliation, pain embarrassment and

anger), but as to the other damages claimed they shall be answered with specificity within five (5) days from the date of this order. The same holds for plaintiffs Bernice Shorter- Meares and Joyce Williams.

    3. The motion is **DENIED** with regard to the McMullens as to production request 7, based on the response at page 2. If the information is not forthcoming within thirty (30) days from the date of this order, plaintiffs shall execute an authorization for defendant to obtain the information sought. The motion is **GRANTED** as to plaintiff Shorter-Meares who shall produce her tax returns within five (5) days from the date of this order. Plaintiff Echebiri shall produce the returns for the years not produced within five (5) days from the date of this order.

    4. The motion is **DENIED** with regard to request 8 to plaintiff Echebiri based on the response at page 2.

    5. The motion is **DENIED** with regard to request 15 to plaintiff Echebiri and request 28 to plaintiff J. McMullen based on the response at page 3.

    **DONE AND ORDERED** this _2d_ day of November, 2000 at Miami, Dade County, Florida.

 

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Paul C. Huck
      Brian Lerner, Esq.
      Kelsay D. Patterson, Esq.

00-6151.o1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-6151 CIV HUCK

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; etc., et al..

       Plaintiff,

vs.

WALGREEN COMPANY,

       Defendant.

_____/

## ORDER DENYING MOTION TO COMPEL DISCOVERY

**This matter** is before this Court on Plaintiffs' Motion to Compel Discovery..., filed August 25, 2000. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

The Court finds that plaintiffs have ignored two local rules in this matter. There has been no effort to comply with Local Rule 26.1.I. Plaintiffs ignore this rule, even after raised in the response, and dismisses it as, apparently, unimportant. It appears that had this rule been followed, at least part, if not all, of this motion would have been unnecessary. Secondly, plaintiffs' motion violates Local Rule 7.1.C, as it exceeds 20 pages. No leave of Court was sought to exceed the page limitation. Plaintiffs must follow the rules of procedure and the local rules of the Court.

Therefore, the Court being otherwise fully advised in the premises, it is hereby **ORDERED**

**AND ADJUDGED** that said motion be and the same is hereby **DENIED.**

**DONE AND ORDERED** this 26 day of September, 2000 at Miami, Dade County, Florida.

_____
STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:    Honorable Paul C. Huck
       Brian Lerner, Esq.
       Kelsay D. Patterson, Esq.