UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6151-Civ-Huck/Brown

FILED BY _____ D.C.
TAKE

00 NOV 20  PM 4:00

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

       Plaintiffs,

vs.

WALGREEN COMPANY,

       Defendant.

_____/

## DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLY WITH  THE COURT'S NOVEMBER 2, 2000, ORDER

Pursuant to Fed. R. Civ. P. 37(b) and 41(b) and S.D. Fla. L.R. 26.1, Defendant Walgreen Co.

("Walgreens"), moves this Court for an Order to strike, dismiss, and/or take any such actions as may

be just based on Plaintiffs' failure to comply with this Court's Order dated November 2, 2000.

### INTRODUCTION

Every plaintiff's constitutional right of access to the courts carries with it the responsibility

of following the Court's rules and obeying its orders.  Plaintiffs here have ignored that responsibility

in every instance, – i.e., ignoring discovery served over six months ago and requested no less than

four times by telephone and four times by letter, ignoring requests set forth in a fully briefed motion

to compel, and simply disregarding an order by the Court compelling discovery.

As a result, Walgreens has spent nearly a year, and devoted many of its resources, in preparing its defenses to a case that as proceeded not at all. Plaintiffs initiated this lawsuit on January 31, 2000, seeking redress for alleged discriminatory actions by Walgreens. Her serious allegations aside, Plaintiff Delores Okonmah has demonstrated that she has no interest in having her day in court by repeatedly ignoring all of Walgreens' discovery served upon her and now by demonstrating her lack of respect for this Court's authority in flagrant disregard of the Court's Order. Plaintiffs Constance Echebiri and Bernice Shorter-Meares, while having responded to discovery, subjectively determined which rules of discovery they wished to follow and now, after the Court found their selection unreasonable, they have chosen to ignore the Court's Order.

Walgreens, as the defendant, has proceeded in accordance with the rules in preparing its defenses to Plaintiffs' claims. Because Plaintiffs have completely ignored the discovery and legal processes, Walgreens has been yet unable to take even one deposition. Walgreens has written letters, agreed to enlargements, and filed motions. It is now time for this Court to enforce its order and require that Plaintiffs do something more in this case than simply file a complaint.

As a consequence of Plaintiffs' conduct, this Court should impose the sanctions specifically instituted to redress this type of violation of the Federal Rules and the Court's authority. Accordingly, Walgreens seeks the following: (1) an order dismissing Plaintiff Okonmah with prejudice; (2) an order striking Plaintiffs Echebiri and Shorter-Meares' back pay and/or other salary claims; and (3) an order requiring Plaintiffs to pay the reasonable expenses, including attorney's fees, and any and all other sanctions that the Court may deem proper and just for Plaintiffs' failure to conduct themselves in accordance with the rules of discovery and for disobeying this Court.

### MEMORANDUM OF LAW

**I.    Facts Surrounding This Motion**

Following several months and numerous attempts to resolve discovery issues in an extra-judicial manner, Walgreens was forced to file a motion to compel. *See generally* Defendant's Motion to Compel, dated Sept. 18, 2000, attached as Exhibit A (outlining in greater detail Walgreens' attempts to resolve discovery issues with Plaintiffs). Walgreens moved to compel on several grounds.

First, Walgreens moved to compel responses from Plaintiff Okonmah to Defendant's Revised First Request for Production and Revised First Set of Interrogatories because she completely failed to serve responses to Walgreens's discovery despite an enlargement of time of nearly a month and extensions of over two months.[1] Second, Walgreens moved to compel better answers to Defendant's Revised First Set of Interrogatories, No. 5, from the seven other plaintiffs who eventually served discovery responses – albeit ranging from four days to two months late. Third, Walgreens moved to compel Plaintiffs Echebiri, Carmita McMullen, Joseph McMullen, and Shorter-Meares to serve all tax returns, W-2s, or similar documents as they agreed to do in their responses to Walgreens' Revised First Request for Production of Documents and via their counsel's numerous assurances during telephone conversations with Walgreens. Fourth, Walgreens moved to compel Plaintiffs Echebiri and Joseph McMullen to serve documents not attached to their responses, which, again,

---

[1] Walgreens received answers to its interrogatories from Plaintiff Okonmah a few days before the Court's Order on Walgreens' Motion to Compel. Walgreens immediately notified counsel for Plaintiffs that Walgreens would supplement its Motion based on the fact that many of the answers suffered from the same deficiencies noted in Walgreens' Motion to Compel. *See* Letter to Kelsay D. Patterson, dated Oct.31, 2000, attached as Exhibit B. Despite assurances from Plaintiffs' counsel to correct these issues and subsequently the Court's Order, which would support Walgreens' contentions, no corrected answers have been received.

3

they agreed to produce in their discovery responses and in their counsel's telephone conversations with Walgreens.

On November 2, 2000, this Court granted in part, and denied in part, Walgreens' motion. *See* Court's Order Re: Motion to Compel, dated Nov. 2, 2000, attached as Exhibit C. The Court ordered that Plaintiff Okonmah "answer the interrogatories and produce the documents requested," Plaintiffs Echebiri, Ferguson, Carmita McMullen, Joseph McMullen, Shorter-Meares, Mia Dawn Taylor, and Joyce Williams answer Interrogatory No. 5 "with specificity" as to certain aspects of their damages, and Plaintiffs Echebiri and Short-Meares produce tax returns. *Id.* This Court ordered that Plaintiffs serve their responses, corrected responses, and/or supplemented responses "within five (5) days from the date of this order," which would have been November 7, 2000. *Id.*

The November 7, 2000, court-ordered deadline came and went. When Walgreens received unexecuted answers to its Second Set of Interrogatories from three of the plaintiffs on November 13, 2000, and having not received information responsive to the Court's Order, Walgreens contacted Plaintiffs in an effort to find out what happened to this information. *See* Certificate of Service, dated Nov. 8, 2000, attached as Exhibit D;[2] *see also* Letter to Kelsay D. Patterson, dated Nov. 13, 2000, attached as Exhibit E.

