UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;



    Plaintiffs,

vs.

WALGREEN COMPANY,

    Defendant.
_____/

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SERVE PLAINTIFFS' INTERROGATORY RESPONSE ON DECEMBER 14, 2000

Pursuant to Fed. R. Civ. P. 37 and S.D. Fla. L.R. 7.1 and 26.1, Defendant Walgreen Co. ("Walgreens") files this response to Plaintiffs' Motion for Leave to Serve Interrogatory Responses. Walgreens states as follows:

### ARGUMENT

Plaintiffs' motion for leave is untimely, incorrectly casts blame on Walgreens for the Plaintiffs' dilatory behavior, and was filed without a good-faith consultation with Walgreens as required under the Local Rules.



STEEL HECTOR & DAVIS LLP

As a preliminary matter, Walgreens notes that this Court ordered Plaintiffs to serve their responses "within five (5) days from the date" of this Court's Order, which was issued on November 2, 2000. Plaintiffs, one month to the day they were supposed to serve their responses, which was November 7, 2000, instead filed this motion for leave. Plaintiffs' motion, which is basically a motion for enlargement *nonc pro tunc*, demonstrates yet again the Plaintiffs' lack of respect for the Federal and Local Rules and this Court's Orders. Unfortunately, Walgreens has been subjected to this type of prosecution and disregard of rules and orders in this case from its inception – nearly eleven months ago – as evidenced by the fact that Plaintiffs have yet to fully respond to Walgreens' initial discovery (served on April 28, 2000).

Without even mentioning the fact that this motion is filed one month after the documents were due to be produced by Court Order, Plaintiffs suggest that additional time is needed because of *Walgreens'* production of earning summaries. Walgreens' has produced everything reasonably requested by Plaintiffs, and Plaintiffs never once never once – not in a telephone conversation, not in a letter, and not in a pleading such as their Motion to Compel filed with this Court – objected to the production of earnings summaries. These earnings summaries, notably, list the amount of income received per pay check, the gross income received for the entire year, and provide codes and separate listings for bonuses. A phone call from Plaintiffs would have resolved this issue within minutes.

Instead of calling, however, Plaintiffs once again resorted to this Court without following the Local Rules. The Local Rules provide that "[prior to filing any motion in a civil action, . . . the moving party shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with counsel for the opposing party in a good faith effort to resolve by agreement the issues

2

to be raised in the motion." S.D. Fla. L.R. 7.1.3; *see also* S.D. Fla. L.R. 26.1.H. After having another motion denied by this Court for failure to comply with this very rule, Plaintiffs' choice to once again file a motion without a good-faith consultation is an interesting one.[1]

## CONCLUSION

Walgreens has argued repeatedly that Plaintiffs have had ample time, nearly seven months, to respond to discovery. While another week without initial interrogatory answers will not prejudice Walgreens any more than it has already suffered, Walgreens requests that this Court set a date certain for production of this information and immediately sanction the Plaintiffs for further non-compliance with this Court's Order.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
Edwin G. Torres
Florida Bar No. 911569
Heather L. Gatley
Florida Bar No. 0050482
Brian L. Lerner
Florida Bar No. 0177202

---

[1] Plaintiffs' motion also violates two other Local Rules. *See* S.D. Fla. L.R. 26.1.I (requiring that counsel file with the motion a statement certifying that he or she conferred with opposing counsel prior to filing the motion); *see also* S.D. Fla. L.R. 7.1.2 (requiring that counsel attach a proposed order to a motion seeking an extension of time).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 11th day of December, 2000, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
Brian L. Lerner

MIA_1998/635835-1