UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

    Plaintiffs,

vs.

WALGREEN COMPANY,

    Defendant.
_____/

### DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLY WITH THE COURT'S NOVEMBER 2, 2000, ORDER

Faced with a motion to dismiss one plaintiff and to strike the claims of several other plaintiffs, all of a sudden, Plaintiffs Okonmah and Shorter-Meares produce tax returns. Plaintiffs' response, however, fails to provide any justification as to why these two Plaintiffs chose to ignore for over a month this Court's November 7, 2000, deadline to produce discovery. Additionally, Plaintiffs fail to provide any justification as to why they still have not forwarded production responses for Plaintiff Okonmah and tax returns and/or executed authorizations for Plaintiffs Echebiri, Carmita McMullen, and Joseph McMullen. Plaintiffs' response, rather, mischaracterizes the record and fails to refute any of the legal issues asserted by Walgreens.

Plaintiffs have operated and continue to operate under their own interpretation of the Rules of Civil Procedure. In addition to ignoring properly served discovery, failing to conduct good-faith conferences, and failing to comply with court orders, Plaintiffs now treat their Notice of Objection to the Magistrate's Order as well as their *non pro tunc* Motion for Leave as an automatic stay to producing the damages information.[1]

Rather than respond to Walgreens attempt to resolve this situation informally, Plaintiffs simply ignored Walgreens. Rather than err on the side of caution by complying with this Court's Order, Plaintiffs simply disregarded the Order compelling discovery. Now, when Walgreens files a motion, rather than provide an excuse for this complete failure to comply with this Court's Order, Plaintiffs inappropriately talk about scheduling depositions and serving laborious responses to Walgreens' Second Set of Interrogatories as if to shift blame and responsibility for their non-compliance.[2] Plaintiffs gambled at their own peril. *See* S.D. Fla. Gen. App. A.I.D(4) ("[I]f a Court

---

[1] Indeed, Plaintiffs' Motion for Leave failed to comply with several Local Rules – including the requirement to conduct a good-faith conference prior to filing their motion. Notably, this Court denied one of Plaintiffs' motions for this exact reason. *See* Order Denying Motion to Compel Discovery, dated Sept. 26, 2000, at 1.

[2] Plaintiffs' arguments have no place in this motion because they were not asserted by Walgreens in its motion. Walgreens would note that Plaintiffs' argument that the Local Rules limit the interrogatories that Walgreens may serve is meritless because (1) the Second Set of Interrogatories are not the initial interrogatories (that would be the First Set of Interrogatories), (2) the Second Set of Interrogatories seek specific facts, including names, dates, and subject matter, to support allegations raised in specifically identified paragraphs of the First Amended Complaint, (3) and Plaintiffs' position seems patently inconsistent with the position they took in their Motion to Compel. With respect to Plaintiff Okonmah, Walgreens would note that she did finally serve answers to the Second Set of Interrogatories, but these answers were served one week late after already being given a several week enlargement and only after Walgreens threatened a motion to compel. *See* Letter to Kelsay D. Patterson, dated Nov. 20, 2000, attached as Exhibit G. When the answers were received, the answers were unexecuted, were missing pages, and were basically block copies of other answers served by other plaintiffs that Walgreens told Plaintiffs were incomplete, vague, and non-responsive to many of the interrogatories. *See*

order is obtained compelling discovery, unexcused failure to provide a timely response is treated by the Court with the gravity it deserves; willful violation of a Court order is always serious and may be treated as contempt.").

Plaintiffs' response is basically a series of misstatements and misrepresentations of the record without any legal or factual assertions to support their willful failure to comply with this Court. First, Plaintiffs state that the Court "denied in a nine (9) page written Order" Walgreens' Motion to Dismiss. Plaintiffs' Response to Defendant's Motion to Strike and/or Dismiss Plaintiffs' Claims, dated Dec. 4, 2000, at 1 ("*Response*"). The Court did not deny Walgreens' Motion to Dismiss but granted in part and denied in part Walgreens' motion – dismissing all of Plaintiffs' Florida Civil Rights Claims; dismissing all of non-filing Plaintiffs' Title VII disparate treatment claims except for their failure to promote claims; and dismissing all of the non-filing Plaintiffs' Title VII retaliation claims. *See* Order, dated Aug. 16, 2000, at 7-8, 9.

