UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

      Plaintiffs,

vs.

WALGREEN COMPANY,

      Defendant.
_____/

### NOTICE OF DEFENDANT'S EXHIBIT LIST FOR JANUARY 22, 2001, HEARING ON DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLY WITH THE COURT'S NOVEMBER 2, 2000, ORDER

Pursuant to subsection (e) of the Court's Notice of Hearing dated January 16, 2001, Defendant Walgreen Co. ("Walgreens") provides notice of the following exhibits to be used at the January 22, 2001, hearing on Walgreens' Motion to Strike and/or Dismiss Plaintiffs' Claims for Failure to Comply with the Court's November 2, 2000, Order:

| Exhibit No.: | Description: |
| --- | --- |
| A | Defendant's Motion to Compel, dated Sept. 18, 2000 (produced as Exhibit A to Walgreens' Motion to Strike and/or Dismiss for Failure to Comply). |



| A-1 | Walgreens' Revised First Request for Production of Documents to Plaintiff Delores Okonmah, dated May 8, 2000 (produced as part of composite Exhibit B to Walgreens' Motion to Compel, dated Sept. 18, 2000). |
|---|---|
| A-2 | Letter to Mark R. Cheskin, dated June 8, 2000 (produced as Exhibit C to Walgreens' Motion to Compel, dated Sept. 18, 2000). |
| A-3 | Letter to Kelsay D. Patterson, dated July 10, 2000 (produced as Exhibit D to Walgreens' Motion to Compel, dated Sept. 18, 2000). |
| A-4 | Letter to Kelsay D. Patterson, dated Aug. 10, 2000 (produced as Exhibit E to Walgreens' Motion to Compel, dated Sept. 18, 2000). |
| A-5 | Letter to Brian Lerner, dated Aug. 11, 2000 (produced as Exhibit F to Walgreens' Motion to Compel, dated Sept. 18, 2000). |
| A-6 | Letter to Kelsay D. Patterson, dated Aug. 16, 2000 (produced as Exhibit G to Walgreens' Motion to Compel, dated Sept. 18, 2000). |
| A-7 | Letter to Kelsay D. Patterson, dated Sept. 13, 2000 (produced as Exhibit H to Walgreens' Motion to Compel, dated Sept. 18, 2000). |
| B | Letter to Kelsay D. Patterson, dated Oct. 31, 2000 (produced as Exhibit B to Walgreens' Motion to Strike and/or Dismiss for Failure to Comply). |
| C | Court's Order Re: Motion to Compel, dated Nov. 2, 2000 (produced as Exhibit C to Walgreens' Motion to Strike and/or Dismiss for Failure to Comply). |
| D | Certificate of Service, dated Nov. 8, 2000 (produced as Exhibit D to Walgreens' Motion to Strike and/or Dismiss for Failure to Comply). |
| E | Letter to Kelsay D. Patterson, dated Nov. 13, 2000 (produced as Exhibit E to Walgreens' Motion to Strike and/or Dismiss for Failure to Comply). |

| F | Notice of Objection to Magistrate's Order of November 2, 2000 (produced as Exhibit F to Walgreens' Motion to Strike and/or Dismiss for Failure to Comply). |
|---|---|
| G | Tax returns for Delores Okonmah for the years 1996, 1997, 1998, and 1999 (produced by Plaintiffs). |
| H | Tax returns for Bernice Shorter-Meares for the years 1996, 1997, 1998, and 1999 (produced by Plaintiffs). |
| I | Letter to Kelsay D. Patterson dated Dec. 28, 2000 (attached). |
| J | Letter to Brian L. Lerner, dated Dec. 28, 2000 (attached). |

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
Edwin G. Torres
Florida Bar No. 911569
Heather L. Gatley
Florida Bar No. 0050482
Brian L. Lerner
Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this 19th day of January, 2001, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
Brian L. Lerner

MIA_1998/642991-1

# STEEL ■
# HECTOR
# ⬛ DAVIS⁻

Brian L. Lerner

December 28, 2000

**VIA FACSIMILE & U.S. MAIL**

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

**DEFENDANT'S EXHIBIT I**

RE: *Williams, et al. v. Walgreen Company*

Dear Mr. Patterson:

In response to your letter dated December 21, 2000, we will agree to your requested enlargement of time to serve Plaintiffs Echebiri's, Joseph McMullen's, Taylor's, and Williams' answers to Walgreens' Second Set of Interrogatories. Based on your requested enlargement, we hope that these answers will not suffer from the deficiencies noted by Walgreens in previous letters.

