UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO: 00-6151-CIV-HUCK/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

    Plaintiffs,

v.

WALGREEN COMPANY,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO AMEND REPLY BRIEF

Plaintiffs, by and through undersigned counsel, file the above entitled pleading and as grounds state:

1. On page two (2), second full paragraph, the Reply Brief inadvertently left out a reference to a case being cited and relied upon. On page four (4), a footnote was included into the body of the text instead of being designated as a footnote.



NON-COMPLIANCE OF S.D. fla. L.R. 7.1A

2. As **Exhibit 1**, Plaintiffs attached the Amended Reply and respectfully request that it be accepted.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail this 30th day of January, 2000, to: Brian Lerner, Esq., Attorneys for Defendant, Steel Hector & Davis LLP, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

> MICHAEL M. TOBIN, P.A.
> Attorneys for Plaintiffs
> 1099 Ponce De Leon Blvd.
> Coral Gables, Florida 33134-3319
> Tel:   305-445-5475
> Fax:   305-445-5479
>
> _Kelsay D. Patterson_
> KELSAY D. PATTERSON
> Fla. Bar No. 119784

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

CASE NO. 00-6151-CIV-HUCK/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually,

    Plaintiffs,

v.

WALGREEN COMPANY,

    Defendant.
_____/

## Plaintiffs' Amended Reply Brief In Support of Maintaining Joinder

Kelsay D. Patterson
MICHAEL M. TOBIN, P.A.
Attorneys for Plaintiffs
1099 Ponce De Leon Boulevard
Coral Gables, FL 33134
(305) 445-5475 Telephone
(305) 445-5479 Facsimile



1

The Court should not sever the claims of the eight plaintiffs in this action, because the result would be duplicative, burdensome litigation of the same questions of fact and law eight times in eight separate trials, unnecessarily delaying resolution. Contrary to the suggestion in the Defendant's Response Brief, binding law in the 11th Circuit and persuasive authority outside this jurisdiction support joinder of these claims for just this reason. The most recent statement from the Court of Appeals approved the joinder of the claims of eighteen white current and former sheriff's department employees contending a pattern of race discrimination prevented them from attaining specific promotions, transfers and job assignments and subjected them to improper discipline. *Alexander v. Fulton County, Ga.*, 207 F.3d 1303 (11th Cir. 2000). As the Court explained in rejecting the argument that claims of multiple plaintiffs alleging different types of discrimination could not be tried together:

> *Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.... The Supreme Court has instructed the lower courts* **to apply a liberal approach to permissive joinder of claims and parties** *in the interests of judicial economy.*

207 F.3d at 1323, *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) (emphasis supplied). *Accord* Wright, Miller & Kane, 7 Federal Practice and Procedure § 1652 at 373 (West 1986) (rule seeks to avoid "the unnecessary loss of time and money to the court and the parties **that the duplicate presentation of evidence relating to facts common to more than one demand for relief would entail**") (emphasis supplied) (footnotes omitted).

Relying heavily on the 8th Circuit's ruling in *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974), which the Court referred to as "perhaps the leading case on the joinder of Title VII plaintiffs under Rule 20", the *Alexander* decision stressed a flexible interpretation of Rule 20's requirement that the claims arise out of the same transaction or occurrence, where " 'all logically related events...are generally regarded as compromising a

2

transaction or occurrence." *Mosley,* 497 F.2d at 1333. **Several courts have concluded that allegations of a 'pattern or practice' of discrimination may describe such logically-related events and satisfy the same transaction requirement."** *Alexander,* 207 F.3d at 1323 (emphasis supllied). As to "the second prong of Rule 20," the *Alexander* court notes that it "does not require that *all* questions of law and fact raised by the dispute are common, but only that *some* questions of law or fact be common to all parties." 207 F.3d at 1324 (emphasis in original), *citing Mosley,* 497 F.2d at 1334. Indeed, "[s]everal courts have found that the question of the discriminatory character of the defendant's conduct can satisfy the commonality requirement of Rule 20." *Id.* (citing cases). In the *Mosley* case, which concerned claims by ten plaintiffs that General Motors had such a pattern and practice of discrimination, the Eighth Circuit reversed a trial court's severance of those claims. 497 F.2d at 1333-1334.

In *Alexander,* the Court determined that since "all of the plaintiffs' claims stem from the same core allegation that they were subject to a *systemic* pattern of race-based discrimination" and because "the discriminatory character of Defendant's conduct is plainly common to each plaintiff's recovery," joinder would be proper notwithstanding "[t]he fact that Plaintiffs suffered different effects – in this case discrimination in promotions, transfers, assignments or discipline – from the alleged discrimination." *Id.* Finally, despite the fact that the trial of the claims required consideration of "different work histories, employment decisions and prayers for relief," any prejudice to the defendant was "minimized because of the core similarities in plaintiff's claims." 207 F.3d at 1325.[1]

---

[1] *See also Puricelli v. CAN Insurance Co.,* 185 F.R.D. 139 (N.D.N.Y. 1999) (allegation of a pattern of discrimination sufficient to support joinder). To the extent that the District Court cases cited by Defendant reach a different conclusion, they should not outweigh the 11th Circuit's ruling.

3

Here, there are numerous questions of fact and law that are common to the claims of the eight plaintiffs, **all of whom claim race discrimination in promotion to either pharmacy manager or pharmacy supervisor,** arising out of the "same transaction, occurrence or series of transactions or occurrences" as required by Fed. R. Civ. Proc. 20. These include whether Walgreens has a common policy governing promotions to both the pharmacy manager and pharmacy supervisor position by relying on the common annual rating practice described in the Meehan affidavit;[2] whether that policy has a racially disparate impact against African-American pharmacists employed by Walgreens or is implemented in a racially discriminatory manner;[3] whether a statistical analysis shows that Walgreens maintains a pattern and practice of race discrimination in promotions to more senior pharmacist positions and whether there is anecdotal evidence supporting such a pattern or practice; and whether and what type of injunctive relief may be necessary to remedy this discrimination by reforming the promotion system used at Walgreens.[4] Each of these identical questions would be relevant to the individual claims of the eight plaintiffs, who, like the plaintiffs in *Alexander*, would be entitled to use this type of evidence of patterns of discrimination, statistical evidence, and the experience of others in similar circumstances, to persuade a trier of fact that it is more likely than not that discrimination is the reason that individual was denied a particular promotion. To consider those same questions over and over in multiple proceeding should be the last thing the Court would favor.

---

[2] this is akin to the common decision makers cited by the court in *Alexander*
[3] Indeed, as Walgreen's admits, despite the fact that African-Americans make up 20% of the potential applicant pool, there have been no African-Americans promoted to pharmacy supervisor.

[4] If these cases were severed, and if it is true that the promotion practices at Walgreens are racially discriminatory, it is much less likely that an appropriate injunctive remedy could be crafted to prevent that discrimination from harming other employees subject to the same policy.

4

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 30th day of January, 2001, to: Heather L. Gatley, Esq., Steel Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:   305-445-5475
Fax:  305-445-5479

_____
Kelsay D. Patterson
Fla. Bar No. 119784