

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-HUCK/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.

_____/

## PLAINTIFFS' MOTION TO COMPEL: FIRST REQUEST FOR ADMISSIONS; SECOND REQUEST FOR PRODUCTION; THIRD REQUEST FOR PRODUCTION; AND SECOND SET OF INTERROGATORIES

The Plaintiffs, by and through undersigned counsel, file the above entitled

pleading and as grounds state as follows:

## LAW

### Standard of Review

1.    Federal Rules of Civil Procedure, 33 allows any party to serve on

any other party written Interrogatories, inspect and copy, test or sample any

documents or tangible things which constitute or contain matters within the



NON-COMPLIANCE OF S.D. fla. L.R. 7.1AU

1

scope of Federal Rules of Civil Procedure 26 (b). The scope of discovery under Local Rule 26 (b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Hickman v. Taylor, 329 U.S. 495, 507-508 (1947). See also Farnsworth v Proctor & Gamble Co., 758 F. 2d 1545, 1547 (11th Cir. 1985). (The Federal Rules of Civil Procedure "strongly favor full discover whenever possible"); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Information is relevant if it is germane, conceivably helpful to Plaintiff, or reasonably calculated to lead to admissible evidence. Parsons v. General Motors Corp., 85 F.R.D. 724 (N.D. Ga. 1981). See also Hickman, 329 U.S. 501. Thus, under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or reasonably could lead to another matter that could bear on any issue that may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues". Id. at 352. In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Dunnbar v. United States, 502 F. 2d 206 (5th Cir. 1974). Finally, the burden is on the party resisting discovery to demonstrate that the discovery sought is not legally relevant. Henderson v. National R. R. Passenger Corp., 113 F.R.D. 502, 506 (N.D. Ill. 1986).

2

## FACTS

2.      Plaintiffs served their First Request for Admissions on the

Defendant on December 15, 2000. According to the Federal Rules of Civil

Procedure, the Defendant owed discovery responses on or about January 15,

2001. No responses of any kind in whole or in part have been served by the

Defendant at this date . The following twenty-eight (28) paragraphs/admissions

requests were propounded: (See Exhibit I)

1. *Admit that Walgreens has provided complete copies of all of the Plaintiffs' personnel files including performance evaluations.*
2. *Admit that Walgreens has recruited and hired pharmacy students from Florida A & M University for the years 1991 through 2000 as pharmacists.*
3. *Admit that part of a pharmacy supervisor's compensation is based upon the sales generated by the stores under his/her management.*
4. *Admit that between January 1, 1995 through January 1, 2000, there were 488 black pharmacists in the state of Florida employed by Walgreens.*
5. *Admit that between January 1, 1995 through January 1, 2000, there were a total of 2,844 pharmacists in the state of Florida employed by Walgreens.*
6. *Admit that black pharmacists employed in Florida by Walgreens between January 1, 1995 through January 1, 2000 constituted 17% of Walgreens' pharmacists.*
7. *Admit that no black person has ever held the position of pharmacy supervisor prior to January 1, 2000 in the state of Florida.*
8. *Admit that less than 7% of the pharmacy managers in the state of Florida between January 1, 1995 through January 1, 2000 were black.*
9. *Admit that no pharmacy supervisor has ever offered Mia Taylor the position of pharmacy manager.*
10. *Admit that no pharmacy supervisor has ever offered Bernice Shorter-Meares the position of pharmacy manager.*
11. *Admit that no pharmacy supervisor has ever offered Delores Okonmah the] position of pharmacy manager.*
12. *Admit that no pharmacy supervisor has ever offered Constance Echebiri the position of pharmacy manager.*
13. *Admit that no pharmacy supervisor has ever offered Joyce Williams the position of pharmacy manager.*
14. *Admit that Walgreens has never interviewed Mia Taylor for the position of pharmacy manager.*
15. *Admit that Walgreens has never interviewed Bernice Shorter-Meares for the*

*position of pharmacy manager.*
16. *Admit that Walgreens has never interviewed Joyce Williams for the position of pharmacy manager.*
17. *Admit that Walgreens has never interviewed Delores Okonmah for the position of pharmacy manager.*
18. *Admit that Walgreens has never interviewed Constance Echebiri for the position of pharmacy manager.*
19. *Admit that Walgreens has never interviewed Michael Ferguson for the position of pharmacy supervisor.*
20. *Admit that Walgreens has never interviewed Carmita McMullen for the position of pharmacy supervisor.*
21. *Admit that Walgreens has never interviewed Joseph Patrick McMullen for the position of pharmacy supervisor.*
22. *Admit that Walgreens has never offered any of its black pharmacists in the state of Florida the position of pharmacy supervisor prior to January 1, 2000.*
23. *Admit that job vacancies for the position of pharmacy manager were not posted throughout Florida Walgreens stores between January 1, 1995 through January 1, 2000.*
24. *Admit that job vacancies for the position of pharmacy supervisor were not posted throughout Florida Walgreens stores between January 1, 1995 through January 1, 2000.*
25. *Admit that Joseph Patrick McMullen was never interviewed for the position of store manager.*
26. *Admit that Joseph Patrick McMullen was never offered the position of store manger.*
27. *Admit that vacant positions of store manager were not posted throughout Florida Walgreens between January 1, 1995 through January 1, 2000.*
28. *Admit that Walgreens did not dispense or publish bulletins or notices to all of its Florida pharmacists between January 1, 1995 through January 1, 2000 advising of managerial vacancies in its Florida stores.*

3.    Plaintiff served their Second Request for Production of Documents

on the Defendant On December 13, 2000. On or about January 12, 2001, responses

should have been served by Defendant pursuant to the Federal Rules of Civil

Procedure, but no responses in part or in toto have been served by the

Defendant. The following inquiries comprised the Plaintiffs' Second Request for

Production: (**See Exhibit 2**):

4

1.  *Provide all of the W2 forms of all pharmacy supervisors in the state of Florida throughout the time period of 1994 through 2000.*

2.  *Provide all of the 1099 forms provided/given to all pharmacy supervisors in the state of Florida throughout the time period of 1994 through 2000.*

3.  *Provide any and all documents showing any standardized pay scales for staff pharmacists, pharmacy managers, pharmacy supervisors, and the store mangers in the state of Florida between 1994 through 2000.*

4.  *Provide all of the W2 forms of all store managers in the city of Miami, state of Florida throughout the time period of 1996 through 2000 given to said managers and 1099 forms to reflect bonuses and/or commissions earned.*

5.  *Provide summaries detailing the annual pharmacy department gross sales volume, by store number, and location for each store in Broward and Dade County Florida between 1995 through 1999.*

6.  *Provide copies of all bulletins/notices disseminated between January 1, 1995 through January 1, 2000 advising of store manager, pharmacy manager, and pharmacy supervisor vacancies in Florida Walgreens stores.*

4.      On December 21, 2000 the Plaintiffs served their Third Request for

Production upon the Defendant. The Defendant owed responses on or about

January 20, 2001, but at this time no responses in whole or in part have been

served. The following inquires comprised the Plaintiffs' Third Request for

Production: (**See Exhibit 3**):

1.  *The performance evaluations the Defendant has provided to the Plaintiffs for both Carmita McMullen and Joseph Patrick McMullen appear to lack authenticity, and the Plaintiffs request that the Defendant provide three (3) dates for the Plaintiffs' attorney to review the original evaluation forms for the purpose of photographing and inspection.*

2.  *For all the present pharmacy supervisors in the state of Florida, provide full copies of all their performance evaluations for when they were pharmacy department managers.*

3.  *Provide resumes of all present pharmacy supervisors in the state of Florida.*

4.  *For the following list of pharmacy department managers, provide thei resumes; complete personnel files including all performance evaluations and disciplinary reprimands and/or customer comments: Martty Martinez; Michaelena Tapanes; John Putillion; Nisa Fried; Ray Sawaged; Jean Bailey; Xaiver Zigler.*

5.  *Provide the complete personnel files including all store evaluations ever*

5

*performed while in the employ of the Defendant for all persons promoted to the position of Walgreens store manager in the Florida counties of Broward and Dade between the time period of January 1, 1998 through January 1, 2000.*
6. *Furnish a copy of the e-mail authored and written by district manager Roy Ripak about, regarding, and concerning the selection of Vivan Ceballos as a pharmacy supervisor.*

5.    Plaintiff served their Second Set of Interrogatories on Defendant on

December 13, 2000. Responses by the Defendant were owed on or before

January 12, 2001, but no responses in whole or in part have been served thus far.

