UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.

_____

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF CONSTANCE ECHEBIRI FOR
## FAILURE TO COMPLY WITH THE COURT'S JANUARY 24, 2000, ORDER

Pursuant to Fed. R. Civ. P. 37(b) and 41(b) and S.D. Fla. L.R. 26.1, Defendant Walgreen

Co. ("Walgreens"), moves this Court for an Order to dismiss plaintiff Constance Echebiri

("Echebiri") for her failure to comply with two separate orders of this Court.

### INTRODUCTION

On September 18, 2000, Walgreens moved, in part, to compel Echebiri to serve all tax

returns, W-2s, or similar documents that she agreed to produce in her response to Walgreens'

Revised First Request for Production of Documents. *See* Motion to Compel . . ., dated Sept. 18,

2000. Walgreens served this request on May 8, 2000, over nine months ago. On November 2,

2000, this Court granted in part, and denied in part, Walgreens' motion. *See* Court's Order Re:

Motion to Compel, dated Nov. 2, 2000, attached as Exhibit A. The Court ordered that Echebiri execute a tax authorization release so that Walgreens could obtain these documents from the IRS. *See id.* After the deadline to produce this authorization came and went and Echebiri did not respond to Walgreens' letter requesting the status of this release, Walgreens filed a motion, in part, to strike Echebiri's back pay and/or salary claims.

On January 22, 2001, the Court entertained argument on the motion to strike. The Court ordered that Echebiri have another opportunity to provide the necessary authorization release. The Court ordered that Walgreens obtain this form, complete the necessary information, deliver the form to plaintiff's counsel, and that counsel return this executed release to Walgreens within ten days of receipt of the release from Walgreens. *See* Order on Defendant's Motion to Strike and/or Dismiss Plaintiffs' Claims . . . ("Order"), dated Jan. 24, 2001, attached as Exhibit B. While the Court noted during the hearing that the Order from November 2, 2000, may have been subject to differing interpretation, the Court expressly stated that there was no mistake that once counsel received the authorization from Walgreens, counsel was to return the executed release to Walgreens within ten days.[1]

On January 24, 2001, Walgreens provided the necessary and completed authorization form to Echebiri's counsel. *See* Letters to Kelsay D. Patterson, dated Jan. 23, 2001, and Jan. 24, 2001, and Letter to Brian Lerner, dated Jan. 23, 2001, attached as composite Exhibit C. Pursuant to the Court's Order, Walgreens should have received this executed release no later than February 3, 2001. Realizing that the deadline fell on a Saturday, that the IRS would not be open

---

[1] The Court originally allowed only five days to return the form but increased the amount of time to ten days at Echebiri's counsel's request.

2

on the weekend, and that weekend would delay delivery of the mail, Walgreens, although under

no obligation, waited two complete business days beyond the deadline to receive Echebiri's

release. At the close of business on Tuesday, February 6, 2001, Walgreens contacted counsel

inquiring as to the status of Echebiri's authorization form. Counsel indicated that he did not

receive the executed form from his client, that he notified his client again about the need for the

form, and that he was not sure when he would receive this form from his client.

As a consequence of Echebiri's second violation of a court order in this case, this Court

should impose the sanctions specifically instituted to redress this type of violation of the Federal

Rules and the Court's authority – dismissing Echebiri's claims with prejudice.

### MEMORANDUM OF LAW

**I.      The Federal Rules Authorize Severe Sanctions
For Noncompliance With Court Orders**

One of the primary roles of the Federal Rules of Civil Procedure is to "achieve disclosure

of all the evidence relevant to the merits of a controversy." *Thomas E. Hoar, Inc. v. Sara Lee*

*Corp.*, 882 F.2d 682, 687 (2d Cir. 1989). Indeed, the Supreme Court stated that "[t]he very

integrity of the judicial system and public confidence in the system depends on full disclosure of

the facts." *Taylor v. Illinois*, 484 U.S. 400 (1988).

