UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO: 00-6151-CIV-HUCK/Brown

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK McMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually;
CONSTANCE ECHEBIRI, individually;
MIA DAWN TAYLOR, individually;
and CARMITA McMULLEN, individually,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.
_____/

### PLAINTIFFS' BRIEF REGARDING SEVERANCE POST ORAL ARGUMENT

Pursuant to the oral order made by this Honorable Court on March 9, 2001, Plaintiffs file the above entitled pleading and as grounds state:

1.    After a careful review of the Annotation to Defendant's Exhibit A, the Plaintiffs conclude that it in many respects suffers from the same deficiencies as Defendant Exhibit A. The Plaintiffs, through the undersigned, demonstrated to the Court at the hearing that the Defendant has simply



1

combined cognizable causes of action together with conclusory statements and circumstantial evidence. The result is the illusion that the Plaintiffs are attempting to bring sixteen (16) separate causes of action against the Defendant. Notwithstanding, certain representations and truths made by the Plaintiffs, causes of action which never existed or were never alleged, are being assigned to various Plaintiffs by the Defendant. Plaintiffs Carmita and Joseph McMullen have not alleged constructive discharge. They could never meet the onerous evidentiary standard to maintain such claims in the face of any summary judgment motion, yet the Defendant has arbitrarily and cavalierly assigned them this cause of action. Though the words "constructive discharge" are noticeably absent from the Complaint, an inference will be made by the Defendant since it assists them in their argument in favor of severence.

2. The only causes of action the Plaintiffs are maintaining consistent with the Defendant's two (2) exhibits and charts are:

   a). Failure to promote to pharmacy manager;
   b). Failure to promote to pharmacy supervisor;
   c). Failure to promote to store manager;
   d). Age claim;
   e). Subject to Unfair or Harsher Discipline;
   f). Did not receive permanent store; or
   g). Hostile Work Environment.

The rest of the information in the Defendant's charts is duplicative, i.e. improper or unjustified termination is the same as unfair/harsher discipline. That is the misleading and deceptive route taken by the Defendant.

3. The Plaintiffs rely upon authority as to the severance of disparate treatment claims pursuant to <u>Alexander v. Fulton County, Ga.</u>, 207 F.3d 1303 (11th Cir. 2000). However, if the Court considers severance as the best method for the claims of the eight (8) Plaintiffs, especially in a trial context, the Plaintiffs have the following final request on this matter:

4. The Plaintiffs request that if a severence order will separate the eight (8) Plaintiffs from bringing their actions in one liability trial, then the Court should:

    a). Allow Plaintiffs Mia Dawn Taylor, Bernice Shorter-Meares, and Delores Okonmah to proceed under the present case. They all have in common promotion claims from staff pharmacists to the position of pharmacy manager. They all will have similar back pay issues, and all of them worked and reside in Miami, Florida. Though Ms. Taylor was recently promoted to pharmacy manager, her action is still being maintained. The three (3) Plaintiffs will call upon nearly all of the same witnesses (see their interrogatory responses).

    b). Transfer the individual case of Constance Echebiri to the Middle District. Ms. Echebiri's case will continue to be handled by the undersigned's office, but because she works and resides in the Orlando area, a transfer order is necessary. Her disparate treatment claims involve promotion to pharmacy manager and permanent store assignments. Her witnesses will differ from the rest of the Plaintiffs.

    c). Plaintiffs Michael Ferguson, Joseph McMullen, and Carmita McMullen are or were pharmacy managers. Allow them to dismiss without prejudice with each party bearing its own costs. Secondly, allow them to toll their statute of limitations or any bar for two (2) years and then let them proceed together. They sought the position of pharmacy supervisor, therefore their claims and issues of back pay will be consistent and similar. Their witnesses will be by and large the same. Additionally, the undersigned law firm has been requested to

continue handling their claims. To this end, the three (3) lawyer firm of the undersigned's will need time in order to adequately handle the cases of the other Plaintiffs.

d).   Allow Joyce Williams to dismiss, without prejudice with each party to bear its own costs, and toll her claims for a period of two (2) years and consequently bring her case in the Middle District. She works and resides in Tampa, Florida. She too has promotion claims to the position of pharmacy manager, and permanent store assignment. However. She also has an age claim and all of her witnesses will differ from the other seven (7) Plaintiffs. Because she desires to retain the undersigned's office for her case, just as with Ferguson, Joseph McMullen, and Carmita McMullen, the undersigned needs adequate time to handle the cases of the other Plaintiffs.

The Plaintiffs make these four (4) separate requests for the purposes of maintaining similarity, management, and efficiency in the event the Court should determine it is in the best interest of all to sever the case as it presently stands.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail this 15th day of March, 2001, to: Brian Lerner, Esq., Attorneys for Defendant, Steel Hector & Davis LLP, 200 South Biscayne Blvd., 40th Floor, Miami, Florida 33131-2398.

**MICHAEL M. TOBIN, P.A.**
Attorneys for Plaintiffs
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319
Tel:   305-445-5475
Fax:   305-445-5479

_Kelsay D. Patterson_
KELSAY D. PATTERSON
Fla. Bar No. 119784