UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

JOYCE WILLIAMS, et al.,

    Plaintiffs,

vs.

WALGREEN COMPANY,

    Defendant.
_____/

NIGHT BOX FILED
MAR 2 8 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## DEFENDANT'S RESPONSE TO PLAINTIFFS' BRIEF REGARDING SEVERANCE POST ORAL ARGUMENT

During the hearing held on March 9, 2001, the Court presented the plaintiffs with an opportunity to review and respond to Walgreens' annotations of the chart attached to its brief supporting severance. The plaintiffs, however, used the opportunity instead to reargue the merits of their position and then improperly raise the issue of transfer. Yet, even ignoring the language of their own Complaint and Walgreens' chart, the plaintiffs' supplemental brief only bolsters the argument warranting severance.

### I. The Plaintiffs' Identification Of Seven Separate Causes Of Action Justifies Severance

The plaintiffs never deny that the annotations are direct quotations of their own allegations in the Amended Complaint; rather they state that they are not pursing the 16 claims "arbitrarily and cavalierly assigned" by Walgreens in its chart. Plaintiffs' Suppl. Brief ¶ 1. To the contrary, the plaintiffs contend that they are pursuing "only" seven "causes of action" notwithstanding the allegations in their fifty-three page amended complaint. *See id.* ¶ 2. Whether the plaintiffs pursue 1, 2, 7, or even 16 causes of action is irrelevant because it will



STEEL HECTOR & DAVIS LLP

Case No. 00-6151-Civ-Huck/Brown

never alter the undeniable reality here – not all the plaintiffs pursue all or even several of the same "seven" causes of actions.

For example, only 1 of the 8 plaintiffs is pursuing an age claim, only 3 of the 8 plaintiffs assert discriminatory discipline claims, only 3 of the 8 plaintiffs assert hostile work environment claims (each of which is different as indicated on Walgreens' chart), and only 6 of the 8 plaintiffs assert claims of discriminatory treatment in that they did not receive a permanent store. With respect to the failure to promote causes of action, only 3 of the 8 plaintiffs assert being denied the Store Manager position, only 3 of the 8 plaintiffs assert being denied the Pharmacy Supervisor position, and only 5 of the 8 plaintiffs assert being denied the Pharmacy Manager position.[1]

Even if Walgreens conceded that the plaintiffs were pursuing only seven causes of action, this fact in and of itself, would justify severance because the plaintiffs cannot satisfy both requirements for joinder: (1) there must be a right to relief arising out of the same transaction and occurrence or series of transactions or occurrences; *and* (2) there must be a *question of law or fact common to all plaintiffs* which arise in the action. *See* Fed. R. Civ. P. 20(a).

## II. Even If The Plaintiffs Had Just One Cause Of Action For Failure To Promote, That Cause Of Action Alone Justifies Severance

Putting aside any argument as to the precise number of causes of action, even if the plaintiffs were pursing just one cause of action – failure to promote – that alone would justify severance under these facts. As it stands now with all these plaintiffs misjoined in one case, the

---

[1] As Walgreens noted at the hearing, Walgreens recently promoted 1 of the 5 plaintiffs who sought the Pharmacy Manager position, and thus, her claim will now likely create a fourth failure to promote cause of action separate and distinct from any of the other plaintiffs – failure to promote fast enough.

2

Case No. 00-6151-Civ-Huck/Brown

Court or jury must consider eight unique stories of why someone did not become a Store Manager, Pharmacy Manager, *or* Pharmacy Supervisor, *or* why someone did not receive such a promotion fast enough, *or* why, if they did receive such a promotion, Walgreens somehow did not provide them enough support with which to succeed. Eight different tales, eight different theories, and eight different damage claims for a trial involving many different witnesses. As if all of this information were not enough, each plaintiff would still have to present evidence about why he or she was better qualified than the persons they would identify as a comparator.

In *Bailey v. Northern Trust Co.*, 196 F.R.D. 513 (N.D. Ill. 2000), the court denied joinder of allegedly race-based promotion decisions of **five plaintiffs** who worked in the **same department** because no single supervisor was implicated in all of the claims and the claims extended over a **period of fifteen months**. In the instant case, as detailed above, the facts are magnified. This case involves **eight plaintiffs**, who by their own admission, **worked in different stores** over the course of a **twenty year period** dating back to 1981 **spanning seven different company districts**.

There is no basis to keep this case together even were all plaintiffs claiming solely a failure to promote. Accordingly, severance is completely appropriate. *See, e.g., Fleming v. Home Depot, U.S.A., Inc.*, 1998 WL 1674544 (S.D. Fla. 1998) (severing case in part because the promotions at issue involved different decision makers, different positions filled, in different years, by different employees); *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 790 (N.D. Ga. 1994) (severing demotion-related discrimination claims of 11 plaintiffs because different factual situations, work histories, witnesses, geographic areas, and decision makers created a

3

"tremendous danger that one or two of plaintiff's unique circumstances could bias the jury against defendant generally, thus prejudicing defendant with respect to the other plaintiffs' claims.").

### III.   The Issue Of Transferring The Parties Is Premature

With respect to the plaintiffs' proposal for severance and transfer, the Court should dismiss this argument. Counsel for the plaintiffs asks that the Court toll the statute of limitations for two years for the claims of Plaintiffs Ferguson, Carmita McMullen, Joseph McMullen, and Joyce Williams so that he (counsel) may proceed with the cases of the other plaintiffs first. *See* Plaintiffs' Suppl. Brief ¶ 4(c)-(d). A statute of limitations cannot be tolled for the convenience of counsel. A court has the authority to toll a statute of limitations when the inappropriate actions *by the defendant* warrant the application of the court's equitable powers. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The plaintiffs offer nothing to suggest any wrongful conduct by Walgreens that would justify the use of these extraordinary powers. In short, the Court has no power to grant counsel's request. As noted at the hearing, the defendant stipulates that the claims, if severed and refiled immediately, would be deemed filed as of the date of the original filing. No other tolling is necessary or appropriate.

In any event, any question about transferring any of the plaintiffs' cases has not yet been properly raised. The issue before the Court and the parties is the issue of severance. Should the Court sever the cases, a proper motion and briefing on the issue of transfer can be addressed at that time.

Case No. 00-6151-Civ-Huck/Brown

## CONCLUSION

For these reasons, and the reasons outlined in greater detail in Walgreens' previous brief and its now uncontradicted chart and annotations, the Court should sever these claims and parties.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant Walgreen Co.
200 South Biscayne Boulevard
Miami, Florida 33131-2398
(305) 577-7000 Telephone
(305) 577-7001 Telecopier

By: _____
Edwin G. Torres
Florida Bar No. 911569
Heather L. Gatley
Florida Bar No. 0050482
Brian L. Lerner
Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28th day of March, 2001, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _____
Brian L. Lerner

MIA2001/9499-1