UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6151-Civ-Huck/Brown

FILED BY _____

01 APR -6 PM 4: 19

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually;

    Plaintiffs,

vs.

WALGREEN COMPANY,

    Defendant.
_____/

## PARTIES' JOINT MOTION REQUESTING MODIFICATION OF THIS COURT'S SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 6(b) and S.D. Fla. L.R. 16.1, the plaintiffs and the defendant respectfully request that this Court modify its Order Setting Civil Trial Date and Pretrial Schedule ("Scheduling Order") entered August 24, 2000, and later modified on October 13, 2000. For the reasons more specifically set forth below, the parties believe a modification of the Scheduling Order is appropriate to allow this Court ample time to consider the issue of severance that remains pending and to allow the parties ample time to adequately exhaust all viable and necessary avenues of discovery.

    1.    On April 4, 2000, the plaintiffs filed their First Amended Complaint on behalf of the eight individual plaintiffs alleging race discrimination relating to promotions at Walgreens.

2. On August 24, 2000, this Court issued a new Scheduling Order after the Court granted in part and denied in part Walgreens' motion to dismiss.

3. Since the Court's Scheduling Order, the parties have engaged in extensive written discovery.

4. On January 4, 2001, this Court sua sponte ordered the parties to submit briefs on whether this Court should sever the parties. The briefing schedule concluded on January 29, 2001, and the Court subsequently heard oral argument on this issue on March 9, 2001. At the hearing, this Court requested that the plaintiffs respond to a series of annotations provided by Walgreens. The plaintiffs submitted their brief on March 15, 2001, and Walgreens submitted its response on March 28, 2001.

5. Through circumstances arising from the parties' written discovery, the parties have yet to complete depositions or written discovery. Based on the possibility of severance, the parties have found it difficult to assess how to proceed with the remaining discovery and, in particular, depositions. Indeed, the problem is more acute in light of the pretrial dispositive motion deadline, which is about one month away, and the discovery deadline, which is about six weeks away.

6. With the issue of severance pending, the parties believe that this case is at a significant cross-road. A ruling on the issue of severance by the Court, one way or the other, will impact the manner of discovery, as well as the form and nature of mediation, any pretrial dispositive motions, and trial.

7. While this Court may issue new scheduling orders should it decide to sever the parties, to allow this Court ample time to consider the issue of severance and to allow the parties

ample time to adequately exhaust all viable and necessary avenues of discovery should this Court determine that joinder is proper, the parties respectfully propose that both the trial date and the remaining pretrial deadlines be moved back for a period of approximately 80 days in accordance with the schedule set forth below:

| July 23, 2001 | Deadline to Advise Court of Pending Discovery Motions; Deadline for Filing Summary Judgment |
| --- | --- |
| August 7, 2001 | Discovery Deadline |
| August 10, 2001 | Deadline for Completion of Mediation |
| August 31, 2001 | Deadline for Filing All Pretrial Motions; Deadline for Parties to Meet to Prepare Pretrial Stipulation |
| September 11, 2001 | Deadline for Filing Any Motion for Continuance of Trial |
| September 14, 2001 | Deadline for Filing Joint Pretrial Stipulation |
| September 24, 2001 | Deadline for Filing Proposed Jury Instructions |
| September 26, 2001 | Calendar call |
| October 1, 2001 | Trial |

8.   The enlargement is sought in good faith and not for any dilatory purposes. The proposed modified schedule would serve the ends of justice and prejudice neither the Court nor the parties.

WHEREFORE, the parties respectfully request that this Court modify its Scheduling Order. A proposed order is attached for the Court's convenience.

> Respectfully submitted,
>
> STEEL HECTOR & DAVIS LLP
> Attorneys for Defendant Walgreen Co.
> 200 South Biscayne Boulevard
> Miami, Florida 33131-2398
> (305) 577-7000 Telephone
> (305) 577-7001 Telecopier
>
> By: _/s/_____
> Edwin G. Torres
> Florida Bar No. 911569
> Heather L. Gatley
> Florida Bar No. 0050482
> Brian L. Lerner
> Florida Bar No. 0177202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 6th day of April, 2001, to:

Kelsay D. Patterson, Esq.
Law Offices of Michael M. Tobin, P.A.
1099 Ponce De Leon Blvd.
Coral Gables, Florida 33134-3319

By: _/s/_____
Brian L. Lerner

MIA2001/11490-1