UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6151-CIV-HUCK-BROWN

JOYCE WILLIAMS, individually;
MICHAEL FERGUSON, individually;
JOSEPH PATRICK MCMULLEN,
individually; DELORES OKONMAH,
individually; BERNICE SHORTER-
MEARES, individually; CONSTANCE
ECHEBIRI, individually; MIA DAWN
TAYLOR, individually; CARMITA
MCMULLEN, individually,

    Plaintiffs,

vs.

WALGREEN COMPANY,

    Defendant.
_____/



FILED by _CR_ D.C.

APR - 6 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## ORDER SEVERING PLAINTIFFS

THIS CAUSE is before the Court upon a *sua sponte* inquiry regarding whether the eight plaintiffs herein have misjoined their cases. After carefully considering the pleadings, certain discovery, the parties' memoranda of law, and hearing argument at the status conference on August 29, 2000, the Court finds the plaintiffs' cases should be severed because they do not arise out of the same transaction or occurrence and do not involve common questions of law or fact, and because any benefits of joinder are far outweighed by the danger of undue prejudice to the defendant.

Plaintiffs were employed by the defendant as pharmacists. Plaintiffs allege they were denied various promotions and supervisory positions, and were given less attractive store assignments as part of a pattern and practice of racial discrimination. Under the permissive joinder rule, parties may join in one action as plaintiffs (1) if they assert any right to relief jointly or severally or (2) if any right to



relief arises out of the same series of transactions or occurrences, and (3) if any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a). Here, plaintiffs have not asserted a joint and several claim for relief. Therefore, in order to maintain a joint action under Rule 20(a), their claims must arise out of the same series of transactions or occurrences, and have questions of law or fact common to all claims. Alexander v. Fulton County, 207 F.3d 1303, 1323 (11th Cir. 2000).

Plaintiffs have failed to show that their respective rights to relief derive from the same series of transactions or occurrences. In addition, they have not demonstrated common questions of fact or law. It is true that under appropriate circumstances, allegations of a "pattern and practice" of discrimination may satisfy these requirements. *See* Fulton, 207 F.3d at 1323-24 (collecting cases). Fulton, a case upon which plaintiffs' rely heavily, involved a series of alleged discriminatory actions by the same decision-maker during a short time frame. Here, despite plaintiffs' conclusory allegations of a "pattern and practice," the record reveals that plaintiffs' claims are both factually and temporally distinct.

From the allegations of the amended complaint, plaintiffs' discovery responses and plaintiffs' responses to the Court's inquiry regarding joinder, it appears that the only common thread among these disparate treatment claims is the assertion that defendant failed to promote or timely promote plaintiffs to various pharmaceutical managerial positions. *See* Defendant's Response To Plaintiffs' Brief On Severance, Exhibit A (chart summarizing the difference in claims and factual circumstances). Beyond that, the claims are geographically[1] and chronologically dissimilar. In addition, the allegedly discriminatory actions and employment decisions, work histories, decision-makers, management

---

[1] Plaintiffs' claims arise in Miami, Fort Lauderdale, Orlando and Tampa, and at different Walgreen stores within the Miami district.

2

positions involved, comparators and relief sought are highly individualized and diverse. As such, plaintiffs' respective claims occurred under materially different circumstances and are, therefore, not transactionally related. *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 788-789 (N.D. Ga. 1994).

Plaintiffs have failed to explain how a common discrimination action is tied to each claim. As the *Grayson* court teaches, "absent some causal link between a common and identifiably wrongful act on the part of the defendant and the adverse action taken with respect to each plaintiff, the first prong of Rule 20(a) is not satisfied." Id. at 788.

Even assuming *arguendo* that plaintiffs' claims were transactionally related, which the Court finds they are not, the prejudicial effects of trying these lawsuits far outweigh any benefit of joinder. *See* Fulton, 207 F.3d at 1324 (prejudicial effects of other witnesses' alleged discriminatory experiences may outweigh probative value when alleged discriminatory actions are taken by different supervisors during different time periods at geographically removed places). Joinder of these dissimilar lawsuits involving a variety of different factual situations and claims, witnesses and other evidence poses a real and "tremendous danger that one or two plaintiffs' unique circumstances could bias the jury against defendant generally, thus prejudicing defendant in respect to the other plaintiffs' claims." *Grayson v. K-Mart Corp.*, 849 F. Supp 785, 790 (N.D. Ga. 1994).