On November 14, 2000, Walgreens received by mail Plaintiffs' Notice of Objection to the Court's November 2, 2000, Order. Plaintiffs' objection focused exclusively on the Court's ruling on Interrogatory No. 5, which sought Plaintiffs' damages information. *See* Notice of Objection to

---

[2] Notably, Plaintiff Okonmah's answers were due on this date as well. Walgreens has not received her answers nor has counsel for Plaintiffs contacted Walgreens to explain the reason why her answers have not been served.

4

Magistrate's Order of November 2, 2000, at pp. 3-4, attached as Exhibit F. Plaintiffs asserted that they could not respond to this particular interrogatory within the Court allocated time.[3]

Plaintiffs' objection to this Court's ruling on Interrogatory No 5 in no way stayed their obligation to produce the other information compelled by this Court – namely, discovery responses from Plaintiff Okonmah and tax records from Plaintiffs Echebiri and Shorter-Meares. As a result of Plaintiffs' disregard for this Court's Order, Walgreens now brings this motion.

## II.    The Federal Rules Authorize Severe Sanctions For Noncompliance With Court Orders

One of the primary roles of the Federal Rules of Civil Procedure is to "achieve disclosure of all the evidence relevant to the merits of a controversy." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989). Indeed, the Supreme Court stated that "[t]he very integrity of the judicial system and public confidence in the system depends on full disclosure of the facts." *Taylor v. Illinois*, 484 U.S. 400 (1988).

While "compliance is dependent almost exclusively on the Bar's affirmative adherence to the Rules and deadlines set by courts[,] . . . the Rules are not without strict enforcement provisions." *535 Broadway Assocs. v. Commercial Corp. of Am.*, 159 B.R. 403, 406 (S.D. N.Y. 1993).

These enforcement provisions provide, in part, that:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule [i.e., motion to compel discovery] or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

_____

[3] Walgreens has served and filed a response to this Notice with the Court and would simply note that Plaintiffs have been in receipt of this district's approved and authorized initial interrogatory since April 28, 2000, well over six months ago, and that Walgreens produced earnings summaries for each of the plaintiffs as well as for alleged comparators on September 27, 2000, over six weeks ago.

*     *     *

An order refusing to allow the disobeying party to support or oppose designated claims or defenses, . . . [a]n order striking out pleadings or parts thereof, . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

*     *     *

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to object the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2), (b)(2)(B)-(C).[4]  These enforcement provisions provide teeth to the somewhat voluntary, cooperative discovery process in several ways. First, they "have the immediate effect of insuring compliance with court orders in the particular case." *535 Broadway Assocs.*, 159 B.R. at 406. Second, they "penalize those whose conduct . . . warrant such a sanction" by ensuring that the recalcitrant party will not enjoy the fruits of its own non-compliance. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976) (per curiam).  Third, sanctions have the salutatory effect of "deter[ring] those who might be tempted to such conduct in the absence of such a deterrent." *Id.*

Simply put, Walgreens filed a motion to compel to end Plaintiffs' assurances and repeatedly broken promises, which dragged on for months.  This Court, pursuant to Fed. R. Civ. P. 37(a), ordered Plaintiffs to serve responses, corrected responses, and/or supplemented responses by November 7, 2000. Walgreens did not receive any responses. Although under no obligation by federal or local rule, Walgreens attempted to contact Plaintiffs to ascertain the status of this

---

[4] Further authority is found in Fed. R. Civ. P. 41(b), which provides that if there is "failure . . . to comply with these rules or any order court, a defendant may move for dismissal of an action or of any claim against the defendant."

6

compelled information.  Plaintiffs, as has been their pattern and practice throughout this case, have chosen to ignore the opportunity to proffer any excuse or justification for the delay.

## III.   Plaintiff Delores Okonmah's Failure to Respond, At All, Warrants Dismissal Of Her Case With Prejudice

Prior to filing the Motion to Compel, Plaintiff Okonmah failed to serve any responses to Walgreens' discovery.  Walgreens provided Plaintiff Okonmah a three week extension so that her responses, which were originally due in late May/early June, would be due toward the end of June. When no responses were received, Walgreens notified Plaintiffs' counsel of this situation on July 10, 2000, August 10, 2000, August 16, 2000, and again on September 13, 2000.  Each time, Plaintiffs' counsel assured Walgreens that Plaintiff Okonmah's responses would be forthcoming. No responses were received and Walgreens was forced to file a motion to compel.

Plaintiff Okonmah's conduct throughout this process has been willful, and she must bear the consequences of not only failing to serve her responses when requested by Walgreens, but now, for failing to heed to the judgment of this Court.  As such, this Court should dismiss Plaintiff Okonmah's claims with prejudice.

Dismissal of this plaintiff for her willful and flagrant conduct is undoubtedly severe.  Plaintiff Okonmah, however, will suffer no unfair or undue prejudice because since filing this case on January 31, 2000, she has shown no interest in pursuing her claim.  Despite receiving three sets of discovery, receiving numerous telephone calls and letters from Walgreens, and now being ordered by this Court to respond to discovery, Plaintiff Okonmah continues to demonstrate no concern whatsoever about having her day in court.  Every plaintiff's constitutional right to access to the courts carries with it the responsibility to follow the court's rules and obey its orders.  Plaintiff Okonmah has, at every

7

instance, ignored and abandoned that responsibility. This plaintiff has, therefore, waived her right to pursue her claim in this case.

The only unfair prejudice that exists is not borne by Plaintiff but, instead, by Walgreens. While Plaintiff Okonmah may show no interest in pursuing her claims, Walgreens must, nonetheless, defend the case and proceed as if Plaintiff Okonmah is actively litigating her claims. Walgreens has expended time and resources in preparing to defend against Plaintiff Okonmah's claims, all of which have resulted in this case going nowhere – through no fault of Walgreens. Walgreens knows as much about Plaintiff Okonmah today as it did eleven months ago when the first complaint was filed – which is very little.