Second, Plaintiffs represent that Plaintiff Okonmah "fully complied" by answering the First Set of Interrogatories. *Response* at 2. Plaintiffs fail to inform this Court that Plaintiff Okonmah's answers were <u>virtual copies of the answers given by Plaintiffs</u> Constance Echebiri, Michael Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor <u>on June 23, 2000</u>. It was these exact responses and Plaintiffs' failure to correct that forced Walgreens to file its Motion to Compel over 2½ months ago.

Third, Plaintiffs state that "[t]he Court in its Order indicated that if the Defendant felt the need to obtain additional income tax information that the Defendant could submit a proper social security authorization form allowing the Defendant access to said information." *Response* at 3.

---

*id.*; *see also* Letter to Kelsay D. Patterson, dated Nov. 28, 2000, attached as Exhibit H.

3

There is no language in this Court's Order to that effect; in fact, this Court's Order is clear that "[i]f the information is not forthcoming within thirty (30) days from the date of this order, <u>plaintiffs shall execute</u> an authorization for defendant to obtain the information sought." Order re: Motion to Compel, dated Nov. 2, 2000, at 2 (emphasis added). Notably, thirty days has come and gone and yet Plaintiffs Echebiri, Carmita McMullen, and Joseph McMullen, as ordered by this Court, have yet to produce executed authorizations.

Fourth, Plaintiffs state that "[n]othing to this point has stopped the Defendant from noticing any of the Plaintiffs for deposition." *Response* at 4. To the contrary, Walgreens attempted to work with Plaintiffs in setting mutually convenient dates and times in July for the depositions of Plaintiffs to occur in August. Walgreens proceeded with these attempts based on Plaintiffs' assurances that answers to interrogatories and responses to production requests would be forthcoming. Depositions have not proceeded because telephone calls went unreturned and promised information vital to these depositions was withheld forcing a **four month drawn out process to compel information responsive to <u>discovery</u> <u>served</u> <u>seven</u> <u>months</u> <u>ago</u>.**[3]

Walgreens has sought nothing more than "disclosure of all the evidence relevant to the merits of [this] controversy." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989). Walgreens seeks the imposition of sanctions because the voluntary, cooperative discovery process,

---

[3] A quintessential example of Plaintiffs' dilatory conduct is found in this response and in their Motion for Leave. In their response, Plaintiffs state that the expert reports necessary to provide the damages information "should be ready by Friday, December 8, 2000." *Response* at 4. In their *non pro tunc* Motion for Leave, Plaintiffs request an additional week to serve this information and did so without conferring with opposing counsel as required by S.D. Fla. L.R. 7.1.3, without providing any basis for their excusable neglect as required by Fed. R. Civ. P. 6(b), and without providing what information they did have considering that requests for enlargement do not stay deadlines – let along court-ordered deadlines.

4

as envisioned by the Federal Rules and the Local Rules, has been completely abandoned by Plaintiffs. *See* S.D. Fla. Gen. App. A.I.A(1) (stating that discovery in this district is normally practiced with a "spirit of cooperation and civility"). The provisions authorizing sanctions, Fed. R. Civ. P. 37, were implemented to penalize this type of conduct and to ensure that the recalcitrant party will not enjoy the fruits of its own non-compliance and will "deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976) (per curiam).

Plaintiffs' repeated violation of this Court's rules and orders warrant appropriate sanctions under Fed. R. Civ. P. 37 and 41. *See* S.D. Fla. Gen. App. A.I.D(4) ("Rule 37 is enforced in this District."). At some point, the discovery games Plaintiffs are playing must stop. *See, e.g., Gratton v. Great Am. Communications*, 178 F.3d 1373, 1375 (11th Cir. 1999) (affirming dismissal of employment discrimination case where the plaintiff's conduct "interfered with the process of discovery" and the plaintiff disobeyed the district court's order to produce certain discovery); *Properties Int'l, Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983) (affirming dismissal with prejudice of the plaintiffs' suit as a consequence of the plaintiffs' refusal to cooperate with discovery); *EEOC v. Kim and Ted, Inc.*, 1995 WL 745836, *4 (N.D. Ill. Dec. 12, 1995) (barring the plaintiff's back pay claim and awarding reasonable attorney's fees to the defendant where the plaintiff failed to produce tax returns).