With respect to the invoice for copying charges, although you stated that you would not pay for certain photocopies that you felt were "useless and wasteful," we would note that Mr. Pettingill relied heavily on this information in order to create his average wage base salary. Notwithstanding the amount of the check, we will begin to have the additional documents copied and when ready, immediately delivered to your office. Please note that should we not receive payment in full for this next set of copying charges, we will no longer offer our services to your office. As stated before, documents to be produced are always available for your inspection and/or may be sent to a third-party copier who will bill you directly for the copies.

With respect to the depositions, we will take into account the requested scheduling accommodations for the depositions of the plaintiffs. Our ultimate goal will be to schedule the depositions back-to-back with four depositions occurring each week, if possible. Realistically, we believe that many of the depositions will last six hours, and thus, we will be unable to take two depositions in one day. Please note that we never sought to compel any depositions. Our goal was to comply with the Local Rules in attempting to set these depositions with the input of both you and your clients so that the dates chosen would be beneficial to everyone involved.

Finally, based on the Court's Order of November 2, 2000, if Walgreens did not receive tax records for certain plaintiffs, then those plaintiffs were to execute authorization forms so that

STEEL
HECTOR
DAVIS

Kelsay D. Patterson, Esq.
December 28, 2000
Page 2

Walgreens may obtain copies from the IRS. To date, we still have not received tax records or authorizations from Constance Echebiri, Carmita McMullen, and Joseph McMullen. Please forward the tax records or authorizations as soon as possible so that we may attempt to get this information prior to their depositions.

                                         Very truly yours,

                                         Brian L. Lerner

# LAW OFFICES OF
# MICHAEL M. TOBIN, P.A.
1099 PONCE DE LEON BOULEVARD
CORAL GABLES (MIAMI), FLORIDA 33134-3319
TEL (305) 445-5475  FAX (305) 445-5479

December 28, 2000

Brian Lerner, Esq.,
Steel Hector & Davis LLP
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398

<u>*Via Fax (305)577-7001*</u>

Re:   Joyce Williams, et al. v. Walgreen Company

Dear Mr. Lerner:

In response to both of your facsimiles of today, please be advised of the following:

It has never been our duty to provide social security authorizations to you bearing the executed signatures of the Plaintiffs whom you would like to obtain tax information on, rather these are requests the Defendant desires and therefore the Defendant will need to tender these releases to me if the information is still desired. When you go through the effort of drafting these releases, be sure to make certain the information is sent to both of our respective offices. While it would seem like a very simple task to furnish us copies of the information obtained from the social security department, I anticipate a response from your office like that previously furnished about the W-2 forms of the pharmacy supervisors. In order to avoid a host of objections, your authorizations will need to be drafted to ensure simultaneous and mutual receipt of the data.

Plaintiffs Echebiri, Joseph McMullen, Taylor, and Williams will serve answers to their Second Set of Interrogatories, and though they may not be to your liking or the Defendant's liking, I will once again remind you that discrimination is not to their liking. Rather than waste time belittling the efforts and responses of theses victims of employment discrimination, why not focus your attention towards their depositions and rectifying some of the short comings of Walgreens.




DEFENDANT'S
EXHIBIT
J



MICHAEL M. TOBIN          KELSAY D. PATTERSON          RICHARD D. TOBIN

If you have no time and therefore need an enlargement to respond to both discovery and recent motions that were served, it would therefore be consistent that you would have no time to take the depositions of the Plaintiffs during this same time frame. If you have time to take the depositions of the Plaintiffs, which you expect will last six (6) hours for each, then I will expect all discovery responses to be answered within the time allowed by the Federal Rules. I have no objection to an enlargement of time as you have requested as long as none of the depositions will be taken until the discovery responses are served, and until dates for deposing the identified Walgreens' employees have been provided.

Sincerely,

MICHAEL M. TOBIN, P.A.

Kelsay D. Patterson

KDP/ch



MICHAEL M. TOBIN        KELSAY D. PATTERSON        MARY LOU PRADO        RICHARD D. TOBIN