The following inquires comprise the Plaintiffs' Second Set of interrogatories:

**(See Exhibit 4)**:

1.  *See the attached list **(Exhibit 1)** previously provided by Walgreens and list the full names of all people who are identifiable racially as black*
2.  *Of these persons identified as black in response to the previous interrogatory, identify those no longer employed.*
3.  *Describe Walgreens' promotion polices/practices with respect to the position of pharmacy manager in the state of Florida between 1995 through 1999, explaining how candidates were informed of vacant positions.*
4.  *Describe Walgreens' promotion polices/practices with respect to the position of store manager in the state of Florida between 1995 through 1999, explaining how candidates were informed of vacant positions.*
5.  *Describe Walgreens' promotion polices/practices with respect to the position of pharmacy supervisor in the state of Florida between 1995 through 1999, explaining how candidates were informed of vacant positions.*
6. *List the names of all persons who assisted in answering interrogatory paragraphs 3, 4, and 5.*
7. *Provide the full names of all people promoted to the position of store manager in the state of Florida between January 1, 1996 through December 31, 1999.*
8. *Of those persons identified in response to the previous interrogatory, identify hose persons racially identifiable as black.*
9. *Of those persons identified in response to the previous interrogatory, identify those persons who are no longer employed by the Defendant.*

## CERTIFICATE OF COUNSEL

6.     **Composite Exhibit 5** constitutes correspondence between the offices of counsel for both parties. The Defendant originally sought a discovery enlargement up to and including January 31, 2001 for serving the aforementioned discovery responses. As a basis for requesting the enlargement, the Defendant suggested that the discovery responses in combination with the necessity to respond to the Plaintiffs' Motion to Compel (pertaining to the W-2 forms of the pharmacy supervisors) presented several time critical deadlines. On December 28, 2000, the undersigned agreed to a discovery extension for the responses up and to including January 31, 2001 contingent upon the Defendant staying any discovery deposition notices of the Plaintiffs until: 1. deposition dates are provided by the Defendant for specified individuals; and 2. the outstanding discovery is served prior to the commencement of a Plaintiff's deposition.  Attached as **Plaintiffs' Exhibit 6** is a Notice of Deposition served upon the Plaintiffs on January 12, 2001. Though the Defendant had yet to provide deposition dates for noticing the employees identified by the Plaintiffs nor served the outstanding discovery responses, the Plaintiffs were all noticed. Some of their depositions were set to commence prior to January 31, 2001! In essence, as of January 12, 2001, the Defendant exceeded the scope of the contingent discovery enlargement agreed upon by the Plaintiff. The correspondence in the composite exhibit will then demonstrate the Plaintiff

7

accelerated the due date for the outstanding discovery to Tuesday, January 23, 2001. Without a further discovery enlargement by the Plaintiffs, the Defendant unilaterally has set a time when it will serve those responses. In follow up to this unilateral deadline/estimate, the Plaintiffs requested that the discovery responses be served in part as some of them certainly must be ready. The undersigned's letter of January 25, 2001 reflects the aforementioned statement. The Defendant, known for its extensive letter writing campaign thus far, has been silent. The Defendant has not indicated a willingness to serve in part these items, and if past dealings are a reflection of what the future will bring about, this pleading is particularly timely as the forthcoming responses will be a plethora of objections rather than answers.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully requests this Court order the Defendant to furnish all of the aforementioned discovery responses without objections, and order that the Defendant pay reasonable fees and costs associated with the time necessary for filing the instant motion. The Defendant's responses were all due on or before Tuesday, January 23, 2001.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 30th day of January, 2001, to: Heather L. Gatley, Esq., Steel Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

8

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:   305-445-5475
Fax:   305-445-5479

BY: _Kelsay D Patterson_
      Kelsay D. Patterson
      Fla. Bar No. 119784

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV- HUCK/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Plaintiffs, by and through undersigned counsel, pursuant to the Federal

Rules of Civil Procedure, hereby files this First Request for Admissions to

Defendant as follows:

1. Admit that Walgreens has provided complete copies of all of the

Plaintiffs' personnel files including performance evaluations.

2. Admit that Walgreens has recruited and hired pharmacy students

from Florida A & M University for the years 1991 through 2000 as pharmacists.

1

**EXHIBIT 1**

3.   Admit that part of a pharmacy supervisor's compensation is based upon the sales generated by the stores under his/her management.

4.   Admit that between January 1, 1995 through January 1, 2000, there were 488 black pharmacists in the state of Florida employed by Walgreens.

5.   Admit that between January 1, 1995 through January 1, 2000, there were a total of 2,844 pharmacists in the state of Florida employed by Walgreens.

6.   Admit that black pharmacists employed in Florida by Walgreens between January 1, 1995 through January 1, 2000 constituted 17% of Walgreens' pharmacists.

7.   Admit that no black person has ever held the position of pharmacy supervisor prior to January 1, 2000 in the state of Florida.

8.   Admit that less than 7% of the pharmacy managers in the state of Florida between January 1, 1995 through January 1, 2000 were black.

9.   Admit that no pharmacy supervisor has ever offered Mia Taylor the position of pharmacy manager.

10. Admit that no pharmacy supervisor has ever offered Bernice Shorter-Meares the position of pharmacy manager.

11. Admit that no pharmacy supervisor has ever offered Delores Okonmah the position of pharmacy manager.

12. Admit that no pharmacy supervisor has ever offered Constance Echebiri the position of pharmacy manager.

2

13. Admit that no pharmacy supervisor has ever offered Joyce Williams the position of pharmacy manager.

14. Admit that Walgreens has never interviewed Mia Taylor for the position of pharmacy manager.

15. Admit that Walgreens has never interviewed Bernice Shorter-Meares for the position of pharmacy manager.

16. Admit that Walgreens has never interviewed Joyce Williams for the position of pharmacy manager.

17. Admit that Walgreens has never interviewed Delores Okonmah for the position of pharmacy manager.

18. Admit that Walgreens has never interviewed Constance Echebiri for the position of pharmacy manager.

19. Admit that Walgreens has never interviewed Michael Ferguson for the position of pharmacy supervisor.

20. Admit that Walgreens has never interviewed Carmita McMullen for the position of pharmacy supervisor.

21. Admit that Walgreens has never interviewed Joseph Patrick McMullen for the position of pharmacy supervisor.

22. Admit that Walgreens has never offered any of its black pharmacists in the state of Florida the position of pharmacy supervisor prior to January 1, 2000.

23. Admit that job vacancies for the position of pharmacy manager were not posted throughout Florida Walgreens stores between January 1, 1995 through January 1, 2000.

24. Admit that job vacancies for the position of pharmacy supervisor were not posted throughout Florida Walgreens stores between January 1, 1995 through January 1, 2000.

25. Admit that Joseph Patrick McMullen was never interviewed for the position of store manager.

26. Admit that Joseph Patrick McMullen was never offered the position of store manger.

27. Admit that vacant positions of store manager were not posted throughout Florida Walgreens between January 1, 1995 through January 1, 2000.

28. Admit that Walgreens did not dispense or publish bulletins or notices to all of its Florida pharmacists between January 1, 1995 through January 1, 2000 advising of managerial vacancies in its Florida stores.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 15th day of December, 2000, to: Heather L. Gatley, Esq., Steel Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

4

Tel:   305-445-5475
Fax:   305-445-5479

Kelsay D. Patterson
Fla. Bar No. 119784

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV- HUCK/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.

_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

    Plaintiffs,  by and through undersigned counsel, pursuant to the Federal

Rules of Civil Procedure, hereby files this Second Request for Production to

named Defendant as follows:

### DEFINITIONS AND INSTRUCTIONS

1. "Document(s)" means any tangible thing, recording or reproduction in any

manner, any visual or auditory data in your possession control or custody,

including without limiting the generality of its meaning, correspondence,

memoranda, transcripts, stenographic or handwritten notes, telegrams or telexes,

**EXHIBIT 2**

letters, reports, articles appearing in publications, press releases, video or audio tapes, computer data bases (including hard drives), computer diskettes, and any papers on which words have been written, printed, typed or otherwise affixed, and shall mean a copy where the original is not in the possession, control or custody of Defendant and shall mean every copy of every document where such copy is to an identical copy of an original.

2. In producing these documents, Defendant is requested to furnish all documents in its possession, custody or control, that is, documents known or available to Defendant regardless of whether these documents are possessed directly by Defendant or by its agents, employees, representatives or investigators, or by its attorneys or their agents, employees, representatives or investigators.

3. If any of these documents cannot be produced in full, produce them to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

4. For each document responsive to these requests which is withheld under any claim of attorney/client privilege or work product privilege, provide a statement under oath by a person having knowledge setting forth as to each document:

    a. Name and title of the author(s);

    b. The name and title of each person to whom the document was addressed;

c. The name and title of each person to whom a copy of the document was sent;

d. The date of the document;

e. The number of pages;

f. A brief description of the nature and subject matter of the document;

g. The nature of the claimed privilege;

h. The category or categories of this request to which the document is responsive; and

i. The exact location of the original and each copy as of the date of the receipt of the Request.

### *ITEMS REQUESTED*

1. Provide all of the W2 forms of all pharmacy supervisors in the state of Florida throughout the time period of 1994 through 2000.

2. Provide all of the 1099 forms provided/given to all pharmacy supervisors in the state of Florida throughout the time period of 1994 through 2000.