While "compliance is dependent almost exclusively on the Bar's affirmative adherence to

the Rules and deadlines set by courts[,] . . . the Rules are not without strict enforcement

provisions." *535 Broadway Assocs. v. Commercial Corp. of Am.*, 159 B.R. 403, 406 (S.D. N.Y.

1993).

These enforcement provisions provide, in part, that:

If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule [i.e., motion to compel discovery] or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

* * *

An order refusing to allow the disobeying party to support or oppose designated claims or defenses, . . . [a]n order striking out pleadings or parts thereof, . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

* * *

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to object the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2), (b)(2)(B)-(C).[2]  These enforcement provisions provide teeth to the somewhat voluntary, cooperative discovery process in several ways.  First, they "have the immediate effect of insuring compliance with court orders in the particular case." *535 Broadway Assocs.*, 159 B.R. at 406.  Second, they "penalize those whose conduct . . . warrant such a sanction" by ensuring that the recalcitrant party will not enjoy the fruits of its own non-compliance. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976) (per curiam).  Third, sanctions have the salutatory effect of "deter[ring] those who might be tempted to such conduct in the absence of such a deterrent." *Id.*

Simply put, the Court granted Echebiri two opportunities to produce the necessary information.  Echebiri failed to comply twice despite a court order.  Although Echebiri's first

---

[2] Further authority is found in Fed. R. Civ. P. 41(b), which provides that if there is "failure . . . to comply with these rules or any order court, a defendant may move for dismissal of an action or of any claim against the defendant."

failure may be subject to differing interpretations of the Court's Order from November 2, 2000, the Court made it clear at the hearing on January 22, 2001, that such an error would not be tolerated in the future. Indeed, the Court noted that "[s]hould Plaintiffs engage in the conduct complained of in the future, Defendant may renew its motion for sanctions and request fees and costs associated with this motion and its motion to compel dated September 18, 2000." Order at 2.

Every plaintiff's constitutional right to access to the courts carries with it the responsibility to follow the court's rules and obey its orders. Echebiri has, on two occasions, ignored and abandoned that responsibility despite two court orders. She has, therefore, waived her right to pursue her claims in this case.

Accordingly, this Court should dismiss Echebiri's claims with prejudice. *See Gratton v. Great Am. Communications*, 178 F.3d 1373, 1375 (11th Cir. 1999) (affirming dismissal of employment discrimination case where the plaintiff's conduct "interfered with the process of discovery" and the plaintiff disobeyed the district court's order to produce certain discovery); *see also May v. Disney Enters., Inc.*, 194 F.3d 1317 (9th Cir. 1999) (affirming dismissal for failure to comply with court order); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (affirming dismissal as proper where the plaintiff furnished incomplete interrogatories and failed to specify the basis for damages in violation of court orders mandating compliance with defendant's discovery requests); *Jones v. Niagra Frontier Transp. Auth.*, 836 F.2d 731, 734 (2d Cir. 1987), *cert. denied*, 488 U.S. 825 (1988) (affirming dismissal as proper where the plaintiff, ignoring the magistrate judge's admonition about sanctions, refused repeatedly to answer questions during a court ordered deposition); *Properties Int'l, Ltd. v.*

*Turner*, 706 F.2d 308, 310 (11th Cir. 1983) (affirming dismissal with prejudice of the plaintiffs'

suit as a consequence of the plaintiffs' refusal to cooperate with discovery).

## CONCLUSION

For the foregoing reasons, Walgreens respectfully requests that this Court enter an Order

dismissing the claims of plaintiff Constance Echebiri.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
　　　Edwin G. Torres
　　　Florida Bar No. 911569
　　　Heather L. Gatley
　　　Florida Bar No. 0050482
　　　Brian L. Lerner
　　　Florida Bar No. 0177202

6

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE</u>

The undersigned hereby certifies that he has made a good faith effort to resolve the matters referred to in the preceding motion. Counsel for Walgreens has conferred by telephone and in writing with opposing counsel in an attempt to resolve this discovery dispute informally. All efforts to resolve the matters contained in this motion have failed.