In addition, it appears from plaintiffs' pleadings and discovery responses that the trial of all these claims would be, at best, a logistical nightmare. Since the several claims arise in a number of stores in four different cities and are by their nature factually intensive, both sides will have to bring to trial dozens of witnesses from outside the Southern District of Florida. Defendant's list of witnesses alone exceeds 160 witnesses, a large percentage of whom reside outside the Southern District, as do several plaintiffs and, presumably, their witnesses. If the joinder were permitted, the Court (on motion practice) and the jury (at trial) would have to receive evidence about and consider eight distinct stories

about why a plaintiff was or was not selected as a store manager in some cases, as a pharmacy manager in other cases, or a pharmacy supervisor is yet other cases. There would also be questions regarding why some plaintiffs were not given promotions as promptly as other pharmacists or why, if promoted, a plaintiff was not as sufficiently supported in career development as he or she desired. Simply stated, the trial would be confusing to the fact finders, unduly protracted and complex. Joinder under Rule 20(a) is supposed to help the process, not hinder it.

Thus, it appears not only that plaintiffs have failed to demonstrate that their claims arise from the same transaction or occurrence and share common questions of law or fact, but the record also affirmatively establishes that the interests of justice would be best served if the plaintiffs are not joined.

One final point merits brief discussion. At oral argument, as an example of the dissimilar claims joined together, the Court noted that only the first named plaintiff, Joyce Williams, asserted an age discrimination claim, together with her claims of racial discrimination. In response, plaintiffs' counsel indicated that Ms. Williams was willing to dismiss her age discrimination claim from this lawsuit. Counsel also suggested that other plaintiffs might likewise eliminate claims in an effort to eliminate some of the obvious dissimilarities among their cases. Presumably Ms. Williams' alleged age discrimination claim and the other plaintiffs' claims that might be dismissed were appropriately investigated before being asserted and, therefore, have reasonable evidentiary support. To require any plaintiff to give up claims, simply to benefit the other plaintiffs by keeping these actions joined, prejudices her rights. While this "take one for the team" approach might be appropriate in some cases, here it raises at least the specter of a conflict of interest. This is just one of the problems engendered by joining multiple, distinct lawsuits. In view of the above, the Court therefore exercises its discretion to sever the plaintiffs. Accordingly, it is

ORDERED AND ADJUDGED that the plaintiffs are severed with the following conditions:

1. The claims of plaintiffs Joyce Williams, Joseph Patrick McMullen, Delores Okonmah, Bernice Sshorter-Meares, Constance Echebiri, Mia Dawn Taylor, and Carmita McMullen are severed from this suit and dismissed without prejudice.

2. Each of the severed plaintiffs is granted leave to initiate a new and separate actions by filing and serving her or his complaint within one hundred and fifty (150) days of the date of this order. The defendant stipulated in open court on March 9, 2001 that (1) severance, if granted, would not prejudice any plaintiff with respect to the statute of limitations or any other time bar defense, and (2) if the severed plaintiffs refile independent lawsuits, each will be deemed to have been filed as of the date the above styled case was filed. Based on these stipulations, defendant shall not assert time bar defenses in any new actions except to the extent that the defenses existed as the date this original action was filed.

3. The failure of a severed plaintiff to file and serve a complaint within one hundred and fifty (150) days of this order will result in that plaintiff forfeiting the defendant's waiver of all time bar defenses as described above.

4. The Clerk of the Court shall change the style to reflect MICHAEL FERGUSON as the only plaintiff remaining in this case.

5. The plaintiff MICHAEL FERGUSON shall serve a Third Amended Complaint within thirty days of the date of this order, deleting all allegations that pertained to the severed plaintiffs. Defendants shall respond to the Third Amended Complaint within fifteen days thereafter.

DONE AND ORDERED in Chambers, Miami, Florida, this 6 day of April, 2001.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Kelsay D. Patterson, Esq.
Heather L. Gatley, Esq.