The authority to dismiss a plaintiff is well within the power of this Court and in fact, based on recent precedent, is encouraged in circumstances such as these. As stated by one court, "this circuit's recent decisions have made clear that the era when courts shied away from the imposition of the full range of sanctions enumerated in Rule 37, including dismissal, is a thing of the past." *535 Broadway Assocs.*, 159 B.R. at 406. The normal discovery sanctions available to this Court are inappropriate for Plaintiff Okonmah's behavior. She has not failed to answer one sub-part of an interrogatory or failed to answer a deposition question; rather, she has completely ignored the authority and judgment of this Court and, for that matter, the entire legal process. Conduct that wastes scarce judicial resources, as envisioned by the drafters of the Federal Rules, calls for different, more severe sanctions. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626 (1962) ("[I]t is well-settled that the Court is permitted, under appropriate circumstances, to exercise its discretion to control its docket by imposing the ultimate sanction of dismissal or default for a party's failure to comply with discovery orders or to otherwise unjustifiably delay disposition of the action."); *Gratton v. Great Am.*

8

*Communications*, 178 F.3d 1373, 1375 (11th Cir. 1999) (affirming dismissal of employment discrimination case where the plaintiff's conduct "interfered with the process of discovery" and the plaintiff disobeyed the district court's order to produce certain discovery); *May v. Disney Enters., Inc.*, 194 F.3d 1317 (9th Cir. 1999) (affirming dismissal for failure to comply with court order).

Walgreens does not seek to dismiss all of the plaintiffs. After all, seven of the plaintiffs have shown an interest in pursuing their claims by responding to discovery, at least in part. The time has come to move forward with this case, and in doing so, this case should proceed only with those plaintiffs that wish to pursue their claims. Accordingly, for all the reasons stated above, Plaintiff Okonmah should be dismissed with prejudice. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 41(b); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (affirming dismissal as proper where the plaintiff furnished incomplete interrogatories and failed to specify the basis for damages in violation of court orders mandating compliance with defendant's discovery requests); *Jones v. Niagra Frontier Transp. Auth.*, 836 F.2d 731, 734 (2d Cir. 1987), *cert. denied*, 488 U.S. 825 (1988) (affirming dismissal as proper where the plaintiff, ignoring the magistrate judge's admonition about sanctions, refused repeatedly to answer questions during a court ordered deposition); *Properties Int'l, Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983) (affirming dismissal with prejudice of the plaintiffs' suit as a consequence of the plaintiffs' refusal to cooperate with discovery); *Arroyo v. Kelly*, 1997 WL 215523, *1 (W.D. N.Y. Apr. 21, 1997) (stating that if the plaintiff failed to comply with the court's order, then the plaintiff's complaint would be dismissed with prejudice and the case would be closed).

9

**IV.    Plaintiffs Constance Echebiri's and Bernice Shorter Meares'
Failure to Produce Tax Records
<u>Warrants Dismissal Of Any Back Pay And/Or Salary Relief</u>**

With respect to Plaintiffs Echebiri and Shorter-Meares, this Court ordered that they produce tax returns. On July 10, 2000, August 10, 2000, August 16, 2000, and again on September 13, 2000, Walgreens requested that Plaintiffs forward this information. Walgreens informed Plaintiffs' counsel that these records were critical to Walgreens' preparation of its defenses to, among other things, Plaintiffs' back pay claims. Plaintiffs's counsel continually assured Walgreens that this information would be forthcoming yet this information has not been received.

Over four months have passed since Plaintiffs agreed to produce this information and now this Court has ordered this information to be provided. Notwithstanding, Plaintiffs still have not produced these documents – documents that are so plainly in their possession, control, or custody. Plaintiffs' conduct has resulted in great prejudice to Walgreens. First, time and expense have been wasted on what now has become a fruitless endeavor, which simply is seeking compliance with the rules of discovery. Second, Plaintiffs' conduct has severely hampered Walgreens' ability to move forward with this case. Depositions would be meaningless as a discovery tool without Walgreens having an idea as to Plaintiffs' damages, which is a core component of their claims.

Accordingly, this Court should dismiss Plaintiffs Echebiri and Shorter-Meares' claims for back pay and/or other salary relief. *See EEOC v. Kim and Ted, Inc.*, 1995 WL 745836, *4 (N.D. Ill. Dec. 12, 1995) (barring the plaintiff's back pay claim and awarding reasonable attorney's fees to the defendant where the plaintiff failed to produce tax returns).

STEEL HECTOR & DAVIS LLP

## V.    Plaintiffs' Conduct Warrants The Imposition Of Monetary Sanctions

Walgreens offered Plaintiffs an opportunity to explain why they had not complied with this Court's Order. Walgreens' letter was ignored by Plaintiffs, and still, to this day, Plaintiffs have not even attempted to contact Walgreens to explain their non-compliance. Walgreens requests the imposition of sanctions based on: (1) having to bring a motion to compel; (2) having to bring this motion; (3) wasting time and expense on seeking Plaintiffs' compliance; (4) dealing with Plaintiffs hampering this case from going forward for over four months; and (5) Plaintiffs' wanton disregard for the rules of discovery and this Court's authority.

Walgreens respectfully requests this Court to order Plaintiffs to pay all reasonable expenses, including attorney's fees, incurred in preparing this motion as well as the motion to compel. *See Tamari v. Bache & Co.*, 729 F.2d 469, 474 (7th Cir. 1984) (finding no abuse of discretion by district court awarding $10,802.08 in fees and costs reasonably incurred); *G-K Properties v. Redevelopment Agency*, 577 F.2d 645, 647-48 (9th Cir. 1978) (encouraging district courts to impose sanctions for willful failure to comply with court orders).

11

## CONCLUSION

For the foregoing reasons, Walgreens respectfully requests that this Court enter an order dismissing the claims of Plaintiff Delores Okonmah with prejudice, barring Plaintiffs Constance Echebiri and Bernice Shorter-Meares from seeking back pay and/or other salary relief, and requiring Plaintiffs to pay the reasonable expenses, including attorney's fees and any and all other sanctions that the Court may deem proper and just for this motion as well as Walgreens' Motion to Compel.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
     Edwin G. Torres
     Florida Bar No. 911569
     Heather L. Gatley
     Florida Bar No. 0050482
     Brian L. Lerner
     Florida Bar No. 0177202

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 20th day

of November, 2000, to:

      Kelsay D. Patterson, Esq.
      Law Offices of Michael M. Tobin, P.A.
      1099 Ponce De Leon Blvd.
      Coral Gables, Florida 33134-3319

               By: _____
                    Brian L. Lerner

MIA_1998/630179-1

STEEL HECTOR & DAVIS LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.