5

## **CONCLUSION**

For all these reasons and the reasons set forth in Walgreens' Motion to Strike and/or Dismiss, Walgreens respectfully requests that this Court enter an order dismissing the claims of Plaintiff Delores Okonmah with prejudice for her continued to failure to serve responses to discovery, barring Plaintiffs Constance Echebiri, Carmita McMullen, and Joseph McMullen from seeking back pay and/or other salary relief, and requiring Plaintiffs to pay the reasonable expenses, including attorney's fees and any and all other sanctions that the Court may deem proper and just for this motion, Walgreens' Motion to Compel, and for Plaintiffs' willful conduct.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
Edwin G. Torres
Florida Bar No. 911569
Heather L. Gatley
Florida Bar No. 0050482
Brian L. Lerner
Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 13th day of December, 2000, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
Brian L. Lerner

MIA_1998/635324-1

# STEEL ■
# HECTOR
# ▊ D A V I S⁀

Steel Hector … D…
200 South Biscayne Boulevard
Miami, Florida 33131-2398
305.577.7000
305.577.7001 Fax
www.steelhector.com

Brian L. Lerner
305.577.7043
blerner@steelhector.com

November 20. 2000

**VIA FACSIMILE**

Kelsay D. Patterson. Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables. Florida 33134-3319

    RE:    *Williams, et al. v. Walgreen Company*

Dear Mr. Patterson:

    We are in receipt of Plaintiff Michael Ferguson's, Carmita McMullen's, and Bernice Shorter-Meares' Answers to Walgreens' Second Set of Interrogatories. We have reviewed these answers and have determined that many of the answers provided do not address the information sought or suffer from other deficiencies. In an effort to resolve these issues without court intervention, below, we have identified, interrogatory-by-interrogatory, the issues we believe exist with the plaintiffs' answers.

    Generally, all three of the answers were unexecuted. The Federal and Local Rules clearly contemplate that interrogatories be answered "under oath." S.D. Fla. Gen App. B; *see also* Fed. R. Civ. P. 33; S.D. Fla. L.R. 26.1(G). Please have these plaintiffs sign their answers and have their signatures notarized. Also, we agreed to an enlargement of time for your clients until November 8, 2000, to serve these answers. We have yet to receive any answers from Plaintiff Delores Okonmah. Please forward her executed answers immediately.

    With respect to Plaintiff Carmita McMullen. we found the following:

    **Interrogatory No. 2** – The answer is non-responsive or incomplete at best. The answer talks about blacks generally but not how Plaintiff herself was affected. To the extent "failure to be promoted" and" failure to be informed" of vacant positions refers to Ms. McMullen. she did not provide dates nor specific employees involved despite being asked to do so.

    **Interrogatory No. 5** – This answer refers Walgreens to answers to Interrogatory Nos. 1, 2, and 4. As indicated above, No. 2 was non-responsive. Moreover, this interrogatory refers to race-based discriminatory treatment, not facially-neutral policies.

STEEL
HECTOR
■DAVIS"

Kelsay D. Patterson. Esq.
November 20. 2000
Page 2

**Interrogatory No. 6** – The content of these expressions were not provided in the answer as requested.

**Interrogatory No.7** – Plaintiff failed to provide the name of any alleged comparators as requested. If there are none, please state so.

**Interrogatory Nos. 8, 9** – Plaintiff adopted paragraphs 18-20 of the First Amended Complaint but no specific factual allegations were contained in those paragraphs. Walgreens propounded these interrogatories to determine the specific factual allegations to support the conclusory allegations contained in the First Amended Complaint. Plaintiff's answers fall short of providing any such information.

**Interrogatory No. 11** – If Plaintiff sought the position of Pharmacy Supervisor and that position was vacant on several occasions, then Plaintiff should be able to identify times when she was not informed of this position being available. Plaintiff never explained how she learned the positions were filled nor did she explain when and how non-black pharmacists were informed. Also, Plaintiff referred to the affidavit of Karl Meehan, but this reference failed to comply with the Local Rules when referencing documents in lieu of providing an answer. *See* S.D. Fla. L.R. 26.1(G)(8).