3. Provide any and all documents showing any standardized pay scales for staff pharmacists, pharmacy managers, pharmacy supervisors, and the store mangers in the state of Florida between 1994 through 2000.

4. Provide all of the W2 forms of all store managers in the city of Miami, state of Florida throughout the time period of 1996 through 2000 given to said managers and 1099 forms to reflect bonuses and/or commissions earned.

3

5. Provide summaries detailing the annual pharmacy department gross sales volume, by store number, and location for each store in Broward and Dade County Florida between 1995 through 1999.

6. Provide copies of all bulletins/notices disseminated between January 1, 1995 through January 1, 2000 advising of store manager, pharmacy manager, and pharmacy supervisor vacancies in Florida Walgreens stores.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 13th day of December, 2000, to: Heather L. Gatley, Esq., Steel Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

> **MICHAEL M. TOBIN, P.A.**
> Attorneys for Plaintiffs
> 1099 Ponce De Leon Blvd.
> Coral Gables, Florida 33134-3319
> Tel:  305-445-5475
> Fax:  305-445-5479
>
> Kelsay D. Patterson
> Fla. Bar No. 119784

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV-HUCK/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.

_____/

## PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

Plaintiffs, by and through undersigned counsel, pursuant to the Federal

Rules of Civil Procedure, hereby files this Third Request for Production to all

named Defendants as follows:

DEFINITIONS AND INSTRUCTIONS

1. "Document(s)" means any tangible thing, recording or reproduction in any

manner, any visual or auditory data in your possession control or custody,

including without limiting the generality of its meaning, correspondence,

memoranda, transcripts, stenographic or handwritten notes, telegrams or telexes,

**EXHIBIT 3**

letters, reports, articles appearing in publications, press releases, video or audio tapes, computer data bases (including hard drives), computer diskettes, and any papers on which words have been written, printed, typed or otherwise affixed, and shall mean a copy where the original is not in the possession, control or custody of Defendant and shall mean every copy of every document where such copy is to an identical copy of an original.

2. In producing these documents, Defendant is requested to furnish all documents in its possession, custody or control, that is, documents known or available to Defendant regardless of whether these documents are possessed directly by Defendant or by its agents, employees, representatives or investigators, or by its attorneys or their agents, employees, representatives or investigators.

3. If any of these documents cannot be produced in full, produce them to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

4. For each document responsive to these requests which is withheld under any claim of attorney/client privilege or work product privilege, provide a statement under oath by a person having knowledge setting forth as to each document:

    a. Name and title of the author(s);

    b. The name and title of each person to whom the document was addressed;

2



c. The name and title of each person to whom a copy of the document was

sent;

d. The date of the document;

e. The number of pages;

f. A brief description of the nature and subject matter of the document;

g. The nature of the claimed privilege;

h. The category or categories of this request to which the document is

responsive; and

i.   The exact location of the original and each copy as of the date of the

receipt of the Request.

### ITEMS REQUESTED

1.   The performance evaluations the Defendant has provided to the

Plaintiffs for both Carmita McMullen and Joseph Patrick McMullen appear to

lack authenticity, and the Plaintiffs request that the Defendant provide three (3)

dates for the Plaintiffs' attorney to review the original evaluation forms for the

purpose of photographing and inspection.

2.   For all the present pharmacy supervisors in the state of Florida,

provide full copies of all their performance evaluations for when they were

pharmacy department managers.

3.   Provide resumes of all present pharmacy supervisors in the state of

Florida.

4. For the following list of pharmacy department managers, provide their resumes; complete personnel files including all performance evaluations and disciplinary reprimands and/or customer comments: Martty Martinez; Michaelena Tapanes; John Putillion; Nisa Fried; Ray Sawaged; Jean Bailey; Xaiver Zigler.

5. Provide the complete personnel files including all store evaluations ever performed while in the employ of the Defendant for all persons promoted to the position of Walgreens store manager in the Florida counties of Broward and Dade between the time period of January 1, 1998 through January 1, 2000.

6. Furnish a copy of the e-mail authored and written by district manager Roy Ripak about, regarding, and concerning the selection of Vivan Ceballos as a pharmacy supervisor.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 21st day of December, 2000, to: Heather L. Gatley, Esq., Steel Hector & Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

4

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:   305-445-5475
Fax:   305-445-5479

Kelsay D. Patterson
Fla. Bar No. 119784

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 00-6151-CIV- HUCK/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

          Plaintiffs,

v.

WALGREEN COMPANY,

          Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING OF SECOND SET OF INTERROGATORIES TO DEFENDANT WALGREEN COMPANY

Plaintiffs, by and through undersigned counsel, hereby gives Notice of

Serving of Second Set Interrogatories to Defendant, to be answered in writing,

under oath, in accordance with the Federal Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was

mailed this 13 day of December, 2000, to: Heather L. Gatley, Esq., Steel Hector

**EXHIBIT 4**

& Davis LLP, Attorneys for Defendant, 200 South Biscayne Blvd., 40th Floor,

Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:   305-445-5475
Fax:   305-445-5479

BY: Kelsay D. Patterson
        Kelsay D. Patterson
        Fla. Bar No. 119784

2

## SECOND SET OF INTERROGATORIES TO DEFENDANT

1. See the attached list **(Exhibit 1)** previously provided by Walgreens and list

the full names of all people who are identifiable racially as black.

     ANSWER:



2.  Of these persons identified as black in response to the previous interrogatory,

identify those no longer employed.

ANSWER:

3.  Describe Walgreens' promotion polices/practices with respect to the position of pharmacy manager in the state of Florida between 1995 through 1999, explaining how candidates were informed of vacant positions.

ANSWER:

4. Describe Walgreens' promotion polices/practices with respect to the position of store manager in the state of Florida between 1995 through 1999, explaining how candidates were informed of vacant positions.

ANSWER:

5. Describe Walgreens' promotion polices/practices with respect to the position of pharmacy supervisor in the state of Florida between 1995 through 1999, explaining how candidates were informed of vacant positions.

ANSWER:

6. List the names of all persons who assisted in answering interrogatory paragraphs 3, 4, and 5.

ANSWER:

7. Provide the full names of all people promoted to the position of store manager in the state of Florida between January 1, 1996 through December 31, 1999.

ANSWER:

8.  Of those persons identified in response to the previous interrogatory, identify those persons racially identifiable as black.

ANSWER:

9. Of those persons identified in response to the previous interrogatory, identify those persons who are no longer employed by the Defendant.

ANSWER:

By: _____

Title:_____

STATE OF
COUNTRY OF

BEFORE ME, the undersigned authority, personally appeared

_____ who swears and deposes that he/she has read the

answers to interrogatories and that same are true and correct to the best of

his/her knowledge and belief and who produced

_____ as identification/is known to me personally.

SWORN TO and subscribed before me this _____ day of

_____, 2000.

_____ Seal:
NOTARY PUBLIC, State of

12

WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1998 THRU 1/2000

| NAME | | ADDRESS | | |
|---|---|---|---|---|
| HAMID | ABIRI | 1845 ALTON RD | MIAMI BEACH | FL |
| CARRIE | ACKERMAN | 13628 STATE RD 84 | DAVIE | FL |
| DIEDRA | ALEXANDER | 654 CASSET AVE | JACKSONVILLE | FL |
| STEVE | ALLBRITTON | 5701 22ND AVE S | GULFPORT | FL |
| KAREN | ALPHONSE | 1723 E YOUNG CIRCLE | HOLLYWOOD | FL |
| YOLANDA | AMOR | 2750 W 68TH ST-BAY135 | HIALEAH | FL |
| LYNN | ANDERSON | 4280 MINTON RD | MELBOURNE | FL |
| SANDRA | ANDERSON | 8389 SHELDON RD | TAMPA | FL |
| ANNA | ANTOULINAKIS | 6416 MASSACHUSETTS | NEW PORT RICHEY | FL |
| ANNA | ANTOULINAKIS | 3601 BEE RIDGE RD | SARASOTA | FL |
| DRUE | ASHWELL | 2100 SADLER RD | FERNANDINA BEACH | FL |
| JENNIFER | ASHWORTH | 1101 E ATLANTIC BLVD | POMPANO BEACH | FL |
| RICHARD | ASHWORTH | 1101 E ATLANTIC BLVD | POMPANO BEACH | FL |
| GARLENE | ATCHERSON | 3000 DUNN AVE UNIT 58 | JACKSONVILLE | FL |
| JEANNE | BAILEY | 9020 BISCAYNE BLVD | MIAMI SHORES | FL |
| RICARDO | BAULES | 10609 SW 40TH ST | MIAMI | FL |
| JEFFERY | BLOSSOM | 999 FELLSMERE RD | SEBASTIAN | FL |
| JOSEPH | BOURQUE | 4920 SE ABSHIER BLVD | BELLEVIEW | FL |
| TONI | BOWEN | 9498 NW 7TH AVE | MIAMI | FL |
| MICHELLE | BRANTLEY | 2425 US HWY 92 E | LAKELAND | FL |
| KIMBERLY | BROWN | 1965 E BIG BEAVER RD | TROY | MI |
| KIMBERLY | BROWN | 4800 DIXIE HWY | WATERFORD | MI |
| KIMBERLY | BROWN | 3040 E. MICHIGAN AVE | JACKSON | MI |
| NADINE | BROWN | 2257 N CITRUS BLVD | LEESBURG | FL |
| SHANTELL | BROWN | 3000 DUNN AVE UNIT 58 | JACKSONVILLE | FL |
| KATHY | BRUCE | 5501 S KIRKMAN RD | ORLANDO | FL |