By: _____
Brian L. Lerner

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 8th day of February, 2001, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
Brian L. Lerner

MIA_1998/646790-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

        Plaintiffs,

vs.

WALGREEN COMPANY,

        Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF CONSTANCE ECHEBIRI FOR FAILURE**
**TO COMPLY WITH THE COURT'S JANUARY 24, 2000, ORDER**

       THIS MATTER came before the Court on Defendant's motion to dismiss. The Court having

reviewed the file and motion and being otherwise fully advised in the premises, does hereby:

       **ORDER AND ADJUDGE** that Defendant's motion is **GRANTED**.  Plaintiff Constance

Echebiri's claims are dismissed with prejudice.

       **DONE AND ORDERED** in Chambers at Miami, Florida, this ____ day of _____,

2001.

                                        _____
                                      UNITED STATES DISTRICT JUDGE

Conformed copies furnished to:
counsel of record

00-6151.oa

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-6151 CIV HUCK

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; etc., et al.,

       Plaintiff,

vs.

WALGREEN COMPANY,

       Defendant.

_____/

## ORDER RE: MOTION TO COMPEL

This matter is before this Court on Defendant's Motion to Compel Documents and Answers

to Its Revised...Interrogatories and Revised ...Request for Production, filed September 18, 2000.

The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND**

**ADJUDGED** as follows:

1. With regard to plaintiff Delores Okonmah the motion is **GRANTED.** She shall answer

the interrogatories and produce the documents requested within five (5) days from the date of this

order.

2. The motion is **GRANTED, in part,** as to interrogatory 5 with regard to plaintiffs

Echebiri, Ferguson, Carmita McMullen, Joseph McMullen, and Mia Dawn Taylor. The Court agrees

that certain damages are not readily ascertainable (emotional, humiliation, pain embarrassment and

anger), but as to the other damages claimed they shall be answered with specificity within five (5) days from the date of this order. The same holds for plaintiffs Bernice Shorter- Meares and Joyce Williams.

3. The motion is **DENIED** with regard to the McMullens as to production request 7, based on the response at page 2. If the information is not forthcoming within thirty (30) days from the date of this order, plaintiffs shall execute an authorization for defendant to obtain the information sought. The motion is **GRANTED** as to plaintiff Shorter-Meares who shall produce her tax returns within five (5) days from the date of this order. Plaintiff Echebiri shall produce the returns for the years not produced within five (5) days from the date of this order.

4. The motion is **DENIED** with regard to request 8 to plaintiff Echebiri based on the response at page 2.

5. The motion is **DENIED** with regard to request 15 to plaintiff Echebiri and request 28 to plaintiff J. McMullen based on the response at page 3.

**DONE AND ORDERED** this _2d_ day of November, 2000 at Miami, Dade County, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:    Honorable Paul C. Huck
       Brian Lerner, Esq.
       Kelsay D. Patterson, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually,

       Plaintiffs,

vs.

WALGREEN COMPANY,

       Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLY WITH THE COURT'S NOVEMBER 2, 2000, ORDER

THIS MATTER came before the Court on Defendant's motion to strike and/or dismiss Plaintiffs' claims. The Court, having reviewed the file and motion and being otherwise fully advised in the premises, does hereby **ORDER AND ADJUDGE** as follows:

1.    Defendant's motion to dismiss Plaintiff Delores Okonmah's claims is **DENIED**. This Court orders, however, that Plaintiff Delores Okonmah shall serve a response to Defendant's Revised First Request for Production of Documents within five (5) days of this order, responding to each request individually by producing the responsive documents or stating that no responsive document exists.