_____/

### ORDER ON DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLY WITH THE COURT'S NOVEMBER 2, 2000, ORDER

THIS MATTER came before the Court on Defendant's Motion to Compel.  The Court, having reviewed the file and motion and being otherwise fully advised in the premises, does hereby:

**ORDER AND ADJUDGE** that Defendant's Motion is **GRANTED**.  Plaintiff Delores Okonmah is dismissed with prejudice.  Plaintiffs Constance Echebiri and Bernice Shorter-Meares are barred from seeking back pay and/or other salary relief.  Defendant shall file a motion to tax costs and fees with supporting documentation within thirty (30) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

Conformed copies furnished to:
counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;



Plaintiffs,

vs.

WALGREEN COMPANY,

Defendant.

_____/

## DEFENDANT'S MOTION TO COMPEL DOCUMENTS AND ANSWERS TO ITS REVISED FIRST SET OF INTERROGATORIES AND REVISED FIRST REQUEST FOR PRODUCTION AND CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 26.1(I)

Pursuant to Fed. R. Civ. P. 37 and S.D. Fla. L.R. 26.1(H), Defendant Walgreen Co. ("Walgreens"), moves this Court for an Order compelling Plaintiffs to respond fully and adequately to Walgreens' Revised First Set of Interrogatories and Revised First Request for Production of Documents. The support for this Motion to Compel is contained in the following Memorandum of Law and Certification of Compliance with Local Rule 26.1(I).

### INTRODUCTION

This Motion arises out of Plaintiff Delores Okonmah's complete failure to respond to two sets of discovery propounded upon her and out of the inadequate responses provided to certain discovery propounded upon the seven other plaintiffs in this case.

On April 28, 2000, Walgreens served its Revised First Set of Interrogatories upon all of the plaintiffs. *See* Defendant's Revised First Set of Interrogatories. dated Apr. 28. 2000. attached as Exhibit A.[1]  On May 8, 2000, Walgreens served its Revised First Request for Production of Documents upon all of the plaintiffs. *See* Defendant Walgreens' Revised First Request for Production of Documents, dated May 8, 2000, attached as composite Exhibit B.[2]

Plaintiffs' responses to the interrogatories were due May 29. 2000. Plaintiffs' responses to the production requests were due June 7, 2000. After the deadlines for service had passed. Plaintiffs requested an enlargement of time to respond to this discovery. Walgreens agreed to grant Plaintiffs an enlargement of time through June 19, 2000. *See* Letter to Mark R. Cheskin. dated June 8. 2000. attached as Exhibit C. On June 23, 2000, Walgreens was served with interrogatory answers from Constance Echebiri, Michael Ferguson, Carmita McMullen, Joseph McMullen. and Mia Dawn Taylor. On June 28, 2000, Walgreens was served with production responses from Michael Ferguson. Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor. Having not received any discovery at all from four of the plaintiffs, Walgreens requested, on July 10. 2000. that these four Plaintiffs serve responses and that the remaining plaintiffs correct deficiencies in their served responses. *See* Letter to Kelsay D. Patterson, dated July 10, 2000, attached as Exhibit D.

Still having not heard from Plaintiffs, Walgreens made another effort to resolve the matter without Court intervention. *See* Letter to Kelsay D. Patterson. dated Aug. 10. 2000. attached as Exhibit E. Plaintiffs responded that they would "make certain that [Walgreens] ha[d] [its] requested discovery by August 18. 2000." Letter to Brian Lerner. dated Aug. 11, 2000. attached as Exhibit F.

---

[1] Walgreens has attached only one copy of its Revised First Set of Interrogatories because Walgreens served each Plaintiff with identical interrogatories. Walgreens will file the remaining copies served on each Plaintiff should this Court invite or direct otherwise.

[2] Walgreens has attached copies of its Revised First Request for Production of Documents served only on the plaintiffs that are the subject of this Motion.

2

Walgreens agreed to provide Plaintiffs an additional week to correct their discovery. *See* Letter to Kelsay D. Patterson, dated Aug. 16, 2000, attached as Exhibit G.

Following the exchange of letters in mid-August, Walgreens was served with interrogatory answers from Joyce Williams (August 22, 2000), and Bernice Shorter-Meares (August 29, 2000) and production responses from Constance Echebiri (August 11, 2000), Joyce Williams (August 22, 2000), and Bernice Shorter-Meares (August 29, 2000).

On September 13, 2000, one last attempt was made to resolve these discovery issues. *See* Letter to Kelsay D. Patterson, dated Sept. 13, 2000, attached as Exhibit H. Counsel for Plaintiffs agreed to respond to these issues and serve Plaintiff Delores Okonmah's responses by Friday, September 15, 2000. As of the date of this Motion, now over four months since service of discovery, Plaintiff Delores Okonmah has not responded to Walgreens production requests and interrogatories at all. Additionally, the other plaintiffs have not responded in any way to Walgreens' concerns with their discovery responses – namely, by providing information responsive to damages interrogatories and production of documents.

Walgreens respectfully requests that this Court enter an order compelling: (1) Plaintiff Delores Okonmah to serve responses to Defendant's Revised First Request for Production and Revised First Set of Interrogatories; (2) Plaintiffs to serve better answers to Defendant's Revised First Set of Interrogatories, No. 7; and (3) Plaintiffs Constance Echebiri, Carmita McMullen, and Joseph McMullen to serve all tax returns, W-2s, or similar documents as indicated in Defendant's Revised First Request for Production of Documents.

## MEMORANDUM OF LAW

### I. Walgreens Is Entitled To The Discovery Pursuant To Its Proper Requests

A party served with a request for production of documents or interrogatories must respond, in writing, within 30 days after service of the discovery. *See* Fed. R. Civ. P. 34(b); *Badalamenti v.*

3

*Dunham's, Inc.*, 896 F.2d 1359, 1363 (Fed. Cir. 1990). Here, Plaintiff Delores Okonmah ("Okonmah") had four options with respect to these discovery served by Walgreens. She could have: (1) responded to the discovery; (2) responded to the discovery by objecting; (3) moved for a protective order; or (4) ignored the discovery requested altogether. *See id.* at 1362. Okonmah chose the last option.