**Interrogatory No. 12** – Plaintiff alleged in the First Amended Complaint that training was provided to others, but she failed to provide how she learned about this training, when she learned about this training, which non-blacks received this training. and what that training entailed.

**Interrogatory No. 13** – This answer refers Walgreens to problematic interrogatories, which are noted above. We want to know what positions allegedly were denied to Plaintiff and who allegedly denied her those positions.

**Interrogatory No. 14** – Plaintiff does not provide an answer to this interrogatory as it relates to her. Plaintiff also failed to provide any names as requested. Who was the scheduler? Who chose the scheduler? Who was the person assigning floaters? Who was placing pharmacists in new stores? If these people were allegedly discriminating against Plaintiff. then we would like her to provide those names – as requested in the interrogatory.

**Interrogatory No. 15** – Plaintiff failed to provide an explanation as to how her career was adversely affected. Plaintiff alleges that a subjective procedure exists, but she did not provide an answer describing what that procedure is and how it works – as was requested.

STEEL
HECTOR
DAVIS

Kelsay D. Patterson, Esq.
November 20, 2000
Page 3

**Interrogatory No. 16** – No answer was given as to how Walgreens deterred Plaintiff from these assignments nor did Plaintiff provide an answer as to the manner in which she alerted Walgreens of her interest in what she perceived to be more desirable job assignments.

**Interrogatory No. 17** – Plaintiff failed to answers sub-parts (a), (b), (c), (d), and (e). If there is no answer to these sub-parts, Plaintiff must state as such.

**Interrogatory No. 19** – Plaintiff refers Walgreens to the fifty-three page First Amended Complaint. Her answer does not comply with the requirements of the Local Rules. *See* S.D. Fla. L.R. 26.1(G)(8). Walgreens propounded these interrogatories to determine the specific factual allegations supporting Plaintiffs assertions in the First Amended Complaint. Referencing the First Amended Complaint is problematic because the factual allegations contained therein are vague.

**Interrogatory No. 20** – No answer was given as to the circumstances surrounding Plaintiff's transfer to the West Dixie store. She simply stated that she was transferred. The interrogatory clearly requested more specific information including an answer from Plaintiff as to why the store was closing, which she failed to answer.

With respect to Plaintiff Michael Ferguson, we found the following:

**Interrogatory Nos. 2, 5, 8, 11, 15-17** – These answers are identical to Plaintiff Carmita McMullen and thus suffer from the same deficiencies noted above.

**Interrogatory No. 7** – This answer was non-responsive to the interrogatory propounded. Walgreens asked for the names of comparators and their qualifications that Plaintiff believed were less than his qualifications. No answer was given.

**Interrogatory No. 12** – Paragraph 66(b) alleges that training was given to non-black pharmacists. Plaintiff has failed to provide an answer as to what that training entailed, who those persons were that received training, and how and when Plaintiff learned about this training. If no training was provided to blacks or non-blacks, we ask that Plaintiff affirmatively state this fact.

**Interrogatory No. 20** – Plaintiff did not provide any dates nor the nature and/or content of the disciplinary actions he allegedly received – as was requested.

STEEL
HECTOR
▪ DAVIS"

Kelsay D. Patterson, Esq.
November 20, 2000
Page 4

With respect to Plaintiff Bernice Shorter-Meares. we found the following:

**Interrogatory Nos. 2, 5, 8-13, 15-17** – These answers are identical to Plaintiff Carmita McMullen, and for that matter Plaintiff Michael Ferguson, and thus suffer from the same deficiencies noted above.

**Interrogatory No. 23** – Plaintiff did not provide the names of any comparators as requested. However, the First Amended Complaint does name one alleged comparator. Additionally, why have the names of those listed in Plaintiff's answer to Interrogatory No. 7 not been included.

**Interrogatory No. 24** – Plaintiff does not answer whether those alleged to be less qualified were informed of, interviewed for, considered for, or actually received the promotions. Moreover, Plaintiff did not provide what qualifications she had over these people, her efforts to get that position, and what documents support her answer.