CONFIDENTIAL

JW/WG 029818

EXHIBIT 1

WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1998 THRU 1/2000

| NAME | | ADDRESS | | |
|---|---|---|---|---|
| RUTH | BRYAN | 2711 W SUNRISE BLVD | FT LAUDERDALE | FL |
| ANEJENETTE | BUTLER | 10121 SEMINOLE BLVD | SEMINOLE | FL |
| TRICIA | BUTTON | 5001 N DIXIE HWY | OAKLAND PARK | FL |
| M | CABANILLAS | 1320 BLANDING BLVD | ORANGE PARK | FL |
| AMY | CALIGURI | 112 BROWNS WAY RD | MIDLOTHIAN | VA |
| TERRY | CANFIELD | 400 HWY 19 N | PALATKA | FL |
| TERRY | CANFIELD | 719 US HIGHWAY 19 S | PALATKA | FL |
| DIVINIA | CASTRO | 561-579 IRVINGTON AVE | NEWARK | NJ |
| JODI | CAWTHORNE | 9086 S FEDERAL HWY | PORT SAINT LUCIE | FL |
| KIMBERLY | CHAPMAN | 6818 N ARMENIA AVE | TAMPA | FL |
| KINN | CHARTIER | 3215 SW PORT SAINT LUCIE | PORT SAINT LUCIE | FL |
| FON | CHOY | 5709 GUNN HIGHWAY | TAMPA | FL |
| NEIL | COLBY | 140 PARK CENTRAL BLVD S | POMPANO BEACH | FL |
| BETH | COLES | 4201 MEADOWDALE BLVD | RICHMOND | VA |
| CHARLIE | COLQUITT | 901 22ND AVE S | ST PETERSBURG | FL |
| BRIAN | CONERTY | 2010 SW COLLEGE RD | OCALA | FL |
| MARIA | CORDERO | 6817 TAFT ST | HOLLYWOOD | FL |
| ROBERT | COUNCIL | 959 STATE ROAD #84 | FORT LAUDERDALE | FL |
| ROBERT | COUNCIL | 1504 53RD AVE EAST | BRADENTON | FL |
| MATTHEW | CRIST | 2115 E HILLSBOROUGH AVE | TAMPA | FL |
| JEFFREY | CROSS | 897 SAXON BLVD | ORANGE CITY | FL |
| PATRICK | CUMMINGS | 999B FRONT BEACH RD | PANAMA CITY BEACH | FL |
| DENA | CUTTS | 2009 W TENNESSEE STREET | TALLAHASSEE | FL |
| DOMINIC | DAMIANI | 205 E GRANADA AV | ORMOND BEACH | FL |
| WES | DANIEL | 10881 W OAKLAND PARK BLVD | SUNRISE | FL |
| RACQUEL | DANIELS-MCGILL | 3352 S UNIVERSITY DR | MIRAMAR | FL |

CONFIDENTIAL

JW/WG 029819




WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1998 THRU 1/2000

| NAME | | ADDRESS | | |
|------|------|------|------|------|
| VISHWAS | DAVE | 5731 BIRD RD | MIAMI | FL |
| KEVIN | DEGEN | 3705 HOLLYWOOD BLVD | HOLLYWOOD | FL |
| CHRISTIAN | DEGEORGE | 2501 BROADWAY | RIVIERA BEACH | FL |
| HOWARD | DIAMOND | 200 WILMOT ROAD | DEERFIELD | IL |
| HOWARD | DIAMOND | 1208 ROYAL PALM BEACH BLVD | WEST PALM BEACH | FL |
| ANA | DIAZ | 1001 N DIXIE HWY | LAKE WORTH | FL |
| CARA | DICARLO | 2200 PALM BEACH LAKES BLVD | WEST PALM BEACH | FL |
| DOMENIC | DIPRIMO | 100 BROADWAY | ELMWOOD PARK | NJ |
| BAO-TOAN | DO | 1303 S SEMORAN BLVD | ORLANDO | FL |
| MAURA | DRIGGS | 1504 53RD AVE EAST | BRADENTON | FL |
| STEPHANIE | DUNBAR | 1000 S. POWER LINE RD | POMPANO BEACH | FL |
| LYNDON | ELLIS | 861 NE 8TH ST | HOMESTEAD | FL |
| BRAD | ESPOSITO | 5432 LITTLE RD | NEW PORT RICHEY | FL |
| BRAD | ESPOSITO | 12211 W HILLSBOROUGH AVE | TAMPA | FL |
| CHRIS | EZEANII | 5455 LAWRENCEVILLE HWY NW | LILBURN | GA |
| CHRIS | EZEANII | 800 HIGHWAY A1A | NEW SMYRNA BEACH | FL |
| YETUNDE | EZEANII | 2779 N COBB PKWY | KENNESAW | GA |
| YETUNDE | EZEANII | 600 SEA BREEZE BLVD | DAYTONA BEACH | FL |
| LATRELLE | FAKEYE | 2400 S WOODLAND BLVD | DELAND | FL |
| TAMMY | FARRINGTON | 200 WILMOT ROAD | DEERFIELD | IL |
| TAMMY | FARRINGTON | 1106 CLEARLAKE RD | COCOA | FL |
| PAUL | FISCHER | 2435 N ATLANTIC AVE | DAYTONA BEACH | FL |
| JASON | FISHER | 1504 53RD AVE EAST | BRADENTON | FL |
| SHAUN | FLEMING | 11 UNIVERSITY BLVD N | JACKSONVILLE | FL |
| LISA | FLUTY | 534 HUNT CLUB BLVD | APOPKA | FL |
| KENDRA | FRASSETTO | 674 E WELCH CAUSEWAY | MADEIRA BEACH | FL |

CONFIDENTIAL

JW/WG 029820



WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1998 THRU 1/2000

| NAME | | ADDRESS | | |
|---|---|---|---|---|
| NISA | FREED | 1695 NW 20TH ST | MIAMI | FL |
| NISA | FREED | 791 NE 167TH ST | NORTH MIAMI BEACH | FL |
| LAURA | FUENTES | 3705 HOLLYWOOD BLVD | HOLLYWOOD | FL |
| OPAL | GAGLIARDO | 3593 CLEVELAND AVE | FT MYERS | FL |
| S | GEORGE | 19935 NW 2ND AVE | MIAMI | FL |
| THERESA | GIRARD | 8490 W HILLSBOROUGH AVE | TAMPA | FL |
| RAMONA | GOLLMAN | 200 WILMOT ROAD | DEERFIELD | IL |
| RAMONA | GOLLMAN | 1149 HOMESTEAD RD | LEHIGH ACRES | FL |
| ROSEMARY | GOMEZ | 14720 SW 88TH ST | MIAMI | FL |
| DAVID | GOUDIE | 20340 OLD CUTLER RD | MIAMI | FL |
| CASSANDRA | GRANBERRY | 1920 W BLUE HERON BLVD | RIVIERA BEACH | FL |
| STEPHEN | GROCER | 320 PARK STREET | WORCESTER | MA |
| STEPHEN | GROCER | 148 W CENTRAL | NATICK | MA |
| CEDRIC | GUYTON | 7546 103RD ST | JACKSONVILLE | FL |
| AMY | HACKETT | 200 WILMOT ROAD | DEERFIELD | IL |
| AMY | HACKETT | 600 SEA BREEZE BLVD | DAYTONA BEACH | FL |
| DIXIELEE | HALL | 155 VAN FLEET DR | BARTOW | FL |
| LORI | HALL DOTTEN | 2010 SW COLLEGE RD | OCALA | FL |
| DAVID | HAMILTON | 690 MARTIN LUTHER KING BLVD | PONTIAC | MI |
| JONATHAN | HANSEN | 7800 S US HIGHWAY 17/92 # | FERN PARK | FL |
| LORIANNA | HARRIS | 6818 N ARMENIA AVE | TAMPA | FL |
| RICHARD | HARTWELL | 10369 ROYAL PALM BLVD | CORAL SPRINGS | FL |
| EUGENE | HARVEY | 3700 34TH ST N | ST PETERSBURG | FL |
| KELLY | HELSEL | 6735 CENTRAL AVE | ST PETERSBURG | FL |
| DEBBIE | HERITAGE | 5701 22ND AVE S | GULFPORT | FL |
| GRACIELA | HERRERA | 10609 SW 40TH ST | MIAMI | FL |