CASE NO. 00-6151-Civ-Huck/Brown

2.      Defendant's motion to strike the back pay claims of Plaintiffs Constance Echebiri,

Carmita McMullen, Joseph McMullen, and Bernice Shorter-Meares is **DENIED**. This Court orders,

however, that Defendant shall prepare the following: (1) an authorization releasing tax returns for

Plaintiff Constance Echebiri for the years 1994, 1996, 1997, and 1998; (2) an authorization releasing

tax returns for Plaintiff Carmita McMullen for the years 1996, 1997, 1998, and 1999; (3) an

authorization releasing tax returns for Plaintiff Joseph McMullen for the years 1994, 1995, 1996,

1997, 1998, and 1999; and (4) an authorization releasing tax returns for Plaintiff Delores Okonmah

for the years 1994 and 1995. Plaintiffs shall execute and return these authorizations to Defendant

within ten (10) days of receipt of these authorizations so that Defendant may obtain this tax

information.

3.      Defendant's motion to impose sanctions under Fed. R. Civ. P. 37 is **DENIED**

**WITHOUT PREJUDICE**. Should Plaintiffs engage in the conduct complained of in the future,

Defendant may renew its motion for sanctions and request fees and costs associated with this motion

and its motion to compel dated September 18, 2000.

      **DONE AND ORDERED** this _24th_ day of January, 2001, at Miami, Miami-Dade County,

Florida.

                                        STEPHEN T. BROWN
                                        U.S. MAGISTRATE JUDGE


Conformed copies furnished to:
counsel of record

2



STEEL ■
HECTOR
■DAVIS˙

Brian L. Lerner

January 23, 2001

**VIA FACSIMILE**

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

      RE:   *Williams, et al. v. Walgreen Company*

Dear Mr. Patterson:

     Enclosed are tax information authorization forms for Plaintiffs Echebiri, C. McMullen, J. McMullen, and Okonmah. We revised each form to include the one change you requested – designating both Eddie Torres and you as appointees. Please have your clients execute these forms and return the originals to me no later than ten (10) days from the date of this letter so that we may file these authorizations with the IRS.

                                  Very truly yours,

                                  Brian L. Lerner

encl.

cc:    Edwin G. Torres, Esq. (w/o encl.)

MIA_1998/643679-1

Form **8821**

(Rev. January 2000)

Department of the Treasury
Internal Revenue Service

## Tax Information Authorization

▶ **IF THIS AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.**

OMB No. 1545-1165

For IRS Use Only

Received by
Name
Telephone
Function
Date

### 1 Taxpayer information.

Taxpayer name(s) and address (please type or print)

Joseph Patrick McMullen
13233 S.W. 50th Street
Miramar, Florida 33027

Social security number(s)

261 57 7076

Daytime telephone number

(305 )829-8728

Employer identification number

Plan number (if applicable)

### 2 Appointee.

Name and address (please type or print)

See attached

CAF No. ....................................................
Telephone No. ( ...... ) ...............................
Fax No. ( ...... ) .........................................
Check if new:   Address ☐
            Telephone No. ☐

### 3 Tax matters.
The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line.

| (a) Type of Tax (Income, Employment, Excise, etc.) | (b) Tax Form Number (1040, 941, 720, etc.) | (c) Year(s) or Period(s) | (d) Specific Tax Matters (see instr.) |
|---|---|---|---|
| Income | 1040 | 1994, 1995, 1996, 1997, 1998, 1999 | Copies of returns for specific years |
| | | | |
| | | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. (See the instructions on page 2.) . . . . . . . . . . . . . . . . ▶ ☐
If you checked this box, skip lines 5 and 6.

**5 Disclosure of tax information** (you **must** check the box on line 5a or b unless the box on line 4 is checked):

  **a** If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

  **b** If you do not want any copies of notices or communications sent to your appointee, check this box. . . . . . . . ▶ ☐

**6 Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed above on line 3 unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you MUST attach a copy of any authorizations you want to remain in effect AND check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
To revoke this tax information authorization, see the instructions on page 2.

**7 Signature of taxpayer(s).** If a tax matter applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

|  |  |  |  |
|---|---|---|---|
| Signature | Date | Signature | Date |
| Print Name | Title (if applicable) | Print Name | Title (if applicable) |

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of form.** Form 8821 authorizes any individual, corporation, firm, organization, or partnership you designate to inspect and/or receive your confidential information in any office of the IRS for the type of tax and the years or periods you list on this form. You may file your own tax information authorization without using Form 8821, but it must include all the information that is requested on the form.