The Local Rules specify that "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived." S.D. Fla. L.R. 26.1(G)(6)(a) (emphasis added). Thus, by failing to object and respond in a timely fashion to Walgreens' Revised First Set of Interrogatories and Revised First Request for Production of Documents, Okonmah has waived any objections that she otherwise may have been entitled to assert. *See id.*

The law is clear that Walgreens is entitled to the discovery sought. A party served with discovery is required to respond. Thus, Walgreens is entitled to the entry of an order compelling Okonmah to respond immediately to both sets of discovery.

Walgreens also requests that this Court impose sanctions for Okonmah's disregard of the rules of procedure. Sanctions are available under Fed. R. Civ P. 37(d) when a party fails to serve a written response to a request for production under Rule 34. Rule 37(d) provides:

> If a party . . . fails to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.[3]

* * *

---

[3] Subparagraphs A, B, and C, are part of Fed. R. Civ. P. 37 dealing with failure to comply with a court order.

4

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

It is indisputable that Okonmah failed to serve responses to Walgreens' Revised First Set of Interrogatories and Revised First Request for Production of Documents and has completely ignored the discovery rules as if compliance was optional. That failure alone warrants the imposition of sanctions. *See Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 129 (S.D. Fla. 1987) ("Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." (quoting *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480 (11th Cir. 1982)); *see also Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993) (stating that sanctions under Rule 37 are intended to compensate the court and other parties for the added expense caused by discovery abuse, compel discovery, deter others from engaging in similar conduct, and penalize the offending party or attorney).

In addition to any other sanctions this Court may deem fair and just, Walgreens seeks its reasonable expenses, including attorney's fees, caused by Okonmah's discovery abuse. Such expenses/fees are part of the "package of available discovery sanctions" under Fed. R. Civ. P. 37(d), which provides:

> In lieu of any order or in addition thereto, the court <u>shall</u> require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expense unjust.

Fed. R. Civ. P. 37(d) (emphasis added); *see also Jaffe v. Sundowner Properties, Inc.*, 808 F.2d 1425, 1425 (11th Cir. 1987).

The expense and attorney fee provision of Fed. R. Civ. P. 37(d) is absolute where there is a total failure to respond to a properly served discovery request, as exists here, and where there is no justification for the failure to respond. Okonmah has advanced no excuse for her failure to respond

5

nor does she have any such justification and she still has not served her responses. Accordingly, Walgreens is entitled to recover its reasonable attorney's fees and costs. *See Collins v. Burg*, 169 F.3d 563, 565 (8th Cir. 1999) (affirming award of attorney's fees following the plaintiff's failure to respond to interrogatories and requests for production); *see also Adams v. Autozoners, Inc.*, 2000 WL 235240, *2 (E.D. La. Feb 29, 2000) (noting that the court previously awarded attorney's fees under Fed. R. Civ. P. 37 for the plaintiff's failure to respond to discovery); *EEOC v. Personnel Servs. of Fort Myers, Inc.*, 1989 WL 162784, *1 (M.D. Fla. May 12, 1989) (finding that an award of costs, including a reasonable attorney's fee, was appropriate in light of the defendant's total failure to respond in any manner to the plaintiff's discovery requests).

**II.    Plaintiffs' Interrogatory Responses Are Insufficient**

Constance Echebiri, Michael Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor, all of whom served their interrogatory responses on June 23, 2000, were asked the following interrogatory with respect to damages:

> 5.    Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each items of damages, including any mathematical formula used.

Defendant's Revised First Set of Interrogatories, No. 5, attached as Exhibit A. Each one of these plaintiffs responded to this interrogatory with the following:

> Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiff's Request for Production. No computation can be made as to the emotional humiliation, pain, embarrassment, and anger suffered due to the Defendant's failure to promote me. It is an item best left to a jury.

Answers to Revised First Set of Interrogatories, dated June 23, 2000, attached as composite Exhibit

I. With respect to Bernice Shorter-Meares and Joyce Williams, who served their interrogatory

responses in August, they responded to this interrogatory with the following:

> A finance/economist has yet to be retained, and no such person has been retained
> because the W2 and salary information as requested by my attorneys of the people
> in pharmacy manager and pharmacy supervisor positions have yet to be disclosed.
> At this point it is impossible to assess the back pay and/or front pay with an certainty
> by any retained expert without knowing the difference in salaries of the less qualified
> non-black peers. Additionally, the intangible damages such as pain and suffering,
> mental anguish, frustration, and embarrassment are damages that cannot be measured
> by any formula but are best left to be determined and defined by a jury. For a
> summary of the damages identified and claimed, please review the Amended
> Complaint.

Joyce Williams' Answers to Revised First Set of Interrogatories, dated Aug. 22, 2000, attached as

composite Exhibit I; *see also* Bernice Shorter-Meares' Answers to Revised First Set of

Interrogatories, dated Aug. 29, 2000, attached as composite Exhibit I.

The Local Rules limit what types of interrogatories may be propounded at the

commencement of discovery. *See* S.D. Fla. L.R. 26.1(G)(2). The Local Rules, however, specifically

allow the parties to propound interrogatories regarding the "computation of each category of

damages alleged." *Id.* In keeping with the Local Rules, Walgreens propounded damages

interrogatories. Indeed, Interrogatory No. 5 was taken directly from the model interrogatory found

in the Discovery Handbook. *See* Discovery Practices Handbook for the Southern District of Florida,

Gen. App. B.

This district made the conscious decision to limit discovery at the commencement of the case.

This district also made the conscious decision to allow the parties to propound interrogatories

relevant to the issue of damages from the outset of the case. Plaintiffs have failed to provide

information that the courts in this district deem central to a case – as evidenced by the specific

provision for discovery on this issue that is allowed to be asked from the commencement of the

7

action. Plaintiffs are the only persons with access to this information. and Walgreens clearly is entitled to a computation for each category.

## III.    Plaintiffs' Production Responses Are Insufficient

### Production Request No. 7.

Walgreens requested "[y]our income tax returns and W-2. 1099. or similar forms for 1996. 1997, 1998 and 1999" from each and every Plaintiff. Defendant's Revised First Request for Production, No. 7, attached as composite Exhibit B.