As stated above, we are writing to you in an effort to resolve these discovery issues without court intervention. We would request that you respond to this letter no later than November 29, 2000.

Thank you for your anticipated cooperation.

Very truly yours,

Brian L. Lerner

**STEEL ■**
**HECTOR**
**⬛ D A V I S**

Steel Hector & Davis
200 South Biscayne Boulevard
Miami, Florida 33131-2398
305.577.7000
305.577.7001 Fax
www.steelhector.com

Brian L. Lerner
305.577.7043
blerner@steelhector.com

November 28, 2000

**VIA FACSIMILE**

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

    RE:   *Williams, et al. v. Walgreen Company*

Dear Mr. Patterson:

    We are in receipt of Plaintiff Delores Okonmah's Answers to Walgreens' Second Set of Interrogatories. We have reviewed these answers and have determined that many of the answers provided do not address the information sought or otherwise suffer from the same deficiencies noted in my letter to you dated November 20, 2000. In an effort to resolve these issues without court intervention, below we have identified, interrogatory-by-interrogatory, the issues we believe exist with the plaintiff's answers.

    Generally, we are missing answers for Interrogatory Nos. 25 and 26. Interrogatory No. 24 was cut off in mid-answer. The facsimile we received jumps from page 7, which has part of Plaintiff's answer to Interrogatory no. 24, to page 30, which is Plaintiff's jurat form. Additionally, the facsimile contained a copy of the front and back of Plaintiff's driver's license. We are unsure if this copy is responsive to any interrogatory or discovery request. Please fax over these missing pages.

    With respect to the interrogatory answers received, the following answers were incomplete or non-responsive:

    **Interrogatory Nos. 2, 5, 8-9, 11-13, 15-17** – These answers are identical to Plaintiffs Carmita McMullen, Michael Ferguson, and Bernice Shorter-Meares and thus suffer from the same deficiencies noted in my letter to you dated November 20, 2000, attached hereto for your convenience.

    **Interrogatory No. 20** – Plaintiff failed to provide the address and telephone number for Caremark. This information is important because it allows us to subpoena documents from this

STEEL
HECTOR
DAVIS

Kelsay D. Patterson, Esq.
November 28, 2000
Page 2

former employer. Additionally, Plaintiff failed to provide an answer as to the reason why she left her previous jobs – as was requested.

**Interrogatory No. 21** – Plaintiff's answer is non-responsive. She was asked to identify each non-Black Pharmacist who she alleges has less experience as a pharmacist but who was assigned a permanent store location when she was not assigned a permanent store. This, she did not do. Plaintiff also failed to provide (1) what qualifications she believed she had that the person(s) assigned did not have, (2) the store location the non-Black pharmacist was placed in, (3) her efforts to obtain that assignment, and (4) the identity of any documents in which she expressed an interest in that assignment.

**Interrogatory No. 22** – Plaintiff referenced one paragraph in the First Amended Complaint but that paragraph does not identify the date of the incident, the store location, or the names of those persons who heard, or were in a position to hear, the alleged incident.

As stated above, we are writing to you in an effort to resolve these discovery issues without court intervention. Considering the untimeliness of these answers and the fact that most of these answers suffer from the same deficiencies noted back on November 20, 2000, with respect to Plaintiffs Ferguson, C. McMullen, and Shorter-Meares, we would request that you respond to this letter no later than December 1, 2000.

Finally, over a month ago, I wrote to you about additional non-privileged documents available for copying and inspection. *See* Letter to Kelsay Patterson, dated Oct. 17, 2000. As was indicated in that letter and still to this day, we have not received any payment for the cost of copying the previously produced documents. Additionally, no one from your office has contacted my office regarding these additional documents.

Should I receive payment for the outstanding copying charges and your authorization, I will have copies made and forwarded to you. If we do not receive reimbursement for the previously incurred copying expenses, these new documents will be available at my office for inspection and copying.

STEEL
HECTOR
■DAVIS"

Kelsay D. Patterson, Esq.
November 28, 2000
Page 3

Thank you for your anticipated cooperation.

Very truly yours.

Brian L. Lerner