CONFIDENTIAL

JW/WG 029821

WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1/1998 THRU 1/2000

| NAME | | ADDRESS | |
|---|---|---|---|
| MICHELLE | HIBBARD | 1790 NE JENSEN BEACH | JENSEN BEACH | FL |
| KAREN | HILE | 1860 E FOWLER AVE | TAMPA | FL |
| STEVEN | HITCHCOCK | 1801 GULF TO BAY BLVD | CLEARWATER | FL |
| L'TONYA | HORACE | 7628-20 103RD ST | JACKSONVILLE | FL |
| L'TONYA | HORACE | 7546 103RD ST | JACKSONVILLE | FL |
| RICK | HORNBACK | 6022 14TH ST WEST | BRADENTON | FL |
| ANTHONY | HOSEIN | 2425 US HWY 92 E | LAKELAND | FL |
| JOHN | HYMAN | 959 STATE ROAD #84 | FORT LAUDERDALE | FL |
| JOHN | HYMAN | 13110 BOTHELL EVERETT HWY | EVERETT | WA |
| YUSUF | ISMAIL | 205 E GRANADA AVE | ORMOND BEACH | FL |
| VONDA | JACKSON | 945 62ND AVE S | ST PETERSBURG | FL |
| ROSILY | JACOB | 155 VAN FLEET DR | BARTOW | FL |
| HEATHER | JAMES | 200 WILMOT ROAD | DEERFIELD | IL |
| HEATHER | JAMES | 1 W SUNRISE BLVD | FT LAUDERDALE | FL |
| JENNIFER | JEVANEY | 7150 W ATLANTIC BLVD | MARGATE | FL |
| HARVEY | JOHNSON | 2790 N UNIVERSITY DR | HOLLYWOOD | FL |
| SHARON | JOHNSON | 7512 LEM TURNER RD | JACKSONVILLE | FL |
| SONYA | JOHNSON | 202 SOUTH FEDERAL HIGHWAY | DANIA | FL |
| SONYA | JOHNSON | 6735 CENTRAL AVE | ST PETERSBURG | FL |
| LEANNE | JOSLIN | 21290 ST ANDREWS BLVD | BOCA RATON | FL |
| CLIFFORD | KANARICK | 959 STATE ROAD #84 | FORT LAUDERDALE | FL |
| CHARLES | KEMP | 34909 EMERALD COAST PKWY | DESTIN | FL |
| VIBHA | KHANNA | 3950 N DEAN RD | ORLANDO | FL |
| BEHZAD | KHAZAMI | 1604 S MISSOURI AVE | CLEARWATER | FL |
| STEVE | KING | 8000 LAKE UNDERHILL RD | ORLANDO | FL |
| MARC | KUDZOL | 2984 SOUTH RIDGEWOOD | EDGEWATER | FL |

CONFIDENTIAL

JW/WG 029822

WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1998 THRU 1/2000

| NAME | | ADDRESS | | |
|---|---|---|---|---|
| JEFFERY | KUPIEC | 6546N STATE RD 7 BY22 | COCONUT CREEK | FL |
| RICHARD | LALIBERTE | 4700 BABCOCK ST N E | PALM BAY | FL |
| DONTEE | LANIER | 3301 EDGEWATER | ORLANDO | FL |
| ERIC | LEVINE | 7650 SAND LAKE RD | ORLANDO | FL |
| JONATHAN | LEVY | 3593 CLEVELAND AVE | FT MYERS | FL |
| JOSEPH | LILLIA | 3895 W BROWARD BLVD | FT LAUDERDALE | FL |
| ANGELETHIA | LOCKLEY | 1220 UNIVERSITY BLVD N | JACKSONVILLE | FL |
| JIM | LOHSE | 2501 VIRGINIA AVE | FT PIERCE | FL |
| NICHOLAS | LOHSE | 4950 S. US HWY 1 | FT PIERCE | FL |
| CAROL | LUONGO | 3180 SE FEDERAL HWY | STUART | FL |
| SHERRY | MACMAHON | 1170 E UNIVERSITY AVE | GAINESVILLE | FL |
| PATRICK | MAINS | 11778 M. L. KING JR. BLVD | SEFFNER | FL |
| KEYSHA | MANNING | 2703 PARK ST | JACKSONVILLE | FL |
| ANTHONY | MARCHESANI | 4445 US HIGHWAY 98 N | LAKELAND | FL |
| THOMAS | MARINO | 7105 W MCNAB RD | NORTH LAUDERDALE | FL |
| KENDRA | MARTIN | 200 WILMOT ROAD | DEERFIELD | IL |
| KENDRA | MARTIN | 13255 ATLANTIC BLVD | JACKSONVILLE | FL |
| MARTTY | MARTINEZ | 770 W 29TH ST | HIALEAH | FL |
| LORI | MASINGALE | 2984 SOUTH RIDGEWOOD | EDGEWATER | FL |
| VICTORIA | MAYER | 200 WILMOT ROAD | DEERFIELD | IL |
| VICTORIA | MAYER | 12200-16 SAN JOSE BLVD | JACKSONVILLE | FL |
| VICTORIA | MAYER | 7200 NORMANDY BLVD | JACKSONVILLE | FL |
| TODD | MCFARLAND | 6204 MONTGOMERY | CINCINNATI | OH |
| ALMA | MCKINLEY | 6400 W LAKE WORTH RD | LAKE WORTH | FL |
| KAREN | MEEKER | 17050 S TAMIAMI TRAIL | FT MYERS | FL |
| SCOTT | MILLER | 1808 N NOB HILL RD | PLANTATION | FL |

CONFIDENTIAL

JW/WG 029823

WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1998 THRU 1/2000

| NAME | | | ADDRESS | | |
|---|---|---|---|---|---|
| THOMAS | MISTRETTA | 102 W FLETCHER AVE | TAMPA | FL | |
| JANET | MORGAN | 12704 GUY R. BREWER BLVD | JAMAICA | NY | |
| GAIL | MORIN-BEAULIEU | 11079 S MILITARY TRL | BOYNTON BEACH | FL | |
| MARTHA | MORPHONIOS | 15255 SW 137TH AVE | MIAMI | FL | |
| WILLIAM | MUCK | 4210 E STATE ROAD 64 | BRADENTON | FL | |
| DAMION | MURPHY | 2825 NORTH ANDREWS | WILTON MANOR | FL | |
| MATTHEW | MUSCATO | 8585 ST RD 200 UNIT 2 | OCALA | FL | |
| KARL | NATTER | 13501 N CLEVELAND AVE | NORTH FORT MYERS | FL | |
| KARL | NATTER | 5701 22ND AVE S | GULFPORT | FL | |
| ANNA | NEMEC | 4365 MAYFIELD RD | SOUTH EUCLID | OH | |
| MARK | NEMENZ | 3601 BEE RIDGE RD | SARASOTA | FL | |
| PAUL | NEUNER | 1030 NE 15TH AVE | FT LAUDERDALE | FL | |
| JENNY | NGUYEN | 5280 S JOHN YOUNG PKWY | ORLANDO | FL | |
| WALTER | NOLAN | 13845 WALSINGHAM BLVD | LARGO | FL | |
| JOHN | OATES | 155 VAN FLEET DR | BARTOW | FL | |
| TAMMI | OGLESBY-HARRIS | 414C MARY ESTHER CUT OFF | FT WALTON BEACH | FL | |
| CHUKUEMEKA | OHEAGBULAM | 2415 SW 75TH ST | GAINESVILLE | FL | |
| MARYJANE | ONYENWE | 200 WILMOT ROAD | DEERFIELD | IL | |
| MARYJANE | ONYENWE | 740 E 9TH ST | HIALEAH | FL | |
| ABIDEMI | OSENI | 3655 S DIXIE HWY | MIAMI | FL | |
| NICHOLAS | PAPPAS | 1500 PLACIDA RD ST-H | ENGLEWOOD | FL | |
| NICKOLLETE | PAPPOS-ELLEDGE | 4637 SUNRAY DR | HOLIDAY | FL | |
| J | PASSARO | 7301 W OAKLAND PARK | LAUDERHILL | FL | |
| KATHY | PATE | 1003 W VINE ST | KISSIMMEE | FL | |
| ANISH | PATEL | 5185 NORTH LN | ORLANDO | FL | |
| MINESH | PATEL | 3604 BLANDING BLVD | JACKSONVILLE | FL | |