  Form 8821 does not authorize your appointee to advocate your position with respect to the Federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. If you want to authorize an individual to represent you, use **Form 2848,** Power of Attorney and Declaration of Representative.

Use **Form 56,** Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer. Therefore, a fiduciary does not act as an appointee and should not file Form 8821. If a fiduciary wishes to authorize an appointee to inspect and/or receive confidential tax information on behalf of the fiduciary, Form 8821 must be filed and signed by the fiduciary acting in the position of the taxpayer.

**Taxpayer identification numbers (TINs).** TINs are used to identify taxpayer information with corresponding tax returns. It is important that you furnish correct names, social security numbers (SSNs), individual taxpayer identification numbers (ITINs), or employer identification numbers (EINs) so that the IRS can respond to your request.

Edwin G. Torres. Esquire
Steel. Hector & Davis. LLP
200 South Biscayne Boulevard
Suite 4000
Miami. Florida 33131-2398
Tel:    (305) 577-2982
Fax:    (305) 577-7001


Kelsay D. Patterson. Esquire
Law Offices of Michael M. Tobin. P.A.
1099 Ponce De Leon Blvd.
Coral Gables. Florida 33134-3319
Tel:    (305) 445-5475
Fax:    (305) 445-5479

Form **8821**
(Rev. January 2000)
Department of the Treasury
Internal Revenue Service

# Tax Information Authorization

► IF THIS AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.

OMB No 1545-1165
**For IRS Use Only**
Received by
Name
Telephone
Function
Date        /        /

## 1 Taxpayer information.

Taxpayer name(s) and address (please type or print)

Constance Echebiri
P.O. Box 1183
Winter Haven, Florida 33882

Social security number(s)
029 70 1562

Employer identification number

Daytime telephone number
(      )

Plan number (if applicable)

## 2 Appointee.

Name and address (please type or print)

See attached

CAF No. ..........................................................
Telephone No. (      ) ..........................................
Fax No. (      ) ...............................................
Check if new:    Address ☐
                 Telephone No. ☐

## 3 Tax matters. The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line.

| (a)<br>Type of Tax<br>(Income, Employment, Excise, etc.) | (b)<br>Tax Form Number<br>(1040, 941, 720, etc.) | (c)<br>Year(s) or Period(s) | (d)<br>Specific Tax Matters (see instr.) |
|---|---|---|---|
| Income | 1040 | 1994, 1996, 1997, 1998 | Copies of returns for specific years |
| | | | |
| | | | |

**4 Specific use not recorded on Centralized Authorization File (CAF)** If the tax information authorization is for a specific use not recorded on CAF, check this box. (See the instructions on page 2.) . . . . . . . . . . . . . . ► ☐
If you checked this box, skip lines 5 and 6

**5 Disclosure of tax information** (you must check the box on line 5a or b unless the box on line 4 is checked):

a If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box . . . . . . . . . . . . . . . . . . . . . . . . ► ☐
b If you do not want any copies of notices or communications sent to your appointee, check this box. . . . . . . ► ☐

**6 Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed above on line 3 unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you MUST attach a copy of any authorizations you want to remain in effect AND check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► ☐
To revoke this tax information authorization, see the instructions on page 2

**7 Signature of taxpayer(s).** If a tax matter applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

| Signature | Date | Signature | Date |
|---|---|---|---|
| Print Name | Title (if applicable) | Print Name | Title (if applicable) |

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of form.** Form 8821 authorizes any individual, corporation, firm, organization, or partnership you designate to inspect and/or receive your confidential information in any office of the IRS for the type of tax and the years or periods you list on this form. You may file your own tax information authorization without using Form 8821, but it must include all the information that is requested on the form.

Form 8821 does not authorize your appointee to advocate your position with respect to the Federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. If you want to authorize an individual to represent you, use **Form 2848**, Power of Attorney and Declaration of Representative.