Plaintiff Carmita McMullen's ("C. McMullen") and Plaintiff Joseph McMullen's ("J. McMullen") responses were "[n]ot in our possession at this time." Response to Defendant's Revised First Request for Production, No. 7, attached as composite Exhibit J. Since requesting Plaintiffs to address the insufficiency of their damages responses over two months ago. the McMullens have not forwarded documents responsive to this request. The McMullens have had since May 8, 2000. to gather this information. Still, Walgreens has not received this information.

As detailed above, this information is vital to the computation of alleged damages. Although Walgreens has repeatedly accommodated these Plaintiffs, Walgreens can no longer wait for the McMullens to produce this information. This case. involving eight plaintiffs located in four counties (some of whom have been employed with Walgreens for nearly twenty years and some who have been employed elsewhere) is currently on a four month discovery track. Prior to receipt of these documents, Walgreens cannot conduct a meaningful deposition. Plaintiffs have not objected to producing this information and have not stated that they could never obtain these documents. In light of the discovery track for this case and in light of the fact that nearly four months have passed since requesting this information, the time has come for the McMullens to produce this information.

With respect to this Production Request No. 7, Plaintiff Bernice Shorter-Meares ("Shorter-Meares") stated she "[w]ill forward" here tax returns. Response to Defendant's Revised First

8

Request for Production, No. 7, attached as composite Exhibit J. Shorter-Meares still has not forwarded tax returns to Walgreens.

With respect to this Production Request No. 7, Plaintiff Constance Echebiri ("Echebiri") stated "[s]ee attached tax wage statements for the years of 1995 and 1999." Response to Defendant's Revised First Request for Production, No. 7, attached as composite Exhibit J. Echebiri ignored the request to produce income tax returns, W-2s, or similar forms for the years 1994, 1996, 1997, and 1998. Echebiri did not object to producing this information and thus, she must produce it. Echebiri may not elect what years of tax returns she will and will not produce. This information is relevant to the plaintiffs alleged damages and mitigation of such damages and thus, Walgreens is entitled to all of these documents. If Echebiri does not have tax returns for these years, then she should correct her response in accordance with Fed. R. Civ. P. 26(e) and the Discovery Practices Handbook for the Southern District of Florida, Gen. App. A(I)(C).

**Production Request No. 8 to Echebiri.**

Walgreens requested "[d]ocuments showing your efforts to obtain other employment while you have been working for Walgreens." Defendant's Revised First Request for Production, No. 8, attached as composite Exhibit B. Echebiri's response was to see the "[a]ttached" documents. Response to Defendant's Revised First Request for Production, No. 8, attached as composite Exhibit J. No documents, however, were attached to her responses. Again, the time has come for Echebiri to produce this requested documentation.

**Production Request No. 15 to Echebiri.**

Walgreens requested "[d]ocuments showing that you sought or applied for any promotion while working at Walgreens." Defendant's Revised First Request for Production, No. 15, attached as composite Exhibit B. Again, Echebiri's response was to see the "[a]ttached" documents.

9

Response to Defendant's Revised First Request for Production. No. 15. attached as composite Exhibit J. Again. no documents were attached.

### Production Request No. 28 to J. McMullen

Walgreens requested "[d]ocuments reflecting or referring to your resignation from Walgreens." Defendant's Revised First Request for Production. No. 28. attached as composite Exhibit B. J. McMullen's response to this interrogatory was that "Walgreens would have such information." Response to Defendant's Revised First Request for Production. No. 28. attached as composite Exhibit J. Notably, J. McMullen did not state that he did not have the documents nor did he advance an objection. J. McMullen informed Walgreens that he resigned to attend school – his current contention is different. Documents in J. McMullen's possession may or may not be the same as those in Walgreens' possession. J. McMullen's response is insufficient and responsive documents should be produced.

Walgreens has patiently awaited documents that Plaintiffs agreed to produce. Plaintiffs have been informed that these documents were missing from their responses. Walgreens' efforts obtain these documents over the past two months through informal methods have failed thus requiring formal intervention.

### CONCLUSION

For the foregoing reasons, Walgreens respectfully requests that this Court enter an order compelling: (1) Plaintiff Delores Okonmah to serve responses to Defendant's Revised First Request for Production and Revised First Set of Interrogatories within five (5) days from the date of the Court's Order: (2) Plaintiffs to serve better answers to Defendant's Revised First Set of Interrogatories. No. 7, within five (5) days from the date of the Court's Order; and (3) Plaintiffs Constance Echebiri, Carmita McMullen, and Joseph McMullen to serve all tax returns, W-2s, or

10

similar documents as indicated in Defendant's Revised First Request for Production of Documents within five (5) days from the date of the Court's Order.

In light of Plaintiff Okonmah's blatant disregard for the rules of discovery, Walgreens further respectfully requests that this Court order Plaintiffs and their counsel to pay Walgreens' expenses, including the reasonable attorneys' fees caused by Plaintiffs' failure to respond to properly served discovery and any and all other sanctions that the Court may deem proper and just. A proposed order is attached for the convenience of the Court.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
    Edwin G. Torres
    Florida Bar No. 911569
    Heather L. Gatley
    Florida Bar No. 0050482
    Brian L. Lerner
    Florida Bar No. 0177202

11

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 26.1(I)

The undersigned hereby certifies that he has made a good faith effort to resolve the matters referred to in the preceding Motion and Memorandum. Counsel for Walgreens has conferred in writing and by telephone with opposing counsel in an attempt to resolve this discovery dispute informally. All efforts to resolve the matters contained in this Motion and Memorandum have failed.

By: _____
Brian L. Lerner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of September, 2000, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
Brian L. Lerner

MIA_1998/614757-1

12

00-6151.oa

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6151 CIV HUCK

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; etc., et al.,

       Plaintiff,

vs.

WALGREEN COMPANY,

       Defendant.

_____/

## ORDER RE: MOTION TO COMPEL

**This matter** is before this Court on Defendant's Motion to Compel Documents and Answers

to Its Revised...Interrogatories and Revised ...Request for Production, filed September 18, 2000.