CONFIDENTIAL

JW/WG 029824

WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1998 THRU 1/2000

| NAME | | ADDRESS | | |
|---|---|---|---|---|
| WILLIAM | PATSAKOS | 861 NE 8TH ST | HOMESTEAD | FL |
| WILLIAM | PATSAKOS | 11902 ROCKAWAY BLVD | SOUTH OZONE PARK | NY |
| ORIN | PATTERSON | 5185 NORTH LN | ORLANDO | FL |
| TERESA | PENNINGTON | 1402 OHIO AVE | LYNN HAVEN | FL |
| VONZELL | PEOPLES | 9219 N 56TH ST | TEMPLE TERRACE | FL |
| MARK | PERCIFIELD | 337 75TH AVE | ST PETERSBURG | FL |
| JEENU | PHILIP | 1903 STATE ROAD 60 E | LAKE WALES | FL |
| DAVID | PHILLIPS | 200 WILMOT ROAD | DEERFIELD | IL |
| DAVID | PHILLIPS | 6308 LANTANA RD BLDG D | LAKE WORTH | FL |
| MANUEL | PITA | 2501 S FRENCH AVE | SANFORD | FL |
| EDWARD | POON | 55 WESTCHESTER SQ | BRONX | NY |
| JOHN | PUTILLION | 3103 BISCAYNE BLVD | MIAMI | FL |
| MARK | RAMEY | 10410 ROOSEVELT BLVD N | ST PETERSBURG | FL |
| SHARIF | RASMY | 2295 EAST BAY DRIVE | LARGO | FL |
| SUJIT | RAVAL | 1303 S SEMORAN BLVD | ORLANDO | FL |
| MOLLY | REDRICK | 200 WILMOT ROAD | DEERFIELD | IL |
| MOLLY | REDRICK | 310 NE US HWY 19 | CRYSTAL RIVER | FL |
| LYNDON | REYNOSO | 2855 STIRLING RD | FT LAUDERDALE | FL |
| BUVANA | ROBERTS | 200 WILMOT ROAD | DEERFIELD | IL |
| BUVANA | ROBERTS | 3300 BROWN RD | ST LOUIS | MO |
| ROBERT | ROBERTS | 721 CORTARO DR | RUSKIN | FL |
| EDWARD | ROBERTSON | 1540 MCMULLEN BOOTH | CLEARWATER | FL |
| EDWARD | ROBINSON | 4300 KINGS HWY STE A | PORT CHARLOTTE | FL |
| EDWARD | ROBINSON | 1947 FRUITVILLE RD | SARASOTA | FL |
| GILBERT | RODRIGUES | 10410 ROOSEVELT BLVD N | ST PETERSBURG | FL |
| GILBERT | RODRIGUES | 10410 ROOSEVELT BLVD N | ST PETERSBURG | FL |

CONFIDENTIAL

JW/WG 029825

WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1998 THRU 1/2000

| NAME | | ADDRESS | |
|---|---|---|---|
| CLAUDIA | RODRIGUEZ | 2700 W FLAGLER ST | MIAMI | FL |
| CLAUDIA | RODRIGUEZ | 775 SW 8TH AVE | MIAMI | FL |
| LAURI | RODRIGUEZ | 1001 78TH ST S | TAMPA | FL |
| ALFREDO | ROMAY | 4451 W 12TH LN | HIALEAH | FL |
| MICHELLE | ROSE | 8389 SHELDON RD | TAMPA | FL |
| JODIE | ROSEBERG | 11079 S MILITARY TRL | BOYNTON BEACH | FL |
| MICHAEL | ROWLEY | 4204 PALM BEACH BLVD | FT MYERS | FL |
| JOHN | RUSSO | 100 E INTERNATIONAL SPEED | DELAND | FL |
| SOHA | SALAMI-HERRERA | 200 WILMOT ROAD | DEERFIELD | IL |
| SOMA | SALAMI-HERRERA | 6546N STATE RD 7 BY22 | COCONUT CREEK | FL |
| DOREEN | SCHAUB | 200 WILMOT ROAD | DEERFIELD | IL |
| DOREEN | SCHAUB | 600 SEA BREEZE BLVD | DAYTONA BEACH | FL |
| DOREEN | SCHAUB | 4920 SE ABSHIER BLVD | BELLEVIEW | FL |
| SANDRA | SCOTT | 5432 LITTLE RD | NEW PORT RICHEY | FL |
| SANDRA | SCOTT | 6996 US HIGHWAY 19 N | PINELLAS PARK | FL |
| APRIL | SCULLY | 1661 NW SAINT LUCIE WEST | PORT SAINT LUCIE | FL |
| LEONARD | SHAW | 12780 TAMIAMI TRL E | NAPLES | FL |
| PATRICIA | SHAW | 700 W BROWARD BLVD | FT LAUDERDALE | FL |
| KIMBERLY | SHELTON | 200 WILMOT ROAD | DEERFIELD | IL |
| KIMBERLY | SHELTON | 1251 SW 40TH AVE W | PLANTATION | FL |
| KIMBERLY | SHELTON | 15900 NW 27TH AVE | OPALOCKA | FL |
| DAVID | SHEN | 200 WILMOT ROAD | DEERFIELD | IL |
| DAVID | SHEN | 1281 KINGSWAY RD NO | BRANDON | FL |
| RICHARD | SHERMAN | 1751 BONAVENTURE BLVD | WESTON | FL |
| ALEX | SHULMAN | 3700 34TH ST N | ST PETERSBURG | FL |
| XAVIER | SIGLER | 5701 NW 183RD ST | HIALEAH | FL |

CONFIDENTIAL

JW/WG 029826



WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1998 THRU 1/2000

| NAME | | ADDRESS | | |
|---|---|---|---|---|
| HEATHER | SIMINSKI | 2111 EAST BUSCH BLVD | TAMPA | FL |
| JOAN | SIMS | 531 S. DIXIE HWY | LAKE WORTH | FL |
| JOHN | SIVON | 4319 N ARMENIA AVE | TAMPA | FL |
| RHONDA | SKINNER | 8197 N UNIVERSITY DR | TAMARAC | FL |
| KEITH | SLIGER | 18590 S DIXIE HWY | CUTLER RIDGE | FL |
| STEPHANIE | ST LAWRENCE | 200 WILMOT ROAD | DEERFIELD | IL |
| STEPHANIE | ST LAWRENCE | 3822 S ORLANDO DR | SANFORD | FL |
| JILL | STEINHOFF | 1504 3RD AVE EAST | BRADENTON | FL |
| MARY | STELNICKI | 2825 NORTH ANDREWS | WILTON MANOR | FL |
| ANNE-MARIE | STEVENSON | 6458 LINTON BLVD | DELRAY BEACH | FL |
| CLEON | STEWART | 9498 NW 7TH AVE | MIAMI | FL |
| DEBRA | STINSON | 600 SEA BREEZE BLVD | DAYTONA BEACH | FL |
| GARY | STIVALI | 3420 EAST LAKE ROAD | PALM HARBOR | FL |
| ANTHONY | SUMMA | 1615 NW 13TH ST | GAINESVILLE | FL |
| DAVID | SWIFT | 4920 SE ABSHIER BLVD | BELLEVIEW | FL |
| MICHAELENA | TAPANES | 200 WILMOT ROAD | DEERFIELD | IL |
| MICHAELENA | TAPANES | 9020 BISCAYNE BLVD | MIAMI SHORES | FL |
| JAMES | TARANTOLA | 1109 PALM COAST PKWY | PALM COAST | FL |
| TIMOTHY | TERRY | 700 W BROWARD BLVD | FT LAUDERDALE | FL |
| GLORIA | TEWARI | 1950 OSCEOLA PARKWAY | KISSIMMEE | FL |
| ROJER | TEWARI | 3298 S BERMUDA AVE | KISSIMMEE | FL |
| BHAVANI | THALAMARLA | 1093 US HWY 27 N | HAINES CITY | FL |
| RICARDO | TORRES | 20 SW 12TH AVE | DEERFIELD BEACH | FL |
| DONALD | TOUPS JR | 5 3RD ST N | JACKSONVILLE BEACH | FL |
| VAN | TRINH | 100 E MAGNOLIA DR | TALLAHASSEE | FL |
| DIMITRIOS | TSOUKNIDAS | 1251 SW 40TH AVE W | PLANTATION | FL |