Use **Form 56**, Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer. Therefore, a fiduciary does not act as an appointee and should not file Form 8821. If a fiduciary wishes to authorize an appointee to inspect and/or receive confidential tax information on behalf of the fiduciary, Form 8821 must be filed and signed by the fiduciary acting in the position of the taxpayer.

**Taxpayer identification numbers (TINs).** TINs are used to identify taxpayer information with corresponding tax returns. It is important that you furnish correct names, social security numbers (SSNs), individual taxpayer identification numbers (ITINs), or employer identification numbers (EINs) so that the IRS can respond to your request.

For Privacy Act and Paperwork Reduction Act Notice, see page 2.       Cat. No. 11596P       Form **8821** (Rev. 1 2000)

Edwin G.  Torres. Esquire
Steel, Hector & Davis. LLP
200 South Biscayne Boulevard
Suite 4000
Miami. Florida 33131-2398
Tel:    (305) 577-2982
Fax:    (305) 577-7001


Kelsay D. Patterson. Esquire
Law Offices of Michael M. Tobin. P.A.
1099 Ponce De Leon Blvd.
Coral Gables. Florida 33134-3319
Tel:    (305) 445-5475
Fax:    (305) 445-5479

| Form **8821** | | **Tax Information Authorization** | OMB No. 1545-1165 |
|---|---|---|---|

Form **8821**
(Rev. January 2000)
Department of the Treasury
Internal Revenue Service

**Tax Information Authorization**

▶ IF THIS AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.

OMB No. 1545-1165
For IRS Use Only
Received by
Name
Telephone
Function
Date

**1  Taxpayer information.**

Taxpayer name(s) and address (please type or print)

Carmita Martin-McMullen
13233 S.W. 50th Street
Miramar, Florida 33027

Social security number(s)
265 69 7396

Daytime telephone number
( 305 ) 829-8728

Employer identification number

Plan number (if applicable)

**2  Appointee.**

Name and address (please type or print)

See attached

CAF No. ..........................................................
Telephone No. ( ........................................................
Fax No. ( ...........) .........................................
Check if new:    Address ☐
                 Telephone No. ☐

**3  Tax matters.** The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line.

| (a)<br>Type of Tax<br>(Income, Employment, Excise, etc.) | (b)<br>Tax Form Number<br>(1040, 941, 720, etc.) | (c)<br>Year(s) or Period(s) | (d)<br>Specific Tax Matters (see instr.) |
|---|---|---|---|
| Income | 1040 | 1996, 1997, 1998, 1999 | Copies of returns for specific years |
| | | | |
| | | | |
| | | | |

**4  Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. (See the instructions on page 2.)  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐
If you checked this box, skip lines 5 and 6.

**5  Disclosure of tax information** (you **must** check the box on line 5a or b unless the box on line 4 is checked):

**a** If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐

**b** If you do not want any copies of notices or communications sent to your appointee, check this box  .  .  .  .  .  .  .  ▶ ☐

**6  Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed above on line 3 unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you MUST attach a copy of any authorizations you want to remain in effect AND check this box  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐
To revoke this tax information authorization, see the instructions on page 2.

**7  Signature of taxpayer(s).** If a tax matter applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

| Signature | Date | Signature | Date |
|---|---|---|---|
| Print Name | Title (if applicable) | Print Name | Title (if applicable) |

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of form.** Form 8821 authorizes any individual, corporation, firm, organization, or partnership you designate to inspect and/or receive your confidential information in any office of the IRS for the type of tax and the years or periods you list on this form. You may file your own tax information authorization without using Form 8821, but it must include all the information that is requested on the form.

Form 8821 does not authorize your appointee to advocate your position with respect to the Federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. If you want to authorize an individual to represent you, use **Form 2848**, Power of Attorney and Declaration of Representative.

Use **Form 56**, Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer. Therefore, a fiduciary does not act as an appointee and should not file Form 8821. If a fiduciary wishes to authorize an appointee to inspect and/or receive confidential tax information on behalf of the fiduciary, Form 8821 must be filed and signed by the fiduciary acting in the position of the taxpayer.