The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND**

**ADJUDGED** as follows:

    1.  With regard to plaintiff Delores Okonmah the motion is **GRANTED.** She shall answer

the interrogatories and produce the documents requested within five (5) days from the date of this

order.

    2.  The motion is **GRANTED, in part,** as to interrogatory 5 with regard to plaintiffs

Echebiri, Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor. The Court agrees

that certain damages are not readily ascertainable (emotional, humiliation, pain embarrassment and

anger), but as to the other damages claimed they shall be answered with specificity within five (5) days from the date of this order. The same holds for plaintiffs Bernice Shorter- Meares and Joyce Williams.

3. The motion is **DENIED** with regard to the McMullens as to production request 7, based on the response at page 2. If the information is not forthcoming within thirty (30) days from the date of this order, plaintiffs shall execute an authorization for defendant to obtain the information sought. The motion is **GRANTED** as to plaintiff Shorter-Meares who shall produce her tax returns within five (5) days from the date of this order. Plaintiff Echebiri shall produce the returns for the years not produced within five (5) days from the date of this order.

4. The motion is **DENIED** with regard to request 8 to plaintiff Echebiri based on the response at page 2.

5. The motion is **DENIED** with regard to request 15 to plaintiff Echebiri and request 28 to plaintiff J. McMullen based on the response at page 3.

**DONE AND ORDERED** this _2d_ day of November, 2000 at Miami, Dade County, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:    Honorable Paul C. Huck
       Brian Lerner, Esq.
       Kelsay D. Patterson, Esq.

# STEEL ■
# HECTOR
# ■DAVIS˙

Steel Hector & Davis LLP
200 South Biscayne Boulevard
Miami, Florida  33131-2398
305.577.7000
305.577.7001 Fax
www.steelhector.com

October 31, 2000

Brian L. Lerner
305.577.7048
blerner@steelhector.com

**VIA FACSIMILE**

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

     RE:    <u>Williams et al. v. Walgreen Company</u>

Dear Mr. Patterson:

     Our office has received Plaintiff Delores Okonmah's Answers to Walgreens' Revised First Set of Interrogatories.  These answers, which were overdue by more than four months and were served several weeks after Walgreens' Motion to Compel was fully briefed, suffer from some of the deficiencies noted in Walgreens' Motion to Compel.

     Specifically, Plaintiff Okonmah's answer to Interrogatory No. 5 is the word-for-word answer provided by Plaintiffs Constance Echebiri, Michael Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor over four months ago.  Notably, your office received earnings summaries for all of the plaintiffs on September 27, 2000.  Your office has had the "salary and benefits information" necessary to compute damages for almost one whole month prior to serving Plaintiff Okonmah's answer.  As such, we request that you correct Plaintiff Okonmah's answer by providing specific damages information.

     With respect to Plaintiff Okonmah's answer to Interrogatory No. 7, Plaintiff Okonmah lists only one document supporting any of her allegations contained in the First Amended Complaint. Because Plaintiff Okonmah still has not served any responses to Walgreens' Revised First Request for Production of Documents, we are unable to determine whether she is going to rely on any other documents to support her allegations in the pleadings.  Based on Plaintiffs' Supplemented Exhibit List, there must other documents that Plaintiff Okonmah relies upon to support her allegations in the First Amended Complaint.  As such, we request that you correct this answer as well.

S T E E L ▮
H E C T O R
▮ D A V I S

Kelsay D. Patterson, Esq.
October 31, 2000
Page 2

In light of the complete inadequacy of Plaintiff Okonmah's Answers to Walgreens' Revised First Set of Interrogatories, I ask that you correct these answers immediately. Should I not hear from you by tomorrow, we will be supplementing our Motion to Compel with the Court on Thursday, November 2, 2000.

Very truly yours,

Brian L. Lerner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.
_____/

### PLAINTIFF, CARMITA MCMULLEN'S NOTICE OF SERVICE OF ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES

    Plaintiff, Carmita McMullen, by and through undersigned counsel, and in

accordance with Fed. R. Civ. P. 33 and S.D. Fla. L.R. 26.1 G., hereby gives Notice

of Service of Answers to Defendant's Second Set of Interrogatories.

### CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing was

mailed this _8th_ day of November, 2000, to: Heather L. Gatley, Esq., Steel

1

Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th

Floor, Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:    305-445-5475
Fax:    305-445-5479


KELSAY D. PATTERSON
Fla. Bar No. 119784

STEEL █
HECTOR
█DAVIS⁻

Steel Hector & Davis ...
200 South Biscayne Boulevard
Miami, Florida 33131-2398
305.577.7000
305.577.7001 Fax
www.steelhector.com

November 13, 2000

**Brian L. Lerner**
305.577.7048
blerner@steelhector.com

**VIA FACSIMILE**

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

     RE:   Williams, et al. v. Walgreen Company

Dear Mr. Patterson:

     Pursuant to the Court's November 2, 2000, Order, Plaintiffs were to serve responses, correct responses, and/or supplement responses to Walgreens' discovery no later than November 7, 2000. To date, we have not received any such responses. Please let me know today if such responses were served.

          Very truly yours,

          Brian L. Lerner

MIA_1998/630144-1

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-UNGARO/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.

_____/

## NOTICE OF OBJECTION TO MAGISTRATE'S
## ORDER OF NOVEMBER 2, 2000

    The Plaintiffs, by and through undersigned counsel file the above entitled

pleading based upon the following reasons:

    1.    On September 20, 2000, the Defendant filed a Motion to Compel its First

Set of Interrogatories and Production of Documents.  The Defendant's motion was

directed towards specific responses it deemed incomplete.  The Defendant moved the

court to order a better and more specific answer be given by the Plaintiffs for

Interrogatory #5 which reads as follows:

"5.   Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e., general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used."

The Plaintiffs responded with:

"Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiffs' Request for Production.  No computation can be made as to the emotional humiliation, pain, embarrassment, and anger suffered due to the Defendant's failure to promote me.  It is an item best left to a jury." **(See Exhibit 1.)**

2.      In the Plaintiffs' response to the Defendant's motion, it was demonstrated to the court that the Defendant had yet to produce salary and earnings information on non-black managers who the Plaintiffs were planning on using as similarly situated counterparts.  The Plaintiffs contend that non-black pharmacists are being promoted over them in addition to other daily/ongoing employment disparities.  The Plaintiffs cannot calculate the difference in pay if they had been promoted without knowing the pay their counterparts are making in these positions.  There would be no standard or litmus test to use in order to compute, compare, and assess the pay differential.  Subsequent to filing their motion, the Defendant disclosed some of the requested salary production requests.