CONFIDENTIAL

JW/WG 029827

WORK HISTORY OF PHARMACY MANAGERS IN FLORIDA WHO WERE PROMOTED 1/1998 THRU 1/2000

| NAME | | ADDRESS | | |
|---|---|---|---|---|
| NONYE | UGOCHUKWU | 2050 45TH ST | WEST PALM BEACH | FL |
| JOSE | VARGHESE | 2637 S FLORIDA AVE | LAKELAND | FL |
| SHIBU | VARUGHESE | 1001 N DIXIE HWY | LAKE WORTH | FL |
| BONNIE | VAUGHT | 2420 E COLONIAL AVE | ORLANDO | FL |
| NORMA | VIANZON | 2637 S FLORIDA AVE | LAKELAND | FL |
| TERRI | WALSH | 1565 AIRPORT RD S | NAPLES | FL |
| KATHY | WEAVER | 8951 HUDSON AVE | HUDSON | FL |
| AARON | WENSINK | 1534 CAPE CORAL PKWY W | CAPE CORAL | FL |
| TRACEY | WHITE | 1925 PROVIDENCE BLVD | DELTONA | FL |
| BARRY | WILLIAMS | 2550 N HIAWASSEE RD | ORLANDO | FL |
| VICTORIA | WINN | 200 WILMOT ROAD | DEERFIELD | IL |
| VICTORIA | WINN | 17511 BRUCE B. DOWNS BLVD | TAMPA | FL |
| LAWRENCE | WOEBER | 4050 U S #1 | JUPITER | FL |
| LONNIE | WOLITZ | 701 SR 50 | CLERMONT | FL |
| KITRINA | WOLOSCHEK | 200 WILMOT ROAD | DEERFIELD | IL |
| KITRINA | WOLOSCHEK | 337 75TH AVE | ST PETERSBURG | FL |
| LARRY | WRAY | 5545 CYPRESS GARDENS BLVD | WINTER HAVEN | FL |
| WEN LIN | WU | 200 WILMOT ROAD | DEERFIELD | IL |
| WEN LIN | WU | 4704 FOREST HILL BLVD | PALM BEACH | FL |
| SANDRA | WYCHE | 337 75TH AVE | ST PETERSBURG | FL |
| TRACY | YODER | 4651 W KENNEDY BLVD | TAMPA | FL |
| MIRIAM | ZAKAI | 200 WILMOT ROAD | DEERFIELD | IL |
| MIRIAM | ZAKAI | 10659 E COLONIAL DR | ORLANDO | FL |

CONFIDENTIAL

JW/WG 029828

LAW OFFICES OF
# MICHAEL M. TOBIN, P.A.
1099 PONCE DE LEON BOULEVARD
CORAL GABLES (MIAMI), FLORIDA 33134-3319
TEL (305) 445-5475    FAX (305) 445-5479

December 28, 2000

Brian Lerner, Esq.,
Steel Hector & Davis LLP
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398

*Via Fax (305)577-7001*

Re:        Joyce Williams, et al. v Walgreen Company

Dear Mr. Lerner:

In response to both of your facsimiles of today, please be advised of the
following:

It has never been our duty to provide social security authorizations to you
bearing the executed signatures of the Plaintiffs whom you would like to obtain
tax information on, rather these are requests the Defendant desires and therefore
the Defendant will need to tender these releases to me if the information is still
desired. When you go through the effort of drafting these releases, be sure to
make certain the information is sent to both of our respective offices. While it
would seem like a very simple task to furnish us copies of the information
obtained from the social security department, I anticipate a response from your
office like that previously furnished about the W-2 forms of the pharmacy
supervisors. In order to avoid a host of objections, your authorizations will need
to be drafted to ensure simultaneous and mutual receipt of the data.

Plaintiffs Echebiri, Joseph McMullen Taylor, and Williams will serve answers to
their Second Set of Interrogatories, and though they may not be to your liking or
the Defendant's liking, I will once again remind you that discrimination is not to
their liking. Rather than waste time belittling the efforts and responses of theses
victims of employment discrimination, why not focus your attention towards
their depositions and rectifying some of the short comings of Walgreens.

**EXHIBIT 5**



MICHAEL M. TOBIN              KELSAY D. PATTERSON              RICHARD D. TOBIN

If you have no time and therefore need an enlargement to respond to both discovery and recent motions that were served, it would therefore be consistent that you would have no time to take the depositions of the Plaintiffs during this same time frame. If you have time to take the depositions of the Plaintiffs, which you expect will last six (6) hours for each, then I will expect all discovery responses to be answered within the time allowed by the Federal Rules. I have no objection to an enlargement of time as you have requested as long as none of the depositions will be taken until the discovery responses are served, <u>and</u> until dates for deposing the identified Walgreens' employees have been provided.

Sincerely,

MICHAEL M. TOBIN, P.A.

Kelsay D. Patterson

KDP/ch



MICHAEL M. TOBIN          KELSAY D. PATTERSON          MARY LOU PRADO          RICHARD D. TOBIN

LAST TRANSACTION REPORT FOR HP FAX-700 SERIES          VERSION: 01.03

FAX NAME:        MICHAEL M TOBIN PA                          DATE: 27-DEC-00
FAX NUMBER:      305 4455479                                 TIME:    16:47

| DATE | TIME | REMOTE FAX NAME AND NUMBER | DURATION | PG | RESULT | DIAGNOSTIC |
|------|------|----------------------------|----------|----|--------|------------|
| 27-DEC | 16:45 S | 3055777001 | 0:01:09 | 2 | OK | 663840100190 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

                    S=FAX SENT
                    I=POLL IN(FAX RECEIVED)
                    O=POLLED OUT(FAX SENT)


TO PRINT THIS REPORT AUTOMATICALLY. SELECT AUTOMATIC REPORTS IN THE SETTINGS MENU.
TO PRINT MANUALLY. PRESS THE REPORT/SPACE BUTTON. THEN PRESS ENTER.

LAW OFFICES OF

# MICHAEL M. TOBIN, P.A.

1099 PONCE DE LEON BOULEVARD
CORAL GABLES (MIAMI), FLORIDA 33134-3319
TEL (305) 445-5475   FAX (305) 445-5479

January 25, 2001

Brian Lerner, Esq.
Steel Hector & Davis LLP
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398

**Via Fax (305)577-7001**

Re:          Williams, et al. v. Walgreen Company
             Case No.: 00-6151-CIV-Huck/Brown

Dear Mr. Lerner:

Please advise what documents and responses you have available and advise of
the volume and costs, as we would like to come pick them up immediately.

Previously articulated settlement/offers are hereby withdrawn.

                    Sincerely,

                    MICHAEL M. TOBIN, P.A.

                    Kelsay D. Patterson
                    (Dictated but not read & signed on
                    his behalf to avoid delay)

KDP/ch



LAST TRANSACTION REPORT FOR HP FAX-700 SERIES    VERSION: 01.03

FAX NAME:        MICHAEL M TOBIN PA                        DATE: 25-JAN-01
FAX NUMBER:      305 4455479                               TIME:     16:01

| DATE | TIME | REMOTE FAX NAME AND NUMBER | DURATION | PG | RESULT | DIAGNOSTIC |
|------|------|---------------------------|----------|----|--------|------------|
| 25-JAN | 16:00 S | 3055777001 | 0:00:35 | 1 | OK | 663840100190 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

S=FAX SENT
I=POLL IN(FAX RECEIVED)
O=POLLED OUT(FAX SENT)

TO PRINT THIS REPORT AUTOMATICALLY. SELECT AUTOMATIC REPORTS IN THE SETTINGS MENU.
TO PRINT MANUALLY. PRESS THE REPORT/SPACE BUTTON. THEN PRESS ENTER.

# STEEL ■
# HECTOR
# ▯DAVIS™

Steel Hector & Davis LLP
200 South Biscayne Boulevard
Miami, Florida 33131-2398
305.577.7000
305.577.7001 Fax
www.steelhector.com

Brian L. Lerner
305.577.7048
blerner@steelhector.com

January 23, 2001

**VIA HAND DELIVERY**

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

     RE:   *Williams, et al. v. Walgreen Company*

Dear Mr. Patterson:

As requested by the court, we have completed a draft order on the January 22, 2001, hearing. Please review this order immediately because the Court asked that we submit an order no later than Wednesday, January 24, 2001. Should you have any problems or comments, please call Eddie Torres (305.577.2982) or me.

Also, enclosed are tax information authorization forms for Plaintiffs Echebiri, C. McMullen, J. McMullen, and Okonmah. Please have your clients execute these forms and return the originals to me no later than ten (10) days from the date of this letter. I am enclosing four blank authorization forms and an instruction form. Please use these blank authorization forms should there be any errors on the forms we completed for you.

Finally, we will need a few more days before serving our responses to the four sets of discovery outstanding. It has taken a little longer because we are still in the process of contacting multiple districts to locate documents responsive to your requests. We believe we should have our responses served no later than next Tuesday. Should this be a problem, please let me know.

     Very truly yours,

     Brian L. Lerner

encl.

cc:   Edwin G. Torres, Esq. (w/o encl.)

LAW OFFICES OF
## MICHAEL M. TOBIN, P.A.

1099 PONCE DE LEON BOULEVARD
CORAL GABLES (MIAMI), FLORIDA 33134-3319
TEL (305) 445-5475    FAX (305) 445-5479

January 17, 2001

Heather L. Gatley, Esq.
Steel Hector & Davis LLP
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398

**_Via Fax (305)577-7001_**

Re:        Williams, et al. v. Walgreen Company
           Case No.: 00-6151-CIV-Huck/Brown

Dear Ms. Gatley:

Your office has gone to great lengths to build a record that would suggest the
Plaintiffs are unwilling to make themselves available for depositions. We have
always represented their availability to Mr. Cheskins and Mr. Lerner since July
of 2000. In response to Mr. Lerner's December letters, we gave general
parameters for each Plaintiff's preference.  You cannot honestly believe it was
prudent to just send out eight (8) notices without first checking to assure my
scheduling availability.  You feign surprise that I have conflicts on two (2) of the
eight (8) dates noticed. You then suggest that I have no right to sandwich in the
depositions that I desire in between the ones you have noticed.  You may have
properly noticed the depositions, but I have too. We will both need to adjust our
schedules in order to accommodate the other's notices.  If you cannot produce
the witnesses we noticed despite our allowing more than ten (10) business days,
you may need to move for a protective order.