**Taxpayer identification numbers (TINs).** TINs are used to identify taxpayer information with corresponding tax returns. It is important that you furnish correct names, social security numbers (SSNs), individual taxpayer identification numbers (ITINs), or employer identification numbers (EINs) so that the IRS can respond to your request.

For Privacy Act and Paperwork Reduction Act Notice, see page 2.    Cat. No. 11596P    Form **8821** (Rev. 1-2000)

Edwin G.  Torres. Esquire
Steel, Hector & Davis, LLP
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131-2398
Tel:     (305) 577-2982
Fax:     (305) 577-7001


Kelsay D. Patterson, Esquire
Law Offices of Michael M. Tobin. P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:     (305) 445-5475
Fax:     (305) 445-5479

Form **8821**
(Rev. January 2000)
Department of the Treasury
Internal Revenue Service

# Tax Information Authorization

► **IF THIS AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.**

OMB No. 1545-1165
**For IRS Use Only**
Received by:
Name _____
Telephone _____
Function _____
Date _____

## 1 Taxpayer information.

Taxpayer name(s) and address (please type or print)

Delores Okonmah
1260 N.W. 189th Terrace
Miami, Florida 33169

Social security number(s)
252 : 96 : 4511
: :

Daytime telephone number
( 305 )652-7304

Employer identification number

Plan number (if applicable)

## 2 Appointee.

Name and address (please type or print)

See attached

CAF No. .................................................
Telephone No. .........................................
Fax No. ..................................................
Check if new:  Address ☐
                Telephone No. ☐

## 3 Tax matters. The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line.

| (a) Type of Tax (Income, Employment, Excise, etc.) | (b) Tax Form Number (1040, 941, 720, etc.) | (c) Year(s) or Period(s) | (d) Specific Tax Matters (see instr.) |
|---|---|---|---|
| Income | 1040 | 1994, 1995 | Copies of returns for specific years |
| | | | |
| | | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. (See the instructions on page 2.) . . . . . . . . . . . . . . . . ► ☐
If you checked this box, skip lines 5 and 6

**5 Disclosure of tax information** (you must check the box on line 5a or b unless the box on line 4 is checked)
a If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► ☐
b If you do not want any copies of notices or communications sent to your appointee, check this box. . . . . . . ► ☐

**6 Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed above on line 3 unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization you MUST attach a copy of any authorizations you want to remain in effect AND check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► ☐
To revoke this tax information authorization, see the instructions on page 2.

**7 Signature of taxpayer(s).** If a tax matter applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

_____    _____    _____    _____
Signature                    Date        Signature                    Date

_____    _____    _____    _____
Print Name         Title (if applicable)  Print Name         Title (if applicable)

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of form.** Form 8821 authorizes any individual, corporation, firm, organization, or partnership you designate to inspect and/or receive your confidential information in any office of the IRS for the type of tax and the years or periods you list on this form. You may file your own tax information authorization without using Form 8821, but it must include all the information that is requested on the form.

Form 8821 does not authorize your appointee to advocate your position with respect to the Federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. If you want to authorize an individual to represent you, use **Form 2848**, Power of Attorney and Declaration of Representative.

Use **Form 56**, Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer. Therefore, a fiduciary does not act as an appointee and should not file Form 8821. If a fiduciary wishes to authorize an appointee to inspect and/or receive confidential tax information on behalf of the fiduciary, Form 8821 must be filed and signed by the fiduciary acting in the position of the taxpayer.

**Taxpayer identification numbers (TINs).** TINs are used to identify taxpayer information with corresponding tax returns. It is important that you furnish correct names, social security numbers (SSNs), individual taxpayer identification numbers (ITINs), or employer identification numbers (EINs) so that the IRS can respond to your request.