3.      On November 2, 2000, U.S. Magistrate Stephen T. Brown denied the Defendant's motion with respect to their fifth (5th) Interrogatory as it relates to anger, embarrassment, and humiliation.  However, Magistrate Brown ordered specific salary

2

and economic computations be made within five (5) days of the Order's date. **(See Exhibit 2.)**

    4.    An order only providing for five (5) days to furnish these type of detailed specific responses in light of the Defendant's wrongful withholding of the relevant salary documents is both impractical and unfair. The Plaintiffs are all college educated professional pharmacists who must all, on an individual basis, meet with the economist to discuss their past and present employment package in order for the economist to assess the different impacts upon each individual Plaintiff. A few of the Plaintiffs are no longer employed by the Defendant, therefore medical, dental, salary, future upward mobility, ERISA plans, 401k plans, vacation/sick time, etc. . . must be contrasted. This requires present and future value computations.

    No economist could comb through and review the volumes of salary documents the Defendant has now furnished, meet all eight (8) Plaintiffs (two of whom live in Tampa), and produce a report specifying specific amounts for each within five (5) days. It is a feat that is so entirely impossible that only injustice can follow from another order regarding their failure to comply with the Magistrate's Order of November 2, 2000.

    5.    The Plaintiffs do not seek to avoid this inquiry, as they intend to present concrete economic damages testimony. The Plaintiffs have no reason to sandbag, delay or evasively answer because this is one of the most significant issues in their claims. In light of the circumstances, and because the Defendant will not be prejudiced, the Plaintiffs request that said response be supplemented by or before December 8, 2000. It

should be noted that such a specific response will artificially push forward the Plaintiffs' disclosure of expert witnesses.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this ___9th___ day of November, 2000, to: Mark R. Cheskins, Esquire, Attorneys for Defendant, Steel, Hector & Davis, LLP, 200 South Biscayne Boulevard, 40th Floor, Miami, Florida, 33131-2398.

MICHAEL M. TOBIN, P.A.
Attorneys for Plaintiffs
1099 Ponce De Leon Boulevard
Coral Gables, Florida 33134
Phone: 305-445-5475
Fax: 305-445-5479

By: _____
Kelsay D. Patterson
Florida Bar Number 119784

nor does she have any such justification and she still has not served her responses. Accordingly, Walgreens is entitled to recover its reasonable attorney's fees and costs. *See Collins v. Burg,* 169 F.3d 563, 565 (8th Cir. 1999) (affirming award of attorney's fees following the plaintiff's failure to respond to interrogatories and requests for production); *see also Adams v. Autozoners, Inc.,* 2000 WL 235240, *2 (E.D. La. Feb 29, 2000) (noting that the court previously awarded attorney's fees under Fed. R. Civ. P. 37 for the plaintiff's failure to respond to discovery); *EEOC v. Personnel Servs. of Fort Myers, Inc.,* 1989 WL 162784, *1 (M.D. Fla. May 12, 1989) (finding that an award of costs, including a reasonable attorney's fee, was appropriate in light of the defendant's total failure to respond in any manner to the plaintiff's discovery requests).

## II.    **Plaintiffs' Interrogatory Responses Are Insufficient**

Constance Echebiri, Michael Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor, all of whom served their interrogatory responses on June 23, 2000, were asked the following interrogatory with respect to damages:

> 5.    Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each items of damages, including any mathematical formula used.

Defendant's Revised First Set of Interrogatories, No. 5, attached as Exhibit A. Each one of these plaintiffs responded to this interrogatory with the following:

> Failure to promote will have damages computed and assessed by an economist when enough salary and benefits information has been provided by Defendant through Plaintiff's Request for Production. No computation can be made as to the emotional humiliation, pain, embarrassment, and anger suffered due to the Defendant's failure to promote me. It is an item best left to a jury.

6

PLAINTIFF'S
EXHIBIT

00-6151.oa

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6151 CIV HUCK

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; etc., et al.,

      Plaintiff,

vs.

WALGREEN COMPANY,

      Defendant.

_____/

### ORDER RE: MOTION TO COMPEL

**This matter** is before this Court on Defendant's Motion to Compel Documents and Answers

to Its Revised...Interrogatories and Revised ...Request for Production, filed September 18, 2000.

The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

    The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND**

**ADJUDGED** as follows:

    1.  With regard to plaintiff Delores Okonmah the motion is **GRANTED.** She shall answer

the interrogatories and produce the documents requested within five (5) days from the date of this

order.

    2.   The motion is **GRANTED, in part,** as to interrogatory 5 with regard to plaintiffs

Echebiri, Ferguson, Carmita McMullen, Joseph McMullen,and Mia Dawn Taylor. The Court agrees

that certain damages are not readily ascertainable (emotional, humiliation, pain embarrassment and



anger), but as to the other damages claimed they shall be answered with specificity within five (5) days from the date of this order. The same holds for plaintiffs Bernice Shorter- Meares and Joyce Williams.

3.   The motion is **DENIED** with regard to the McMullens as to production request 7, based on the response at page 2. If the information is not forthcoming within thirty (30) days from the date of this order, plaintiffs shall execute an authorization for defendant to obtain the information sought. The motion is **GRANTED** as to plaintiff Shorter-Meares who shall produce her tax returns within five (5) days from the date of this order. Plaintiff Echebiri shall produce the returns for the years not produced within five (5) days from the date of this order.

4.   The motion is **DENIED** with regard to request 8 to plaintiff Echebiri based on the response at page 2.

5.   The motion is **DENIED** with regard to request 15 to plaintiff Echebiri and request 28 to plaintiff J. McMullen based on the response at page 3.

**DONE AND ORDERED** this _2d_ day of November, 2000 at Miami, Dade County, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Paul C. Huck
      Brian Lerner, Esq.
      Kelsay D. Patterson, Esq.