As we discussed, the Plaintiffs are owed discovery responses. The responses are
needed by Tuesday, January 23rd in order to allow us sufficient time to prepare
for the depositions we noticed. Allowing your office until January 23rd
constitutes an eleven (11) day extension beyond the thirty (30) days provided by
the rules.



HAEL M. TOBIN              KELSAY D. PATTERSON              MARY LOU PRADO                  RICHARD D. TOBIN

With regard to the interrogatory responses of Constance Echiberi, we are still trying to secure them. She was in Africa for two (2) weeks during the holiday season, and since returning was involved in a motor vehicle collision that required hospitalization. You have been gracious thus far in granting discovery extensions, and if you would like to file the appropriate motion at this time, it would be well justified. However, we believe we can secure and serve her responses by the end of day, Monday, January 22nd.

Finally, with regard to your settlement figures, I will communicate them to my clients. However, you must know that we can prove our allegations of floating; the subjective promotion process; the better qualifications of Mia, Delores, Bernice, Constance, and Joyce versus non-blacks who have been promoted; retaliation against Constance since this suit was filed; the manner in which Joseph McMullen was discouraged from a promotion to store manager; and instances of discriminatory discipline. For instance, we can prove that Delores' pharmacy store was closed on two (2) occasions by a non-black pharmacist. In light of this conduct, there was no discipline for this pharmacist. The mere threat of same by Delores was met with termination.

Call it nuisance value or assign it any other label you choose, but these Plaintiffs can prove their individual claims. You should know that their claims/verdicts will compromise more than lost wages when they are proved. Economic damages are always minimal in comparison to the compensatory damages awarded. Any real attempt to settle this case will recessitate specified job security for certain Plaintiffs and the figures proposed need to be literally tripled in order for me to consider recommending settlement. While you are confident in your forthcoming summary judgment motion, holding Meehan's Affidavit, makes us confident in our response.

Sincerely,

MICHAEL M. TOBIN, P.A.

Kelsay D. Patterson

KDP/ch



LAST TRANSACTION REPORT FOR HP FAX-700 SERIES          VERSION: 01.03

FAX NAME:        MICHAEL M TOBIN PA                          DATE: 17-JAN-01
FAX NUMBER:      305 4455479                                 TIME:    17:00

| DATE | TIME | REMOTE FAX NAME AND NUMBER | DURATION | PG | RESULT | DIAGNOSTIC |
|------|------|----------------------------|----------|----|--------|------------|
| 17-JAN | 16:59 S | 3055777001 | 0:01:21 | 2 | OK | 663840100190 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

S=FAX SENT
I=POLL IN(FAX RECEIVED)
O=POLLED OUT(FAX SENT)


TO PRINT THIS REPORT AUTOMATICALLY. SELECT AUTOMATIC REPORTS IN THE SETTINGS MENU.
TO PRINT MANUALLY. PRESS THE REPORT/SPACE BUTTON. THEN PRESS ENTER.

# S T E E L ■

# H E C T O R

# ▣ D A V I S ˉ

Steel Hector & Davis ...
200 South Biscayne Boulevard
Miami  Florida  33131-2398
305.577.7000
305.577 7001 Fax
www.steelhector com

Brian L. Lemer
305.577 7045
blemer@steelhector com

January 17, 2001

**VIA FACSIMILE**

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

     RE:   *Williams. et al. v. Walgreen Company*

Dear Mr. Patterson:

     With respect to Walgreens' discovery enlargement, we understood your letter from December 28, 2000, to allow Walgreens until January 31, 2001, to serve discovery responses "so long as none of the deposition will be taken until the discovery responses are served, and until dates for deposing the identified Walgreens' employees have been provided." Based on recent developments in this case, we fully intended to serve discovery responses sooner than January 31, 2001, and certainly prior to the taking of the depositions of the plaintiffs. While we believe that changing the agreed-to deadline to January 23, 2001, is improper in light of our agreement, without waiving any such argument, we will make every endeavor to serve responses by January 23, 2001.

     With respect to Constance Echebiri's responses, as I indicated to you yesterday, Walgreens has no problem allowing Ms. Echebiri additional time to serve responses.

     Finally, your letter talks about needing to "literally triple[]" our settlement figures and providing "specified job security" for certain plaintiffs. In order to convey a counter-offer to our client, we ask that you provide a clear dollar amount and further clarify what you mean by "specified job security," and to which plaintiffs this would apply.

        Very truly yours,

        Brian L. Lemer

S T E E L
H E C T O R
☒ D A V I S
A REGISTERED LIMITED LIABILITY PARTNERSHIP

## Telecopier Cover Sheet

200 South Biscayne Blvd.
Miami, Florida 33131-2398
305.577.7000
305.577.7001 Fax
305.577.2887 Confirmation

| | |
|---|---|
| Date: | **January 17, 2001** |
| Send To: | **Kelsay D. Patterson, Esq.** |
| Firm: | **Law Office of Michael Tobin, P.A.** |
| Telecopier No: | **305-445-5479** |
| Confirmation No: | **305-445-3245** |

Total Pages Including Cover Sheet: **2**

Originator: **Brian L. Lerner**          Ext. 305.577. **7048**

Special Messages:

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for postage. Thank you.

\_\_\_\_\_ Original Mailed          \_\_\_\_\_ Original sent Overnight Courier          \_\_\_\_\_ Original Held in File

Client Code: **90811**          Matter Code: **8933**

Miami   West Palm Beach   Tallahassee   Key West   Naples   London   Caracas   São Paulo   Rio de Janeiro   Dominican Republic

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

   Plaintiffs,

vs.

WALGREEN COMPANY,

   Defendant.

_____/

## NOTICE OF TAKING DEPOSITION

TO: Kelsay D. Patterson, Esq.
   Law Offices of Michael M. Tobin, P.A.
   1099 Ponce De Leon Blvd.
   Coral Gables, Florida 33134-3319

PLEASE TAKE NOTICE that pursuant to all applicable laws and Rules of Civil Procedure,

the undersigned attorneys will take the deposition of:

| NAME | DATE AND TIME | PLACE |
|------|---------------|-------|
| Mia Dawn Taylor | Monday, January 29, 2001, @ 10:00 a.m. | STEEL HECTOR & DAVIS LLP 200 South Biscayne Boulevard Miami, Florida 33131-2398 |

**EXHIBIT 6**

STEEL HECTOR & DAVIS LLP

| Bernice Shorter-Meares | Tuesday, January 30, 2001, @ 12:00 p.m. | STEEL HECTOR & DAVIS LLP 200 South Biscayne Boulevard Miami, Florida 33131-2398 |
| Joseph Patrick McMullen | Wednesday, January 31, 2001, @ 10:00 a.m. | STEEL HECTOR & DAVIS LLP 200 South Biscayne Boulevard Miami, Florida 33131-2398 |
| Carmita McMullen | Thursday, February 1, 2001, @ 10:00 a.m. | STEEL HECTOR & DAVIS LLP 200 South Biscayne Boulevard Miami, Florida 33131-2398 |
| Delores Okonmah | Thursday, February 8, 2001, @ 10:00 a.m. | STEEL HECTOR & DAVIS LLP 200 South Biscayne Boulevard Miami, Florida 33131-2398 |
| Constance Echebiri | Wednesday, February 14, 2001, @ 10:00 a.m. | STEEL HECTOR & DAVIS LLP 200 South Biscayne Boulevard Miami, Florida 33131-2398 |
| Joyce Williams | Thursday, February 15, 2001, @ 10:00 a.m. | STEEL HECTOR & DAVIS LLP 200 South Biscayne Boulevard Miami, Florida 33131-2398 |
| Michael Ferguson | Friday, February 16, 2001, @ 10:00 a.m. | STEEL HECTOR & DAVIS LLP 200 South Biscayne Boulevard Miami, Florida 33131-2398 |

upon oral examination before Rosenfeld & Fieger, Notary Public, or any other notary public or officer authorized by law to take depositions.

PLEASE BE GOVERNED ACCORDINGLY.

The oral examination will continue from day to day until completed. The deposition is being taken for any and all purposes permissible by law.

2

*To show good faith compliance with the Americans With Disabilities Act, individuals who have a disability which may need accommodation should contact the undersigned seven (7) days prior to the deposition.*

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
Edwin G. Torres
Florida Bar No. 911569
Heather L. Gatley
Florida Bar No. 0050482
Brian L. Lerner
Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this

12th day of January, 2001, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

Kay Rosenfeld/Joanie Fieger (Court Reporters)
Rosenfeld & Fieger
Suite 705, 19 West Flagler Street
Miami, Florida 33130

By: _____
Brian L. Lerner

MIA_1998/641330-1

3