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**    Cat. No. 11596P    Form **8821** (Rev. 1-2000)

Edwin G. Torres, Esquire
Steel, Hector & Davis, LLP
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131-2398
Tel:    (305) 577-2982
Fax:    (305) 577-7001


Kelsay D. Patterson, Esquire
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:    (305) 445-5475
Fax:    (305) 445-5479

JAN-24-2001 10:08AM   FROM MICHAEL M. TOBIN PA 305 4455479      P.

LAW OFFICES OF

# MICHAEL M. TOBIN, P.A.

1099 PONCE DE LEON BOULEVARD
CORAL GABLES (MIAMI), FLORIDA 33134-3519
TEL (305) 445-5475   FAX (305) 445-5479

January 24, 2001

Brian Lerner, Esq.
Steel Hector & Davis LLP
200 South Biscayne Blvd., 40th Floor
Miami, Florida 33131-2398

_**Via Fax (305)577-7001**_

Re:      Williams, et al. v. Walgreen Company
          Case No.: 00-6151-CIV-Huck/Brown

Dear Mr. Lerner:

We are in receipt of the revised tax information authorization forms. Please be advised that it was faxed to our office on January 23rd, after 5:00 p.m. when our office was closed. The documents were not received in this office until the beginning of business day of January 24th and therefore the forms will be executed and forwarded to you ten (10) days from today.

                    Sincerely,

                    MICHAEL M. TOBIN, P.A.

                    Kelsay D. Patterson

KDP/ch



MICHAEL M. TOBIN      KELSAY D. PATTERSON      MARY LOU PRADO      RICHARD D. TOBIN

S T E E L ▇
H E C T O R
▇ D A V I S ™

Brian L. Lerner

January 24, 2001

**VIA FACSIMILE**

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, Florida 33134-3319

      RE:    *Williams, et al. v. Walgreen Company*

Dear Kelsay:

      We received several letters today from your office. Walgreens has no problem that Ms. Echebiri will need a few more days to complete her answers to the Second Set of Interrogatories due to her recent injury. Ms. Echebiri should provide her answers to this office, however, no later than the same time you return her executed tax information authorization form.

      As to the receipt of the tax information forms, we did fax the revised forms at around the time indicated in your letter and have no problem that you return the executed originals to this office no later than February 3, 2001, which is ten days from today.

      As to what occurred at the January 22, 2001, hearing, we agree with what you stated in your letter but wish to add that, as Judge Brown explained at the hearing, Walgreens shall, without unreasonable delay, reschedule and complete the deposition of all eight plaintiffs before plaintiffs move forward with their depositions. We shall do so, of course, after consulting with you on that schedule.

      As to Walgreens' response to Plaintiffs' First Set of Interrogatories and First Request for Production, plaintiffs moved, on August 25, 2000, to compel on all of the requests noted in your letter, but lost. Any attempt to move to compel on the same discovery is improper as well as extremely untimely considering that Walgreens served its responses six months ago to the day. *See* S.D. Fla. L.R. 26.1.H.1.

      Even if plaintiffs could ignore that history, with respect to Production Request Nos. 4 and 20, and Interrogatory No. 10, Walgreens produced all documents it could locate after a diligent search. Walgreens produced all of these documents to your office by hand delivery on



STEEL
HECTOR
DAVIS

Kelsay D. Patterson, Esq.
January 24, 2001
Page 2

September 27, 2000, and January 4, 2001 (for which we await payment for our copying expenses). Thus, there is nothing to compel as to these particular requests.

Finally, we would note that your letter does not constitute good-faith efforts at resolving any potential discovery dispute as envisioned by the Local Rules. Your letter does not once indicate what specific documents your clients believe are missing nor does your letter explain how the remaining requests are incomplete. Without this information, plaintiffs do not raise any issue for Walgreens to consider and do not provide any basis as to how Walgreens could resolve these issues to plaintiffs' satisfaction. Without waiving any objection, if you were to provide Walgreens with reasons as to exactly how these responses are incomplete, a list of what specific documents may be missing, and how these issues may be resolved to plaintiffs' satisfaction, then Walgreens would reevaluate its position and/or request that a search for those specific documents be conducted.

Very truly yours,

Brian L. Lerner